UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | NOVEMBER 19, 2003 |
| | : | |
| Defendants. | : | |

## OPPOSITION TO DEFENDANTS' PETITION FOR PROTECTIVE ORDER

Plaintiff IndyMac Bank, F.S.B. ("IndyMac" or "Plaintiff") submits the instant memorandum in opposition to Defendants' Petition for Protective Order Against Plaintiff's Discovery Request, dated October 28, 2003 (doc. # 302), in which Defendants seek the entry of a protective order prohibiting the taking of their duly noticed depositions. As the docket number assigned to Defendants' motion indicates, this is the latest in a long line of motions filed by Defendants that have delayed the trial of this matter and effectively prevented Plaintiff from obtaining meaningful discovery in this action. For the reasons set forth below, this latest attempt to prevent the taking of Defendants' depositions should be denied.

Plaintiff first attempted to depose Defendants on May 26, 2000, pursuant to Magistrate Judge Garfinkel's Order dated May 17, 2000 directing that Defendants appear for depositions concerning the existence of assets sufficient to satisfy the prejudgment

remedy ordered in this case.  Mostafa Reyad appeared for said deposition, but he failed

to bring many of the requested documents and the deposition was not completed.

Mostafa Reyad also indicated that Wafa Reyad would not appear for her deposition on

that date due to medical problems.

Plaintiff next noticed the Defendants' depositions for June 6 and June 12, 2001.

Wafa Reyad again failed to appear for her deposition, and Plaintiff moved for the entry of

sanctions for her failure to do so.  The Court granted Plaintiff's motion for sanctions in

part and ordered Wafa Reyad to appear for her deposition in New Jersey.  The

deposition of Mostafa Reyad did not go forward on the scheduled date because

Defendants had not yet responded to Plaintiff's discovery requests issued in April 2001.

As explained further below, Defendants' consistent failure and refusal to provide

meaningful discovery and their numerous motions seeking dismissal and summary

adjudication of Plaintiff's claims in this action effectively delayed Defendants' depositions

until they were most recently noticed for November 5 and November 7, 2003.

## Background

A brief review of the background of this case is necessary to understand the

unreasonableness of Defendants' latest request.

In this action, initiated over three years ago, IndyMac seeks to recover its

losses due to the breach by Mostafa Reyad of certain Credit Facility Documents by

forging and falsifying documents and intentionally providing false and misleading

information to IndyMac, in reliance on which IndyMac loaned millions of dollars to

Mostafa Reyad under a warehouse line of credit.  Wafa Reyad is sued as the

guarantor of her husband's obligations under the Credit Facility Documents.  Almost

immediately after being served in this action, Defendants embarked upon a course of conduct designed to delay this action, foreclose Plaintiff's ability to obtain meaningful discovery from Defendants, and to run up unnecessary litigation expenses for Plaintiff.

This course of conduct has included the filing by Defendants of 70 motions in this action, 24 of them seeking the dismissal or summary adjudication of IndyMac's claims against them. It was not until August 14, 2002, that Defendants finally filed their answers to Plaintiff's complaint. Defendants also filed several motions to stay the discovery in this case until their dispositive motions had been ruled upon. In this regard, Defendants consistently have refused to provide meaningful discovery to Plaintiff throughout this case.

IndyMac initially served its discovery requests upon Defendants in April 2001. When Defendants failed to respond to IndyMac's discovery requests, and after attempting to resolve the dispute without the intervention of the Court, IndyMac filed a Motion to Deem Admitted IndyMac's Requests for Production and a Motion for Sanctions and/or to Compel Defendants' Discovery Responses, both dated July 9, 2001. Thereafter, Defendants served responses to IndyMac's discovery requests on or about July 30, 2001. However, Defendants responses were evasive, incomplete, and clearly not in good faith. In particular, Defendants did not respond in any meaningful way to the majority of IndyMac's interrogatories, nor did they produce any documents in response to any of IndyMac's requests for production.

As a result, after the filing by Plaintiff of another motion for sanctions, the Court ordered Defendants to amend their answers to provide a more complete response.

Mostafa Reyad effectively postponed Defendants' compliance with the Court's Orders for nine months by filing on November 5, 2001 a Motion to Stay the Court's 10/16/01 Orders, which motion the Court denied on July 11, 2002. On July 18, 2002, Defendants served a supplemental discovery response, which addressed Plaintiff's Requests for Admission only. Defendants did not, however, supplement in any meaningful way their prior, inadequate responses to IndyMac's Interrogatories and Requests for Production, despite the Court's Orders that they do so. Plaintiff's attempts thereafter to obtain this Court ordered discovery were unsuccessful, as Defendants continued to refuse to produce any documents in response to IndyMac's discovery requests.

Rather than engage in continued motion practice, Plaintiff determined to simply take Defendants' depositions, which previously had been noticed for June 6 and June 12, 2001, but did not go forward for the reasons discussed above. Plaintiff's efforts to depose Defendants, however, were delayed by Defendants' filing of numerous motions to dismiss and for summary judgment beginning in April, 2002, which were not decided by this Court until September 23, 2003. Thereafter, Plaintiff's counsel contacted Mostafa Reyad to schedule Defendants' depositions. While Mostafa Reyad initially agreed to make himself available for his deposition on November 5, 2003, and also indicated that his wife would be available for her deposition in New Jersey, Defendants thereafter filed the instant Petition for Protective Order.

## Argument

Defendants argue that it would be unfairly prejudicial to them to permit the taking of their depositions after the close of discovery in this action. In the alternative,

Defendants request that, if the depositions are permitted, they be allowed to obtain additional discovery from Plaintiff.  Neither position is tenable.

As described above, Plaintiff attempted to take Defendants' depositions on two separate prior occasions, on both of which Wafa Reyad refused to appear.  The deposition of Mostafa Reyad did not go forward due to Defendants' failure to respond to Plaintiff's discovery requests.  Moreover, Defendants have engaged in extensive motion practice in this case, drastically increasing the costs of this litigation, while at the same time refusing to provide meaningful discovery to Plaintiff.  The taking of Defendants' depositions will provide the most expeditious method of obtaining discovery concerning Defendants' claims and defenses in this action, and said depositions should be permitted to go forward.

In this regard, Plaintiff notes that Defendants did not file their Answer and Counterclaims (claiming damages over $40 million dollars) in this action until August 14, 2002, at which point Defendants' various motions for dismissal or summary judgment in this action already were pending and remained so until the Court denied the motions on September 23, 2003.  Moreover, Plaintiff's interrogatories and production requests previously served in this action were not directed to any of Defendants' claims, as Defendants had not yet filed those claims at the time Plaintiff served its written discovery requests.  Defendants should not be permitted to profit from their intentional delay of this action—and their prior refusal to cooperate in the taking of their depositions—by foreclosing Plaintiff's ability to depose them now that all of their dilatory motions have been resolved and the parties are finally preparing for the trial of this action.

For these reasons, Plaintiff respectfully requests that Defendants' Petition for Protective Order be denied in all respects, and that Defendants be ordered to appear for their depositions (Mostafa Reyad in Connecticut, and Wafa Reyad in New Jersey, consistent with the Court's prior orders) within 30 days of the Court's ruling on their Petition.

PLAINTIFF INDYMAC BANK, F.S.B.

By:_____
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and accurate copy of the foregoing was served by

United States first-class mail, return receipt requested, this 19th day of November,

2003 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024.

Rowena A. Moffett (ct19811)