UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -4  A 9: 31
US DISTRICT COURT
HARTFORD CT

INDYMAC BANK, F.S.B.
                    Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
           Defendants

**DATE: DECEMBER 3, 2003**

## DEFENDANT MOSTAFA REYAD'S MOTION TO DISMISS

Defendant Mostafa Reyad hereby respectfully moves this Court to Dismiss Plaintiff's Entire Complaint. Plaintiff lacks capacity to sue; pursuant to **Fed.R.Civ.P.Rule 12(b)(6)**; and pursuant to the authority of **United Medical Management Ltd. V. Gatto,** (1996) 49 Cal. App. 4th 1732, [57 Cal. Rptr. 2d 600]; (Once a nonqualified foreign corporation commences an action regarding intrastate business, the defendant may assert by *demurrer* or as an affirmative defense in the answer the *lack of capacity* to maintain an action arising out of intrastate business) *Id*.1740.

In the instant action, Plaintiff shielded his identity for more than three and half years, even after this Court's Order to Plaintiff to file the articles of incorporation of Warehouse Lending Corporation of America, and IndyMac Mortgage Holdings, Inc.; Plaintiff filed

1

only that articles recorded with the Department of Corporations, of the State of Delaware; and failed to file the certificates recorded with California Secretary of State, Defendant's motion in limine, requests that Plaintiff to disclose California documents maintained with Secretary of State. Plaintiff responds "the parties will therefore put on their respective evidence concerning this issue at the trial on the merits". Defendant carried that burden and obtained on November 24, 2003, the certificates of qualification maintained with California Secretary of State.

IndyMac corporations are Delaware corporations; they are foreign corporations pursuant to California law. California Secretary of State authorizes foreign corporation to transact business by obtaining a certificate of qualification. Any foreign corporation obtained a certificate of qualification agrees, that, it will transact business under an assumed name disclosed to the Secretary of State, and will use such name in all of its dealings with the Secretary of State and in the conduct of its affairs.

The documents provided in this motion and its memorandum, show without any reasonable doubt, that, Plaintiff violated the agreement with California Secretary of State, and used relinquished name, and did not use the assumed name, which Plaintiff agreed to use. Upon this violation, Plaintiff cannot maintain an action. California law strike out all or any part of any pleading not drawn or filed in conformity with its laws. Plaintiff used name(s) not authorized by California Secretary of State lacks capacity to sue, and upon that discovery, Defendant should file a demurrer, i.e. motion to dismiss.

## CONCLUSION

Defendant met his burden, and provided evidence supported by legal authority to Dismiss Plaintiff's Entire Complaint; Plaintiff lacks capacity to sue. The Honorable Court should Grant this Motion, and Dismiss Plaintiff's Entire Complaint.

The Defendant
Mostafa Reyad

By: _____
Mostafa Reyad
2077 Center Avenue # 22D
Fort Lee, NJ 07024
Day Phone # 203-325-4100
Home Phone # 201-585-0562

## CERTIFICATION

The Undersigned certifies that he mailed a true and correct copy of this Motion to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue # 22D, Fort Lee, NJ 07024.

_____
Mostafa Reyad