UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2003 DEC -4 A 9: 31

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| INDYMAC BANK, F.S.B. | |
| Plaintiff | CIVIL ACTION NO. |
| | 3:00CV835 (CFD) |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD | |
| Defendants | |
| | DATE: DECEMBER 3, 2003 |

### DEFENDANT WAFA REYAD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This is Wafa Reyad's Memorandum of law in Support for the concurrently filed motion to Dismiss Count Two of the Amended Complaint (Doc # 165) dated September 7, 2001, against her. Defended obtained on November 24, 2003 evidence that Plaintiff namely Warehouse Lending Corporation of America "WLCA" lacks capacity to sue. Pursuant to **California Code of Civil Procedure section 430.10** "The party against whom a complaint or cross-complaint has been filed may object, by *demurrer* or answer to the pleading on the ground; subdivision (b). "The person who filed the pleading does not have the legal capacity to sue"; pursuant to the authority of **United Medical management Ltd v. Gatto** (1996) 49 Cal. App. 4th 1732, 1740 [57 Cal. Rptr. 600]; and pursuant to **Fed. R. Civ. P. Rule 12(b)(6)**, Wafa Reyad is entitled to a judgment of Dismissal in her favor against Plaintiff as a matter of law.

1

The action was filed on May 8, 2000, and amended on September 7, 2001, see, para. 1 "Plaintiff IndyMac Mortgage Holdings, Inc. doing business as Warehouse Lending Corporation of America "WLCA" was a corporation organized under the laws of the State of Delaware with its principal place of business in California. IndyMac Bank, F.S.B. is the successor in interest to WLCA", and see, Joint Trial Memorandum dated November 18, 2003 Article 5. "Stipulations of Fact and Law", para. 4 "In addition, by written Credit Guaranty (Individual) Agreements dated December 6, 1996 ("Credit Guarantees"), Mostafa Reyad and Wafa Reyad guaranteed payment when due of all obligations to WLCA...". Defendant executed a similar guaranty on November 10, 1998 after the expiration of the Credit Guaranty dated December 6, 1996, also and only to the benefit of WLCA.

See, the documents obtained on November 24, 2003; the two (2) certificates issued by California Secretary of State, attached to Defendant Mostafa Reyad's memorandum of law in support of motion to dismiss dated December 3, 2003. It shows that Independent Lending Corporation certified relinquishing the name of WLCA on October 11, 1994. See, Webster Dictionary for relinquish, it defined "to give up, renounce, to let go, cease". According to this certification executed by Gwen J. Fells, assistant secretary recorded in the records of California Secretary of State # A452251 on October 11, 1994, WLCA ceased to exist, and cannot enter into any agreement effective of that date; it lacks capacity for any transaction.

WLCA was a Delaware corporation, ceased in Delaware records on October 5, 1994 pursuant **to 8 Del. C. section 259(a)**. In California, in order to transact intrastate business, a corporation should obtain a certificate of qualification from California Secretary of State, and must comply with California law, and without the certificate of qualification, a corporation cannot maintain an action. **See**, **California Corporation Code, Chapter 21** Foreign Corporations **(section 2100-2117)**; **section 2106 (b)(2)** stipulates in part *"the foreign corporation agrees that it will transact business in this state under an assumed name disclosed to Secretary of State and that it will use such assumed name in all of its dealings with the Secretary of State and in the conduct of its affairs in this state"*.

Independent Lending Corporation's certificate of qualification relinquished WLCA's name and assumed the name of Independent Lending Corporation on October 11, 1994; pursuant to **section 2107** it means that in 1996 and 1998 there was no certificate of qualification for WLCA maintained with California Secretary of State. **See**, **Cal. Corp. C. section 2203 (c)** "A foreign corporation subject to the provisions of **Chapter 21 (commencing with section 2100)** which transacts intrastate business without complying with **section 2105** shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state commenced prior to compliance to **section 2105**, and **see, United** at 1737. However, the instant action is different from **United**; here WLCA was dead corporation at the time it entered into the guaranty with Wafa Reyad, and in **United** Plaintiff was a valid Nevada Corporation. **Section 2203 (c)** would apply; WLCA lacks capacity to sue and Count Two should be dismissed.

3

Plaintiff sanctionably, caused frustration and massive delay of this action, Plaintiff filed two (2) fictitious business name statements filed in the records of Los Angeles County, California; a trade name certificate filed in New Castle County Delaware, and a trade name certificate filed in the Town of Hartford, Connecticut. All the four documents are not authorized by any law or regulation, as it is demonstrated below. Simply put, *Plaintiff wants this Court to hold that a single corporation can use two different corporate names, one its name kept in the records of Secretary of State, and the other kept with County recorder's office. It is impossible that any court of law will hold that.*

California law is very clear and thoroughly, **see**, **California Business and Professions Code, Division 6 Business Rights, Chapter 3, Article 1.5 Trade Name Registration (section 14411-14418)**; and **see**, **section 14411** "The filing of any fictitious business name statement by a person required to file such statement pursuant to **section 17910**". Plaintiff filed a corporate name contrary to section **17910.5(a)**, that filed name WLCA is a dead corporation, and **see**, **section 14415** "obtaining of a certificate of qualification pursuant to **section 2105** and **2106** of the Corporations Code, in the case of a foreign corporation, shall establish a *rebuttable presumption* that the corporation has the exclusive right to use as a trade name, in the state the corporate name set forth in the articles or certificate". Neither the articles of Delaware, nor the certificate of qualification in California has or had a fictitious business name or trade name. Plaintiff's fictitious business name statements, and trade name certificates are contrary to **section 17910** and contrary to Article 1.5 of Chapter 3 stated above; and all should be stricken.

**See**, **Cal. C. Civ. Pro. Section 436 (b)**; stipulates "Stricken out all or any part of any pleading not drawn or filed in conformity with the laws of this state".

## CONCLUSION

Defendant met her burden, provided the Court with evidence showing without any reasonable doubt, that, Plaintiff lacks capacity to sue. Wafa Reyad is entitled to a Judgment of Dismissal as a matter of law.

The Defendant
Wafa Reyad

By: *Wafa Reyad*
Wafa Reyad
2077 Center Avenue # 22D
Fort Lee, NJ 07024
(201) 585-0562

## CERTIFICATION

The Undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511. And Mostafa Reyad received his copy.

*Mostafa Reyad*
Mostafa Reyad