UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 16  A 11: 52

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br> Plaintiff, <br> v. <br> MOSTAFA REYAD and WAFA REYAD, <br> Defendants. | CIVIL ACTION NO. <br> 3:00CV835(CFD) <br><br><br> DECEMBER 15, 2003 |

### PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' PRE-TRIAL MOTIONS

Plaintiff IndyMac Bank, F.S.B. submits this consolidated memorandum in opposition to: (i) "Mostafa Reyad's Second Motion in Limine" dated November 24, 2003 (doc. # 308); (ii) "Defendant Mostafa Reyad's Motion to Dismiss" dated December 3, 2003 (doc. # 311); and (iii) "Defendant Wafa Reyad's Motion to Dismiss" dated December 3, 2003 (doc. # 313). In all three motions, Defendants challenge the capacity of Plaintiff and its predecessors-in-interest to sue Defendants in the instant action. In addition to being without merit, Defendants' motions are untimely in that the parties already have filed their Joint Trial Memorandum and the Court has declared this action ready for immediate trial as of January 9, 2004. Moreover, Defendants already have raised this challenge to Plaintiff's capacity to sue on numerous prior occasions in this action, most recently in Defendants' Motion for Summary Judgment (doc. # 209), Motion for Amended Summary Judgment (doc. # 280) and Motion to Dismiss (doc. # 263),

778667.DOC

which this Court denied in its Rulings on Various Pending Motions dated September 22, 2003. (doc. # 298).

In its September 22, 2003 Rulings, this Court found "there is at least a genuine issue of material fact as to whether the plaintiff had the authority to enter into the lending agreement under the name 'Independent Lending Corporation.' . . . Moreover, there is evidence from which a reasonable juror could conclude that both IndyMac Holdings, Inc. and Independent Lending Corporation had the authority to do business under the name 'Warehouse Lending Corporation of America.'" (9/22/03 Rulings on Various Pending Motions, at 2.) The Court also found that "IndyMac Bank, F.S.B. became the successor in interest to the original plaintiff, IndyMac Mortgage Holding, Inc., on July 3, 2000, nearly two months after this litigation began on May 8, 2000." (Id., at 3.)

Notwithstanding the foregoing Rulings, and the parties' filing of their Joint Trial Memorandum on November 18, 2003, Defendants thereafter filed a Second Motion in Limine and separate Motions to Dismiss, each of which challenge, once again, the capacity of Plaintiff's predecessors-in-interest to transact business under the trade name Warehouse Lending Corporation of America, and thus, to sue Defendants in the instant action. Plaintiff submits that these motions are without merit and are merely further dilatory tactics on the part of Defendants designed to prolong this litigation, increase the costs to Plaintiff of pursuing same, and delay the long-awaited trial of this action.[1]

---

[1] In addition, Plaintiff notes that Defendants' motions to dismiss are inappropriate at this stage of the litigation in light of the numerous motions to dismiss that have preceded it.

2

In his Motion to Dismiss, Defendant Mostafa Reyad also requests that this Court adjudicate Defendants' lack of capacity defense prior to proceeding with the trial of any other issues in this case. Plaintiff vehemently opposes such a request, and respectfully submits that Defendants heretofore have availed themselves of numerous opportunities to litigate the issue of Plaintiff's capacity to sue, successfully delaying the trial of this action for over three years. This Court previously determined that there is at least a genuine issue of material fact with respect to the authority of Plaintiff's predecessors-in-interest to enter into the loan documents at issue and their authority to transact business under the trade name Warehouse Lending Corporation of America. Moreover, the parties have filed their Joint Trial Memorandum and the Court has declared this action ready for immediate trial as of January 9, 2004.

In light of the fact that Defendants' latest motions raise the same arguments that this Court already has determined are not subject to summary adjudication and that the Court has declared this action ready for immediate trial, Plaintiff objects to Defendants' motions as duplicative and untimely, and respectfully requests that they be denied on these grounds.[2] Alternatively, should the Court determine that it is appropriate to revisit these issues once again prior to trial, Plaintiff requests that it be permitted to file legal

---

See Fed. R. of Civ. P. 12(g) (requiring a party to consolidate all 12(b) defenses in one motion to dismiss).

[2] In addition to seeking to dismiss Plaintiff's claim in this action entirely, Defendants also request in their motions that the Court strike four of Plaintiff's proposed trial exhibits documenting Plaintiff's registration to do business under the trade name Warehouse Lending Corporation of America. For the same reasons that this Court should deny Defendants' request that this action be dismissed, this Court similarly should deny Defendants' request that Plaintiff's exhibits be stricken from the record.

memoranda in opposition to Defendants' motions twenty-one days following the Court's determination that it deems such a response necessary.

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06507-1746
Tel. (203) 772-2600

4

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, this 15th day of December, 2003 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024.

Rowena A. Moffett (ct19811)