UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 19 P 3: 27
U.S. DISTRICT COURT
HARTFORD, CT.

INDYMAC BANK, F.S.B.
               Plaintiff

CIVIL ACTION NO.
3:00CV835 (CFD)

V.

MOSTAFA REYAD AND WAFA REYAD
               Defendants

DATE: DECEMBER 18, 2003

## DEFENDANTS' REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' PRE-TRIAL MOTIONS

Defendants Mostafa Reyad and Wafa Reyad hereby reply to Plaintiff's consolidated opposition to Defendants' pre-trial motions, dated October 15, 2003 (Doc # 316). Plaintiff opposes (i) Mostafa Reyad's second motion in limine (Doc # 308); (ii) Defendant Mostafa Reyad's motion to dismiss (Doc # 311); and (iii) Defendant Wafa Reyad's motion to dismiss (Doc # 313). Plaintiff alleges that, the three motions are untimely, in that the parties already have filed their Joint Trial Memorandum, and the Court has declared this action ready for immediate trial as of January 9, 2004. Plaintiff cited this Court Ruling (Doc # 298); furtherly Plaintiff cited Fed. R. Civ. P. Rule 12 (g), to support his opposition as untimely. As it is demonstrated below, Plaintiff's consolidated opposition is completely legally incorrect, and the Court should Grant the

1

above three motions, and Dismiss the Entire Amended Complaint (Doc # 165) dated September 7, 2001 as a matter of law.

Notably, Plaintiff relies on the Court Order dated September 22, 2003 is misplaced, because the Court decision was before Defendants' filing the evidence; in that, if Defendants were able to provide the Court with the certificates of qualification obtained from California Secretary of State; supported by the legal authority of California law, the Court decision would not be the same. Plaintiff provided the articles of incorporation of Warehouse Lending Corporation of America, and IndyMac Mortgage Holdings, Inc. was incomplete. Plaintiff's failure to provide the California certificates of qualification; which are integral part of the articles of incorporation of said two corporations, caused Defendant to file motion in limine among the Joint Trial Memorandum, pursuant to this Court's Order (Doc # 299) p. 2, under the heading "Anticipated Evidentiary Problems", Defendants followed the Court's Order. Plaintiff opposed that motion in limine and denied providing the certificates of qualification, and improperly alleges "the parties will therefore put on their respective evidence concerning this issue at the trial of the merits, furtherly Plaintiff objects to motion in limine as untimely. Plaintiff misread Rule 12(g).

Plaintiff's opposition p. 2 foot note 1 citing Fed. R. Civ. P. Rule 12(g) it stipulates as follows:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h) (2) hereof on any of the grounds there stated.

<u>See</u>; subdivision (h) (2) it stipulates

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under **Rule 19**, and an objection to state a legal defense to a claim may be made in any pleading permitted or ordered under **Rule 7(a)**, or by motion for judgment on the pleadings, or at the trial on the merits.

Simply put, Defendants' motions in limine, and motions to dismiss pursuant to Rule 12 (b) (6) are timely and proper, in fact, Plaintiff citing Rule (12) (g) misreading the stipulated exception of that subdivision is sanctionable pursuant to Rule 11.

Defendants' motions to dismiss for lack of capacity pursuant to California law are analogous to lack of standing. Standing is jurisdictional issue which concerns power of federal courts to hear and decide cases and does not concern ultimate merit of substantive claims involved in the action. <u>See</u> <u>Lerner v. Fleet Bank N.A.</u>, 146 F. Supp. 2d 224, 226 (E.D.N.Y. 2001) The second circuit Ruled on January 22, 2003 upon <u>Lerner v. Fleet Bank N.A.</u> Case No. 017755; lack standing pursuant to Fed. R. Civ. P. Rule 12 (b) (6) affirming dismissal for failure to state a claim instead of Fed. R. Civ. P. Rule 12 (b) (1) for lack of jurisdiction, and <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co. et al</u>, Case No. 98-470 [Decided May 17, 1999 U.S. Supreme Court]; it Ruled at III [p.5 of 10] (Steel Co. held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of the case. "For a court to pronounce upon [the merits] when it has no jurisdiction to do so", Steel Co. declared "is . . . . for a court to act ultra vires" 523 U.S. at 101-102).

Plaintiff p. 3 incorrectly asserting that Defendants' latest motions raise the same arguments, Plaintiff is incorrect because Defendants obtained that certificates of

3

qualification evidencing that; Plaintiff relinquished WLCA's name on October 11, 1994, and violated the agreement with California Secretary of State pursuant Cal. Corp. C. section 2106 (b) (2) which stipulates in part "the foreign corporation agrees that it will transact business in this state under an assumed name disclosed to the Secretary of State and that it will use such assumed name in all of its dealings with the Secretary of State and in the conduct of its affairs in this state". The above arguments were only available to Defendants on November 24, 2003. If Plaintiff did not contempt this Court Order, and provided the complete articles of incorporation pursuant to California law which govern this litigation, this action would be over more than two years ago. Plaintiff abuses the law causes frustration and massive delay for this action. The Court will not reward Plaintiff for the misconduct.

The Court should be advised; Plaintiff p. 3-4 requests that it be permitted to file legal memorandum in opposition to Defendants' motion twenty-one days following the Court's determination that it deems such a response necessary. Plaintiff filed his opposition to Defendants' motions to dismiss dated in its caption December 15, 2003, while the Court's docket sheet indicates, it due on December 25, 2003. Plaintiff filing was early ten days, admitting that he did not file the memorandum in opposition, and he is requesting twenty-one days when the Court Order him. There is no such stipulation, in the Federal Rules nor the Local Rules, however, pursuant to Conn. D. Local Rule 9 (a) "Failure to submit a memorandum in opposition to a motion may be deemed suffient cause to grant the motion". Here, Plaintiff's admission that he did not file memorandum in opposition, and waiting the Court to Order him; is sufficient cause for Granting Defendants' motions.

4

Finally, pursuant to Federal Rules of Civil Procedure, U.S. Supreme Court Decision in Ruhrgas, and Cal. C. Civ. Proc. section 597, the Honorable Court should Rule on the three motion before the trial of any other issues of the case. Upon Ruling on Defendants' motions, the Court would Grant the three motions as a matter of law.

The Defendant
Mostafa Reyad

By: ___/s/ Mostafa Reyad/___

Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone  203-325-4100
Home Phone  201-585-0562

The Defendant
Wafa Reyad

By: ___/s/ Wafa Reyad/___

Wafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Home Phone  201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Ave, New Haven, CT 06511.

___/s/ Mostafa Reyad/___
Mostafa Reyad

6