UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 29 P 3:

U.S. DISTRICT COURT
HARTFORD, CT

INDYMAC BANK, F.S.B.
                Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**DATE: DECEMBER 28, 2003**

### DEFENDANTS' BRIEF RE: COURT'S ORDER RE: SCHEDULING FOR TRIAL

This Court Ordered on December 1, 2003 (Order # 310); the parties to appear on January 9, 2004 at 11:00 A.M. to discuss the trial readiness and scheduling this case for trial. Furtherly Ordered, as of January 9, 2004, this case is considered ready for immediate trial. The Court Ordered the parties to discuss in advance numerated five matters, and the parties should be prepared to provide the Court with the Ordered information jointly.

Defendant Mostafa Reyad telephoned Plaintiff's attorney Rowena A. Moffett on December 12, 2003 to discuss the five matters Ordered by the Court, she agreed to commence the discussion, subject to the consent of her client. Professionally,

1

attorney Moffett explained to Mostafa that, the Court did not Order the parties to reduce their submission in writing, which Mostafa understands. However, the circumstances of the case, and the number of issues raised by Defendants in the pre-trial memorandum, and Plaintiff's avoidance to professionally response to certain material issues effectuate the Court's Decision; collectively creates the need for Defendants to this submission on their own. Defendants are and will continue all discussions with Plaintiff pursuant to this Court's Order, at any and all the times to provide the information jointly on January 9, 2004.

*The Court ordered the following:*

1. *A list of dated between February 1, 2004 and June 1, 2004 when counsel are unavailable for trial;*

    Defendants are not available between March 1 til March 12, 2004

2. *How long the trial expected to last;*

    Defendants expect the Trial for one day.

3. *Issues raised in the pre-trial memorandum which need to be resolved in advance of trial;*

II. **Defendants' issues raised in the pre-trial memorandum, exhibit "B", need to be resolved in advance of trial**

1. **Res judicata issues**

    **See**, special defense one. Plaintiff's cause of action is the same cause of action of the Dismissed part Ordered by this Court, and it requires the

2

same evidence to support it, and is based on facts that were also present in the dismissed part, which was dismissed pursuant to this Court's Order dated August 10, 2001 (Order # 150).

2. **Plaintiff lacks capacity to maintain the action**

   **See**, special defense two. Plaintiff cannot maintain any action pursuant to California Corporations Code section 2203 (c).

3. **Independent Lending Corporation d/b/a WLCA, and IndyMac Mortgage Holdings, Inc. d/b/a WLCA are illegal registrations.**

   **See**, special defense three. Defendants invoke California Business and Profession Code section 14415, and California Corporations Code section 2105 and section 2106. Defendants reiterated Cal. Bus. & Prof. C. section 17910 which were raised in summary judgment without showing its relation to the above law provisions. Defendants presented this relation in special defense three.

The above three extremely strong issues in favor of Defendants, were raised in the pre-trial memorandum, must be resolved in advance of trial. It are independent of the merits of the case, Ruling upon is procedurally mandatory, and it may eliminate the need of the Bench Trial, or at least reduce the Trial Time to the minimum. The above are questions of law, and none of it is a question of

facts. It are directed to the Trier of the Fact, and non of it can be directed to juror. This could explain, the difference of Defendants' estimated trial to last one day, and Plaintiff's estimated trial to last three days. The jurisdictional issues must be Ruled upon, it does not concern ultimate merit of substantive claim, having a separate and independent existence, distinguished from other court procedure. Once it is decided by the Court, it will end completely all Plaintiff's claims. Ruling upon, will save the valuable Court's time, parties expenses, and taxpayers' money.

### III.  Defendants' legal issues supplemental to the above issues, which also need to be resolved in advance of trial

Defendants' pre-trial memorandum, includes another four legal issues, supplemental to the above foregoing issues. These followed four issues do not stand alone as matters to be resolved in advance of trial, however, because it are directly connected and construe integral part of the substantive application of the foregoing three issues, it must be included together, mandating the need to be resolved in advance of trial.

1. **The Contracts are unauthorized pursuant to California Commercial Code**

    **See**, special defense four, the contracts are not authorized by Cal. Comm. C. section 1201 (42).

4

2. **The Credit Guarantys (Individual) are ineffective**

   <u>See</u>, special defense five, The Guarantys are ineffective pursuant to Cal. Civ. C. section 2787 and section 2809.

3. **Defendant Mostafa Reyad has limited liability**

   <u>See</u>, special defense six. Defendant has limited liability pursuant to Cal. Comm. C. section 3414 (e). Defendant is liable only to the undisputed marketable title.

4. **Defendants have no liability of sold mortgage loans**

   <u>See</u>, special defense seven. Defendants have no liability for sold mortgage loans pursuant to Cal. C. Civ. Proc. 580 a- 580d, section 337, 721 a, 726, 728, 729.010, 729.060 and 729.070, and Cal. Comm. C. section 9504 and 9505.

It should be noted; Plaintiff is represented by two counsels, of well known Connecticut Law Firm. The two counsels repeatedly have not adhered to the Federal Rules; Rules of Court; and this Court's Orders. They are attacking Defendants' motions in limine, which filed timely, pursuant to this Court's Ordered dated September 23, 2003 (Ordered # 299) p.2 "Anticipated Evidentiary Problems", claiming without legal foundation, it are untimely. Plaintiff's memorandum in opposition to motion in limine, reveals that counsels did not review this Court's Order dated August 10, 2001 (Order # 150), because if they

will read that Order p. 25 and foot note 23, they will read that, the Dismissal of IndyMac, Inc. was pursuant to Fed. R. Civ. P. Rule 12 (b)(6), and that dismissal was final and not subject to collateral attack, and they would not base their defense, assuming that dismissal was without prejudice. Furtherly, they did not file memorandum of law mandated by Conn. D. L. R 9 (a) to Mostafa Reyad's second motion in limine and Defendants' motions to dismiss. They did not respond at all to the evidence obtained on November 24, 2003. Unexpectedly they repeated the same request which was denied by this Court, **see**, Endorsement dated March 8, 2002 denying [204-1], motion to extend time to respond to motions for rule 60b relief & rule 11 sanctions, until 21 days after ruling on all other pending motions, and **see**, Plaintiff's consolidated opposition to Defendants' pre-trial motions dated December 15, 2003 (Doc # 316) p. 3-4 "Plaintiff requests that it be permitted to file legal memorandum in opposition to Defendants' motions twenty-one days following the Court's determination that it deems such a response necessary".

The above indicates, that, Plaintiff admits that (Doc # 316) does not include memorandum, it is only opposition. The Court should Order the District Clerk's office to correct the docket sheet, to reflect the same as docketed on docket # 204 dated February 27, 2002. The correction is needed for the future use of the docket sheet, and to maintain accurate records.

IV. **Pending Motions**

Pending before the Court, seven motions, need to be resolved in advance of Trial. Procedurally, it must be Ruled upon prior to Trial. The seven motions are as follows:

1. Defendant Mostafa Reyad's motion in limine, filed with Joint Trial Memorandum as exhibit "L". dated November 18, 2003.
2. Defendant Mostafa Reyad's second motion in limine, dated November 24, 2003 (Doc # 308).
3. Defendant Mostafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 311).
4. Defendant Wafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 313).
5. Defendant Mostafa Reyad's motion for resubmission of reply to Plaintiff's memorandum in opposition to Defendant's motion in limine dated December 8, 2003 (Doc # 315).
6. Defendant Mostafa Reyad's motion to Grant motion to dismiss and second motion in limine, dated December 18, 2003 (Doc # 318). [response due by January 9, 2004].
7. Defendant Wafa Reyad's motion to Grant motion to dismiss dated December 18, 2003 (Doc # 320). [response due by January 9, 2004].

7

4. *Whether the parties would be agreeable to having their case heard by Magistrate Judge Thomas P. Smith; and*

   Defendant do not agree.

5. *Whether a settlement conference would be appropriate.*

   Defendants believe, a settlement conference is appropriate.

Defendants will continue the discussion with Plaintiff pursuant to this Court's Order to provide the information Ordered jointly.

The Defendant  
Mostafa Reyad

By: *[signature]*  
Mostafa Reyad  
2077 Center Ave # 22D  
Fort Lee, NJ 07024  
Day Phone 203-325-4100  
Home Phone 201-585-0562

The Defendant  
Wafa Reyad

By: *[signature]*  
Wafa Reyad  
2077 Center Ave # 22D  
Fort Lee, NJ 07024  
Home Phone 201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schafer at 271 Whitney Ave, New Haven, CT 06511.

*[signature]*  
Mostafa Reyad