UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                    Plaintiff                    CIVIL ACTION NO.
                                                 3:00CV835 (CFD)

          V.

MOSTAFA REYAD AND WAFA REYAD
                    Defendants
                                                 DATE: JANUARY 14, 2004


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)**

This is Defendants memorandum of law in support of Defendants concurrently filed motion to dismiss pursuant to Rule 12 (b)(6). The Court Ordered that effective of January 9, 2004, this case is ready for Trial. On the Hearing of January 9, 2004 Defendants requested permission to file motion to dismiss based on the issue of res judicata; the Court Granted the filing if it will not prejudice Plaintiff. Defendants' requested motion is timely, pursuant to Federal Rules, as of right, Plaintiff cannot claim prejudice of this filing in this time. Fed. R. Civ. P. Rule 12 (b)(6) is a defense of failure to state a claim upon which relief can be granted; Rule 12 (h)(2) stipulates "A defense of failure to state a claim upon which relief can be granted . . . . . may be made . . . . by motion for judgment on the pleadings or at the trial on the merits. Res judicata issue was raised in pre-

1

trial memorandum, <u>see</u>, special defense one exhibit "B", also it is included in Defendants motion in limine, attached to the pre-trial memorandum, exhibit "L"; Plaintiff response to it, exhibit "M", thus, Plaintiff cannot claim prejudice.

The District of Connecticut published the following two opinions:

1. On January 5, 2004; <u>Kevin Hackett v. Eileen Storey, et al</u> Case number 3:03 CV 395 (Hon. Janet Bond Arterton, U.S.D.J. Decision dated December 30, 2003); Defendants' exhibit # 1 to the transcript of this Court hearing dated January 9, 2004

2. On January 7, 2004; <u>Media Group Inc., et al v. Raymond Toppatsch</u>, case number 3:02 CV 1814 (Hon. Mark R. Kravitz, U.S.D.J. Decision dated December 31, 2003); Defendants' exhibit # 2 to the above transcript. The above two recent Decisions are analogous to the instant action, and specifically analogous to Defendants special defense one of the pre-trial memorandum. This jurisdictional issue should be ruled upon before the trial. Once it ruled upon, the Court will dismiss Plaintiff's Entire Complaint.

On May 8, 2000 Plaintiff initiated the instant action by filing the Original Complaint (Doc # 1); two (2) Plaintiffs namely, IndyMac, Inc. "IMI", and IndyMac Mortgage Holdings, Inc., Plaintiff also filed its Memorandum in Support of Application for ex parte Prejudgment Remedy and Restraining Order (Doc # 7). On August 10, 2001 this Court Ruled Dismissing Plaintiff namely IndyMac, Inc. IMI for the inclusion of Forum-selection Clause in the "Seller's Contract"

selecting California Forum. The Ruling Dismissed Count Two of IMI and all its allegations which are all connected to the "Seller's Contract" and the "Seller's Guide". On September 7, 2001 Plaintiff IndyMac Mortgage Holdings, Inc. filed the Amended Complaint (Doc # 165); see p. 5 para. 15 "At the time this action was initiated, the outstanding balance on the warehouse was approximately $ 5.7 million. Mostafa Reyad had borrowed this $ 5.7 million under his warehouse line to fund a total of 33 mortgage loans", and see p. 5 para. 17 "Of the 33 mortgage loans outstanding on Mostafa Reyads warehouse line with WLCA at the initiation of this action IMI initially offered to purchase 30 from Mostafa Reyad".

The Amended Complaint includes 29 paragraphs, however, the above two paragraphs number 15 and paragraph number 17 is the controversy, and the remaining 27 paragraphs are Plaintiff's allegations arise out of the controversy, including the parties, jurisdiction, and claims of damages. The controversy stipulated in the Amended Complaint is the allegations of the $ 5.7 million borrowed by Mostafa Reyad to fund the 33 mortgage loans. It is undisputed fact that among the 33 mortgage loans, there were three (3) mortgage loans originated to be sold to Chase, and Chase purchased it, These Loans are:

1. Drzal Loan Number 3254906 paid off on 5/26/2000
2. Tahir Loan Number 1580196710 paid off on 6/5/2000
3. Bakry Loan Number 1580196379 paid off on 6/19/2000

The above three (3) loans were ready for purchase by Chase at the time the action commenced, it were delayed because the suspension of the Defendant's

3

Bank account caused by the prejudgment remedy. Plaintiff on February 9, 2001 declared that Plaintiff holding $ 1,201.94 extra amount after Chase purchased the above three mortgage loans, **see**, **attachment # 1** attached hereto. Thus the actual controversy before the Court is the 30 mortgage loans, IMI initially offered to purchase it, as stated in para. 17 above.

The Original Complaint (Doc # 1) was supported by the said Memorandum (Doc # 7). Count Two of the Original Complaint (against Mostafa Reyad for breach of contract with IndyMac, Inc. IMI), assert the allegations of violations to the "Seller's Contract" and the "Seller's Guide" specifically section 1250 and section 1220 of the "Seller's Guide". The Memorandum at p. 5 under the heading of "**B. Reyad's Defaults Under the Credit Facility Document**" is the same allegations stated in Count Two of the Original Complaint. It means that the alleged default under the Credit Facility Documents is because of the violations of the "Seller's Contract" and the "Seller's Guide", and it are directly connected to each other, and the evidence of the default is the violations of "Seller's Contract" and the "Seller's Guide". That Dismissed Count was stipulated by inserting it again in Count One of the Amended Complaint. Plaintiff merged the Dismissed Count Two of the Original Complaint into Count One of the Amended Complaint. Neither the parties nor their privies are allowed to call the Dismissed allegations, to have it tried over again at any time. The Court Ruling on August 10, 2001 is a final Judgment. **See C.I.R. v. Sunnen**, 333 U.S. 591, 597 (1948) (The judgment puts an end to the *cause of action*, which cannot again be

brought into litigation between the parties upon any ground whatever absent fraud or some other factor invalidating the judgment. **See** von Moschzisker 'Res Judicata' 38 Yale L.J.; Restatement of the law of Judgments, 47, 48).

The only evidence(s) Plaintiff is offering to support the Amended Complaint, is IMI allegations per the "Seller's Contract" and or the "Seller's Guide". These evidence(s) are precluded by the application of "Res Judicata", and "Estoppel by Judgment" Doctrines. Count One is precluded by these Doctrines, and consequently the connected Count Two, and Count Three are precluded from relitigation. The Entire Amended Complaint is precluded. Accordingly, Plaintiff Amended Complaint should be precluded before the Trial to start.

This Court Ordered on August 10, 2001 (Doc # 150); Dismissing Count Two of the Original Complaint (Doc # 1); Count Two was a complaint against Mostafa Reyad for breach of contract with IndyMac, Inc., the Dismissed Count's cause of action was based on allegations of violations of the "Seller's Contract" and the "Seller's Guide", **see** Plaintiff Memorandum of Law in Support of the prejudgment remedy (Doc # 7), at p. 5 it established the cause of action under the heading **"B. Reyad's Defaults Under the Credit Facility Documents"**, and **see** (Doc # 1) p. 6-9 para. 24-34, that Dismissed Count, is the same Count One of the Amended Complaint (Doc # 165) dated September 7, 2001, the same dismissed paragraphs 24-34, are now at p. 5-7 para. 16-19, and para. 21 of the Amended Complaint. So far, it is simple, the Judicial Power will preclude relitigating the same priorly dismissed issues, by the application of issue

preclusion; however, it is not simple as it appears. Careful analysis to the Amended Complaint reveals; The Entire Amended Complaint and its Three Counts are precluded from litigation. Count One has paragraphs have been litigated and dismissed, and whatever remains, if any, requires evidence to support it only by application of the "Seller's Contract" and the "Seller's Guide", that evidences have been litigated and dismissed, and now are precluded, it means that Count One Completely precluded, and if Count One is precluded, Count Two and Count Three will be meaningless, and cannot sustain Trial. It is a matter of law.

The Doctrine of **res judicata** is applicable in California laws and in Federal Courts. **See Nathan v. Hecker** (2002) 99 Cal. App 4th 1158, 1162 [121 Cal. Rptr. 2d 796] (The doctrine of **res judicata** precludes parties or their privies from litigating an issue that has been finally determined by a court of competent jurisdiction); **Maharaj v. Bank America Corp**., docket number 96-7021 (Decided October 17, 1997, 2nd Cir.), Analysis of res judicata, it Ruled.

'"The doctrine of **res judicata**, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action". **Federated Dep't Stores, Inc. v. Moitie**, 452 U.S. 394, 398 (1981). Simply put, the doctrine states that once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning "the transaction, or series of connected transactions, out of which the [first] action arose". **Restatement (Second) of Judgments** 24 (1) (1982).
In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. **S.E.C. v. First Jersey Sec., Inc.,**

6

the breach of contract, it means that; Count Two cannot sustain Trial, similarly Count Three cannot sustain Trial. The legal authorities stated in this part of this Memorandum support Defendant's request, specifically the Ruling in **Maharaj** "it involves the same transaction or connected series of transactions as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on the facts that were also present in the first".

In other words, the Amended Complaint is a dispute for 33 mortgage loans funded by Defendant, and Plaintiff claims, it was not paid on time, and no more. It is undisputed fact that three (3) mortgage loans were originated for Chase, and Chase purchased it within short period of time. The remaining 30 mortgage loans are the actual dispute, and Plaintiff agreed to this fact long time ago. The Amended Complaint cited that IndyMac, Inc. "IMI" reneged from that purchase. Furtherly, it means if IMI purchased that 30 loans on time there would be no cause of action and no action. Accordingly, the cause of action emerges because IMI changed its commitment, and IMI has been Dismissed. It means; it is a series of connected transactions, because it requires the same evidence(s), which had been Dismissed.

Furtherly, it should be noted, that, Plaintiff who represented by two experienced attorneys making vague arguments, indicating lack of reading to the Federal Rules of Civil procedures. **See**, Plaintiff's consolidated opposition to Defendants' pre-trial motion; dated December 15, 2003 (Doc # 316) p. 2-3 foot note 1, "In addition, Plaintiff notes that Defendants' motions to dismiss are inappropriate at

this stage of the litigation in light of the numerous motions to dismiss that have preceded it, see, Fed. R. Civ. P. 12 (g) (requiring a party to consolidate all 12 (b) defenses in one motion to dismiss)." The attorneys citing Rule 12 (g), which consists of only six lines, and neglecting to read the clear exception of the Rule (*except a motion provided in subdivision (h)(2) hereof on any of the grounds there stated*). Failure to state a claim upon which relief can be granted is one of the exceptions stipulated in subdivision (h)(2). Plaintiff making another vague argument of this Court's Order dated August 10, 2001 (Order # 150) claiming that, the Court's Order is not a final judgment; without prejudice of IndyMac, Inc.'s pursuit the same in the courts of California, Plaintiff misread this Court's Order, see, p. 25 and foot note 23 (and the Second Circuit recently indicated that Rule 12 (b)(6) is an appropriate vehicle through which to consider this issue, and thus the Court will consider the forum selection clause in that context). **See**, Hackett p. 7, foot note 4, and its citation of Exchange Nat'l Bank of Chicago v. Touche Ross & Co., 544 F. 2d 1126, 1130-31 (2d Cir 1976) (Friendly, J.) ("[J]udgments under Rule 12(b)(6) are on the merits with res judicata effects . . . "); see also Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc., 754 F. 2d 457, 462 (2d Cir 1985).

It should also be noted that Plaintiff did not comply with this Court's Rules and Orders. Plaintiff failed to file legal memorandum in response to 1) Defendant Mostafa Reyad's second motion in limine dated November 24, 2003; (Doc # 308) 2) Defendant Mostafa Reyad's motion to dismiss (Doc # 311); and 3) Defendant

9

Wafa Reyad's motion to dismiss (Doc # 313), dated December 3, 2003. Defendants filed 4) Defendant Mostafa Reyad's motion to grant motion to dismiss and second motion in limine (Doc # 318), and 5) Defendant Wafa Reyad's motion to grant motion to dismiss (Doc # 320) dated December 18, 2003. Plaintiff did not respond to 4) nor 5). Plaintiff is in default.

## CONCLUSION

For the reasons stated hereabove, the Honorable Court should dismiss Plaintiff Entire Complaint as a matter of law.

The Defendant          The Defendant

The Defendant					The Defendant
Mostafa Reyad					Wafa Reyad

By: _____				By: _____
Mostafa Reyad					Wafa Reyad
2077 Center Ave # 22D				2077 Center Ave # 22D
Fort Lee, NJ 07024				Fort Lee, NJ 07024
Day Phone  203-325-4100				Home Phone  201-585-0562
Home Phone  201-585-0562

### CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schafer at 271 Whitney Ave, New Haven, CT 06511.

_____
Mostafa Reyad

# ATTACHMENT # 1

13

IndyMac Mortgage Holdings, Inc. and IndyMac, Inc. v. Mostafa Reyad and Wafa Reyad
Estimated Losses
February 9, 2001

| Loan No. | Borrower | Warehouse Line Advance Amount | Accrued Interest on Warehouse Line | Accrued Fees | Total | Payoff Date | Payoff Amount | Interest Received | Principal Reduction | Total | Net Realizable Value | Market Value | Loss | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3254906 | Orzel | 138,946.00 | 1,333.01 | 39.00 | 140,318.01 | 5/26/2000 | 142,246.26 | | | 142,246.26 | N/A | N/A | 1,928.25 | Loan purchased by third party |
| 1580195710 | Tahir | 184,530.00 | 2,323.30 | 39.00 | 186,892.30 | 6/5/2000 | 186,725.17 | | | 186,725.17 | N/A | N/A | (167.13) | Loan purchased by third party |
| 1580195379 | Bakry | 96,556.51 | 1,698.50 | 39.00 | 98,294.01 | 6/19/2000 | 97,644.83 | | | 97,644.83 | N/A | N/A | (659.18) | Loan purchased by third party |
| 1580193183 | Smoczewski | 184,646.42 | 8,579.39 | 39.00 | 193,264.81 | 5/28/2000 | 185,923.24 | 1,312.09 | 318.53 | 190,653.86 | N/A | N/A | (2,610.95) | Loan refinanced through another lender |
| 3251239 | Zbyluf | 58,914.77 | 3,291.28 | 39.00 | 62,245.05 | 9/19/2000 | 62,087.09 | 486.29 | 122.47 | 62,695.44 | N/A | N/A | 451.39 | Loan refinanced through another lender |
| 552656 | Lyons | 450,183.29 | 61,260.27 | 39.00 | 511,482.56 | 10/20/2000 | 497,829.23 | 10,866.37 | 1,528.15 | 510,223.75 | N/A | N/A | (1,258.81) | Loan refinanced through another lender |
| RW652074 | Abreu | 34,824.24 | 2,488.86 | 39.00 | 37,152.10 | 10/25/2000 | 36,123.70 | 1,319.36 | 70.67 | 37,513.73 | N/A | N/A | 361.63 | Loan refinanced through another lender |
| 622233 | Moniad | 487,403.00 | 33,852.51 | 39.00 | 521,294.51 | 11/15/2000 | 505,848.00 | 7,342.19 | 483.95 | 513,678.14 | N/A | N/A | (7,616.37) | Loan refinanced through another lender |
| 3243534 | Browne | 176,486.00 | 14,413.37 | 39.00 | 192,938.37 | 12/15/2000 | 178,662.18 | 8,539.37 | 541.87 | 187,733.42 | N/A | N/A | (5,204.95) | Loan refinanced through another lender |
| 2254639 | Browne | 9,500.00 | 791.38 | 39.00 | 10,630.38 | 12/15/2000 | 9,830.00 | 428.55 | 3,032.10 | 13,321.55 | N/A | N/A | 2,691.28 | Loan refinanced through another lender |
| 613211 | Babinski | 240,294.61 | 24,021.11 | 39.00 | 264,354.72 | 6/12/2000 | 244,765.39 | 16,707.18 | 2,062.68 | 263,534.25 | N/A | N/A | (820.47) | Loan refinanced through another lender |
| 1580191036 | Sarrian | 152,900.32 | 16,383.59 | 39.00 | 169,322.91 | 2/9/2001 | 155,500.00 | | | 155,500.00 | N/A | N/A | (13,722.91) | Loan refinanced through another lender |
| 3252099 | Antone | 50,080.52 | 4,553.78 | 39.00 | 55,278.30 | 12/26/2000 | 53,395.14 | 820.09 | 62.55 | 54,278.66 | N/A | N/A | (999.65) | Loan purchased by IndyMac |
| 627792 | Dellasalla | 48,740.30 | 4,424.37 | 39.00 | 53,203.67 | 12/29/2000 | 47,754.03 | 745.95 | 953.15 | 49,453.03 | N/A | N/A | (3,770.44) | Loan purchased by IndyMac |
| 624775 | Elseedy | 64,366.00 | 5,906.58 | 39.00 | 70,231.58 | 12/29/2000 | 67,400.55 | 1,847.89 | 4,655.79 | 73,407.65 | N/A | N/A | 4,176.48 | Loan purchased by IndyMac |
| 650120 | Mehdi | 255,895.42 | 25,321.20 | 39.00 | 281,246.62 | 12/29/2000 | 258,456.52 | 6,074.24 | 456.66 | 265,027.42 | N/A | N/A | (16,219.20) | Loan purchased by IndyMac |
| 644301 | Nyakana | 202,896.29 | 18,708.03 | 39.00 | 221,643.32 | 12/29/2000 | 201,070.37 | 5,850.48 | 515.12 | 207,506.97 | N/A | N/A | (14,306.35) | Loan purchased by IndyMac |
| RW625972 | Wilkerson | 39,957.21 | 2,602.19 | 39.00 | 42,708.40 | 12/29/2000 | 37,574.12 | 673.36 | 36.98 | 38,284.46 | N/A | N/A | (4,423.94) | Loan purchased by IndyMac |
| 3251253 | Calderon | 148,817.95 | 15,855.62 | 39.00 | 164,812.58 | | | 9,150.86 | 409.79 | 9,560.65 | N/A | 139,889.06 | (15,362.87) | Loan still outstanding |
| 649147 | Casella | 153,374.30 | 15,953.06 | 39.00 | 169,366.36 | | | 9,348.56 | 933.05 | 10,379.61 | N/A | 141,867.15 | (17,119.59) | Loan still outstanding |
| 650184 | Champagne | 47,715.88 | 4,869.33 | 39.00 | 52,624.21 | | | 2,974.82 | 255.06 | 3,229.88 | N/A | 46,057.76 | (3,336.57) | Loan still outstanding |
| 629522 | Flores | 230,985.25 | 25,903.18 | 39.00 | 256,927.43 | | | 12,276.40 | 985.58 | 13,262.98 | N/A | 193,045.66 | (50,595.77) | Loan still outstanding |
| 611728 | Giraldo | 261,747.94 | 27,043.65 | 35.00 | 288,830.59 | | | 9,532.52 | 747.04 | 10,279.55 | N/A | 219,239.18 | (59,311.85) | Loan still outstanding |
| 630950 | Kirby | 84,960.11 | 9,272.45 | 39.00 | 94,271.56 | | | 4,481.13 | 330.47 | 4,808.60 | N/A | 80,442.90 | (3,017.06) | Loan still outstanding |
| 645381 | Markowski | 60,974.13 | 8,449.99 | 39.00 | 89,463.12 | | | 4,055.24 | 432.37 | 4,408.61 | N/A | 78,452.45 | (6,511.06) | Loan still outstanding |
| 644170 | McEnroe | 312,086.60 | 31,859.18 | 39.00 | 343,975.78 | | | | 312.89 | 312.89 | N/A | 257,938.99 | (85,725.90) | Loan still outstanding |
| 648121 | Ortiz | 224,185.70 | 23,013.59 | 39.00 | 247,242.29 | | | 13,378.75 | 960.69 | 14,337.44 | N/A | 207,285.63 | (29,642.22) | Loan still outstanding |
| 644199 | Perez | 126,230.01 | 12,700.14 | 39.00 | 138,969.15 | | | 6,976.65 | 574.90 | 7,453.55 | N/A | 131,203.49 | (7,309.11) | Loan still outstanding |
| 613509 | Silva | 10,327.25 | 1,176.25 | 39.00 | 11,492.50 | | | 864.05 | 136.30 | 1,000.35 | N/A | 7,067.28 | (3,424.27) | Loan still outstanding |
| 349013 | Tarola | 646,556.00 | 65,710.66 | 39.00 | 712,304.56 | | | 36,389.29 | 2,598.89 | 41,063.18 | N/A | 683,335.00 | (28,969.16) | Loan still outstanding |
| 453439 | Tarzia | 100,020.00 | 10,182.19 | 39.00 | 110,202.19 | | | 7,825.75 | 224.43 | 8,050.18 | N/A | 8,050.18 | (102,152.01) | Loan still outstanding |
| 599462 | Zulewski | 312,526.78 | 32,943.05 | 39.00 | 345,608.83 | | | 21,557.69 | 1,257.75 | 22,815.44 | N/A | 350,217.53 | (22,575.86) | Loan still outstanding |
| 552205 | Jako | 58,478.83 | 5,943.62 | 39.00 | 64,365.45 | | | | | | N/A | N/A | (64,365.45) | Loan still outstanding |
| Totals: | | 5,707,994.64 | 493,450.77 | 1,287.00 | 6,202,742.41 | | 2,972,034.71 | 204,043.25 | 25,042.83 | 3,201,120.79 | | | (513,849.38) | Loan refinanced; Reyad converted funds |

Attorneys' fees:

| | Billed | Estimated Future Bills |
|---|---|---|
| | (173,045.04) | (100,300.00) |

Estimated Losses: (786,697.92)
Less Cash Collateral: 86,538.20
Total Estimated Losses: (700,159.72)