UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 21  A 9: 34

U.S. DISTRICT COURT
HARTFORD, CT.

INDYMAC BANK, F.S.B.
                Plaintiff

CIVIL ACTION NO.
3:00CV835 (CFD)

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

DATE: JANUARY 21, 2004

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO GRANT MOTION TO DISMISS

This is Defendants' reply to Plaintiff's opposition to Defendants' motions to grant motion to dismiss dated January 12, 2004 (Doc # 324). Plaintiff filed his consolidated memorandum in opposition to Defendant Mostafa Reyad's motion to grant motion to dismiss, and second motion in limine dated December 18, 2003 (Doc # 318), and Defendant Wafa Reyad's motion to dismiss dated December 18, 2003 (Doc # 320). In sum, Plaintiff failed again to comply with this Court's Local Rules; Federal Rules of Civil procedures; and the Court's Order dated September 22, 2003 (Order # 299); Plaintiff's failure is a good cause to Grant Defendants' motions, Plaintiff is in default, and the Court should dismiss Plaintiff's Entire Complaint.

1

Plaintiff states at p. 2 "Plaintiff objects to Defendants' motions as duplicative and untimely, and respectfully request that they are denied on these grounds". Defendant's motion is not duplicative and is timely and should be granted, as explained herebelow:

**Defendants' motions are not duplicative**

Neither Defendants' motions to dismiss (Doc # 311 and Doc # 313), nor Defendant Mostafa Reyad's second motion in limine are duplicative. Second motion in limine was submitted to the Court on November 24, 2003 (Doc # 308) in the same day; Defendant obtained the certificates of qualifications of Independent Lending Corporation; and IndyMac Mortgage Holdings, Inc., **see**, attachment # 1 and # 2 to Doc # 308, endorsed by California Secretary of State on November 24, 2003. Plaintiff's response to Defendant's motion in limine dated November 18, 2003 indicates Plaintiff's resistance to provide the complete certificates of incorporations pursuant to this Court's Order, **see**, this Court's Endorsement Order dated July 11, 2002 Granting in part Defendants motion to Compel (Doc # 213); Ordering Plaintiff to file certificate of incorporations for Warehouse Lending Corporation of America, and IndyMac Mortgage Holdings, Inc. Plaintiff contempt the Court's Endorsement Order, and filed only the certificates of incorporation of the State of Delaware, purposely hindering the integral part of the certificates of incorporations maintained by California Secretary of State. If Plaintiff did not contempt this Court's Order, and complied with the rules of discovery pursuant to the Federal Rules and provide the

complete certificates of incorporations filed in Delaware and California, this action would be dismissed two years ago. Plaintiff introduced himself by false identity, committed numerous corporate crimes, and when Defendants obtained and filed the documents showing his actual identity; which is the evidence, that, Plaintiff lacks capacity to sue pursuant to California law, Plaintiff start to plead vague. It is ordinary, that, if an attorney finds that his adversary brought the evidence against him, either he or she will withdraw his or her pleadings, or stay silent, however, in the instant action, Plaintiff's attorney did not pursue as ordinary, instead, Plaintiff sancionably pleading differently. Plaintiff claiming, it is duplicative, and stating it was raised in Summary Judgment dated March 20, 2002 (Doc # 209), and motion for amended Summary Judgment dated April 4, 2003 (Doc # 280), and motion to dismiss dated October 15, 2002 (Doc # 263); and this Court denied it on September 22, 2003 (Order # 298). Second motion in limine provided evidence on November 24, 2003 obtained for the first time on that date, it is impossible to be duplicative. Also Defendants' motions to dismiss (Doc # 311 and # 313) founded on the relief pursuant to the evidence discovered on November 24, 2003.

Upon Defendants' discovery of the evidence, indicating beyond doubt that, Plaintiff lacks capacity to maintain any action, Defendants invoked Cal. Bus. & Prof. C. section 14415; reiterating section 17910 and present to the first time the rebuttable presumption of section 17910 pursuant to section 14411, Defendants also raised to the first time Cal. Corp. C. section 2203 (c); section 2105; and

section 2106. The application of all these provisions were not raised before the pre-trial memorandum. Plaintiff allegation that it is duplicative should be disregarded.

**Defendants' motions are timely**

Contrary to Plaintiff's allegation, Defendants three motions are timely. Second motion in limine was filed pursuant to this Court's Order (Order # 299), under the heading "Anticipated Evidentiary Problems", also Defendants' motions to dismiss (Doc # 311 and # 313) are timely filed upon the new discovery, and pursuant to Fed. R. Civ. P. Rule 12 (b)(6), these motions are permitted at trial, however, Plaintiff incorrectly pleadings, citing Rule 12(g) at p. 2. Plaintiff's attorney does not read the six lines of subdivision 12(g), which includes exceptions; (except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated). Subdivision (h)(2) reads; (A defense of failure to state a claim upon which relief can be granted . . . . may be made in any pleading . . . . or at trial on the merits). Thus Plaintiff's allegation that the three motions were untimely should be disregarded.

Plaintiff at p. 3 foot note 2 repeats his request to be permitted to file legal supplemental memorandum in the event that the Court wishes to revisit these issues and requires additional briefing. Plaintiff did not submit a legal memorandum to request a supplemental to it. Plaintiff refrains or denies to submit a legal memorandum mandated by this Court's Local Rules [D. Conn. L.

4

R. 9 (a)], Plaintiff's request should be denied, because Plaintiff's request is beyond the Federal and Local Rules.

**Plaintiff reliance on the Denial of Summary Judgment is improper**

Plaintiff improperly cited at p. 2
Defendants already have raised the same grounds as set forth in their latest motions on numerous prior occasions in this action, most recently in Defendants' Motion for Summary Judgment (Doc # 209), Motion for Amended Summary Judgment (Doc # 280) and Motion to Dismiss (Doc # 263), all of which this Court denied in its Ruling on Various Pending Motions dated September 22, 2003 (Doc # 298).

The cited Plaintiff's statement is improper, because the Ruling of September 22, 2003 (Order # 298) was before the date of Defendants obtaining and filing the evidence of California certificates of qualifications indicating that WLCA does not have certificate of qualification at the time it entered into agreement with Defendants. The documents attached to Defendant Mostafa Reyad's second motion in limine shows WLCA has relinquished its name on October 11, 1994; pursuant to Cal.Corp.C. section 2203 (c), WLCA cannot maintain any action, see, United medical Management Ltd v. Gatto (1996) 49 Cal. App 4th 1732, 1740 [57 Cal. Rptr. 2d 600] (Section 2203, subdivion (c) is clear and unambiguous on its face. It provides for the abatement of an action brought by a foreign corporation upon intrastate business if the action commenced prior to qualifying to transact intrastate business).

Prior to providing this evidence, the Court in its Order (Order # 298) founded its Ruling on the presumption that the fictitious business name statements and trade

5

name registrations certificates were incompliance with California law, however, it is on November 24, 2003 Defendants provided the evidence supported by Cal. Bus & Prof. C. section 14411 and its rebuttable presumption affecting the burden of producing evidence, to fictitious business name statements obtained pursuant to section 17910. The evidence show that, the fictious business name statements and trade name certificates, obtained by Plaintiff contrary to the law, and should be stricken pursuant to Cal. C. Civ. Proc. section 436 (b), which stipulates "Strike out all or any part of any pleading not drawn or filed inconformity with the laws of this state", pursuant to section 436(b), all fictitious business name statements [Independent Lending Corporation d/b/a WLCA, and IndyMac Mortgage Holdings, Inc. d/b/a WLCA]; and trade name certificates showing the same should be stricken, consequently all the remaining 127 exhibits of Plaintiff's pre-trial memorandum render moot, because it all based on the stricken statements and certificates, see, Clemens v. American Warranty Corp. (1987) 193 Cal. App. 3d 444, 452 [238 Cal. Rptr. 339];

[3b] While unorthodox, the irregularity here was nonprejudicial. The motions in limine were properly granted pursuant to the applicable law as set forth in the respondents' supporting papers. Had respondents next objected to the introduction of all evidence, such objection inevitably would have been sustained and a dismissal would have followed. Accordingly, the prejudice to Clemens from the procedural peculiarities was nonexistent. For the legal reasons set forth infra, dismissal was not inappropriate following the granting of respondents' motions in limine in this procedurally unusual case. Id 452.

**Clemens** Court decision dismissing that action after sustaining the evidences should be followed by this Court, however, Defendants complied with more accurate procedure and filed their motions to dismiss pursuant to Fed. R. Civ. P. Rule 12 (b)(6).

6

## **Summary Judgment Ruling should be Reversed**

This Court Ruling dated September 22, 2003 (Order # 298) should be reversed pursuant to the newly discovered evidence. This Court should apply its inherent power and Reverse its Ruling as a matter of evidence and as a matter of law. See, Fed. R. Evid. Rule 302, and see Cal. Evid. C. section 604.

**Fed. R. Evid. Rule 302.** Applicability of State Law in Civil Actions and Proceedings. In Civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State Law supplies the rule of decision is determined in accordance with State Law.

**Cal. Evid. C. section 604**

The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact *unless and until* evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate.

According to the above Rules, and the wording of *unless and until* stipulated in California Rule, the Rule is clear and unambiguous, in addition to the absence of any legal defense proffered by Plaintiff, affirming Plaintiff default; pursuant to Fed. R. Civ. P. Rule 55 (b)(2). The Court should reverse its Ruling dated September 22, 2003 (Order # 298) as a matter of evidence and procedure.

## **CONCLUSION**

The Honorable Court should Grant Defendants' three Motions; Defendant Mostafa Reyad's Second Motion in Limine (Doc # 308); and Grant Defendants' Motions to Dismiss (Doc # 311 and 313) , The Court should Dismiss Plaintiff's Entire Complaint as a Matter of Law.

The Defendant
Mostafa Reyad

By: _____

Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone  203-325-4100
Home Phone  201-585-0562

The Defendant
Wafa Reyad

By: _____

Wafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Home Phone  201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schafer at 271 Whitney Ave, New Haven, CT 06511.

_____
Mostafa Reyad