UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | FEBRUARY 27, 2004 |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO RULE 12(b) (6)**

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), dated January 14, 2004. In this latest Motion to Dismiss, Defendants claim that the doctrine of res judicata bars IndyMac's claims in the instant action. Aside from being untimely,[1] Defendants' motion is without merit.

Defendants raise, once again, their claim that this Court's prior dismissal, without prejudice, of former Plaintiff IndyMac, Inc.'s claims based upon violations of the Seller

---

[1] In their memorandum in support of the Motion to Dismiss, Defendants claim that this Court granted Defendants leave to file the instant Motion to Dismiss during the calendar call on January 9, 2004. The undersigned counsel, who was present at said calendar call, does not recall such permission being granted. In fact, Plaintiff maintains its objection to the Defendants' filing of yet another motion to dismiss immediately before the trial of this action, scheduled to be held on April 4 and 5, 2004. See Fed. R. Civ. P. 12(g). While Defendants may pursue a claim of failure to state a claim via a motion for judgment on the pleadings or at the trial of the merits, see Fed. R. Civ. P. 12(h)(2), a motion to dismiss at this stage of the litigation clearly is inappropriate.

Contract and/or Seller Guide necessitates the dismissal of the remaining claims in this action.  As IndyMac explained in response to this argument when raised in Defendant Mostafa Reyad's Motion in LImine dated November 14, 2003 (submitted as part of the parties' Joint Trial Memorandum, dated November 18, 2003), this Court's prior dismissal, without prejudice, of former Plaintiff IndyMac, Inc.'s claims based upon violations of the Seller Contract and/or Seller Guide has no effect on the viability of Plaintiff's claims under the Master Revolving Loan and Security Agreement ("Loan Agreement") and other Credit Facility Documents.  First, the doctrine of res judicata is inapplicable in the instant situation because this Court did not finally determine the issues with regard to IndyMac, Inc.'s claims.  Rather, the court dismissed said claims *without prejudice* to IndyMac's pursuit of same in the courts of California in light of a forum selection clause present in the Seller Contract (the Loan Agreement does not contain a forum selection clause).

More importantly, however, Plaintiff's claims in the Amended Complaint dated September 7, 2001 clearly are based upon Defendant's breaches of the Loan Agreement and other Credit Facility Documents, and <u>not</u> the Seller Contract.  The references in the Amended Complaint to IndyMac, Inc. serve merely to provide background for Plaintiff's discovery of Defendant's wrongful and fraudulent conduct with respect to the Loan Agreement and other Credit Facility Documents.  Such evidence clearly is relevant to Plaintiff's claims against Defendant, and should not be precluded at the trial of this action.  Moreover, in no event should the Court's prior dismissal without

prejudice of IndyMac's Inc.'s claims result in the dismissal of the remaining claims in this action maintained by IndyMac Bank, F.S.B.[2]

Finally, contrary to Defendants' representation in their Motion to Dismiss, Plaintiff has filed memoranda in opposition to Defendants' numerous pending motions. See Plaintiff's Consolidated Opposition to Defendants' Pre-Trial Motions, dated December 15, 2003 (doc. # 316); Plaintiff's Opposition to Defendants' Motions to Grant Motion to Dismiss, dated January 12, 2004 (doc. # 324).

Wherefore, for the reasons discussed above and in Plaintiff's memoranda in opposition to Defendants' pending motions, identified above and incorporated by reference herein, Plaintiff respectfully requests that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) be denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By:  /s/ Rowena A. Moffett
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Email: rmoffett@bswlaw.com

---

[2] Thus, the two District Court cases cited by Defendants (and offered as exhibits during the January 9, 2004 calendar call) in their Motion to Dismiss are inapposite. See Hackett v. Storey, Case No. 3:03CV395(JBA), slip op. (D. Conn. Dec. 30, 2003); Media Group, Inc. v. Tuppatsch, Case No. 3:02CV1814 (MRK), slip op. (D. Conn. Dec 31, 2003) (both dismissing plaintiff's claims on res judicata grounds because claims based on identical operative facts were dismissed with prejudice in previous lawsuits).

3

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, this 27th day of February, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024.

/s/ Rowena A. Moffett
Rowena A. Moffett (ct19811)