UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br>                    Plaintiff, <br><br> v. <br><br> MOSTAFA REYAD and WAFA REYAD, <br><br>                    Defendants. | CIVIL ACTION NO. <br> 3:00CV835(CFD) <br><br><br><br> MARCH 2, 2004 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED RULING OR EXPEDITED HEARING TO MITIGATE EXCESSIVE DAMAGES

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to "Defendants' Motion For Expedited Ruling or Expedited Hearing to Mitigate Excessive Damages Pursuant to 28 U.S.C. 1657(a)", dated February 9, 2004 (doc. # 329). To the extent that Defendants request in their Motion that the Court expedite its consideration of Defendants' previously filed motions pending before the Court, Plaintiff has no objection to such request.

Defendants also request, however, an expedited hearing to release $39,162.00 of the prejudgment remedy previously ordered in this action, on the grounds that Defendants require funds to reinstate two life insurance policies maintained by Defendants' children—who are not even parties to this action. Plaintiff strongly objects to Defendants' Motion in this regard. Defendants offer absolutely no authority for their

request that funds garnished pursuant to the prejudgment remedy "be released".[1]
Moreover, the policies that Defendants seek to reinstate have not been garnished or otherwise affected by the prejudgment remedy ordered in this case. Finally, the subject policies appear to be held by Defendants' children—not by Defendants themselves. There is absolutely no reason why any assets currently subject to the prejudgment remedy ordered by this Court should be made available to Defendants so that they can pay obligations of their children.

Finally, Plaintiff objects to Defendants' request that the Court hold a hearing to entertain this request. Defendants have offered no evidence suggesting that the Defendants, or even the policyholders themselves, lack the funds to reinstate these policies, much less any reason why this Court should release any assets lawfully preserved to satisfy any judgment obtained by indyMac in this action.[2]

For these reasons, "Defendants' Motion For Expedited Ruling or Expedited Hearing to Mitigate Excessive Damages Pursuant to 28 U.S.C. 1657(a)", dated February 9, 2004 (doc. # 329) should be denied to the extent that it requests that the Court "release" any funds subject to the prejudgment remedy ordered in this case, or that the Court hold a hearing entertaining such request.

---

[1] To the extent that Defendants challenge the issuance of the prejudgment remedy, such challenge has been rejected by this Court no less than twice previously in this action.

[2] In this regard, IndyMac notes that the assets attached pursuant to the prejudgment remedy ordered by this Court are insufficient to cover IndyMac's estimated damages in this action, including attorneys' fees, to date.

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, this 2nd day of March, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024.

_____
David R. Schaefer (ct04334)