**FILED**

2004 MAR -4  A 9:44

INDYMAC BANK, F.S.B.
      Plaintiff

CIVIL ACTION NO.
3:00CV835 (CFD)

V.

MOSTAFA REYAD AND WAFA REYAD
      Defendants

DATE: MARCH 3, 2004

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

This is Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) dated February 27, 2004 (Doc # 334). Surprisingly, Plaintiff's opposition is vague and shows lack of knowledge of the Federal Rules and its application as well as misreading the Court's Order dated August 10, 2001 (Order # 150) Dismissing IndyMac, Inc. pursuant to Rule 12 (b)(6).

Plaintiff failed to respond to the actual cause of action of his Complaint. **See**, Amended Complaint dated September 7, 2001, and **see**, Defendants' Memorandum of Law dated January 14, 2004 (Doc # 326) p.4 (The actual controversy before the Court is the 30 mortgage loans, IMI initially offered to purchase it, as stated in para. 17) and at p. 8 (Furtherly it means if IMI purchased that 30 loans on time there would be no cause of action and no action). The

1

cause of action emerges because IMI changed its commitment, **see**. The Original Complaint (Doc # 1), the Dismissed Count Two is typical to the Amended Complaint (Doc # 165) Count One, all the operative facts are identical; all rested on the violation of the "Seller's Contract" and the "Seller's Guide", this is to explain Plaintiff's request in its opposition p. 2 "Such evidence clearly is relevant to Plaintiff's claims against Defendant". Plaintiff insisting that, it should not be precluded at the trial of this action. Plaintiff is insisting to evade the principles of res judicata; claim preclusion; and estoppel by judgment.

Plaintiff is contradicting his defense, claiming that the Amended Complaint are based upon Defendants' breaches of the Loan Agreement and other Credit Facility Documents, and not the Seller Contract, and then insisting it is clearly relevant to its claims, to use the "Seller's Contract" as evidence. Simply put, Plaintiff requests exception of the principle of res judicata, **see**, **Federated Dep't Stores, Inc. v. Moitie**, 452 U.S. 394, 348 (1981) (Simply put, the doctrine states that once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privities with them concerning "the transaction, or series of connected transactions", out of which the [first] action arose". **Restatement (Second) of Judgments** 24(1)(1982).

It is undisputed fact, that, the Dismissed Plaintiff IMI, and the then now Plaintiff IndyMac Mortgage Holdings, Inc. are in privities, in fact they are under the same

control and the Chairman of both is the same person since 1987. The records are clear, it is the same cause of action of IMI, and IndyMac Mortgage Holdings, Inc., evidenced by it requiring the same evidence of the "Seller Contract" and the "Seller Guide" to support it, as Plaintiff's statement "Such evidence clearly is relevant to Plaintiff's claims against Defendant, and should not be precluded at the trial of this action".

In other words, Plaintiff has no other evidence to support his claims. This evidence is precluded by issue preclusion, res judicata and estoppel by judgment, **see**, **Federated Id**. 398 [We have observed that] "[T]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert" **Reed v. Allen** 286 U.S. 191, 201 (1932).];and **Federated Id.** 401 [The Court of Appeals also rested its opinion in part on what it viewed as "simple justice". But we do not see the grave injustice which would be done by the application of accepted principles of res judicata.]. **See**, also **Maharaj v. Bank America Corp**, case No. 96-7021 Second Circuit decided October 17, 1997 [In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. **S.E.C. v. First Jersey Sec. Inc**. 101 F. 3d 1450, 1463 (2nd Cir 1996). Rather, the first judgment will preclude a second suit only when it involves the same "transaction" or connected series of transactions

as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on fact that were also present in the first. **Id**. At 1464; **see**, also **Nevada v. United States** 463 U.S. 110, 128-30 (1983) (requiring courts to first decide whether the "same cause of action" is being sued upon).

Pursuant to the stated authority of **Nevada**, and pursuant to **Cal. C. Civ. Proc. section 597** which stipulates in part "When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment . . . . . or sets up any other defense not involving the merits of plaintiff's cause of action by constituting a bar or ground of abatement to the prosecution thereof . . . . the court may, either upon its own motion or upon the motion of any party, proceed to the trial of the special defense or defenses before the trial of any other issues in the case".

Accordingly, the Court should Rule on Defendants' motion before the Trial on any other issues of the case. Indeed, pursuant to the same authorities, the Court should Rule on Defendants' motions to dismiss dated December 3, 2003 (Doc # 311 and 313) before other issues.

The case before the Court involves, the same "transaction". It is the 30 mortgage loans initially committed to be purchased by IMI, and IMI reneged from that purchase, and declared the violation of the "Seller Contract" and the "Seller's Guide", which is the only evidence for the instant action. The instant action is barred by res judicata, claim preclusion and estoppel by judgment.

Plaintiff to the second time keeps repeating that, "The Court dismissed IMI claims without prejudice to IndyMac's pursuit of same in the courts of California in light

4

of a forum selection clause". Plaintiff's statement is incorrect because the Court's Judgment founded on Rule 12(b)(6), **see** (Order # 150) p. 25 and **see**, foot note 23 (the Second Circuit recently indicated that Rule 12(b)(6) is an appropriate vehicle through which to consider this issue, and thus the Court will consider the forum selection clause in that context), and **see**, also Rule 41(b), it is adjudication on the merits; **Exchange Nat'l Bank of Chicago v. Touche Ross & Co**. 544 F. 2d. 1126, 1130-31 (2nd Cir 1976) (Friendly, J.) ("[J]udgments under Rule 12(b)(6) are on the merits, with res judicata effect . . . "); **Sweater Bee by Banff, Ltd v. Manhattan Indus., Inc**., 754 F. 2d. 457, 462 (2nd Cir. 1985).

Plaintiff claiming that Defendants' motion is untimely, and in the same time citing Rule 12(h)(2) which permits filing Rule 12(b)(6) at the trial, and stating at p. 2 of Plaintiff's opposition to Defendants' motion to dismiss dated January 12, 2004 (Doc # 324) "The Court has declared this action ready for immediate trial as of January 9, 2004". It appears that, Plaintiff's opposition is vague and does not have legal ground.

Plaintiff states at foot note 2 p.3 referring to **Hackett** case and **Media Group** case "both dismissing plaintiff's claims on res judicata grounds because claims based on identical operative facts were dismissed with prejudice in previous lawsuits." Plaintiff's statement is correct and supports Defendants and it is against Plaintiff, because both cases the dismissal was pursuant to Rule 12(b)(6) and a state court judgment explained by the Federal Court to be the same. It is

5

typical to the Dismissal Ordered by this Court Dismissing IMI pursuant to 12(b)(6), it is the Dismissal of IMI with prejudice, and it is a final judgment not subject to collateral attack.

## CONCLUSION

For the demonstrating above supported by legal authorities, the Honorable Court should apply the principle of res judicata and Dismiss Plaintiff's Entire Complaint.

The Defendant
Mostafa Reyad

By: _____
Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone 203-325-4100

The Defendant
Wafa Reyad

By: _____
Wafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Home Phone 201-585-0562

### CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
Mostafa Reyad