UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | MARCH 25, 2004 |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS**

Pursuant to the Court's direction during the pretrial conference held on March 23, 2004, that the parties set forth all objections, including relevance, to the admissibility of any trial exhibits, Plaintiff's objections to Defendants' proposed trial exhibits, appended to "Defendants' Revised List of Exhibits" dated March 10, 2004, are as follows:

| EXHIBIT NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 1 | Letter from M. Winiarski to M. Reyad dated 5/22/00 | This exhibit does not appear to be relevant to any disputed claim or defense in this action.  The loans outstanding on the warehouse line of credit at the time this action was instituted are not in dispute.  In addition, the documents attached to the letter do not appear to have been faxed with the letter. |
| 5 | Agreement With Respect to Waiver of Anti-Deficiency Provisions | This exhibit does not appear to be relevant to any claim or defense in this action.  It is not clear how the draft agreement relates to any issue in this case.  In addition, the document is unsigned. |
| 6 | Letter from L. Jacobs to M. Reyad dated 6/16/00 | The letter clearly states that it was sent as part of compromise negotiations within the meaning of Fed. R. Evid. 408. |
| 7 | Pages 17-18 of Lending Agreement | This exhibit is incomplete, as it contains only certain pages of the Master Revolving Loan and Security Agreement.  The whole Agreement should be introduced.  See Plaintiff's Trial Exhibit 1. |
| 8 | Pages 23-25, 43 of Lending Agreement | See objection to Exhibit 7 above. |
| 9 | Letter from R. Altomara dated | This exhibit contains hearsay.  See Fed. R. Evid. 802.  In addition, Plaintiff objects to Defendants' proffer of |

| EXHIBIT NO. | DESCRIPTION | OBJECTION |
|---|---|---|
|  | 6/1/00 | testimony from this individual via letter. |
| 10 | Letter from L. Haskell dated 6/2/00 | This exhibit contains hearsay and inadmissible opinions of Wafa Reyad's character or mental state. See Fed. R. Evid. 404, 701, 802.  In addition, Plaintiff objects to Defendants' proffer of testimony from this individual via letter. |
| 11 | Slurszberg v. Prudential, 15 N.J. Misc. 423 (1936) | This exhibit does not appear to be relevant to any claim or defense at issue during the trial of this action.  This document appears to relate to the Reyad's claim that certain assets garnished pursuant to the prejudgment remedy ordered in this matter should be exempt from garnishment.  This claim already has been rejected by this Court.  Moreover, it is not relevant to the liability/damages determination to be made by the Court at the bench trial of this matter. |
| 12 | Various documents re: Defendants' assets garnished pursuant to prejudgment remedy | See objection to Exhibit 11 above. |
| 16 | Orders of the United States Court of Appeals for the Third Circuit in IndyMac Mortgage Holdings, Inc. v. Reyad, C.A. Nos. 03-3262 | This exhibit does not appear to be relevant to any claim or defense in this action.  It is not clear how the decision by the Third Circuit Court of Appeals dismissing Mr. Reyad's appeal is relevant to the issues in this case. |
| 17 | Notices of Lapse of insurance contracts | This exhibit does not appear to be relevant to any claim or defense in this action.  These insurance policies appear to have been held by the Defendants' children, not by the Defendants themselves.  Moreover, it is not clear how the fact that the insurance contracts may have lapsed is relevant to the issues in this case. |
| 18 | Surrender of insurance policy | This exhibit does not appear to be relevant to any claim or defense in this action.  It is not clear how the fact that Mr. Reyad may have cashed in an insurance policy is relevant to the issues in this case.  In addition, it does not appear that Defendants disclosed the existence of this insurance policy in conjunction with the prejudgment remedy ordered by this Court. |

PLAINTIFF INDYMAC BANK, F.S.B.


By: __/s/ Rowena R. Moffett, Esq._____
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 25th day of March, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

In addition, a copy of the foregoing was served via facsimile (203-325-3923) upon Mostafa Reyad this 25th day of March, 2004.

                                             /s/ Rowena A. Moffett
                                        Rowena A. Moffett (ct19811)