UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.
                     Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                     Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: MARCH 28, 2004**

---

## **DEFENDANT'S MOTION TO POSTPONE TRIAL**

Defendant Mostafa Reyad hereby respectfully moves this Court to Postpone the Trial scheduled on April 6, 2004 pending Defendants' Appeal dated October 1, 2003 (Doc # 300). The Appeal does divest the Court of Jurisdiction, only from proceeding to Trial. Plaintiff, contrary to the ordinary practice, wrote a letter to the Court including memorandum of law, which should be filed with the Court and docketed. Plaintiff as an officer of the Court, wrote a wrongful legal memorandum. Plaintiff's attorney cites cases are completely misplaced and none of it can be analogous to the case at Bar. Plaintiff's letter dated March 23, 2004 shows lack of knowledge about appealable orders and non-appealable orders.

On the hearing held on March 23, 2004, Plaintiff delivered the said letter to Defendant at the time the parties were waiting the Court. Defendant started to

1

argue the contents of the letter, and as soon as Defendant stated title 28, the Honorable Judge Ordered. "no arguments". Defendant did not waive his rights for arguments, but he obeyed the Court's Order.

Furtherly, as this Court aware, Plaintiff handed the pre-trial exhibits to Defendant on March 9, 2004, and pursuant to this Court's Order, Ordering arguments to motions in limine and all pending motions on the hearing on March 23, 2004, however, On the hearing, the Court Ordered "no arguments". It means the Trial will proceed on the scheduled time. Defendant was stopped to argue that, Plaintiff's exhibit includes one single page of damages for 33 loans, and all these 33 loans had been claimed by the Dismissed Plaintiff IndyMac, Inc. **see**, Mostafa Reyad's Third Motion in Limine dated March 4, 2004 (Doc # 336), in addition it contains lengthy accounting which is required upon finding liability under a contract, raises Defendant right to immediate appeal pursuant to the authority of the House Committee on the Judiciary. Defendant, on the following day on March 24, 2004 filed and delivered to the Chambers, as well as hand delivered to Plaintiff, his request for certification and leave to appeal based on the stated authority.

**CONCLUSION**

For the reasons demonstrated in this motion and its accompanied memorandum of the law; the Honorable Court should postpone the Trial scheduled on April 6, 2004 pending the Appeal dated October 1, 2003, and Grant leave to Appeal dated March 24, 2004. Defendant's Appeal divests the jurisdiction of the Court, only from proceeding to Trial.

   The Defendant
   Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Day Phone # 203-325-4100
   Home Phone # 201-585-0562

**CERTIFICATION**

The Undersigned certifies that he hand delivered a true and correct copy of this Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue # 22D, Fort Lee, NJ 07024.

                                    _____
                                    Mostafa Reyad