UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                  Plaintiff            **CIVIL ACTION NO.**
                                                              **3:00CV835 (CFD)**

                 V.

MOSTAFA REYAD AND WAFA REYAD
                  Defendants
                                                                  **DATE: MARCH 28, 2004**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO POSTPONE THE TRIAL

Defendant Mostafa Reyad files, this memorandum in support to his motion to postpone the Trial scheduled on April 6, 2004, pending Defendants' Appeal dated October 1, 2003 (Doc # 300), docketed as "Notice of Interlocutory Appeal". Defendant's request for certification and leave of Court to Appeal dated March 24, 2004 (Doc # 345) includes; 1) certification to the Second Circuit for the determination of liability over Defendant's defense disputing Plaintiff's right to maintain this action. Defendant's request for certification is at the discretion of the Court to Grant or Deny, it is not a right; and 2) Leave of Court to Appeal, which is a right. Defendant has the right to Appeal final orders, however, there are exceptions to the rule established by U.S. Supreme Court, **see**, **Sell v. United States** 000 U.S. 02-5664 (2003) at II; second paragraph.

How was it possible for Sell to appeal from such an order? The law normally requires a defendant to wait until the end of the Trial to obtain appellate review of a pretrial order. The relevant jurisdictional statute 28 U.S.C. 1291, authorizes federal courts of appeals to review "final decisions of the district courts" (Emphasis added) and the term "final decision" normally refers to a final judgment, such as a judgment of guilt, which terminates a criminal proceeding.

Nevertheless, there are exceptions to this rule. The Court has held that a preliminary or interim decision is appealable as a "collateral order", when it (1) conclusively determine[s] the disputed question", (2) "resolve an important issue completely separate from the merits of the action" and (3) "is effectively unreviewable on appeal from a final judgment" *Coopers & Librand v. Livesay* 437 U.S. 463, 468 (1978). And the District Court decision does appear to fall within the "collateral order" exception.

Defendant's notice of Appeal (Doc # 300), denying Summary Judgment, Defendant's defense centered on Plaintiff's lacks standing is an issue separate of the merits of the case, too important to be denied review, and too independent of the cause itself to require appellate consideration be deferred until the whole case is adjudicated, **see**, **United States v. McDonald**, 435 U.S. 850, 855 (1978) (the decision had involved an important right which would be "lost, probably irreparably", if review had to wait final judgment, hence, to be effective, appellate review in that special, limited setting had to be immediate).

The propriety of Defendant's defense of lack standing has been affirmed by The House Committee on the Judiary **see**, Defendant's legal memorandum in support of request for certification and leave to appeal dated March 24, 2004, p. 2 and its attachment **Lee N. Koehler  v.  The Bank of Bermuda Limited**.

2

Defendants' filing notice of Appeal, divests the jurisdiction of the District Court only from proceeding to trial, and does not have any other legal effect. Filing notice of Appeal does not have any impact on other proceeding, and does not move the status to stay the proceeding. The District Court in its prudent judgment may evaluate the notice of Appeal and the reasons for it and determine whether it is appealable or non-appealable. It would be appealable only, if it fits among the exceptions authorized by U.S. Supreme Court. Indeed, the instant case it does. It fits under exception (2) of **Sell**, it resolves an important issue completely separate from the merits of the action. The lack standing of Plaintiff is a jurisdictional issue completely separate from the merits which is a contract dispute. Accordingly, it is immediate appealable, divests only forwarding to trial proceeding.

United States Code title 28 section 1292 is clear, the case would not stay, unless Ordered by the District Court or the Circuit. The propriety of this issue, stems from California Law of Civil Procedure, which mandates dismissing cases not finally disposed in a period of five years; to date this case is almost four years, and Ordering the stay would prejudice the parties. In any event, even if the Circuit would dismiss Plaintiff's Amended Complain, the case must be remanded to this Court for hearing on Defendants' damages, because Defendants did not file summary adjudication related to Defendants' damages; Defendants' Counterclaims would be decided only by the District Court. Plaintiff is the only party who is liable to that legal mess, because Plaintiff's contempt to this Court's

3

Order, and did not file the certificate of qualification of Plaintiff, maintained by California Secretary of State, that issue was resolved only on November 24, 2003, well over than three years.

**CONCLUSION**

Defendant's Notice of Appeal divest the Court of its jurisdiction and Trial should be postponed, as a matter of law.

The Defendant
Mostafa Reyad


By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Day Phone # 203-325-4100
   Home Phone # 201-585-0562


## **CERTIFICATION**

The Undersigned certifies that he handed delivered a true and correct copy of this Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue # 22D, Fort Lee, NJ 07024.

                                          _____
                                          Mostafa Reyad