UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: APRIL 2, 2004**

## JOINT NOTICE OF APPEALS

Notice is hereby given, that Mostafa Reyad and Wafa Reyad, the Defendants in the above named case, hereby Appeal to The United States Court of Appeal for the Second Circuit from the Order of Honorable Christopher F. Droney, the U.S.D.J. of the U.S. District of Connecticut, denying Defendants the following three (3) motions:

1. Defendant Mostafa Reyad's motion to Dismiss dated December 3, 2003 (Doc # 311).
2. Defendant Wafa Reyad's motion to Dismiss dated December 3, 2003 (Doc # 313).

1

3.  Defendants' motion to Dismiss pursuant to Rule 12(b)(6) dated January 14, 2004 (Doc # 325).

The above three (3) motions were denied, **see**, Court's Endorsement Orders on March 31, 2004; entered on April 1, 2004. The Court Ordered Scheduling Trial on April 6, 2004.

This is the second time, Defendants filing notice of Appeal. Defendants filed notice of Appeal on October 1, 2003; todate still pending before the Third Circuit. That first notice is pursuant to 28 U.S.C. 1291. According to the Circuit Rules, Defendants should wait to file briefs, only when the Circuit would Order; todate, no Order has issued.

Nevertheless, Defendant Mostafa Reyad filed on March 28, 2004 his motion to postpone Trial pending the Appeal and explained the legal ground and the exceptions of 28 U.S.C. 1291 cited by the U.S. Supreme Court, **see**, **Sell v. United States**, Case No. 02-5664 decided June 16, 2003; attached hereto p. 5 of 12 in the 4th and 5th paragraph; document # 347 attached hereto. The District Court Endorsed Denying (Doc # 347), and Hold that "a notice of appeal from a non-appealable order", does not divest the district court of jurisdiction"; the District Court cited **Leonhard v. U.S**., 633 F. 2d 599, 609-11 (2nd Cir. 1980).

The District Court, relied on **Leonhard** Court, and determined that notice of Appeal dated October 1, 2003 is not an appealable order. The District Court

2

erred in disregarding the Supreme Court exceptions pursuant to the authority of **Sell**. The Supreme Court Ruled "Nonetheless, there are exceptions to this Rule". Practically, the District Court has exceeded its jurisdiction. The appealed three (3) motions are immediate appealable and it does divest the District Court of its jurisdiction.

Defendants' motions; the subject of this appeal are not simply a step towards final disposition of the merits of the case [which would] be merged in final judgment; rather, it resolve issues completely collateral to the cause of action asserted, **see**, **United States v. McDonald**, 435 U.S. 850, 855 (The decision had involved an important issue which would be "lost, probably irreparably", if review had to wait final judgment, hence, to be effective, appellate review in that special, limited setting had to be immediate).

The first and the second motions herein, are Defendants' defense toward Plaintiff's lack of capacity to sue, is a jurisdictional issue completely independent and separate of the merits of the case, and irreparably harm to Defendants, if review had to wait final judgment, and hence it are immediate appealable. The third motion herein is Defendants' defense of res judicata, another jurisdictional issue completely determines the disputed question renders unfair trial, trying issues and claims have been tried and dismissed by the same court is unfair, necessitates immediate appeal.

Defendants' instant Appeal is authorized pursuant to the law; **see**, **28 U.S.C. 1291** *"except where a direct review may be had in the Supreme Court"*. The District Court abused its discretion by reliance on Leonhard; (to halt the district court proceedings by filing unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal **Id**. 610). Here, this appeal is authorized by the Supreme Court, and Defendant Mostafa Reyad raised **Sell's** authority in his motion (Doc # 347).

The circumstances of this appeal warrant its immediate appealability pursuant to the authority of the House Committee on the Judiciary, **see**, **Koehler v. The Bank of Bermuda** Case No. 96-7066 (2nd Cir decided December 4, 1996), [II Section 1292(b) A. **Legislative History and Purpose**; ((1) where a lengthy accounting is required upon finding liability under a contract)]. Although this pretrial extended for a period almost four (4) years. Plaintiff delivered to Defendants the accounting of 33 mortgage loans in the amount of $ 5.7 million in one page to the first time on March 9, 2004 without any explanation about the amounts Plaintiff claiming, makes it impossible to be fair trial. That page related to 33 files and each file is about 100 pages in a total of about 3,300 pages. Defendant raised that defense and the District Court denied. Pursuant to the House authority, it is immediate appealable and divest the District Court of its jurisdiction.

4

By: _____                By: _____
   Mostafa Reyad                          Wafa Reyad
   2077 Center Ave # 22D                  2077 Center Ave # 22D
   Fort Lee, NJ 07024                     Fort Lee, NJ 07024
   Day Phone 203-325-4100                 Home Phone 201-585-0562
   Home Phone 201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511.

                                       _____
                                         Mostafa Reyad