UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff

        V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

_____

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: APRIL 14, 2004**

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE THE PREJUDGMENT REMEDY**

This is the Memorandum of Law in support for Defendants' Motion to Dissolve the prejudgment remedy issued by this Court on May 16, 2000; pursuant to Fed. Civ. P. R. 4(n). At first impression, the subdivision may not be clear, however, see, Notes of Advisory Committee on 1980 Amendments to The Rules; Subdivision (n), it stipulates in part.

> Given the liberal availability of long-arm jurisdiction, the exercise of power quasi-in-rem has become almost an anachronism. Circumstances too spare to affiliate the defendant to the forum state sufficiently to support long-arm jurisdiction over the defendant's person are also inadequate to support seizure of the defendant's assets fortuitously found within the state. Shaffer v. Heitner, 433 U.S. 186 (1977).

1

Defendants does not have any asserts in this District, all the insurance and annuity contracts, originated; maintained; under the laws of the State of New Jersey, and Plaintiff obtained the garnishment in this District by stating that the Insurance Companies do business in this State makes it as the Advisory stipulation "Defendant's asserts fortuitously found within the state", **see**, also Shaffer v. Heitner 433 U.S. 186 (1977), Federal Rules supersedes any law. Defendants have the right to say "We expect the Order Dissolving the prejudgment remedy as soon as practicable".