UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**DATE: APRIL 14, 2004**

### DEFENDANTS' MOTION TO CHANGE OF VENUE

Defendant Mostafa Reyad and his wife Wafa Reyad respectfully moves this Court to change of Venue pursuant to 28 U.S.C. 1404 (a); to transfer this action to the District of New Jersey at Newark. Defendants' request is for "interest of justice"; or in the alternative dismiss the action. In either decision; transfer or dismissal, Plaintiff cannot claim prejudice. In the same token, transferring the case to another judge will prejudice Defendants for reasons stated in Defendants' motion for a new Trial and its memorandum, because Court's Ruling without hearing on essential Defendants' motion will frustrate the other District Court, in case of transfer. The facts and records of this action shows that, Plaintiff engaged in vexatious litigation and filed identical actions simultaneously (one day apart) in two (2) District Courts for the exact cause of action supported by the same perjured declaration under penalty of perjury which is a Federal Crime.

1

2

Mostafa Reyad upon evidence provided to the Court at Trial on April 7, 2004, showing that Plaintiff on his own, multiplied the percentage of 78% to the appraised values of appraisals reports came to be a difference of 22.27%; it means that if Plaintiff on his own multiplied the percentage of 68%, the value will have a difference 32.31% and so on, evidencing Plaintiff's perjury.  In any event, all loans sold and none has any appraisal issue at all. Defendant's motion for perjury pending before the Court. Thus the transfer definitely will cause frustration to any other Court.

Defendants suggest that, transferring the action with pending motion, as well as before rehearing of numerous motions will be unfair to Defendants, accordingly, dismissal is warranted for "fair justice".

This Court established personal jurisdiction on both Defendants, however, the Court cannot extend its jurisdiction to their properties; as it explained in the accompanied memorandum of law.

**CONCLUSION**

The Honorable Court in its own wise discretion, either to dismiss the Entire Action, or in the alternative Order rehearing on certain motions, and Rule upon Defendant's motion (Doc # 240), thereafter transfer the action to the District of New Jersey at Newark.

| | |
|---|---|
| The Defendant<br>Mostafa Reyad | The Defendant<br>Wafa Reyad |
| By:_____<br>  Mostafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Day Phone 203-325-4100 | By: _____<br>  Wafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Home Phone 201-585-0562 |

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
                Mostafa Reyad

3