UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
            Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
            Defendants

**DATE: APRIL 14, 2004**

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CHANGE OF VENUE

This is the memorandum of law in support of Defendants' motion to change the venue; pursuant to 28 U.S.C. 1404 (a); to transfer this action, to the District of New Jersey at Newark. On the Trial held in this Court on April 7, 2004, Defendants request an Order compelling Ms. Rita Altomara to attend the Trial as a material witness. Ms. Altomara is the prospective witness for Wafa Reyad defamation, which caused Wafa Reyad damages, threatened Defendant life and employment. Pursuant to United States laws, this Court could not issue that compelling Order. The incident happened at the time of servicing Wafa Reyad by the summons of this action. The service was not authorized by the Federal Rules, neither authorized by a Federal law; the service of Wafa Reyad is

1

forbidden by United States Code 28 U.S.C. 1693. Plaintiff misread Fed. R. Civ. P. Rule 4 (e).

> *"Unless otherwise provided by Federal Law, service upon an individual form whom a waiver has not been obtained and filed, other than an infant or any incompetent person, may be effected in any judicial district of the United States".*

Plaintiff misread the beginning of the subdivision of the Rule "Unless otherwise provided by Federal law", because 28 U.S.C. 1693 prevent the service in any judicial district of the United States, except, service in the state where Defendant resides or transact business regularly; it stipulates

> *"Except as otherwise provided by act of congress no person shall be arrested in one district for trial in another, in any civil action in a district court"*

Thus, servicing Wafa Reyad in New Jersey, where she lives and works for the State of New Jersey was contrary to the law; **see**, also Notes of Advisory Committee on 1993 amendments to Rules, subdivision (k); the "100-mil bulge" provision added in 1963. **See**, also Rule 4(k)(1)(A); and **see**, Rule 4(n)(1); it stipulates

> *"If a statute of the United States so provides, the court may assert jurisdiction over property. Notice to claimants of the property shall than be sent in the manner provided by the statute or by service of summons under this rule"*

There is no statute of the United States provides jurisdiction for seize of property out of the State, where the District Court sits, however, 28 U.S.C. 1693 forbidding that seizure. The fact that this Court established its jurisdiction over Wafa Reyad does not by itself extend its jurisdiction to seize her

2

properties, pursuant to Rule 82, and its notes of advisory amended October 20, 1949; July 1,1996 (These rules grant extensive power of joining claims and counterclaims in one action).

Nevertheless, the above discussion demonstrates that, this Court is unable to compel Wafa Reyad's witness for defamation and damages caused by service conducted contrary to the law. Accordingly, a fair Trial is impossible to be held in this District, and the action either to be dismissed or transfer to the District of New Jersey, after affording Defendants the opportunity to be reheard pursuant to Rule 12(d), and Ruling upon motion number 240.

Motion of a change of venue pursuant to 28 U.S.C. 1404(a), corresponds to motion of improper venue pursuant to Rule 12(b)(3), however, Rule 12(g) "A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party", and **see** Notes of Advisory Committee on 1963 amendments on Rule 12, subdivision (g) "Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion.

Defendants' motion to change venue herein is not a defense for improper venue pursuant to Rule 12(b)(3), Defendants' motion is after their knowledge

3

that witness broke her promise and is not interested to serve justice, and witness surprised Defendant and changed her promise only on March 30, 2004, and if Defendant were aware about that any time from May 15, 2000 to March 30, 2004, Defendants were not aware that witness will break her promise to serve justice.

## **CONCLUSION**

The Honorable Court in its own wise discretion, either to dismiss the Entire Action, or in the alternative Order rehearing on certain motions; discussed in Defendants' motion to Declare unfair trial, and Rule upon Defendant's motion (Doc # 240), thereafter transfer the action to the District of New Jersey at Newark.

4

<table>
<tr><td>The Defendant<br>Mostafa Reyad</td><td>The Defendant<br>Wafa Reyad</td></tr>
<tr><td>By:_____<br>  Mostafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Day Phone 203-325-4100</td><td>By: _____<br>  Wafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Home Phone 201-585-0562</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
Mostafa Reyad

5