UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: APRIL 14, 2004**

## DEFENDANTS' MOTION FOR A NEW TRIAL

Defendants Mostafa Reyad and Wafa Reyad hereby respectfully move this Court to a new trial; the Trial held in this Court on April 6-7, 2004, is an Unfair Trial, and if this unfair circumstances could be cured, the Court should Order Scheduling a new Trial; and if this circumstances could not be legally cured, the Court should Order Dismissing the action, or in the alternative Order fixing the curable circumstances, and Order transferring the action to the U.S. District of New Jersey.

1

**This Court is enable to compel witnesses**

During the Trial, Defendants submitted to the Court a copy of subpoena issued to Defendant's witness, Ms. Rita Altomara, the Director of Fort Lee Public Library, State of New Jersey, and Defendants stated that, Defendants offered $ 300 in cash to that person, in compensation for her trip, the Court asked Defendant Mostafa Reyad, what is the distance, Defendant answered; one hundred eleven miles (111), the Court denied compelling the witness. In the same time the Court denied to Overrule, a notarized statement executed by the prospective witness. This is the witness whom attended the defamation claim of Wafa Reyad. The witness is a government official in the State of New Jersey, should be compelled to appear at Trial. The defamation committed caused serious harm and was the reason that, Defendant Wafa Reyad was about to attempt to take her life, Defendant confined in Englewood Hospital, New Jersey under suicidal watch on May 18-22, 2000. In the absence of Court Order to compel, Defendant will lose her claim, and it would be unfair and unconstitutional Trial. Every citizen is entitled to a fair Trial.

**The Court abused its Discretion**

Federal District Courts have a broad inherent power, Federal Rules of Civil Procedure governs the procedure in the United States District Courts is all suits of civil nature whether cognizable as cases at law or in equity. Defendants filed on November 18, 2003, the pre-trial memorandum including; Defendant Mostafa

Reyad's motion in limine, and its memorandum. Defendants filed thereafter three (3) motions to dismiss, and one (1) renewal motion as follows:

1. Defendant Mostafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 311).

2. Defendant Wafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 313).

3. Defendants' motion to dismiss pursuant to Rule 12(b)(6) dated January 14, 2004 (Doc # 325).

4. Defendants' renewal motion to Defendants' motion to dismiss pursuant to Rule 12(b)(6) dated March 16, 2004 (Doc # 340).

This Court Ordered hearing to be held on March 23, 2004, for arguments upon the pre-trial memorandum; motions in limine; and the above listed four motions. The hearing held on time, but, the Court Ordered "no argument", however, the District Clerk entered on 03/24/2004 the following entry on the docket sheet # 343:

"Minute Entry for proceeding held before Judge Christopher F. Droney: Status Conference held on 3/23/2004. (Basilo F.) (Entered:03/24/2004)". The District Clerk marked the Order of the hearing as number 343. In the absence of the transcript dated 03/23/2004, it would be clear that, the hearing was held on all subject outlined on Doc # 343, but the fact is different. There were no arguments on any subjects stated in that docket number. In sum, the hearing was for preparation for Trial procedure, and no arguments were conducted. On March

3

31, 2004 the Court's Endorsement Order Denied the said four (4) motions; without a hearing. The Court departed from Rule 12(d), which specifically mandates hearing and determination before the trial, or deferring hearing and determination at trial. The Court determined the four (4) said motions without a hearing. The Court departure from Rule 12(b) and Rule12(d) caused Defendants serious confusion, Defendants filed notice of appeal immediately thereafter. At the beginning of the Trial, Mostafa Reyad advised the Court, that this Trial would be unfair Trial; however, the Court proceeded to Trial for two (2) days.

**CONCLUSION**

For reason demonstrated in this motion and its accompanied memorandum of law, the Honorable Court should consider, that the Trial held in this Court on April 6-7, 2004, is an unfair Trial, analogous to a mistrial before a jury. The Court should Order curing the unfair circumstances, if it can be legally cured, and if it cannot be legally cured, the Court should Order Dismissing the action, or in the alternative transfer the action to the U.S. District of New Jersey.

| | |
|---|---|
| The Defendant<br>Mostafa Reyad | The Defendant<br>Wafa Reyad |
| By:_____<br>  Mostafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Day Phone 203-325-4100 | By: _____<br>  Wafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Home Phone 201-585-0562 |

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
                    Mostafa Reyad

5