UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO. 3:00CV835 (CFD)**

**DATE: APRIL 14, 2004**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A NEW TRIAL

This is the memorandum of law in support of Defendants Mostafa Reyad and Wafa Reyad motion to consider the trial held in this Court on April 6-7, 2004 Unfair Trial. This Court is unable to compel material witness for Wafa Reyad's defamation and damages. Without that material witness, a fair trial cannot be conducted, and the case should be dismissed. At first impression Defendants' request may prejudice Plaintiff, but not under the specific circumstances of this case before this Court. As this Court is aware. Plaintiff filed its complaint in this District on May 8, 2000, and filed the identical complaint in the District of New Jersey on May 9, 2000. Defendant Wafa Reyad claimed defamation and damages occurred on May 12, 2000 at the time of unauthorized service of the summons of this Court. Defendant received the summons on May 15, 2000 and

1

attended the Court hearing on May 16, 2000. Defendant filed her claim on June 6, 2000 in this Court, and in the District Court of New Jersey. Defendant's content that if the witness can be compelled to attend the Trial, this venue would be proper, but if this material witness cannot be compelled, this venue will be improper, and the action either to be dismissed or transferred to the District of New Jersey. Indeed, because the undisputed fact that identical action filed in the District of New Jersey, there is no prejudice to Plaintiff. Plaintiff choosed both Districts, at the commencement of the action.

Every citizen in this Country is entitled to a fair trial. Defendant's defamation occurred in New Jersey, and identical action of this action in a status of stay in New Jersey District. If this action tried in New Jersey District, Defendant will be able to compel witness, see, this Court's Order dated August 10, 2001 (Order # 150), at p. 20-21; enumerating ten (10) factors; [and (10) the Court should also consider how best to serve the interests of justice]. Justice cannot be served by blocking a material witness; eliminating a material witness due to improper venue.  Fair Trial should be accomplished by transferring this action to New Jersey District. **See**, 28 U.S.C. 1406 (a); **see**, also Minnette v. Time Warner, 997 F. 2d 1023, 1026 (2nd Cir. 1993) (stating that "[W]hether dismissal or transfer is appropriate lies within the sound discretion of the district court"). Moreover, Plaintiff filed two identical actions almost simultaneously (one day apart), and obtained ex parte attachment order in the amount of $ 5.7 million, before the first hearing of this court. Practically, Plaintiff choosed two (2) forums in the same

time. Indeed, this Court Ordered retaining jurisdiction, in the same time, New Jersey District retained jurisdiction, and still retaining jurisdiction, even it moved to stay. Whatever factors applied; fair trial will have the most weight, superseding any other factor.

In another alternative, the Court can dismiss Wafa Reyad, and she continue her claims and defenses in New Jersey, and Mostafa Reyad to continue trial in this Court, **see**, Schomann Int'l Corp. v. Northern Wireless Ltd., 35 F. Supp. 2d 205, 213, (N.D.N.Y. 1999) (characterizing the standard as a three-part test). Further, "[i]n the situation where venue is proper for one defendant but not for another a dismissal is inappropriate, the district court has a choice . . . . [one] alternative is to sever the claims, retaining jurisdiction over one defendant and transferring the case to the other to an appropriate district". In any event, Wafa Reyad is entitled to a fair trial.

This litigation is now almost continued for four (4) years. It is clear that, this Court has a very congested calendar, however, justice should be served, and the Federal Rules should govern all procedures, departing from the Rules will result in unfair trial. The Constitution and the law preserve fair trial to litigants. In this action, that departure cause irreparable harm, and made the Trial before this Court unfair. Defendants filed the following four (4) motions:

1. Defendant Mostafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 311);

2. Defendant Wafa Reyad's motion to dismiss dated December 3, 2003 (Doc # 313);

3. Defendants' motion to dismiss pursuant to Rule 12(b)(6) dated January 14, 2004 (Doc # 325); and

4. Defendants' renewal motion to Defendants' motion to dismiss pursuant to Rule 12(b)(6), dated March 16, 2004 (Doc # 340).

The first two of the above four (4) motions are also pursuant to Rule 12 (b)(6); Defendants allege Plaintiff's lack of capacity to sue; and third and forth Defendants' allegation for the principle of res judicata intact to the single cause of action, which is the dispute of the 33 mortgage loans and no more.

The Court Ordered arguments and hearing upon the four (4) said motion as well as all issues of the pre-trial memorandum and the three (3) motion in limine to be conducted on March 23, 2004, **see**, docket sheet # 343, but the fact is different, because the Court held the hearing on that date, and Ordered no arguments on the said four motions; no arguments related to pre-trial memorandum; and no arguments upon motions in limine. On March 31, 2004 the Court Ordered Denying the said four motions. Thus, the Court denied four (4) motion pursuant to Rule 12 (b)(6) without a hearing. Thus Defendants had been prevented to state their defenses. **See**, Fed. R. Civ. P. R. 12 (d); it stipulates.

4

> "The defenses *specifically* enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be **heard and determined** before Trial on application of any party , unless the court orders that the **hearing and determination** thereof be deferred until the trial".

The departure of Rule 12, is not abuse of discretion, rather it is a foreclosure on the Rule. It is unconstitutionally deprives Defendants to defend themselves, renders the Trial held in this Court on April 6-7, 2004 unfair Trial, established the legal ground for a new trial; pursuant to Rule 59. The new Trial should be Ordered after the hearing on Defendants motions to allow defendants to state their defenses.

It is also unfair to proceed to trial before hearing and Ruling on Defendant's motion alleging perjury committed by Plaintiff at the commencement of the action, this motion (Doc # 240) is related to Defendant's allegation dated February 15, 2001; the Court Ordered Magistrate Garfinkel to Rule upon it; and no hearing ever held for more than three (3) years. The motion related to illegal seizure on Defendants in the amount of $ 8.9 million, in addition, it is a permanent injunction for four (4) years, under the label of prejudgment attachment, contrary to the law. This Court did not conduct a hearing on lifting the prejudgment remedy from the insurance and annuities, which they are exempted from attachment or execution. **See**, N.J. Revised Statutes section 17B: 24-6; 17B: 24-7(a); 17B: 24-7(b); that sections of law only exempts the exemptions of attachment and execution is case of fraud only as to amounts paid, with intent to defraud creditors. The Magistrate Ruled without a hearing

5

and delivered erroneous opinion, and if a hearing was held, the Magistrate would reverse, and the District Judge will affirm.

Simply put, the records of this case show that no arguments were heard on the numerous legal questions presented by Defendants, nor this Court determined rights and liabilities of the parties, specifically after Defendants presented the evidence that Plaintiff lacks capacity to sue; which is a statuary issue mandates by California Code of Civil Procedure section 597 to be resolved prior to trial; mandates summary adjudication, entitle Defendants to file an amended summary judgment. Indeed, it is the inherent power of the Court to Deny any motion without opinion, however, the wording "hearing and determination" stipulates in Rule 12(d), obligates the District Court to determine certain rights and obligations, specifically, Defendants filed memoranda of law supported by provisions of law and law precedents, and Plaintiff responded avoiding the legal authority cited by Defendants. The records of this case show no arguments in any issue since April 15, 2001, despite the voluminous filing of Defendants, indicating the Court departure of pretrial procedure.

**CONCLUSION**

The Honorable Court should Order Rehearing on the Denied motions, and Order a New Trial.

| | |
|---|---|
| The Defendant<br>Mostafa Reyad | The Defendant<br>Wafa Reyad |
| By:_____<br>　Mostafa Reyad<br>　2077 Center Ave # 22D<br>　Fort Lee, NJ 07024<br>　Day Phone 203-325-4100 | By: _____<br>　Wafa Reyad<br>　2077 Center Ave # 22D<br>　Fort Lee, NJ 07024<br>　Home Phone 201-585-0562 |

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Mostafa Reyad