UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
      Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
      Defendants

**DATE: APRIL 18, 2004**

### DEFENDANT'S PETITION FOR AN ORDER TO REFER BRAIN E. AINSLIE AND ATTORNEY DAVID R. SCHAEFER TO U.S. ATTORNEY GENERAL FOR POSSIBLE CRIMINAL INVESTIGATION

Defendant Mostafa Reyad hereby respectfully requests; this Court's Order to refer Mr. Brian E. Ainslie, and Attorney David R. Schaefer to the Office of United Sates Attorney General for possible criminal investigation and prosecution. Ordinarily, the refer procedure may be after the Court review the whole action, however, this case is different than other cases. The extra ordinary circumstances of this case show that Mr. Ainslie had committed perjury in his declaration under penalty of perjury under United States Laws, and established probable cause for prejudgment remedy, maliciously to cause Defendant; his wife; and his children, serious damages. Mr. Ainslie's declaration was the only support for Plaintiff's cause of action, **see**, Application for ex parte prejudgment remedy dated May 8, 2000 (Doc # 6) p. 1 para. 2 "That there is a probable cause

1

. . . . . in the sum of $ 1,271,000"; and **see**, Memorandum in support of application for ex parte prejudgment remedy and restraining order, p. 9, second paragraph "WLCA has preliminary estimated its loss, based on the information reviewed to date, as approximately $ 1,271,000".

**See**, Declaration of Brian E. Ainslie dated May 8, 2000 (Doc # 10) **attachment # 1**, attached hereto, and **see**, the docket sheet, it entered [AFFIDAVIT of Brian E. Ainslie by IndyMac Mortgage Re '6-1' motion for Prejudgment Remedy by IndyMac Mortgage 'bpd'] [Entry date 05/09/00]. The above shows clearly that without the affidavit of Mr. Ainslie, the application would not be complete, and no prejudgment remedy would be issued, however, this Court based on Mr. Ainslie establishment of probable cause; issued a prejudgment remedy in the amount of $ 1.6 million against Defendant, and exact Order in the amount of   $ 1.6 million against Defendant's wife Wafa Reyad.

Mr. Ainslie declaration p. 5 para. 13-13 "Furthermore, IndyMac has obtained preliminary property valuation information indicating that the properties securing the mortgage loans financed on Reyad's WLCA warehouse line are over-valued by an average of 22.27%".

Mr. Ainslie declaration p. 5-6 para. 15 "Given the discrepancies in property valuation alone, WLCA estimates that it will lose at least 22.27 % of the

outstanding amount advanced to Reyad. Based on the information reviewed to date, WLCA's loss is at least     $ 1,271,000.

Defendant, who is experienced participant in the mortgage industry in the United States for more than two decades prior to the action, is the only person requests funds from WLCA to close transaction; requesting funds require appraisal to be forward to WLCA before funding. Defendant reviewed all the 33 appraisal reports before funding, and if Defendant finds any defect he will not request the funds from WLCA. Defendant requested immediately thereafter from Plaintiff to fax or mail to Defendant these alleged over-valued information. Plaintiff never responds. On or about December 19, 2000, Plaintiff's attorney faxed to Defendant a document labeled "IndyMac Bank, F.S.B. Warehouse Lending Portfolio for Bid dated 12/6/00, **see**, **attachment # 2**, page 5 of 5 attached hereto. Simple reading to that document indicates that, Mr. Ainslie lied under oath in his declaration dated May 8, 2000. Defendant since December 19, 2000 is asking Plaintiff to provide Defendant of that property valuation information of over-valued of 22.27 % which conforms to $ 1,271,000 in over-value.

Defendant, after numerous requests to Plaintiff to disclose that over-valued report, and Plaintiff vigorous refusal, Defendant filed motion to press perjury charges dated August 17, 2001 (Doc # 160), that motion was Denied by Honorable Garfinkel for lack of enough evidence. Defendant appealed to the District Judge on July 22, 2002 (Doc # 240); pending before the Court.

On March 23, 2004 on the hearing before this Court, Defendant repeated the same request, and the Court Ordered Plaintiff to provide this over-valued information at the Trial on April 6, 2004. On the Trial, before the beginning of the Trial procedure, Defendant advised the Court that, Defendant wants to renew motion (Doc # 240), as Defendant has in his possession the evidence of perjury of Mr. Ainslie. The Court Ordered that Defendant will be allowed, after Plaintiff produce his evidence. On the second day of Trial, Defendant renewed his motion for perjury, and Mr. Ainslie disappeared from the Court Room.

Mr. Ainslie admitted in the Trial, after swearing that all the documents included in attachment # 2 were prepared by him. [For purpose of illustration Defendant marked by red ink the letters, A, B, C, D, E, F and G, and mathematically added the numbers listed in column C "Lower of Appraisals/AVM" to read the total of $ 2,897,700, and marked it in red to read the page numbers].

Page 1 of 5 of attachment # 2 herein, is Plaintiff's Exhibit # 39 for Trial. Mr. Ainslie admitted on the stand that he prepared this document. Column "A" reads AVM Results/add'l Comps. Mr. Ainslie who admitted on the stand on April 6, 2004 that he worked as an underwriter for IndyMac, Inc. for short period of time, and if this is correct, Mr. Ainslie would be aware that the additional comp of lower value will not lower the value of the property, because the rules and guidelines of the American Appraisal institute mandates bracketing the value of any property

and make the necessary adjustments, in addition Mr. Ainslie specifically for loan # 602203 Moazed obtained as indicated on Plaintiff's Exhibit # 39, two (2) comps $ 265,000- $ 590,000, Mr. Moazed Appraisal was prior reviewed by IndyMac, Inc. to support the value of $ 740,000, Mr. Ainslie presented to the Court incomplete files purposely to frustrate the Court. Mr. Ainslie fraudulently hindered the finding and underwriting analysis from all the 33 files, nevertheless, a poor judgment does not constitute perjury; it shows only bad faith, and fraudulent misconduct.

Moving to column "C", lower of Appraisal/AVM; Mr. Ainslie did not add the total number, Defendant added it to read $ 2,897,700 if this number is divided by the total Warehouse Line Advance at column "E", it will show Estimated Los Percentage of 0.34% and it will conform to dollar losses of $ 19,578.38, which is immaterial for any discussion. But Mr. Ainslie maliciously fabricated the numbers to read $ 1,271,050. Mr. Ainslie lied under oath in his declaration dated May 8, 2000, and he never has or had any preliminary property valuation information indicating that the property securing the mortgage loans financed on Reyad' WLCA warehouse line are over-valued by an average of 22.27 %, and lied again under oath to establish probable cause of estimated loss of $ 1,271,000, because the $ 1,271,000 drivered from the 22.27%, he fabricated it.

Mr. Ainslie on his own estimated net realizable value (78%), that 78% is his own estimate, he can estimate any number, but Mr. Ainslie declaration that he has preliminary property valuation, and he does not, Mr. Ainslie lied under oath and

5

he should be referred to the Office of the U.S. Attorney General for possible investigation and prosecution. Mr. Ainslie lied and established false probable cause never exist, persuaded two (2) District Courts to issue a total prejudgment attachments in the amount of $ 8.9 million lasted for four (4) years, caused Defendants approximately damages to date in the amount of $ 15 million, and in a few months it may reach $ 18.7 million.

Furthurly, the Court's records of this case makes it clear that attorney David R. Schaefer is a conspirator in this crime of perjury. **See**, Plaintiff's memorandum of law in opposition to Defendant Mostafa Reyad's motions to dissolve the prejudgment remedy and for expedited consideration dated February 15, 2001 (Doc # 96) **attachment # 3**, attached hereto, attached to it another declaration of Brian E. Ainslie and deleted the percentage of 22.27%. If Mr. Schaefer is not a participant in this crime, he would advise his client to withdraw the action, but Mr. Schaefer continued advocating the continuation of the prejudgment remedy. Mr. Schaefer is an officer of the Court and participated in the crime, however, the investigations by the Attorney General will be able to determine the degree of that participation and culpability.

Now, Mr. Ainslie who perjured a declaration under penalty of perjury under the laws of United States is the only person came to the Trial to represent the principal Plaintiff of this action, acted in the Trial as the key expert witness, can he be trusted?, the law says no, no testimony is acceptable from him. Mr. Ainslie

6

delivered Plaintiff's exhibit # 40 A, and could not provide clear basis of his exhibit, the question of law presented to the Court, is justice able to deliver prudent judgment before the requested investigation takes place?; Defendant's opinion it is impossible, and the investigation should be Ordered immediately, immediately is proper only in crimes, while it is not proper request in civil matters.

**See**, **Mackler Productions v. Turtle Bay Apparel**, Case No. 97-7789 decided June 22, 1999 (2nd Cir.); (As part of its rebuttal case, plaintiff offered testimony that tended to contradict some of Hoffman's assertion, and the district court found that Kipperman's testimony was perjurious). This case is different, here, the perjured declaration established probable cause per se, at the initial filing, Defendant for more than three (3) years is raising it; it means all Plaintiff's filing has a doubt of veracity, the perjury herein committed to initiate the case; and if it was not committed, there would be no case. Plaintiff initiated the case to forfeit $ 288,315 due to Defendant, and for no reason delayed the sale of the loans to charge Defendant a higher interest rate than the loans itself pays to show actual losses. All the loans either financed by the consumers, or sold by Plaintiff; none of the 33 mortgages loans has any over-value, and Mr. Ainslie has no report of over-valuation. Indeed, it is a civil case, but has a criminal nature.

Attorney David R. Schaefer on May 17, 2000; June 6, 2000; and June 19, 2000 committed fraud upon United States, and by a certain way would not be evidenced except by investigation, prepared certain Court Orders in an opposite

7

to this Court's Order, **see**, Ruling and Order on Motion for disclosure of property and Motion for Prejudgment Remedy, Ordered on May 17, 2000 by Honorable William I. Garfinkel, U.S. Magistrate Judge (Doc # 13); p. 2 "This does not mean, however, that the defendants are precluded from engaging in their business. Rather, the defendants are permitted to use their bank accounts to conduct their business. The defendants are further permitted to use money from their bank accounts to pay for reasonable living expenses, and to retain counsel if they have not done so already".

In an opposite to the Court Order, Mr. Schaeffer obtained Orders caused freezing all business and personal bank accounts. It is on May 18, 2000, all Defendants' Bank Accounts were 100% frozen. It is not clear to Defendant how Mr. Schaefer obtained these Orders, but the evidence that Mr. Schaefer caused freezing all accounts in an opposite to this Court's Order are with Fleet Bank, Connecticut; Fleet Bank New Jersey, and Hudson City Bank, New Jersey. This Court did not issue an order for permanent injunction, but Mr. Schaefer executed permanent injunction by committing fraud upon United States, and should be referred to the office of U.S. Attorney General for possible criminal investigation and possible prosecution.

8

**CONCLUSION**

The Honorable Court should Grant this petition and refer it to the office of the Attorney General for possible investigation and prosecution of the crime of perjury against United States, and the crime of fraud against United States.

The Defendant
Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024

## **CERTIFICATION**

The Undersigned certifies that he mailed a true and copy of this Motion to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue, # 22D, Fort Lee, NJ 07024.

                                            _____
                                            Mostafa Reyad