UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., | : |
|                             Plaintiff, | :    CIVIL ACTION NO.<br>:    3:00CV835(CFD) |
| v. | : |
| MOSTAFA REYAD and WAFA REYAD, | :    APRIL 27, 2004 |
|                          Defendants. | : |

### PLAINTIFF'S MOTION TO REDUCE PREJUDGMENT REMEDY

Pursuant to the Court's direction during the bench trial of this matter held on April 7, 2004, Plaintiff IndyMac Bank, F.S.B. ("IndyMac") hereby moves to reduce the amount of the prejudgment remedy previously ordered in this case to $ 1,100,000.

### BACKGROUND

After a hearing on May 16, 2000, Magistrate Judge William I. Garfinkel granted Plaintiffs' Motion for a Prejudgment Remedy, finding that there was probable cause that a judgment in the amount of the prejudgment remedy sought would be rendered in Plaintiffs' favor. In particular, the Court concluded that there was probable cause to believe that Mr. Reyad, either personally or through his agents or employees, engaged in fraudulent activities. Additionally, the Court found that Plaintiffs had demonstrated there was a reasonable basis for the amount of their damages.[1] Consequently, the Court entered a prejudgment remedy in the amount of $1,600,000 against each of the Defendants.

---

[1] At the time this action was instituted, the outstanding balance under the credit facility was $5.7 million. At that time, IndyMac estimated its potential losses in this action to be at least $1,271,000, exclusive of attorneys' fees.

m:\docs\04127\001\830907.doc

The Court authorized, among other things, Plaintiffs to garnish certain annuities and life insurance policies owned by the Defendants to secure, up to a total value of $1.6 million, any ultimate judgment which may be obtained against Defendants in this legal action. Magistrate Judge Garfinkel subsequently signed individual writs of garnishment directed to certain insurance companies, including Equitable Life Assurance Society, VALIC, IDS Life Insurance Company, New England Financial Annuities and Aetna Life Insurance Annuity Company, as well as Fleet Bank. As of November 4, 2003, the value of these garnished accounts was estimated at $332,542.99.[2]

By the time of the trial of this action, all but one of the loans in question had either been purchased by IndyMac, sold to a third party, or refinanced through another lender, thus enabling IndyMac to calculate its actual losses for those loans. During the bench trial of this action on April 7, 2004, this Court requested that IndyMac submit the instant motion to reduce the value of the prejudgment remedy to an amount sufficient to satisfy any judgment that may be entered in this action, in light of Plaintiff's currently estimated damages.

**INDYMAC'S DAMAGES**

IndyMac estimates its damages in this action, exclusive of attorney's fees, to be $313,472.14. (See Plaintiff's Trial Exhibit 40A.) In addition, IndyMac's attorney's fees billed as of April 1, 2004 total $355,783.20.[3] (See id.) IndyMac estimates that it will incur

---

[2] Notably, notwithstanding the Writ of Garnishment issued by this Court and served upon VALIC, in June 2003 Wafa Reyad was able to withdraw $50,000.00 from her VALIC account in the form of a loan for which she is required to make quarterly payments over a period of five years. Should Mrs. Reyad default on the loan, the amount of outstanding principle and interest owed at the time of the default will be deemed a distribution (which amount IndyMac may be unable to recover to satisfy any judgment entered herein).

[3] As the Court is aware, Defendants' repeated motion practice and baseless appeals have increased dramatically IndyMac's legal costs associated with this action.

additional attorney's fees prior to the entry of judgment in this action in the amount of $40,000.00, as well as attorney's fees of approximately $40,000.00 in connection with any appeals taken by Defendants in this matter (there are already two such appeals pending). Further, post-judgment interest will continue to accrue during the pendency of any appeals (one year of such interest, at the rate of 10%, on IndyMac's estimated damages equals approximately $31,000). Thus, taking into consideration IndyMac's currently estimated losses, including attorney's fees, the fact that IndyMac maintains a claim for punitive damages under the Connecticut Unfair Trade Practices Act,[4] and the additional fees and interest that likely will accrue during the pendency of any appeals, IndyMac estimates that a prejudgment remedy in the amount of $1,100,000.00 will provide sufficient security for any judgment that may enter in this action.

Accordingly, IndyMac hereby moves that the Court reduce the prejudgment remedy previously entered in this action to the amount of $1,100,000.00 against each Defendant individually, with the total value of assets garnished not to exceed a value of $1.1 million.

---

[4] "[C]ourts generally award punitive damages in amounts equal to actual damages or multiples of the actual damages." Perkins v. Colonial Cemeteries, Inc., 53 Conn. App. 646, 649 (1999); see Bailey Employment System, Inc. v. Hahn, 545 F. Supp. 62, 73 (D. Conn. 1982) (awarding punitive damages under CUTPA in double the amount of the actual damages in light of the blatantly deceptive representations made to the plaintiff an others), aff'd, 723 F.2d 895 (2d Cir. 1983).

PLAINTIFF INDYMAC BANK, F.S.B.


By:   /s/ Rowena A. Moffett
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008
    E-mail:  rmoffett@bswlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 27th day of April, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

/s/ Rowena A. Moffett
Rowena A. Moffett (ct19811)