UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>　　　　　　　Plaintiff | **CIVIL ACTION NO.<br>3:00CV835 (CFD)** |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD<br>　　　　　　　Defendants | **DATE: MAY 3, 2004** |

# MOSTAFA REYAD'S SWORN AFFIDAVIT

I, Mostafa Reyad, hereby declares as follows:

1. I am at the age of 62 years, resident and citizen of New Jersey for the last 18 years.

2. On or about June 1999, I offered for sale the business namely Mostafa Reyad & Companies, it includes five (5) businesses (i) Federal Mortgage Company of Connecticut; (ii) NFC of New York; (iii) Pennsylvania Empire Financial Group; (iv) Florida Empire Financial Group, Inc.; and (v) National Funding.

1

3. The Highest bid I received on September 1999 was from IMC Mortgage Corporation, a Florida Corporation for a tentative price of $ 10 Million. After due diligence the price came down to $ 8.4 Million, and I refused.

4. Since 1995, Mostafa Reyad & Companies were insured by Gulf Underwriter insurance company "Errors and Omission" Liability Insurance, covering up to $ 300,000.00 each act. IndyMac, Inc. and its affiliates were at all relevant times additional insured.

5. Since 1995, Mostafa Reyad & Companies were insured against Employee Dishonesty up to $ 300,000 "Commercial Crime", by the Hartford Insurance Company. IndyMac, Inc. and its affiliates were additional insured on the policy at all relevant times.

6. IndyMac, Inc. and its affiliates despite the fact that, it is named additional insured on the "Error and Omission", and "Commercial Crime" Insurance policies, they did not file any claim with any of the two (2) Insurance Companies.

7. Neither IndyMac, Inc., nor its affiliates file their claim with Connecticut Attorney General, nor the Commissioner of Consumer protection.

8. Since May 2000, IndyMac, Inc. persistently refuse to meet with me, and refused to show me; or even states to me their findings despite my numerous request for the same. All Plaintiff's findings presented at Trial were a surprise to me.

9. I believe that, IndyMac, Inc. and its affiliates have no valid claim, and that is the reason for them not to file any claim with the Insurance Companies;

Connecticut Attorney General; nor the Commissioner of Consumer Protection.

10. On or about May 10, 2000, I was served at Stamford, Connecticut with Court's documents. The documents did not include the Restraining Order issued by Honorable Droney, U.S.D.J.

11. On or about May 14, 2000, at Fort Lee, New Jersey, I was serviced to the second time by this Court's documents, includes to the first time the Restraining Order issued by Honorable Droney dated May 9, 1999. [I understand it is dated May 9, 2000].

12. It is on or about May 18, 2000, all my bank accounts; personal and business accounts were frozen; in the State of Connecticut and in the State of New Jersey.

13. I contacted the banks, and been informed that, all bank accounts have been garnished pursuant to the Order of the United States District Court of Connecticut, and the only thing they can tell me is the name and telephone number of the attorney.

14. All banks informed me by the name of Attorney David R. Schaefer at 203-772-2600.

15. On or about Tuesday May 23, 2000, I contacted the Chambre of Honorable William I. Garfinkel, the law clerk informed me this is the Court's Order.

16. The Court's Order stipulates at p. 2, Ordered on May 17, 2000 by Honorable William I. Garfinkel, U.S. Magistrate Judge at Bridgeport, Connecticut.

    "This does not mean, however, that the defendants are precluded from engaging in their business. Rather, the defendants are permitted to use their bank accounts to conduct their business. The defendants are further permitted to use money from their bank accounts to pay for reasonable living expenses, and to retain counsel if they have not done so already."

17. Fleet Bank on or about May 25, 2000 allowed me to use a single account under probation for small amounts. That account belongs to Federal Mortgage Company of Connecticut.

18. Fleet Bank freezed the account belong to NFC of New York, one of the companies I used to own, and still frozen to the present time.

19. NFC of New York company closed, because no business can operate without bank account.

20. At the time of commencement of this action, I used to own the following three (3) businesses, under the name "Mostafa Reyad & Companies"

    a. Federal Mortgage Company of Connecticut, operating from three (3) locations:
    (i)     800 Summer Street, suite 200, Stamford, Connecticut
    (ii)    777 Summer Street, Stamford, Connecticut
    (iii)   838 High Ridge Road, Stamford, Connecticut

    b. NFC of New York, operating from the above three (3) locations.

    c. Florida Empire Financial Group, Inc., operating from the same above three (3) locations.

21. At the time of commencement of this action, I used the services of 40-60 independent contractors. All independent contractors were working in the above three (3) businesses, in the above stated three (3) locations.

22. The closing of the business named NFC of New York caused the majority of these independent contractors to quit their services.

23. On or about the end of the year 2000, all independent contractors quit their services, and I was forced to suspend all my operation.

24. From May 2000 to December 2000, I was running the operation with heavy losses, caused by closing NFC of New York which furtherly caused independent contractors to quit their services.

25. From May 2000, Plaintiff was pushing me to file claims with my business insurance companies. I informed Plaintiff that in the absence of findings supported with documents I will not be able to file any claim, and Plaintiff is insured on these policies, they can file if they have damages.

26. On or about March 15, 2001, I informed Plaintiff's attorney to file his claims with the Attorney General and Connecticut Consumer Protection Agency in Hartford, if they have a claim.

27. During the Trial on April 6-7, 2004, Plaintiff provided evidence and testimony of witnesses, never disclosed to me priorly under any circumstances, prior to March 9, 2004.

28. I believe that, some of the documents were never provided by my companies, while some others of the acknowledged Plaintiff's exhibits; I affirm that were added and never produced by my companies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 3, 2004 at Stamford, Connecticut.

By: _____
      Mostafa Reyad

**STATE OF CONNECTICUT**

                **)) STAMFORD**

**COUNTY OF FAIRFIELD**

**ON THE 3RD OF MAY, 2004 PERSONALLY APPEARED MOSTAFA REYAD THE SIGNER ABOVE.**

_____
**NOTARY PUBLIC**