UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>                    Plaintiff | **CIVIL ACTION NO.**<br>**3:00CV835 (CFD)** |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD<br>                    Defendants | **DATE: MAY 11, 2004** |

### DEFENDANT MOSTAFA REYAD'S SUPPLEMENTAL BRIEF

Defendant Mostafa Reyad hereby respectfully submit supplemental brief. Although Defendant admits that the Honorable Court afforded him all the opportunity to talk in the Trial, however, it is Defendant's problem that he does not hear as normal person. Defendant is not a deaf, but he hears with difficulty. Neverthless, Plaintiff provided in Trial copies of documents, claiming it were in the credit files of Federal Mortgage. Defendant in the Trial stated, that documents could not be in the files because these files were reduced.

Defendant received on April 29, 2004 the transcript, after reading it, he discovered that the Court asked him what does he means by reduced, Defendant did not respond as the transcript states, because he could not hear. Defendant apologies, and hereby answer "The 33 loans were originated by Federal

1

Mortgage under two (2) types of documentations, the first is full and the second is reduced [**see**, Plaintiff's exhibit # 39 page 1 of 2, fifth column "Doc Type".], as Plaintiff's exhibit shows, six (6) loans full, and 27 loans reduced".

The following six (6) loans as per Plaintiff's exhibit # 39 are full documentation loans:

1. Abreu
2. Nyakana
3. Wilkinson
4. Barron
5. Antoine
6. Giraldo

Plaintiff did not provide, any claim regarding these files however, Defendant requested to acknowledge some Plaintiff's exhibits, Plaintiff did not request to acknowledge it, among it Plaintiff's exhibit # 36 "Giraldo". Thus Plaintiff has no claims from these six (6) full documentation loans.

Thus, Plaintiff's claims arose out of the 27 loans, of the Doc Type, reduced. The reduced documentation means that originator [Federal Mortgage] does not verify money in consumer's bank or verifying his employment, and accept the information as the consumer states it. Federal Mortgage sell the reduced loans

for less profit than the full loans. IndyMac, Inc. or any other investor selling it again as reduced for ordinary profit.

IndyMac, Inc. staff working for salary and they receive bonus. It appears that IndyMac, Inc. attempted to increase their profits and bonus, and converted these loans from reduced to full, they were successful in some laons and converted it to full, and failed for some others. This is not a theory, it is fact. This fact appeared to the first time on May 16, 2000. Plaintiff called the employer of "Alberto Perez" to verify employment **see**, Plaintiff's exhibit # 39 it is reduced and Federal Mortgage makes less profit to sell it as reduced, Plaintiff obtained consumer's 1999 W-2, and a letter from Rex Marine (Plaintiff's exhibits 43, 44 & 45 which were not requested to be acknowledged. Plaintiff committed fraud by adding documents Defendants never provided it. Plaintiff continued that conduct at Trial and provided another verification for "Alberto Perez", **see**, Plaintiff's exhibit # 128. Defendant will testify on the stand under oath for these informations in the coming Cession.

Plaintiff's acknowledged exhibits 47,51,53,62,64,66,68,70,72, these alleged verification of deposits for the following consumers:

1. Lyons
2. Marlewski
3. Ortiz

3

4. Zyblut

5. Champagnie

6. Kirby

7. Perez

8. Silva

9. Zuiewski

**See**, Plaintiff's exhibit # 39, all the above nine (9) loans are reduced loans. Verification of deposits are not required for reduced documentation. It will be there only if it are full documentation. The only person benefit from it, is IndyMac, Inc. to repackage it again as full documentations to be sold at a higher price, Now, the question who provided these documents? Defendant requested the originals. On April 7, 2004 Plaintiff claimed he has the original files, but he did not has the original document acknowledged, nor has a certified true copy **see**, Defendants letter to Plaintiff attached hereto. If Defendant cannot see the original or certified copies, the documents should be stricken as a matter of evidence.

Finally, the credit reports were obtained by IndyMac, Inc. claiming that there are two different credit reports for one person. It were obtained in different times, if Defendant's company provided one report, who obtained the other?, no original for either one and no certification of any. If Plaintiff would not provide either original or certified true copy, it should be stricken and taken out of the acknowledges exhibits.

Defendant prays to the Court to accept this supplemental brief before writing his proposed findings of facts, to avoid surprise to Plaintiff, and any prejudice to Plaintiff. Moreover, it is because of Defendant's difficult hearing in the Court's Room.

The Defendant
Mostafa Reyad

By:_____
  Mostafa Reyad
  2077 Center Avenue # 22D
  Fort Lee, NJ 07024

## **CERTIFICATION**

The Undersigned certifies that he mailed a true and copy of this document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue, # 22D, Fort Lee, NJ 07024.

                                      _____
                                        Mostafa Reyad