UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

|  |  |  |
|---|---|---|
| INDYMAC BANK, F.S.B., | : |  |
|  | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| v. | : |  |
|  | : |  |
| MOSTAFA REYAD and WAFA REYAD, | : | MAY 14, 2004 |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---

## PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' POST-TRIAL MOTIONS

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to "Defendants' Motion to Reopen Proceeding to Allow Defendants Additional Exhibits" dated May 6, 2004 (doc. # 381) and "Defendant Mostafa Reyad's Supplemental Brief" dated May 11, 2004 (doc. # 382). In their post-trial submissions, Defendants seek to revisit the evidence admitted at trial and to reopen the evidence to offer further documentary evidence, including affidavits from the Defendants themselves. Defendants were given more than ample opportunity to present evidence at the bench trial of this action, which was extended one additional day at Defendants' request to allow Defendants to offer additional evidence in support of their claims in this action. Defendants' attempt at this stage to revisit the exhibits admitted at trial and to offer additional evidence, particularly by way of affidavits when Defendants themselves declined to testify at trial in support of their claims, is improper, prejudicial to Plaintiff, and should not be permitted.

842134.DOC

In their Motion to Reopen Proceeding, Defendants seek to offer sixteen new exhibits purportedly in support of their counterclaims in this action.[1] Defendants do not appear to request to present oral testimony in support of their counterclaims. Plaintiff objects to Defendants' proffer of these exhibits at this juncture.

Defendants offer no reason why they failed to offer these exhibits during trial. The court gave both Defendants ample opportunity to offer evidence in support of their counterclaims during trial. On April 7, 2004, after Plaintiff concluded its case-in-chief and Defendants completed their presentation in defense of Plaintiff's claims, the Court specifically asked Defendants if they wished to offer any evidence in support of their counterclaims:

> THE COURT: Did you want to put on any evidence as to your counterclaims? You have counterclaims in this case.

> MRS. REYAD: Can I bring Lucy Haskell or let her contact your Honor? I don't know.

4/7/04 Tr., at 159.

Despite being informed on numerous occasions, both before and during the trial, that Mrs. Reyad would have to bring Ms. Haskell to court to testify at the scheduled trial of this matter if Mrs. Reyad wanted to introduce and/or rely on such evidence, the Court continued the bench trial for an additional day to enable Mrs. Reyad to bring her witness to trial.[2] When the trial resumed on April 29, 2004, however, not only did Defendants fail

---

[1] Defendants also note in their Motion that the Court's Exhibit List does not reflect that Defendants' Exhibits ## 12 and 19 were entered as full exhibits at trial. The transcript of the trial on April 7, 2004, at page 146, confirms that the Court admitted Defendants' Exhibit # 19 as a full exhibit. While the transcript of the trial on April 29, 2004 has not yet been completed, Plaintiff's counsel's notes indicate that Defendants' Exhibit # 12 also was admitted as a full exhibit on that date.

[2] Notably, Mrs. Reyad claimed that "Lucy Haskell is willing to come any time. She said any time and she will come." 4/7/04 Tr., at 139.

to call Ms. Haskell as a witness, but Mrs. Reyad did not bother to attend the trial at all.[3]

Mr. Reyad, however, did use the additional day of trial to offer several new exhibits. He

declined, as he and his wife did at the earlier trial dates, to testify in support of

Defendants' counterclaims.

Under these circumstances, Defendants should not be permitted to introduce

additional exhibits at this time. Obviously, the introduction of these exhibits without

affording Plaintiff the opportunity to examine Defendants or offer testimony concerning

same would be highly prejudicial. And given the ample opportunity Defendants were

afforded to offer any such evidence during the scheduled trial of this action, as well as

Defendants' failure to offer any reason why they were unable to offer the evidence during

the trial, to reopen the evidence and require Plaintiff to expend the additional time and

expense of preparing for another day of trial, and perhaps bring its witness back from

California to testify once again, would be unduly burdensome.

Moreover, many of the exhibits themselves are irrelevant, not properly

authenticated, and contain hearsay. For example, Exhibits 26 and 27 are pleadings filed

in the New Jersey action, and have no bearing on the issues in this case. Exhibits 28-33

are Writs of Garnishment issued in connection with the prejudgment remedy in this

action, but have no probative value without evidence of the amounts actually garnished

pursuant to the writs (which was substantially less than the amount of the prejudgment

remedy). Exhibits 34, 38, 39, and 40 are correspondence and insurance documents that

are not authenticated and do not appear relevant to the issues in this case. Finally, with

respect to Exhibits 35-37, to allow Defendants to testify by way of affidavits (that

---

[3] The Court specifically inquired whether Defendants sought a continuance of the trial
due to Mrs. Reyad's failure to appear, and Mr. Reyad responded that Mrs. Reyad did not
request a continuance.

themselves contain hearsay) when they declined to testify at the trial of this action, and thus be subject to cross-examination, is highly prejudicial to Plaintiff and completely inappropriate. For all these reasons, Defendants' request to offer additional exhibits after the close of evidence should be denied.

In a related attempt to revisit the evidence offered at the trial of this action, Defendant Mostafa Reyad has submitted a Supplemental Brief in which he seeks to strike many of Plaintiff's exhibits that were admitted as full exhibits at trial. Mr. Reyad appears to claim that he did not see the original or a certified copy of certain exhibits that were contained in the loan files submitted to IndyMac by Federal Mortgage Company of Connecticut. The Court will recall, however, that Mr. Reyad raised this objection at trial (despite not having filed any objections to Plaintiff's trial exhibits) and Plaintiff went to extraordinary efforts to obtain and overnight the original loan files from its office in California in order to bring them to Court on April 7, 2004. Defendants were afforded ample opportunity to review the loan files at Court. See, e.g., 4/7/04 Tr., at 8-12, 19, 24, 26. In fact, at Mr. Reyad's request, counsel for Plaintiff brought all the loan files back to Court on April 29, 2004. Mr. Reyad made no attempt to review the files on that date. Mr. Reyad's belated attempt to challenge Plaintiff's exhibits at this stage, as well as the explanation that Mr. Reyad attempts to offer in his Supplemental Brief as to how those documents became part of IndyMac's loan files,[4] should be rejected summarily.

In conclusion, for the reasons set forth above, Plaintiff respectfully requests that "Defendants Motion to Reopen Proceeding to Allow Defendants Additional Exhibits" dated May 6, 2004 (doc. # 381) be denied and that the relief requested in "Defendant

---

[4] Mr. Reyad claimed his Fifth Amendment right not to testify at trial concerning the fraudulent documents contained in the loan files submitted to IndyMac. His attempt to

Mostafa Reyad's Supplemental Brief" dated May 11, 2004 (doc. # 382), be similarly

denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By:   /s/ Rowena A. Moffett
      Rowena A. Moffett (ct19811)
      BRENNER, SALTZMAN & WALLMAN LLP
      Their Attorneys
      271 Whitney Avenue
      P.O. Box 1746
      New Haven, CT  06507-1746
      Tel. (203) 772-2600
      Fax. (203) 772-4008

---

offer a belated explanation via a Supplemental Brief is inappropriate and could, in fact,
jeopardize his reliance upon his Fifth Amendment rights.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by

United States first-class mail, postage prepaid, this 14th day of May, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

/s/ Rowena A. Moffett
Rowena A. Moffett (ct19811)