UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                  Plaintiff                 **CIVIL ACTION NO.**
                                                **3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                  Defendants
                                            **DATE: MAY 16, 2004**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FORTH MOTION IN LIMINE

Defendant Mostafa Reyad respectfully submit this memorandum of law in support of his Forth Motion in Limine. Defendant's motion is to Strike certain testimony of Plaintiff's witnesses which were the reasons for the Court to acknowledge certain Plaintiff's exhibits, obtained by Plaintiff and never disclosed to Defendant except at Trial. Plaintiff alleges that these exhibits were among the files provided by Defendant to IndyMac, Inc. in the first half of the year 2000. Defendant denies that these exhibits were provided by him. Defendant herein claims that these documents were enclosed by Plaintiff for the benefit of Plaintiff only. Plaintiff purchased 30 loans of Defendant; at the price of reduced documentation loans for 24 loans, and at the price of full documentation loans for six (6) loans [the remaining three (3) loans out of the total of 33 loans were originated to Chase and sold to Chase in the due course, and it are undisputed in

1

any aspect], Plaintiff apparently after the purchase of the 24 reduced document loans attempted to convert them to full documentation loans for additional profit, it is well known fact; Plaintiff can resell these converted loans for a price difference of six (6) percent, i.e. $ 60,000 per million. It appears that, the conversion of the underwriting team who worked on that conversion were discovered, either by IndyMac, Inc. auditors or by the investors who buy these loans from IndyMac, Inc.

On April 1, 2004 Plaintiff mailed a letter to Defendant, attached hereto and added the following five (5) names to the witness list

1. Zeba Mohib          2. Ayesha Malik

3. Robert Goeller III    4. Grazyna Mruczk (a/k/a Lisa Moore)

5. Tharwat Elakhrass (a/k/a Tom Akrass)

In a telephone conversation on April 2, 2004, Defendant informed attorney Rowena A. Moffett, that four (4) out of these five (5) new witnesses are working correspondents to IndyMac, Inc. since the inception of this action to the present time, and Defendant will cross-examine the said witnesses about that, Plaintiff elected to withdraw these witnesses. The above five (5) named witnesses were serving Defendant as independent contractors before the action, and immediately four (4) of them were and are selling loans to IndyMac, Inc. and its successor. Adding these witnesses five (5) days before Trial raises some sign of

unauthorized link for independent contractors working as double-agents for Plaintiff and Defendant.

It is unusual that well aquinted attorneys for Plaintiff did not file their claims with Connecticut Attorney General or the Commissioner of Consumer Protection within the period of three (3) years mandated by Connecticut General Statues, despite the numerous request of Defendant. Now, and after that said letter, it appears that Plaintiff is protecting their independent contractors, although this is not an evidence but it is a clear sign of bad faith.

**Testimony of Brian Ainslie should be Stricken**

With the exception of Mr. Ainslie testimony for the identification of Plaintiff's exhibits # 1 to # 10. All the remaining testimony should be stricken. Pursuant to Fed. R. Evid. 608, Defendant provides evidence of untruthfulness of the witness. Mr. Ainslie filed a perjured affidavit dated May 5, 2000, the Court did not Rule on Defendant's petition todate, however, Plaintiff provided exhibits show the following:

1. Loan # 602203 Moazed

    a) Plaintiff's exhibit # 39 prepared by witness, at AVM/Add'l Comps "add'l comps $ 265-590,000, and witness used the lower of appraisal $ 265,000, and then witness created on his own Estimated Net Realiazable Value (78%) to be    $ 206,700, creating a none-existed lower value percentage of 57.59%.

   b) Plaintiff's exhibit # 37 "IndyMac review appraisal" dated 05/12/2000, $ 530,000.

2. Loan # 657247 Calderon

   a) Plaintiff exhibit # 39 prepared by him at p. 1 shows at QC Comments "Incomplete file (we do not have a credit package for this loan"), and at p. 2" QC Decision, None.

   b) Plaintiff's exhibit # 93 provides the appraisal for that loan, it means Plaintiff has the file.

3. Loan # 599162 Zuiewski

   a) Plaintiff's exhibit # 39 at AVM/Add'l Comps unable to value (no recent sales available).

   b) Defendant's exhibit # 19, page 5 of 5, at Field Review $ 316,000 (Drive By).

4. Loan # 644170 McEnroe

   a) Plaintiff's exhibit # 39 at AVM Results/add'l Comps $ 250,000, and at Estimated Net Realizable Value (78%) $ 195,000 creating estimated loss of 37.52%

   b) Defendant's exhibit # 19 page 5 of 5, at Field Review $ 380,000 5/5/00

5. Loan # 644195 Perez

   a) Plaintiff's exhibit # 39 at AVM/Results/Add'l Comps "Unable to value"

      b) Defendant's exhibit # 19 page 5 of 5 at Field Review "Value ok, same at original appraisal 5/11/00"

Mr. Ainslie perjured his declaration under penalty of perjury is not entitle to be a witness, and all his testimony should be stricken.

**Testimony of Brian Ainslie should be Stricken**

Mr. Ainslie's testimony with the exception of the identification of Plaintiff's exhibits # 1-10 should be stricken. Plaintiff's list of witness provided Mr. Ainslie Expert Testimony, and its expert disclosure dated March 29, 2001. That disclosure did not include any reference to his expertise in credit files, nor expertise in underwriting. Defendant attacked Mr. Ainslie expertise on April 6, 2004. On April 7, 2004 Mr. Ainslie declared his expertise in underwriting for a period about six (6) month, in a period of experience of ten (10) years, and on April 6, 2004, he never stated any experience in underwriting.

On April 7, 2004 Mr. Schaefer asked Mr. Ainslie

**Q:** And were they able to locate the original files for all the files at issue

**A:** I believe all but one

**Q:** All right. And do you have those original file with you in Court?

**A:** Yes, I do

                 And then

**Q:** Now, is . . . . how many original files do you have with you in court today?

**A:** You Know, I don't know off the top of my head. I think probably seven or eight.

**Q:** And are the other original files, other than the Lyons one in front of you maintained in the same form?

**A:** Yes

Unfortunately, Defendant has a serious problem in hearing, however, the above is stipulated in the transcript.

The testimony before the above questions were asked, Defendant could not hear a question before that, and it is written in the transcript as follows:

**Q:** And do . . . . is there a checklist that is included in the file

**A:** Yes, there is a checklist that is included in the file

                              And then

Mr. Reyad: Your Honor, Exhibit 80 in my hand, is this the original

Mr. Schaeffer: That is a Xeroxed copy of the original in the credit file

Defendant examined the files, and never was a checklist as the transcript stipulates. If it is true that Plaintiff has the original credit files, he can call me to identify it in his office, and if Plaintiff does not have the original documents he testified that he has it in the Court, it will be a serious fraud upon the Court committed during the Trial, and that documents should be stricken.

The documents verified by 1) Probhar Kumar; 2) Luis Russell; 3) Alice Patrignell; 4) Suzan Brown; and 5) Richard Tortora, All these documents provided by Plaintiff, as Plaintiff declared that; Plaintiff located all originals except one, it should include the original of these acknowledged full exhibits except one, Plaintiff did not state which one is missing, however, Defendant did not identify

6

any original and ready to identify at Plaintiff's attorney office at any time or at any other place. There is no excuse for either party, and if there is no original documents identified, the Court should stricken that documents.

Unfortunely, it is the beginning of criminal charges, these are forgery and misrepresentation charges. It is state charges, neither party can control criminal prosecution. Neither Connecticut Attorney General will accept it, nor Connecticut Commissioner of Consumer Protection, because the Statue of Limitation of three (3) years, pursuant to Conn. Gen. Stat 42-110 (g) (c). Connecticut Law is consistent with Cal. C. Civ. Proc. 583.420 (a)(2)(A). According to California Law and Connecticut Law, Plaintiff's claims is barred by Statue of limitation, and should be dismissed. Plaintiff is not entitle to offer evidence.

The Defendant
Mostafa Reyad

By: _____
    Mostafa Reyad
    2077 Center Ave # 22D
    Fort Lee, NJ 07024
    Day Phone 203-325-4100
    Home Phone 201-585-0562

## **CERTIFICATION**

The Undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT 06511 and Wafa Reyad at 2077 Center Avenue # 22D, Fort Lee, NJ 07024.

_____
Mostafa Reyad