UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00CV835(CFD) |
| v. : | |
| : | |
| MOSTAFA REYAD and WAFA REYAD, : | MAY 20, 2004 |
| : | |
| Defendants. : | |

## PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' PREJUDGMENT REMEDY MOTIONS

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to "Defendant's Petition for an Order to Refer Brian E. Ainslie and Attorney David R. Schaefer to U.S. Attorney General for Possible Criminal Investigation" dated April 18, 2004 (doc. # 371) and to "Defendants' Motion to Reconsider Ruling on Plaintiff's Motion to Reduce Prejudgment Remedy" dated May 10, 2004 (doc. # 382). In these motions, Defendant Mostafa Reyad requests that the Court refer Brian Ainslie and David Schaefer to the Office of the U.S. Attorney for investigation and prosecution for allegedly perjurious statements submitted to this Court in connection with the prejudgment remedy, and both Defendants request that the Court order IndyMac to reduce the prejudgment remedy ordered by the District Court for the District of New Jersey in a related action (the "New Jersey Action") to the same amount as that ordered by this Court in its Rulings on Motions to Reduce Prejudgment Remedy dated April 30, 2004. For the reasons discussed further below, both motions are without merit and should be denied summarily.

842270.DOC

In his motion requesting that the Court refer Brian Ainslie and David Schaefer to the Office of the United States Attorney, Mr. Reyad repeats his contention, previously rejected by both Magistrate Judge Garfinkel and this Court on several occasions, that IndyMac obtained the prejudgment remedy in this action by way of a perjured affidavit from Brian Ainslie.  Contrary to Mr. Reyad's argument, Mr. Ainslie's testimony at the bench trial of this action on April 6 and April 7, 2004 did not reveal any prior perjury by Mr. Ainslie.  Rather, Mr. Ainslie testified at trial as to Plaintiff's current estimate of its losses, based upon the fact that many of the loans at issue have been refinanced or sold to other lenders since this action was initiated four years ago.  That IndyMac's actual losses were in fact less than preliminarily estimated at the outset of this litigation provides no support for Mr. Reyad's contention that Mr. Ainslie and Attorney Schaefer submitted a perjurious affidavit in connection with the prejudgment remedy ordered in this action.  As there is no evidence of the perjury claimed by Mr. Reyad, because no such perjury occurred, Defendant Mostafa Reyad's request that the Court refer Brian Ainslie and David Schaefer to the Office of the U.S. Attorney for investigation and prosecution should be denied.[1]

Defendants' Motion for Reconsideration of the Court's Rulings on Plaintiff's Motion to Reduce Prejudgment Remedy similarly should be denied.  In their Motion for Reconsideration, Defendants recognize that this Court lacks jurisdiction to impose any orders with respect to the New Jersey Action, but nevertheless requests that the Court

---

[1] Mr. Reyad also claims in his Petition that Attorney Schaefer improperly "froze" all Defendants' bank account.  Defendant misunderstands the nature of the garnishment orders served in this action.  As Attorney Schaefer explained to the Court at trial, IndyMac served certain financial institutions at which Defendants maintained accounts with garnishment orders in order to preserve the assets in those accounts to satisfy any judgment obtained in this action.

order IndyMac to apply to the New Jersey District Court to reduce the prejudgment remedy ordered in the New Jersey Action to the same amount as that ordered by this Court in its Rulings dated April 30, 2004.[2]  As Attorney Schaefer explained to the Court on April 29, 2004 during oral argument on the parties' motions to reduce the prejudgment remedy in this action, pursuant to the prejudgment remedy ordered by Magistrate Judge Garfinkel in this action, IndyMac garnished Defendants' accounts with certain insurance companies and Fleet Bank, the total value of which was estimated on November 4, 2003 to be $332,542.99.  The only other asset that IndyMac has attached pursuant to the prejudgment remedy in the New Jersey Action is a cooperative apartment in Fort Lee, New Jersey, owned by Wafa Reyad, the net equity in which Mrs. Reyad estimated during her deposition on April 3, 2004 to be approximately $400,000 and Mr. Reyad estimated during his deposition on May 26, 2000 to be approximately $290,000.  Thus, the total value of assets garnished pursuant to the prejudgment remedy ordered by either this Court or in the New Jersey Action is less than the reduced prejudgment remedy amount ordered by this Court in its April 30, 2004 Ruling.

In light of the facts that Defendants have not offered any reason to justify their request that this Court issue essentially a mandatory injunction directing Plaintiff to undertake actions in the New Jersey Action, that the total amount of assets attached or garnished in *both* this action and the New Jersey Action does not exceed the prejudgment remedy amount ordered by this Court, that Plaintiff is not aware of any other assets of Defendants subject to attachment, and that the New Jersey Action has been

---

[2] The District Court in the New Jersey Action ordered a prejudgment remedy in the amount of $5.7 million, the total amount outstanding on the warehouse line at the time the action was initiated.  This Court, in its April 30, 2004 Rulings, reduced the prejudgment remedy in the instant action to $1.1 million against Mostafa Reyad and to $786,527.86 against Wafa Reyad.

stayed pending final resolution of the Connecticut Action (see Orders of Greenaway, Jr., U.S.D.J., attached to Defs.' Mem. Supp. Mot. Reconsideration), Defendants' Motion for Reconsideration should be denied.

In conclusion, for the reasons set forth above, Plaintiff respectfully requests that "Defendant's Petition for an Order to Refer Brian E. Ainslie and Attorney David R. Schaefer to U.S. Attorney General for Possible Criminal Investigation" dated April 18, 2004 (doc. # 371) and "Defendants' Motion to Reconsider Ruling on Plaintiff's Motion to Reduce Prejudgment Remedy" dated May 10, 2004 (doc. # 382) both be denied.

                PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 20th day of May, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

                                                                                                                           Rowena A. Moffett (ct19811)