UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>　　　　　　　　　Plaintiff | **CIVIL ACTION NO.**<br>**3:00CV835 (CFD)** |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD<br>　　　　　　　　　Defendants | **DATE: MAY 24, 2004** |

## DEFENDANTS' LEGAL MEMORANDUM IN SUPPORT FOR EXPEDITED MOTION TO REOPEN TRIAL

This is the memorandum of law in support of Defendants' expedited motion to reopen Trial. Defendant moves the Court to reopen the Trial to review serious misrepresentations conducted by Mr. Brian Ainslie and attorney David Schaefer, during the Trial proceedings. Mr. Ainslie with intentional collaboration with Mr. Schaefer, the former committed perjury against United States during his testimony under oath on April 7, 2004, and the later who was not under oath, pled falsely that Plaintiff has in its possession in the Court Room, all the original files except one. Plaintiff and his attorney were successful to defraud the Court and obtained this Court's admission for certain Plaintiff's exhibits may effectuate the Ultimate Judgment of this Court.

1

**See**, Tr. Dated 4/6/04  p. 171, Line 9

THE COURT: Well, this is what I'm going to do. I'm going to sustain the objection for now, but that's without prejudice, Mr. Schaefer, to you offering these documents again further along in the trial.

And **See**, Tr. Dated 4/6/04 p. 174, Line 4

   THE COURT: Well, I'm going to make the same ruling on this as I did on the other documents which is I'm going to sustain the objection at this time, but I'll give you a chance to move those documents again later in the trial, Mr. Schaefer.

Thus, the Court decision on April 6, 2004, to postpone the admission of certain Plaintiff's exhibits, pending Plaintiff providing the original documents. Plaintiff claiming forgery, and forgery cannot be identified from copies. **See**, United States v. Martha Stewart,  (The prosecution indicted their own witness, the secret service ink expert Larry Stewart). It is impossible to verify forgery from a copy, in addition the evidence obtained by either double or multiple layers of hearsay, is inadmissible evidence.

At the Bench Trial held in this Court on April 7, 2004 Plaintiff declared that he has in his possession in the Court Room, all the original files except one.

**See**, Tr. Dated 4/7/04 p. 4 Line 8; Mr. Schaefer redirect examination to Mr. Ainslie

Q. And were they able to locate the original file for all the files at issue?

A. I believe all but one

Q. All right. And do you have those original files with you in the Court?

A: Yes, I do

                    Furtherly

Tr. Dated 4/7/04 p. 5 Line 10

Q: Now, is . . . how many original files do you have with you in court today?

A: You Know, I don't know off the top of my head, I think probably seven or eight.

Mr. Ainslie changed his testimony under oath, he testified at p. 4 that he has in Court all files but one, and at p. 5 he changed his testimony that he has probably seven or eight. Furtherly, he perjured his statement again.

**See**, Tr. 4/7/04 p. 8 Line 4

MR. SCHAEFER: I'm sorry; one was struck in the middle. I'm going to do three. 78, 80 and 82 are the exhibit number they deal with borrowers Ortiz, Lyons and Moazed.
Q: Now Mr. Ainslie, are those documents accurate copies of reports that are in the original credit files that you have with you in court?
A: Yes, they are

Thus, Mr. Ainslie testified that he had the original files of Ortiz, Lyons and Moazed lied under oath, because he testified before that the Ortiz loan had been sold on 4/25/2001 to a third party, **see**, Plaintiff's exhibit # 40A, and he claimed loss $ 24,642.12 and prejudgment interest $ 7,271.11 Accordingly, either Mr. Ainslie perjured his testimony of Plaintiff's exhibit # 40A, or perjured his testimony that he has the original file. The fact is, he perjured both, and there was no original at all, and Mr. Ainslie conducted his constructive fraud with Mr. Schaefer, and testified under oath that he made the copies by himself on April 6-7, 2004.

In any event, Defendant requested the original files to allow him to see the color of the ink of the document, which will indicate who wrote the alleged forged document, and allow Defendant to compare it with the color of ink of IndyMac, Inc.'s underwriter. In addition, the quality of papers of the alleged forged credit report, it should be the same quality of paper used by either IndyMac, Inc. or

Defendant's company. If the quality of papers does not match the same quality of the application of the same file, it means that the document was not provided by Defendant's company, and if the quality of paper matches the same quality of the underwriter of IndyMac, Inc., it means that the credit report was generated by IndyMac, Inc.

Mr. Ainslie testified on April 6, 2004, that he does not know where the original file is.

**See**, Tr. Dated 4/6/04 p. 170 line 3

Q: Mr. Ainslie, do you know where the original file is?
A: No, I do not. I believe we may have some original files at IndyMac still. I couldn't say for certain.

Mr. Ainslie falsely claimed on April 7, 2004 that he has in Court all original files except one. No single original of Plaintiff's exhibits came to this Court. Mr. Ainslie lied under oath and Mr. Schaefer collaborated with him.

**See**, Tr. Dated 4/7/04 p. 8 line 21

MR. REYAD: Your Honor, exhibit number 80 in my hand, is this the original
MR. SCHAEFER: That is a Xeroxed copy of the original in the credit file.

Can I ask the witness just to confirm I have the right file

THE COURT: Go ahead

Q: Do I have the right file?

A: Yes


Neither Mr. Schaefer, nor Mr. Ainslie show any of original of Plaintiff's exhibits, which Defendant requested. Mr. Schaefer during Trial played the three card game giving impression that one is original, and the other two are copies. Mr. Schaefer put the three cards, one with the Court, one with Mr. Ainslie and one with Defendant, creating the mystry of; who has the original Mr. Schaefer claims he has it? There was no original with any of the three. Mr. Ainslie and Mr. Schaefer misrepresented serious material facts.

Defendant mailed on May 10, 2004 a letter to attorney Moffett **see**, letter attached to Defendant Mostafa Reyad's supplemental brief dated May 11, 2004 (Doc # 384); Defendant requested to identify original documents in Plaintiff's office. No response as of todate.


Defendant did all his best to avoid this motion and its memorandum. Defendant did everything he can to resolve the issue outside the Court. Defendant has no other option except filing.

By: _____          By: _____
   Mostafa Reyad                              Wafa Reyad
   2077 Center Ave # 22D                      2077 Center Ave # 22D
   Fort Lee, NJ 07024                         Fort Lee, NJ 07024
   Day Phone 203-325-4100                     Home Phone 201-585-0562
   Home Phone 201-585-0562

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511.

                                                           _____
                                                            Mostafa Reyad