UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                          Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                          Defendants

**DATE: MAY 24, 2004**

**<u>DEFENDANTS' REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' PREJUDGMENT REMEMDY</u>**

Defendants Mostafa Reyad and Wafa Reyad hereby reply to Plaintiff's consolidated opposition to Defendants' prejudgment remedy motions dated May 20, 2004 (Doc # 389). Plaintiff claims that both motions are without merit and should be denied summarily.

Plaintiff at p. 2 claiming that Defendant's motion for an Order to refer Brian E. Ainslie and attorney David R. Schaefer to U.S. Attorney General for possible criminal investigation dated April 18, 2004 (Doc # 371); "previously rejected by both Magistrate Judge Garfinkel and this Court on several occasions". The Court documents does not show that the Honorable District Judge had reviewed Defendant's motion for perjury (Doc # 160); and certainly did not reject it, it was only assigned to Honorable Magistrate Garfinkel. Moreover the transcript of

1

April 6-7, 2004 shows that the Court did not reject, nor Ruled upon Defendant's motion (Doc # 240).

Indeed the Court records show that Honorable Garfinkel denied Defendant's motion for perjury based on lack of enough evidence, and the evidence of perjury obtained from Plaintiff's exhibits as outlined in (Doc # 371). Defendant raised his motion (Doc # 240) and renewed it in the Court on April 6, 2004.

**See**, Tr. Dated 4/6/04 p. 9 Line 3; Defendant states

> I would ask the Court to order to continue that motion, motion 240 is still open, pending before the Court.

THE COURT: I'll take it up at the time that Mr. Ainslie testifies        Line 6-7

The Court properly explained to Defendant that Defendant can cross examine Mr. Ainslie after Plaintiff complete his evidence. At the time this Court permitted Defendant's claims against perjury; Mr. Ainslie was not in the Court, and Mr. Schaefer responded,

**See**, Tr. Dated 4/7/04 p. 149 Line 10

MR. SCHAEFER: Yes, your honor. I guess we're making argument with respect to the contents of the document. If I could point out to the Court that the

estimated loss, this is within days of finding out about the wide-spread fraud, was estimated at 22 percent of the outstanding amount. So they were looking at worst case scenario what happens if we have to go to foreclosure with respect to these loans.

To the extend of Mr. Schaefer's response in the Court, there is no doubt that Mr. Schaefer is more than 30 years of experience and certainly does not have any problem communicating English Language. Mr. Schaefer's response in no way a response to Mr. Ainslie declaration under penalty of perjury, **see**, Mr. Ainslie declaration dated May 5, 2000 (Doc # 7) p.5, para 13-13.

> Furthermore, IndyMac has obtained preliminary property valuation information indicating that the properties securing the mortgage loans financed on Reyad's WLCA warehouse line are over-valued by an average of 22.27%.

In English language, estimated losses cannot be the same meaning of obtaining property valuation information. Each is completely different meaning. In law, a speculation of estimated losses cannot establish probable cause. A person declared under penalty of perjury that he obtained a preliminary property valuation information, and he never had it, is a perjurer should be punished. Furthermore, Mr. Ainslie and Mr. Schaefer repeated in this Court on April 7, 2004 the same misconduct, **see**, Defendant's Expedited Motion to Reopen Trial, dated

3

May 24, 2004. Plaintiff p. 2 foot note 1, claims that Defendant misunderstands the nature of the garnishment orders served in this action. Defendants may agree with Plaintiff's attorney that because of the status of pre se it could be true. But Defendant Mostafa Reyad specifically claiming that Mr. Schaefer committed purposely extensive damages against Defendant amounted to damages of approximately $ 15 million in actual damages, and cannot be misunderstood in any way by Defendant or any other person.

Mr. Schaefer on his own decision converted the prejudgment remedy to permanent injunction effective May 18, 2000. Mr. Schaefer well understands that Honorable Magistrate Garfinkel's Order of the prejudgment remedy. Mr. Schaefer acted contrary to Fed. R. Civ. P 58, and prepared by himself eight (8) prejudgment remedys, at least two of them in 180 degree in an opposite to the Magistrate's Order. The Magistrate's Order clearly permitted Defendants to maintain personal and bank accounts. Mr. Schaefer obtained prejudgment orders directed to Fleet Bank and Hudson City Savings Bank; Fleet Bank is the holder of the business accounts of Mostafa Reyad. Defendant's New York operation namely NFC of New York, closed on May 18, 2000 because, its bank accounts was  frozen. The former operation, namely Mostafa Reyad and Companies used to operate for mortgages in Connecticut, New York and New Jersey, the independent contracts were working for the multistate, closing New York operation opted the independent contracts serving Defendant operation to quit their services. In addition to the name of Federal Mortgage was badly injured by

this action. Defendant lost the control over the independent contracts after ceasing New York operation, little by little lost all his operation and forced to close.

It should be clear to the Honorable Court, and to Plaintiff that the effect is permanent injunction, although the label is prejudgment remedy. Plaintiff killed Mostafa Reyad & Companies. Plaintiff's attorney vested in himself the power of a judge, but no Judge will do what Mr. Schaefer did. No Judge will damage a complete family, and no Judge will issue a total of $ 18.5 million prejudgment attachment for speculation. Mr. Schaefer stripped Defendants from everything they own on May 18, 2000 by closing their personal and business bank accounts. Unfortunely, even the District Judge is not aware about this permanent injunction, Whenever, I try to tell his honor, it is not prejudgment remedy, and it is a permanent injunction, his Honor believes that I do not understand, I wish this explanation to be clear to his Honor.

**The Prejudgment Remedy Extended to Defendants' Children**
Defendants' daughter, in addition to the collateral damages caused by this excessive prejudgment, Defendants' daughter owned the property at 1452-1454 River Road, Edgewater, New Jersey valued at one million two Hundred thousand, because of the action, she entered into contract for quick sale for one million dollar, she can not sell, because the property which used to be owned by her mother before the action has a lis pendence, although the lis pendence is

5

incorrect, the title company cannot guarantee the transaction, and Defendants' daughter cannot sell.

This Court vehemently prejudice Defendants, this Court calculated the attorneys fees of New Jersey action, as well as the Third Circuit, and Plaintiff is filing his opposition claiming that he did not complete the amount he is looking to garnish. Plaintiff garnished about $ 350,000.00 in annuities which is not subject to attachment or execution pursuant to New Jersey law, and garnished Defendants' co-op apartment valued about $ 500,000. Thus, that is enough until this Court determine its judgment.

Plaintiff should be enjoined to lift the prejudgment remedy of New Jersey action and Defendant are willing to accept a lien on our co-op in his favor. All what we are asking the Court is to release the lis pendence on our daughter's property. Continuing the action before Ruling on Defendants' motion is unfair.

Plaintiff's opposition p. 3, footnote 2 cited this Court's Ruling dated May 30, 2004 (Order # 374), that Order included the attorneys fees of the District of New Jersey and the third Circuit, and in the same time, Plaintiff avoids to discuss the prejudgment attachment of New Jersey. Mr. Schaefer discusses the Defendant's residence value of the year 2000. First, it is vehemently prejudice to include the attorney's fees of New Jersey action and keep the New Jersey prejudgment attachment of New Jersey without enjoining Plaintiff to withdraw it. New Jersey

action established a lis pendence on our daughter's property in Edgewater, New Jersey. Our daughter became ill and offered the property at one million dollar for quick sale despite its value of one million two hundred thousand, my daughter cannot close the transaction because of that lis pendence, and pursuant to the documents Defendant provided it. New Jersey District is staying the action pending the final decision of this Court.

Second, Mr. Schaefer does not discuss the permanent injunction on Defendant business, and claiming that Defendant misunderstands the nature of the garnishment orders served in this action. Mr. Schaefer should be disbarred as an attorney. Mr. Schaefer defrauded Honorable Garfinkel and obtained from the Magistrate Orders exactly in an opposite to the Court's Order, entered on the docket on May 17, 2000. Mr. Schaefer engaged in an unauthorized communication with the Magistrate not permitted by any regulation, and induced the Magistrate to execute eight (8) Orders each one of them $ 1.6 Million prepared by attorney Schaefer, contrary to Fed. R. Civ. P. 58. The Magistrate Ordered to permit Defendants to maintain personal and business Bank accounts, and Mr. Schaefer obtained from the same Magistrate another order to garnish Bank accounts. Mr. Schafer converted the prejudgment remedy to permanent injunction, unauthorized and unknown to the District Judge, and still hiding in the back of the orders of the Magistrate.

The Honorable Court should order enjoin Plaintiff to Apply to the District Court of New Jersey to lift the lis pendence on the property owned by Defendant's daughter

By: _____                          By: _____
   Mostafa Reyad                                      Wafa Reyad
   2077 Center Ave # 22D                         2077 Center Ave # 22D
   Fort Lee, NJ 07024                                Fort Lee, NJ 07024
   Day Phone 203-325-4100                       Home Phone 201-585-0562
   Home Phone 201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511.

                                                      _____
                                                        Mostafa Reyad