UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | JUNE 10, 2004 |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
MOSTAFA REYAD'S FOURTH MOTION IN LIMINE**

    Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant Memorandum in Opposition to "Defendant Mostafa Reyad's Forth [sic] Motion in Limine" dated May 16, 2004 (Doc. #386). In this latest Motion in Limine, Defendant Mostafa Reyad moves to strike essentially all of Plaintiff's evidence admitted at the bench trial of this action held on April 6, 7 and 29, 2004. Defendant's motion in this regard is untimely, inappropriate and completely without merit. For these reasons, discussed further below, Defendant's Motion in Limine should be denied.

    Defendant makes numerous allegations of fraud and misrepresentation in his latest motion, all of which Plaintiff vigorously denies. Plaintiff briefly responds to Defendant's unfounded allegations as follows:

    1.    Plaintiff disclosed the exhibits that it intended to introduce at trial to Defendants well in advance thereof. Plaintiff provided its exhibit list to Defendants as part of the parties' Joint Trial Memorandum filed with the Court on November 18, 2003. In accordance with the Court's Trial Memorandum Order, Plaintiff provided Defendants with copies of Plaintiff's trial

1

exhibits (with the exception of documents subpoenaed from third parties to the trial of this action) on March 9, 2004.

2. As Brian Ainslie testified at the bench trial of this action, Plaintiff's Trial Exhibits 41, 42, 47, 49, 51, 53, 62, 64, 66, 68, 70, 72, 78, 80, 82, 93, 94, 95, and 96 all were documents included in the loan files provided by Federal Mortgage Company of Connecticut to IndyMac. Any attempt by Mr. Reyad to deny this fact or otherwise contradict this testimony after the close of evidence is inappropriate.[1]

3. Plaintiff denies that any of the witnesses that it intended to call at the trial of this action who previously were employed by Mr. Reyad were working as "double agents for Plaintiff and Defendant", as claimed by Mr. Reyad. To the undersigned counsel's knowledge, none of the five individuals identified in Mr. Reyad's brief are employees or agents of IndyMac. In fact, Plaintiff was unsuccessful in its attempts to locate and/or serve subpoenas upon several of these witnesses.[2]

4. Plaintiff's CUTPA claim against Mr. Reyad is not barred because Plaintiff neglected to submit a copy of the complaint in this matter to the Attorney General and the Commissioner of Consumer Protection at the commencement of this action pursuant to Conn. Gen. Stat. § 42-110g(c). Plaintiff's failure to mail a copy of the complaint to these agencies was an oversight that will be rectified immediately. However, a party's failure to do

---

[1] As Plaintiff pointed out in its Consolidated Opposition to Defendants' Post-Trial Motions dated May 14, 2004, Mr. Reyad's attempt to offer a belated explanation concerning the fraudulent documents contained in the loan files submitted to IndyMac could jeopardize Mr. Reyad's reliance at trial upon his Fifth Amendment right not to testify at trial concerning those same documents.

[2] Notably, when the marshal attempted to serve Grazyna Mruczk (a/k/a Lisa Moore), a former employee of Mr. Reyad who now works for Mr. Reyad's son, at her place of employment, the marshal initially was informed that Ms. Mruczk had not yet arrived for work that day but was expected shortly. When the marshal returned later in the day to effectuate service upon Ms. Mruczk, he was then informed that Ms. Mruczk would be out of the office on vacation all week (which was the week of the scheduled trial of this action).

844949.DOC

so does not constitute a jurisdictional defect, and may be cured at any time.  See <u>Cole v. Metropolitan Property & Liability Insurance Co.</u>, Civil No. B-83-208, 1984 U.S. Dist. LEXIS 15914, at ** 8-9  (D. Conn., June 13, 1984) (Burns, J.) ("The state Attorney General's office . . . for whose benefit Conn. Gen. Stat. § 42-110g(c) is written, takes the position that failure to comply with the subsection's provisions does not constitute a jurisdictional defect.  Moreover, the subsection provides no specific time period in which plaintiffs must notify the Attorney General.  Therefore, dismissal, for failure to mail a copy of the complaint at the time the complaint was filed, is unwarranted."); <u>Ciuffi v. Jerolman</u>, CV010449452S, 2002 Conn. Super. LEXIS 1679, at ** 17-18 (Conn. Super. Ct., May 16, 2002) (holding that counterclaim plaintiffs properly cured their failure to comply with § 42-110g(c) by mailing notice of their counterclaim to the office of the Attorney General and the Department of Consumer Protection after the conclusion of the bench trial of the action) (citing <u>Cooke's Equipment Company v. Stack</u>, 2 Conn. L. Rptr. 648 (Oct. 12, 1990); <u>Daddona v. Liberty Mobilehome, Inc.</u>, 3 CSCR 268; <u>Cole</u>, 1984 U.S. Dist. LEXIS 15914)).

5. Brian Ainslie did not commit perjury at the trial of this action.  In this regard, Plaintiff incorporates by reference its Consolidated Opposition to Defendants' Prejudgment Remedy Motions dated May 20, 2004.

6. With respect to Mr. Reyad's argument that he did not see the original copy of certain exhibits that were contained in the loan files submitted to IndyMac, the Court is aware that Plaintiff went to extraordinary efforts to obtain and overnight original loan files from its office in California in order to bring them to court on April 7, 2004.  Defendants were afforded ample opportunity to review the loan files at Court.  In fact, at Mr. Reyad's request, counsel for Plaintiff brought all the loan files back to court on April 29, 2004.  Mr. Reyad made no

3

attempt to review the files on that date. Mr. Reyad's belated attempt to challenge Plaintiff's exhibits at this stage is without merit.

As demonstrated above, Defendant Mostafa Reyad's allegations in his latest Motion in Limine are not supported by the evidence, and indeed, are not based in fact. For these reasons, Plaintiff respectfully requests that "Defendant Mostafa Reyad's Forth [sic] Motion in Limine" dated May 16, 2004 (Doc. #386) be denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By:   /s/ Rowena A. Moffett
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008

844949.DOC

## **CERTIFICATE OF SERVICE**

     This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 10th day of June, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

                                                         /s/ Rowena A. Moffett
                                            Rowena A. Moffett (ct19811)

844949.DOC