UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>      Plaintiff | **CIVIL ACTION NO.<br>3:00CV835 (CFD)** |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD<br>      Defendants | **DATE: JUNE 14, 2004** |

### DEFENDANT MOSTAFA REYAD'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S FOURTH MOTION IN LIMINE

This is Defendant Mostafa Reyad's reply to Plaintiff's opposition to Defendant's fourth motion in limine dated June 10, 2004 (Doc # 397). Plaintiff, repeats his traditional response of the last four (4) years, improperly claiming that Defendant's motion is untimely, inappropriate and completely without merit. Furtherly, Plaintiff misread CUTPA provisions and cities two (2) legal cases, and its citation of another two (2) cases, all the four (4) cases are misplaced.

Plaintiff committed perjury and fraud upon the Court during Trial Proceedings in the Court Room. Defendant's motion is timely and proper evidenced by the stipulation of this Trial transcript of April 6-7, 2004. Plaintiff's claims are CUTPA claims are voided by the operation of law; Plaintiff's claims are barred by the

1

statute of limitation and must be dismissed; Plaintiff is not entitled to provide evidence. Defendant's fourth motion in limine must be Granted as a matter of law.

Plaintiff claiming at p. 1, dening vigorously Defendant's allegation of fraud and misrepresentation. Plaintiff failed to respond to Defendant's citation of the stipulation of the Court's Transcript dated April 6-7, 2004, which shows the perjury and fraud committed in the Court Room, **see**, Memorandum of law in support of Defendant fourth motion in limine dated May 16, 2004 (Doc # 387) p.3-p.7. Plaintiff persistently refuses Defendant's request to identify the original documents at Plaintiff's attorney office or at any other place. The original exhibits will show that the documents offered by Plaintiff matching the same hand writing of IndyMac, Inc.'s underwriters by the same pen in each file, **see**, Fed. R, Evid. Rule 1002.

> To prove the content of a writing, recording, or photograph, the original writing, recording or photograph is required, except as otherwise provide in these rules or by act of congress.

Plaintiff's attorney; Mr. Schaeffer is an attorney for more than 30 years, Defendant believes that Mr. Schaeffer been in tons of trials, and original documents should be in Court. Mr. Schaeffer is fully aware about that requirement. After continuous objections to the copies provided by Plaintiff, the Honorable Court sustained Defendant's objection.

2

Tr. 4/6/04 p. 171, line 9

THE COURT: Well, this is what I'm going to do, I'm going to sustain the objection for now, but that's without prejudice, Mr. Schaeffer, to you offering these documents again further along in the trial.

Tr. 4/6/04 p. 174, line 4

THE COURT: Well, I'm going to make the same ruling on this as I did on the other documents which I'm going to sustain the objection at this time, but I'll give you a chance to move these documents again in later in the trial Mr. Schaeffer.

Mr. Ainslie did not change his statement that he did not see the original files till April 6, 2004, and all what he receive is copy files from IndyMac.

Tr. 4/6/04 p. 170, line 3; [continued direct examination by Mr. Schaeffer to Mr. Ainslie.]

Q: Mr. Ainslie, do you know where the original file is?

A: No, I do not, I believe we may have some original files at IndyMac still. I couldn't say for certain.

Mr. Ainslie testified on the stand, under oath, that he has in the Court Room, all the original files except one.

Tr. 4/7/04 P. 4 line 8; [further redirect examination by Mr. Schaeffer to Mr. Ainslie.]

Q: And were they able to locate the original file for all the files at issue?

3

A: I believe all but one.

Q: All right. And do you have those original files with you in Court?

A: Yes, I do.

Mr. Ainslie testimony is very clear, that he has with him in the Court Room, all the files except one. Mr. Ainslie the perjurer and Mr. Schaeffer the defrauder, quickly became scared from their serious misrepresentation, which constitutes crimes against United States, and changed their statement (criminals always make mistakes).

Tr. 4/7/04, P. 5. line 10

Q: Now, is _ _ how many original files do you have with you in court today?

A: You Know, I don't know off the top of my head. I think probably seven or eight.

To that extent, it appears that, Mr. Schaeffer was not expecting that answer from Mr. Ainslie, Mr. Schaeffer moved quickly to ask about the files, i.e. moving quickly away from the number of original files.

Tr. 4/7/04 p. 8 line 4

MR. SCHAEFFER: I'm sorry, one was stuck in the middle. I'm going to do three. 78, 80 and 82 are the exhibit numbers and they deal with borrower's Ortiz, Lyons and Moazed.

Q: Now, Mr. Ainslie, are those documents accurate copies of reports that are in the original credit files that you have with you in court?

A: Yes, they are

        THEN, P. 8, line 18

THE COURT: That's fine. Do we have the credit files for Lyons, Ortiz and Moazed?

MR. SCHAEFFER: Yes, we do, your Honor.

MR. REYAD: Your Honor, Exhibit Number 80 in my hand, is this the original?

MR. SCHAEFFER: That is a Xeroxed copy of the original in the credit file. Can I ask the witness just to confirm I have the right file?

THE COURT: Go ahead

Q: Do I have the right file

A: Yes

Plaintiff's exhibit number 80 was the first document offered for admission on April 7, 2004. The original document was not submitted to the Court, nor shown to Defendant. Mr. Ainslie perjured and Mr. Schaeffer defrauded upon the Court. To this extent Defendant is not invoking Fed. R. Civ. P. 60 (b)(3) (intrinsic fraud), because no judgment has issued, but only citing the rule and its intended meaning. Plaintiff is hindering the original documents, which will prove that Plaintiff committed the forgery. Defendant continued his objections, and explained to the Court, that these forged documents impossible to be in the files provided by his company.

Mr. Ainslie testified that he has in Court the original file for Ortiz, and testified before at Plaintiff's exhibit # 40A that Ortiz loan was sold to a third party, and

5

according to the testimony of Mr. Ainslie, the file will go with the loan when it is sold. Mr. Ainslie either perjured his testimony on April 7, 2004, and he did not have the Ortiz file in Court, or perjured his testimony on April 6, 2004 that the Ortiz loan was sold, or perjured both, and the Ortiz file was not sold and he is claiming damages never exist, and he did not has the file in Court. This is evidence of perjury. Mr. Ainslie is a perjurer and all his testimony should be stricken.

Plaintiff at p. 2 stating that, Defendant could jeopardize reliance of the Fifth Amendment right. Defendant is ready to testify for Plaintiff's forgery on the stand. It is a big sham, that Plaintiff's counsel is fully aware and denies, Defendant's statement (Doc # 387) p. 2 [four (4) out of these five (5) new witnesses are working correspondents to IndyMac, Inc., since the inception of this action to the present time]. These names are:

1. Zeba Mohib          2. Ayesha Malik
3. Robert Goeller III  4. Tharwat Elakhrass (a/k/a Tom Akrass)

The first three (3) are the principles of "Allied Mortgage Co. LLC" out of Norwalk, Connecticut. The fourth is the principal of "Adams Brothers, Inc." out of Paramus, New Jersey. Plaintiff's attorney should check these names again with his client, and no need to deny, on the basis that IndyMac contracting with the four (4) individuals under business names.

Plaintiff at p. 2 stating "Plaintiff's failure to mail a copy of the complaint to these agencies was an oversight that will be rectified immediately." Plaintiff's argument

6

is vague, and Plaintiff is fully aware that his suggested rectification is improper and contrary to the law. First, it was not oversight as Plaintiff's claim, because Plaintiff's attorney refused to do that on August 14, 2001 despite the request of Defendant on a telephone call to Plaintiff attorney's office and conversation conducted between Defendant and attorney Carolyn W. Kone, Defendant remember that date because it was the immediate date before Defendant received by mail this Court's Ruling (Order # 150). Second, Plaintiff is aware that neither agency will look to it, for the expiration of the statute of limitation. The limitation of the three years was amended to Connecticut General Statutes in 1995. It stipulates as follows:

**Connecticut General Statutes, Chapter 735a**
**UNFAIR TRADE PRACTICES**

**Sec. 42-110 g(c)**

(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General and the Commissioner of Consumer Protection and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the Attorney General and the Commissioner of Consumer Protection.

**Sec. 42-110 (g)(f)**

(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter.

**See**, also 42-110 (g)(c): cited. 42CS198,201, and **see** 42-110 (g)(f): Cited. 202 C. 234, 244. Section has no alternative provision for suit within certain time following discovery of violation. 207 C. 204-206. 208. 209, 212-214, 216-217. Cited. 219

C. 644, 645, 653, 654. Cited. 232 C. 527,531,532,535. Calculation of statute of limitation period. 245 C.1.

Cited. 27 CA 59,71. Cited. 33 CA 702, 713. Three-year limitation is jurisdictional. 50 CA 688.

Plaintiff at p. 3 cites **Metropolitan Property & Liability Insurance Co**. (D. Conn. June 13, 1984) (Burns. J) (Moreover the subsection provides no specific time period in which Plaintiffs must notify the Attorney General). Plaintiff's citation is correct in 1984, but it is incorrect in 1995 after subsection 42-110(g) was amended at(f), and the three-year limitation became jurisdictional. Furtherly, Plaintiff cited **Ciuffi v. Jerolman**, initiated in the year 2002 and decided on 2002; it allowed mailing the notice to the office of the Attorney General and the Department of Consumer Protection after the conclusion of the bench trial of the action. **Ciuffi** Court decision was within the three-year jurisdictional limit. The instant action is a complaint for alleged violations occurred between March 10-April 19, 2000.     Pursuant to 42-110(g)(f). The three-year jurisdictional limitation expired on April 19, 2003, and cannot be rectified as Plaintiff asserting. Plaintiff's claims are voided by the operation of law and must be dismissed as a matter of law.

Defendant's instant reply is analogous to **Clemens v. American Warranty Corp**. (1987) 193 Cal. App. 3d 444 [238 Cal. Rptr. 339]; ([3c] following the trial court's proper granting of respondent's motions in limine, which on the record amounted

8

to the sustaining of an objection to all evidence due to Clemens's failure to state any cause of action, dismissal was not prejudicial) **Id**. 452-453.

Defendant met his burden, and demonstrated facts and law, Defendant fourth motion in limine should be Granted, as a matter of law.

The Defendant
Mostafa Reyad

By:_____
  Mostafa Reyad
  2077 Center Ave # 22D
  Fort Lee, NJ 07024
  Day Phone 203-325-4100

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he mailed a true and correct copy of this document

to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 0651 and

Hand delivered to Wafa Reyad.

_____
                                        Mostafa Reyad