UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                        Plaintiff                     **CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                    Defendants

                                             **DATE: JUNE 18, 2004**
_____

**DEFENDANT'S REPLY TO PLAINTIFF OPPOSITION TO DEFENDANTS'
MOTION TO REOPEN TRIAL**

Defendant Mostafa Reyad hereby respectfully submits his reply to Plaintiff's opposition to Defendants' motion to reopen trial dated June 14, 2004 (Doc # 398). Plaintiff's attorneys are so good to draw the attention of every one to the matter they like, and if attorneys do that legitimately, they are great attorneys, but if they do it illegitimately, they should be punished severely. Mr. Schaeffer acted in a way Defendant unable to describe, and he was successful, he impressed the Court and Defendant that he has all original files except one. Mr. Schaeffer handed the Court three (3) files; three (3) original files, but none of the three (3) files has any original exhibit, Mr. Schaeffer handed the Court parts of files, excluding the original exhibits out of them. Mr. Schaeffer did not show any original exhibit to the Court or to Defendant. Mr. Schaeffer collaborated with the perjurer Mr. Ainslie, and was successful in committing fraud upon the Court, **see**

1

Tr. 4/7/04 p. 8 line 14

THE COURT: Mr. Reyad, do you have any objection to 78,80 and 82?

MR. REYAD:  I just want to look through the file for a second whether I recognize it or not.

THE COURT:  That's fine. Do we have the credit files for Lyons, Ortiz and Moazed?

MR. SCHAEFFER: Yes, we do, your honor

MR. REYAD:  Your honor, Exhibit Number 80 in my hand, is this the original?

MR. SCHAEFFER: That is a Xeroxed copy of the original in the credit file.

Can I ask the witness just to confirm I have the right file?

THE COURT:  Go ahead

Q: Do I have the right file?

A: Yes


The above show clearly that neither the Court, nor Defendant identified Plaintiff's exhibit number 80, and by reading the whole transcript, it indicates, that, the only person identified Plaintiff's exhibits is the perjurer Mr. Ainslie. Defendant continuous objection to Plaintiff's exhibits, and continuous request to see the originals; the Court sustained, but Mr. Schaeffer crossed that. Mr. Schaeffer and Ms. Moffett insisting not to show the original exhibits to Defendant, and incorrectly stating that Defendant was offered ample opportunity to review the original loan files. Defendant believes that 10-15 seconds to review file never can be explained as ample opportunity.

2

Now, moving to the Federal Rules of Evidence, Rule 901(a) and (b)(3), [comparison by trier or expert witness. Comparison by the trier of fact or by expert witness with specimens which have been authenticated]. During Trial April 6-7 and 29, 2004 Not a single document original was authenticated. The Court did not see an original and its copy for any exhibit whatsoever, and Defendant is the same. Plaintiff insisting not to be identified by Defendant. Defendant stating that he will provide the evidence of Plaintiff's forgery by comparison with other documents in each file, Plaintiff refused.

**See**, Plaintiff's exhibit # 70; Silva, which has the stamp of Peoples Bank, p. 1 and p. 2 at the lower left corner, it reads Genesis 2000, Inc. Defendant admits that Mostafa Reyad & Companies use these forms, and that software was equipped on all computers, and **see** Plaintiff's exhibit # 72, p. 1 and p. 2 reads at the lower left corner CYLYX, this form never developed from Defendant's operation. Now the question who developed it, provided that this form was not needed to be in the file.

Mr. Schaeffer and Mr. Ainslie are very careful persons, none of them identify by name who handed the files, except IndyMac. At the time this action commenced, public records show that IndyMac, Inc. employs about 1,400 persons. Plaintiff's exhibit # 72 was printed in a third party company. The original file will determine who is that third party if it is not IndyMac, Inc. Mr. Ainslie testified that all his determinations were from copy files, **see**

3

Tr. 4/6/04 p. 169 line 4

THE COURT: And how did you get the chance to look at the credit files and determine that these documents were in there, in the IndyMac credit files?

THE WITNESS: I received copies of these files from IndyMac.

Mr. Ainslie made it clear that, he did not see the original files for the last four (4) years. These files were with the dismissed Plaintiff for four (4) years, IndyMac deleted and added documents, similar to Plaintiff's exhibit # 72, and when they used Genesis, it became hard to recognize their forgery except from the original document. Simply put, Mr. Ainslie testifies from a hearsay document, it is inadmissible evidence.

**See**, Fed. R. Evid, Rule 1002 Requirement of Original, and **see** also Rule 902 (8) Acknowledged documents, and furtherly **see**

Tr. 4/7/04 p. 30 line 17

MR. SCHAEFFER: Your Honor, the file was copies earlier in this lawsuit when the law suit initiated by employees of IndyMac with _ _ under the direction to provide their counsel with a complete copy of each credit file that they had. And those _ _ we have those in court, Your Honor. And _ _ one moment.

Mr. Schaeffer admits that copy files were produced per the instruction of IndyMac's counsel. Counsel should be aware as well as all management personnel in any mortgage operation, that every copy should be certified by the

4

person who made the copies, stamped a certified true copy signed and dated, in case of complete file the stamp should be on the outside cover. Attorneys are aware that in Court, they must bring originals pursuant to the Rules of Evidence or acknowledged copies with a notary seal. There is no excuse for the Rules.

Plaintiff false claims alleged forgery, Rules of Evidence mandates authentication and identification as a condition precedent to admissibility, Rule 901 (a). The transcript shows that, the Honorable Judge did not make the comparison for any original and its copy. Rule 901 (b)(3) [Comparison by trier or expert witness]; Mr. Ainslie is not an expert witness to testify for credit files, witness stated that he occasionally underwrote mortgage loans, **see**,

Tr. 4/7/04 p. 13 line 3 [BY MR. REYAD]

Q: Mr. Ainslie, today you said that you worked in underwriting, did I understand that right?

A: Today I do not work in underwriting.

Q: No. In the past ten years, did you work in underwriting?

A: In the past ten years I had occasion to underwrite mortgage loans for IndyMac.

Q: You work, how long is that?

A:  That was probably a period of about six months.

Mr. Ainslie testimony includes two (2) words, the first "OCCASION", and the second "PROBABLY", is enough to eliminate his description as an expert witness for the mortgage files, and the Court should strike his testimony in this regard.

Mr. Ainslie's all testimony should be stricken as a matter of evidence. Defendant requested for more than three years referring Mr. Ainslie for perjury charges committed in his declaration filed on May 8, 2000 (Doc # 7), and **see**, Mr. Schaeffer response; Tr. P. 145-150, specifically **see**

Tr. 4/7/04 p. 150, line 1 [MR. SCHAEFFER]
And this is within _ _ I believe this affidavit was filed with the prejudgment _ _ the request to the court. And I'm not sure, but was it on original papers?

Mr. Schaeffer defends the perjury of Mr. Ainslie, and stating he is not sure "was it on original papers?". Mr. Schaeffer used the perjured affidavit of Mr. Ainslie and obtained $ 18.5 million in garnishment orders from "Two District Courts", and now, he is not sure.

Plaintiff's opposition at p. 2 stating that Mr. Ainslie received from IndyMac the original loan files for, **inter alia**, borrowers,

1. Moazed        2. Ortiz         3. Lyons
4. Nyakana       5. Antoine       6. Perez
7. Zyblut

6

Plaintiff's reservation by using the term "inter alia", and not specifying it in detail in Trial Proceeding is improper. Plaintiff's refusal to Defendant to review the forged documents, is an evidence against Plaintiff, has only one explanation "IT IS OBESTRUCTION OF JUSTICE". It may be, or may be not, that Plaintiff destroyed the evidence.

Nevertheless, Plaintiff's opposition showing additional evidence of perjury and fraud. They admit that they brought to the Court on April 7, 2004 the seven (7) named files above.

1. Number 2 & 6 above; Ortiz and Perez

    Plaintiff's exhibit # 40A testified by Mr. Ainslie that the two (2) mortgage loans of Ortiz and Perez had been sold to a third party, and original files go with the loans. Either the two (2) loans were not sold, and the two (2) loans were refinanced and no losses, or Plaintiff did not have on April 7, 2004 the original files for Ortiz and Perez, and no more.

2. The files marked for identification on April 6, 2004, **see**,

    Tr. 4/6/04 p. 187, are for the following borrowers

    1. Ortiz           2. Lyon          3. Moazed

    4. Flores          5. McEnroe       6. Kirby

    7. Clement         8. Perez         9. Silva

    10. Zuiewski

Thus only the four (4) names above 1,2,3 and 8 out of the ten (10) names match Plaintiff's statement p. 2. regarding the said seven (7) loans allegedly maintained by Plaintiff. Thus Plaintiff's witness Mr. Ainslie statement's is false [*he stated all but one*], even so, Neither the Court nor Defendant saw the documents.

2. The file number 5 above "Antoine", Plaintiff's exhibit # 39 and Plaintiff's exhibit # 32 shows "No findings", and was not among the ten files offered on 4/6/04.

3. Plaintiff's opposition p. 2 stating Calderon (exhibit # 93), and Plaintiff's exhibit # 39 show the statement (we do not have a credit package for this loan), accordingly who is the third party provided that appraisal, if Plaintiff does not have the credit package?

**CONCLUSION**

Mr. Ainslie perjured his statement that he has with him all files except one. Mr. Ainslie lied on the stand that the copied exhibits are true copies of the originals. Mr. Schaeffer collaborated with him and committed fraud upon the Court during Trial Proceedings. Plaintiff committed the crime of obstruction of justice, either by hindering evidence or destroying evidence. It is only this Court decision whatever deem proper for these criminal conduct. The Court should verify the evidence and the truth of the parties. In jury trial the court may permit jurors to a second

review of evidence, here in this action for the interest of justice, the Court should Order Plaintiff to show his evidence, which Plaintiff did not disclose it in the Trial.

The Defendant
Mostafa Reyad

By:_____
  Mostafa Reyad
  2077 Center Ave # 22D
  Fort Lee, NJ 07024
  Day Phone 203-325-4100

### CERTIFICATE OF SERVICE

The undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 0651 and Hand delivered to Wafa Reyad.

_____
            Mostafa Reyad