UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:00CV835(CFD) |
| v. | : |
| MOSTAFA REYAD and WAFA REYAD, | : JUNE 16, 2004 |
| Defendants. | : |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT
### MOSTAFA REYAD'S FOURTH MOTION IN LIMINE

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant sur-reply in opposition to Defendant Mostafa Reyad's Fourth Motion in Limine dated May 16, 2004 (Doc. #386), to address Defendant's incorrect citation of law in his reply memorandum dated June 14, 2004 (Doc. #399). In his reply memorandum, Mr. Reyad attempts to distinguish the authority cited by Plaintiff in its opposition memorandum dated June 10, 2004 (Doc. #397), with respect to the requirement set forth in Conn. Gen. Stat. § 42-110g(c) that a plaintiff mail to the Attorney General and the Commissioner of Consumer Protection a copy of the complaint in any action alleging a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Defendant argues that Judge Burns' decision in <u>Cole v. Metropolitan Property & Liability Insurance Co.</u>, Case No. B-83-208, 1984 U.S. Dist. LEXIS 15914 (D. Conn. June 13, 1984), in which the Court concluded that failure to comply with the provisions of § 42-110g(c) does not constitute a jurisdictional defect and the subsection provides no specific time period in which plaintiffs must notify the Attorney General of a CUTPA claim, is no longer applicable due to an amendment in 1995 purportedly affecting the statute of limitations applicable to CUTPA claims. To the contrary, at the time of Judge Burns' decision, § 42-110g(f) already included a three year statute of limitations. <u>See</u> Historical Notes to Conn. Gen. Stat. § 42-

854603.DOC

110g, P.A. 75-618 (attached hereto) (indicating, *inter alia*, that subsection (f) of the statute was amended in 1975 to require that actions be brought within three, rather than two, years).[1] Indeed, in the Cole decision, the Court denied a motion to dismiss, claiming that the plaintiff had failed to mail a copy of the complaint to the Attorney General in accordance with 42-110g(c), after the statute of limitations had expired. See Cole, 1984 U.S. Dist. LEXIS 15914, at **1-2, 8-9 (denying in June 1984 defendant's motion to dismiss CUTPA claim alleging insurance company's unfair refusal to arbitrate before February 1981).  Thus, Plaintiff submits that the Cole decision is directly on point, remains applicable, and, together with the other arguments and authority cited in Plaintiff's Opposition to Defendant's Fourth Motion in Limine dated June 10, 2004, provides ample support for the denial of Defendant's motion.

> PLAINTIFF INDYMAC BANK, F.S.B.
>
> By: _____
> Rowena A. Moffett (ct19811)
> BRENNER, SALTZMAN & WALLMAN LLP
> Their Attorneys
> 271 Whitney Avenue
> P.O. Box 1746
> New Haven, CT  06507-1746
> Tel. (203) 772-2600
> Fax. (203) 772-4008

---

[1] The amendment in 1995 to which Defendant refers in his reply memorandum required the plaintiff to mail a copy of the complaint and any judgment or decree to the Commissioner of Consumer Protection, in addition to the Attorney General. See Historical Notes to Conn. Gen. Stat. § 42-110g, P.A. 95-123.

854603.DOC

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 16th day of June, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024

_____
Rowena A. Moffett (ct19811)

*Conn. Gen. Stat. § 42-110g*

LEXISNEXIS (TM) CONNECTICUT ANNOTATED STATUTES

\* THIS DOCUMENT IS CURRENT THROUGH THE JAN. 6, 2003 SPECIAL SESSION \*

TITLE 42. BUSINESS, SELLING, TRADING AND COLLECTION PRACTICES
CHAPTER 735a UNFAIR TRADE PRACTICES

### ♦ GO TO CONNECTICUT STATUTES ARCHIVE DIRECTORY

Conn. Gen. Stat. § 42-110g (2003)

§ 42-110g. Action for damages. Class actions. Costs and fees. Equitable relief. Jury trial.

(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages.

(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General and the Commissioner of Consumer Protection and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the Attorney General and the Commissioner of Consumer Protection.

(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief.

(e) Any final order issued by the Department of Consumer Protection and any permanent injunction, final judgment or final order of the court made under section 42-110d, 42-110m, 42-110o or 42-110p shall be prima facie evidence in an action brought under this section that the respondent or defendant used or employed a method, act or practice prohibited by section 42-110b, provided this section shall not apply to consent orders or judgments entered before any testimony has been taken.

(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter.

(g) In any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorneys' fees and injunctive or other equitable relief under

subsection (d) of this section.

**HISTORY:** (P.A. 73-615, S. 7, 16; P.A. 74-183, S. 174, 291; P.A. 75-618, S. 5, 11; P.A. 76-303, S. 3, 4; P.A. 78-280, S. 2, 127; 78-346, S. 2; P.A. 79-210, S. 1; P.A. 84-468, S. 2, 10; P.A. 95-123, S. 1, 3.)

**NOTES:**

Notes supplied by the State of Connecticut

P.A. 74-183 deleted reference to bringing action in circuit court in Subsec. (a); P.A. 75-618 rephrased Subsec. (a), rephrased Subsec. (d) re class actions, replacing proviso which had stated that in class action where there is monetary recovery on behalf of class attorney fees are to be awarded out of the recovery, required that action be brought within three, rather than two, years in Subsec. (f) and deleted Subsec. (g) re notice to supplier as requirement for bringing action; P.A. 76-303 specified that costs and attorney fees may be awarded the plaintiff where previously award could be made "to either party"; P.A. 78-280 replaced "county" with "judicial district" in Subsec. (a); P.A. 78-346 specified applicability of provisions to person who "rents or leases property"; P.A. 79-210 rephrased provision re applicability in Subsec. (a) and substituted "plaintiff or defendant" for "seller or lessor", required that plaintiff rather than clerk of court mail copy of complaint in Subsec. (c), added "in lieu of damages" in Subsec. (d) and added reference to Secs. 42-110m, 42-110o and 42-110p and "defendant" in Subsec. (e); P.A. 84-468 provided that no proof of public interest or injury is required in an action brought under this section and that such action be brought pursuant to rules established by the judges of the superior court rather than pursuant to Sec. 42-110h; P.A. 95-123 amended Subsec. (c) to require the plaintiff to mail a copy of the complaint and any judgment or decree to the Commissioner of Consumer Protection and added Subsec. (g) re a right to a jury trial, effective October 1, 1995, and applicable to all actions pending on said date except actions that were assigned for trial prior to said date.