UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
      Plaintiff      **CIVIL ACTION NO.**
                **3:00CV835 (CFD)**

    V.

MOSTAFA REYAD AND WAFA REYAD
      Defendants
                **DATE: JUNE 21, 2004**
_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUR-REPLY TO DEFENDANT MOSTAFA REYAD'S FOURTH MOTION IN LIMINE**

This is Defendant Mostafa Reyad's memorandum of law in opposition to Plaintiff's cross-motion labeled Plaintiff's sur-reply to Defendant Mostafa Reyad's Fourth motion in limine dated June 16, 2004 (Doc # 401). Plaintiff attacks Defendant's reply dated June 14, 2004 (Doc # 399), at p. 8 Defendant incorrectly states that Plaintiff's citation is correct in 1984, but it is incorrect in 1995 after subsection 42-110(g) was amended at (f), and the three-year limitation became jurisdictional. Plaintiff attached to its sur-reply a printed subsection 42-110(g) and its Historical notes indicating that the three-year limitation is jurisdictional since 1975. Defendant apologizes to the Court and to Plaintiff for his error of part of his statement related to 1984 and 1995. Defendant again apologizes and criticizes Attorney Moffett who is an officer of the Court for her failure to review the cases

1

cited by Defendant in his reply which makes it clear that the other part of Defendant's statement, that the three-year limitation of CUTPA is jurisdictional pursuant to C.G. Stat. 42-110 (g)(f), and subsection 42-110 (g)(c) mandates that a private Plaintiff mail a copy of his complaint and judgment to the Attorney General, must be within the jurisdictional limitation of three-years.

Plaintiff's reliance on **Cole** is absolutely misplaced, because there was no reference when plaintiff mailed his complaint to the Attorney General, was it in the period of the three-year limitation?; Honorable Burns only cited 42-110 (g)(c), and did not cite 42-110 (g)(f) which is the jurisdictional limitation. Sen. J. Burns did not foreclose on the subsection (f), Honorable Burns can declare any provision of law unconstitutional, but her Honor did not. Ms. Moffett did not act as an officer of the Court to review the cases cited by Defendant, and if she did, Ms. Moffett will not file the sur-reply.

Defendant's part of incorrect assert does not obviate his citation of Connecticut case laws p. 7-8 related to 42-110 (g)(c) and 42-110 (g)(f). Plaintiff's attorney who is licensed in this State did not even bother to review these cases. Plaintiff's sur-reply should be complete professional memorandum of law.

Plaintiff's failure to review the cases cited by Defendant in his reply is a ground to strike Plaintiff's sur-reply. Nevertheless, Defendant reiterate all the authorities cited in Defendant's reply dated June 14, 2004 (Doc # 399) p. 7-8., however,

Defendant pro se who is living on no recourses, caused by the total of prejudgment garnishments in the amount of $ 18.5 million, arguing Plaintiff's attorney to read these cases to deliver correct legal response, Attorney Moffett improper relied on **Cole**, and in her opinion stated at p. 2 (Cole decision is directly on point), Because H. Burns cited at **[*9]** (abstention urged by Connecticut Attorney General at a time when CUTPA had never been interpreted by the Connecticut Supreme Court and rarely by the lower state courts). **Cole** decided in 1984, thereafter Connecticut Supreme Court, Appellate Court and Superior Courts issued several decisions. Simply put, **Cole** had been overruled several times and, it is not persuasive any more, **Cole** case is misplaced **see,** all cases cited at Defendant's reply attached hereto in addition to Cole case.

**See**, Atlantic Richfield Company v. Canaan Oil Company, et al, 1987. CT. 7828-202 CONN. 234, 520 A. 2D 1008- Docket No. (s) 11761 decided February 3, 1987 Supreme Court of Connecticut., attached hereto (12 pages) at p. 1 of 12 No. [11]

> 3. The trial court did not err in limiting the jury's consideration of W Co.'s CUTPA claims to act which occurred within three years of the filing of the counterclaim, the period of limitation prescribed by statute (42-110 g[f]) for CUTPA claims is three years.

**See**, also p. 7 of 12 No. [37]

> Our review of the trial transcripts indicates that, in response to the plaintiff's special defense, the court imposed the June 1, 1976 cut off date referred to by the defendant only with respect to its CUTPA claim. Because General Statutes 42-110 (g)(f) prescribes a three year limitation upon actions claiming a violation of CUTPA, the defendant's reliance on any other statute of limitations is unfounded.

3

Plaintiff admits that he mailed his complaint on June 17, 2004 **see**, Certificate of mailing (Doc # 402) attached hereto. Plaintiff's cutoff date to comply with CUTPA to mail copy of the complaint is April 20, 2003, voided his CUTPA claims, Plaintiff's claims must be dismissed as a matter of law. Defendant's fourth motion in imine dated June 14, 2004 (Doc # 399) should be Granted.

Moreover, Plaintiff failed to respond to Defendant's invoking Cal. C. Civ. Proc. 583.420 (a)(2)(A), Plaintiff failed to prosecute Defendant within the three-year mandated by California law, Plaintiff did not disclose his alleged evidence for more than three (3) years and accordingly Plaintiff is not entitle to provide evidence as a matter of law, **see**, Black's Law Dictionary.

Prosecute
To follow up; to carry on an action or other judicial proceeding; to proceed against a person criminally. To "prosecute" an action is not merely to commence it, but includes following it to an ultimate conclusion.

In the instant action Plaintiff completely refused to disclose his alleged evidence to Defendant, and waited more than three years to surprise Defendant at Trial, is failure to prosecute within the prescribed time limitation of California law obligates this Court to dismiss Plaintiff's entire complaint as a matter of law.

Finally, Plaintiff is not entitled to provide evidence and Plaintiff's entire amended complaint should be dismissed as a matter of law.

4

The Defendant
Mostafa Reyad

By:_____
Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone 203-325-4100

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 0651 and Hand delivered to Wafa Reyad.

_____
Mostafa Reyad

5