UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MOSTAFA REYAD and WAFA REYAD, <br><br> Defendants. | CIVIL ACTION NO.<br>3:00CV835(CFD)<br><br><br>JUNE 25, 2004 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENJOIN PLAINTIFF TO RELEASE LIS PENDENS

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to "Defendants' Expedited Motion to Enjoin Plaintiff to Release Lis Pendence [sic] off Defendants' Daughter's Real Estate Property" dated May 25, 2004 (Doc. # 395). Defendants request that this Court order Plaintiff to release the lis pendens recorded with the Clerk of the Court for Bergen County, New Jersey, with respect to property located in Edgewater, New Jersey (the "New Jersey Property"). Defendants recognize that the lis pendens was authorized by the United States District Court for the District of New Jersey on May 12, 2000, as part of the pre-judgment remedies ordered by that Court in the action between Plaintiff and Defendants pending in the District of New Jersey (the "New Jersey Action").

By way of background for the instant motion, Mr. and Mrs. Reyad submitted a financial affidavit to IndyMac dated February 4, 2000, in which they indicated that Mrs. Reyad owned the New Jersey Property, and that its fair market value as of that date was $300,000. See Pl.'s Trial Exhibit 28. When IndyMac (represented by separate New Jersey counsel) instituted the New Jersey Action on May 9, 2000, Mrs. Reyad was still the record owner of the New Jersey Property, and IndyMac requested permission to file a lis pendens on the

853660.DOC

Property, as well as a preliminary injunction prohibiting Defendants from transferring, encumbering or otherwise disposing of any assets during the pendency of the New Jersey Action.[1] IndyMac's request was granted, and on May 18, 2000, IndyMac caused to be recorded with the County Clerk of Bergin County a lis pendens with respect to the New Jersey Property. Unbeknownst to IndyMac at the time the lis pendens was recorded, Mrs. Reyad had executed a deed transferring her interest in the New Jersey Property to her daughter, Dina R. Abousabe, on May 2, 2000, just days before the New Jersey Action was initiated. Said deed was not recorded on the Bergin County land records until after the New Jersey Action was initiated, on May 12, 2000.

Now, following the trial of this action, Defendants have moved this Court to order Plaintiff to release the lis pendens ordered in the New Jersey Action, claiming that the New Jersey Property is valued at $1.2 million dollars and that Ms. Abousabe has entered into a contract for the quick sale of the Property for $1 million dollars, but the transaction is unable to close due to the presence of the lis pendens. Plaintiff only recently became aware of the above described transfer of property from Wafa Reyad to her daughter, and is in the process of investigating this issue further.[2] In any event, Plaintiff maintains that the lis pendens is appropriate, and Defendants have offered no justifiable reason for this Court to afford Defendants the extraordinary remedy of issuing a mandatory injunction requiring IndyMac to release the lis pendens ordered in the New Jersey Action.

---

[1] IndyMac represented to the New Jersey Court in its motion papers that it did not seek attachment of the New Jersey Property because the filing of a lis pendens in concert with a preliminary injunction would achieve the same effect of prohibiting the Defendants' transfer or encumbrance of that asset.

[2] The undersigned counsel for Plaintiff also has been discussing with Mr. Reyad the possibility of resolving this issue without the need for judicial involvement. Plaintiff delayed filing the instant opposition memorandum in light of these discussions. However, as the parties have not as of yet been able to reach an agreement, Plaintiff submits the instant memorandum, and respectfully requests that the Court accept this memorandum one week late, due to the parties' aforementioned negotiations.

853660.DOC

For these reasons, Plaintiff respectfully requests that "Defendants' Expedited Motion to Enjoin Plaintiff to Release Lis Pendence [sic] off Defendants' Daughter's Real Estate Property" dated May 25, 2004 (Doc. # 395) be denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Fax. (203) 772-4008

853660.DOC

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 25th day of June, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024

_____
Rowena A. Moffett (ct19811)

853660.DOC