UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**DATE: JUNE 30, 2004**

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENJOIN PLAINTIFF TO RELEASE LIS PENDENCE

This is Defendant Mostafa Reyad's reply to Plaintiff's opposition to Defendants' motion to enjoin Plaintiff to release lis pendence dated June 25, 2004 (Doc # 404). Plaintiff's opposition is untimely. Plaintiff's opposition was due on June 17, 2004, **see**, this action docket sheet. Plaintiff's statement p. 2 footnote 2 lacks veracity, unethical and sanctionable. Plaintiff's stated that the parties have not as of yet been able to reach an agreement, is a false statement, the parties never discussed or agreed for any extension of time. Attorney Moffett incorrectly informed Defendant that the attorney who made the lis pendence is not any more with the law firm who recorded the lis pendence. Defendant thereafter called the law firm and verified that the attorney who recorded the lis pendence, Robert

1

Brundige, Jr. is an active senior partner. Defendant call attorney Moffett again and she did not return the telephone message for several days. Attorney Moffett requested from Defendant to agree for a lien on his residence for Connecticut action, Defendant agreed and furtherly she told Defendant on June 10, 2004 that she will prepare a stipulation to be submitted to Honorable Droney, and on June 24, 2004 she informed Defendant about 4:00 p.m. that she will file an opposition, furtherly she told Defendant "You can file your objection". Plaintiff's opposition is untimely in additional that Defendant's daughter is not party a party to this action and Defendants' motion to enjoin Plaintiff to release the lis pendence off Defendants' Daughter's real estate property dated May 25, 2004 (Doc # 395) should be Granted as a matter of law pursuant to this District Rules of Court, and Plaintiff must be Ordered to release the lis pendence off the property owned by Defendant daughter.

In addition to untimely response, the subject lis pendence's property is owned by my daughter prior to the action. Plaintiff admitted in "Plaintiff consolidated opposition to Defendants' prejudgment remedy dated May 20, 2004 (Doc # 389) p. 3 (The only other asset that IndyMac has attached pursuant to the prejudgment remedy in the New Jersey action is a cooperative apartment in Fort Lee). Thus Plaintiff is aware that the property owned by my daughter.

Plaintiff abused the process and obtained a total of $ 18.5 million in attachment and garnishments. Plaintiff admits that New Jersey action is duplicate. The

District of New Jersey and the Third Circuit affirmed that New Jersey action is stayed pending final resolution in this Court. Plaintiff repeatedly stating that this Court has no jurisdiction on New Jersey action. Defendant respond that this Court has the power to enjoin Plaintiff, Plaintiff avoids to answer, **see**, **Malley v. Board of Education** attached hereto, and its citation; In **Re Martin-Trigona** 737 F. 2d 1254, 1261 (2nd Cir. 1984); (injunction is appropriate where plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . . proceedings"). **Malley** Court is analogous, their plaintiff filed in New York and New Jersey, in the instant action Plaintiff filed in Connecticut and New Jersey. The District of New Jersey delivered its jurisdiction to this Court, and this Court accepted that and Ordered Plaintiff to file a motion to reduce the prejudgment remedy. This Court vehemently prejudiced Defendants and did not Order Plaintiff to apply to the District of New Jersey to modify or lift the attachments which exceeds the reduced prejudgment remedy.

Plaintiff who is fully aware and verified that Defendants daughter is in the hospital for more than three (3) months, stating at p. 2 "Defendants have offered no justifiable reason for this Court to afford Defendants the extraordinary remedy of issuing a mandatory injunction." Plaintiff is fully aware that the property owned by their daughter prior to the action. Is there anything other than intimidation to Defendants' daughter contained in Plaintiff's opposition who is not party of this action?

Plaintiff's attorney is continued to frustrate the Court, at p. 1 "Mr. And Mrs. Reyad submitted a financial affidavit to IndyMac dated February 4, 2000", Plaintiff's statement is wrong and misplaced. First Plaintiff's exhibit # 28 is inadmissible evidence, because IndyMac, Inc. has been dismissed by this Court Order dated August 10, 2001 (Order # 150) and is precluded by the application of res judicata "The same transaction or connected series of the same transaction". Second, personal financial statement is not an affidavit. Third, the present market value at the year 2000 was correctly listed at $ 650,000 at page 3 of 3, and not $ 300,000 as Plaintiff stating, and on May 9, 2000 Dina R. Abousabe was the owner.

Simply put, Plaintiff's opposition is contrary to the law, Plaintiff abused the process, and involving Defendant's daughter who is not party to this action, and Plaintiff's attorney lying to the Court, that the parties did not reach agreement, only to damage Defendant's daughter, violating the Constitutional right of equal protection of law. Defendant's motion should be Granted as a matter of law.

4

    The Defendant
    Mostafa Reyad

By:_____
    Mostafa Reyad
    2077 Center Ave # 22D
    Fort Lee, NJ 07024
    Day Phone 203-325-4100

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 0651 and Hand delivered to Wafa Reyad.

                                _____
                                Mostafa Reyad