UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00CV835(CFD) |
| v. : | |
| : | |
| MOSTAFA REYAD and WAFA REYAD, : | JULY 6, 2004 |
| : | |
| Defendants. : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO CORRECT THE RECORDS

Plaintiff, IndyMac F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to "Defendant's Motion to Correct the Records" dated June 30, 2004 (Doc. #406). In what is now the sixth motion filed by the Defendants since the conclusion of the bench trial of this action on April 29, 2004,[1] Defendant Mostafa Reyad requests that the Court order the Clerk's office to modify the docket sheet entries dated 5/17/2000, 6/6/2000 and 6/19/2000 to reflect a prejudgment remedy ordered in this case in the total amount of $12.8 million dollars. Defendants request in this regard is unnecessary and factually inaccurate.

As was made clear in the Court's May 17, 2000 Ruling and Order on IndyMac's Motion for Prejudgment Remedy, the Court (Garfinkel, M.J.) ordered a prejudgment

---

[1] Defendants' continued frivolous motion practice, even after the conclusion of the bench trial of this action, places an undue burden on the Court and imposes needless expense upon Plaintiff. Plaintiff respectfully suggests that the Defendants should be enjoined from filing further motions absent leave of court. See In Re: Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (confirming that injunction is appropriate to protect the public, including other litigants, where party "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings", and noting that assessment of costs and legal fees against abusive party may be fruitless in light of limited financial means of litigant and also may even be counterproductive in that such an assessment would lead to yet further protracted litigation) (internal quotation marks and citations omitted).

1

remedy in this action in the <u>total</u> amount of $1.6 million dollars against each of the Defendants—not $12.8 million dollars, as claimed by Mr. Reyad in his latest motion. The docket sheet accurately reflects that the Court issued several writs of garnishment in connection with its May 17, 2000 Ruling and Order. <u>See</u> Writs of Garnishment dated 5/17/00, 6/6/00, 6/19/00.[2]

Thus, the docket sheet for this action accurately reflects the proceedings with respect to the prejudgment remedy in this action, and Defendant's Motion to Correct the Records dated June 30, 2004 (Doc. #406) should be denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By:   /s/ Rowena A. Moffett
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Fax. (203) 772-4008

---

[2] As of November 4, 2003, the value of the accounts garnished pursuant to the writs of garnishment issued by this Court was estimated at $332,542.99.

861917.DOC

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 6th day of July, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

                                                                       /s/ Rowena A. Moffett
                                                                      Rowena A. Moffett (ct19811)