UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
      Plaintiff        **CIVIL ACTION NO.**
                 **3:00CV835 (CFD)**

    V.

MOSTAFA REYAD AND WAFA REYAD
      Defendants
                 **DATE: JULY 14, 2004**
_____


**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO CORRECT THE RECORDS**

This is Defendant Mostafa Reyad's reply to Plaintiff's opposition to Defendant's motion to correct the records dated July 6, 2004 (Doc # 408). Plaintiff alleging that Defendant's request in this regard is unnecessary and factually inaccurate. Defendant's request is as of right should be Granted as a matter of law.

Surprisingly, Plaintiff cites the same case Defendant cited it in his motion In Re: Martin-Trigona, indeed, Defendant agree with Plaintiff that Defendant's request adds burden on the Court, but Defendant vigorously defending his rights. The validity of a judgment or order is its entry in the records of the case pursuant to Federal Rules. In the instant case the records forwarded to the Second Circuit

1

having only one Order issued on May 17, 2000 (Doc # 13), and **see** the docket sheet dated 5/17/00 [Writ of Garnishment issued; original and two attested copies handed to attorney for service (mel) (Entry date 5/17/00)], the records is incorrect, because it is not original and two attested copies, and it is different writs each one of them is a separate writ directed to named garnishee. The copies of these writs show that it was not prepared by the Court, and it were prepared by Plaintiff's attorney David R. Schaefer. Moreover, it is evidence that Honorable Magistrate Garfinkel engaged in unilateral communication with Plaintiff's attorney. This unilateral communication is a legal ground raising Defendant's right to file a motion to Recuse the Magistrate, and immediate disqualification of Plaintiff's attorney off this case.

The hardest motion ever, is litigatant's motion to recuse a Judge. Unfortunately, Defendant pro se has this burden now, however, if a litigant has the right to request Judge Recusal who engaged in unilateral communication with one party, then the litigant has the right to request immediate disqualification of Plaintiff's attorney and his law firm.

It is not a plain error, the records do not show that the prejudgment remedy has been converted to a permanent injunction opposite to the Order entered in the records (Doc # 13), which caused Defendants damages approximately fifteen million dollar. The Presiding Judge, and the Second Circuit will not be able to

determine the injunction unless the records to be corrected, and when it will be corrected it will show the permanent injunction in the amount of $ 12.8 million.

Defendant's motion to correct the records dated June 30, 2004 (Doc # 406) should be Granted as a matter of law.

Case 3:00-cv-00835-CFD    Document 409    Filed 07/14/2004    Page 3 of 4

The Defendant
Mostafa Reyad

By:_____
Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone 203-325-4100

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed a true and correct copy of this document to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 0651 and Hand delivered to Wafa Reyad.

_____
Mostafa Reyad