UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



INDYMAC BANK, F.S.B.
    Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
    Defendants

CIVIL ACTION NO.
3:00CV835 (CFD)

DATE: NOVEMBER 21, 2003

### DEFENDANT MOSTAFA REYAD'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

Defendant Mostafa Reyad hereby respectfully replies to Plaintiff's Memorandum in Opposition to Defendant's Motion in Limine. Defendant's motion objects to all evidence related to the dismissed allegations of IndyMac, Inc. "IMI", Defendant provided evidence to the non-existence of the authority to Independent Lending Corporation, and/or IndyMac Mortgage Holdings, Inc. to do business as Warehouse Lending Corporation of America "WLCA"; Defendant seeks Court Order to Plaintiff to comply with California law and produce his evidence if any; and Defendant seeks Court Order, Ordering Plaintiff to produce prior to trial, the Preliminary Property Valuation Information cited at para. 13 of the declaration of Brian E. Ainslie (Doc # 10) dated in its caption May 8, 2000.

The clerk is directed to docket this memorandum and include it in the Court's file. So ordered.

Christopher F. Droney
United States District Judge
8/17/04

1

Plaintiff's opposition stating that Defendant's motion is completely without merit and should be denied. Surprisely, Plaintiff did not respond to the legal authorities cited in Defendant's motion and its memorandum, and made unfounded factual response, avoiding the legal issues. Simply put, Plaintiff without offering legal authority asking for exception of principles of law, and exception of Rules of Evidence; none can be granted.

A. Plaintiff's opposition to the protective order to preclude Plaintiff at Trial from introducing any prejudicial question(s), any statement(s), or any evidence(s) related to the Seller's Contract and/or the Seller's Guide; Precluding any testimony may be proffered by any of the Dismissed Plaintiff namely, IndyMac, Inc.'s employees. Plaintiff p.2 stating "First, the doctrine of res judicata is inapplicable in the instant situation, because the Court did not finally determine the issues with regard to IndyMac, Inc.'s claims. Rather, the Court dismissed said claims without prejudice of IndyMac's pursuit of same in the courts of California in light of a forum selection clause present in the Seller Contract. Plaintiff furtherly makes it clear, that, the only evidence he has to support the alleged breach of the Credit Facility Documents is founded on the Seller's Contract; Plaintiff insisted that such evidence clearly is relevant to Plaintiff's claims against Defendants. Plaintiff's opposition memorandum makes it very clear, that, if Plaintiff's will be precluded from introducing the evidence relying on the Seller's Contract; this will result in the dismissal of the remaining claims in this action maintained by IndyMac Bank, F.S.B. Plaintiff's last predicative conclusion is correct and should be Ordered by the Court Dismissing the Entire Amended Complaint pursuant to the authority of the principle of res judicata.

Nevertheless, Plaintiff's opposition based on IndyMac, Inc.'s dismissal was without prejudice, is incorrect for two (2) simple reasons. The first, Plaintiff did not request a certification from the Court; whether this Court Order dated August 10, 2001 (Doc # 150) was with or without Prejudice, Defendant raised this issue before, and Plaintiff never responds. The second, Plaintiff did not appeal that Court decision within the 30 days prescribed by the Rules, accordingly, the decision was final and not subject to collateral attack; res judicata is applicable.

IndyMac, Inc. was dismissed due to the inclusion of forum-selection clause in the Seller's Contract; this Court Ruled (Doc # 150) p. 25.

Instead, the Second Circuit has indicated that a lower court's decision to dismiss an action based on a finding of a forum selection clause is founded on Rule 12(b)(6). See Evolution, 145 F. 3d at 508 n.6 (citing Lambert v. Kysar, 983 F. 2d 1110, 1112 n.1 (1st Cir. 1993)). Given this authority and the fact that Mr. Reyad concedes the applicability of Rule 12(b)(6), the Court will consider the defendant's motion under Rule 12(b)(6).[23]

---

23
 In this case, the Plaintiffs concede that the Seller Contract contains a forum selection clause. Thus, the Court need not make any finding that such a clause existed, as in Evolution. As a result, it might have been more appropriate for the defendant to move to dismiss under Rule 12(b)(3) and 28 U.S.C. section 1406 based upon improper venue, or to transfer the case under 28 U.S.C. section 1404 (a)(1). The Court notes that the plaintiffs' argument that the Court should decline to enforce the forum selection clause based upon the "interest of justice" suggests that they may be interpreting the defendant's motion to transfer under either 28 U.S.C. section 1404 (a) or 28 U.S.C. section 1406. However, as stated above, the parties have agreed that Rule 12(b)(6) applies, and the Second Circuit recently indicated that Rule 12(b)(6) is an appropriate vehicle through which to consider this issue, and thus the Court will consider the forum selection clause in that context.

This Court dismissal founded on **Fed. R. Civ. P. Rule 12(b)(6)**; failure to state a claim upon which relief can be granted, **See, Rule 41 (b)**; it stipulates in part.

> When the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits

Indeed, Pursuant to Rule 41(b), adjudication of IndyMac, Inc.'s dismissal founded on Rule 12(b)(6), is adjudication upon the merits, contrary to Plaintiff unfounded response and objection.

***Res judicata*** is applicable and the issue is not open to collateral attack, it can be corrected only by a direct review and not by bringing another action upon the same cause of action; in this case, in the same court, **see, Federated Dep't Stores, Inc. v. Moitie** 452 U.S. 394, 398 (1981) (We have observed that "[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." **Reed v. Allen** 286 U.S. 191, 201 (1932).

**See**, also **Maharaj v. Bank America Corp.**, docket number 96-7021 (2nd Cir decided October 17, 1997), and its analysis of *res judicata* cited in Defendant's memorandum in support of motion in limine, and **see Federated Id** 401 (The Court of Appeals also rested its opinion in part on what it viewed as "simple justice". But we do not see the grave injustice which would be done by the application of accepted principles of *res judicata*); **Maharaj** Ruled (the first judgment will preclude a second suit only when it involves the same "transaction" or connected series of transactions as the earlier suit;

4

that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first).

Plaintiff's argument p. 2 "such clearly is relevant to Plaintiff's claims against Defendant, and should not be precluded at the trial of this action", Plaintiff claiming, in no event should the Court's prior dismissal without prejudice of IndyMac's Inc.'s claims result in the dismissal of the remaining claims in this action maintained by IndyMac Bank, F.S.B. Indeed it is not clear to Defendant, on what authority Plaintiff is pleading. Nevertheless, it is contrary to **Federated Id** 394 stipulated above, principle of *res judicata*, and U.S. Supreme Court Ruling; **Commissioner v. Sunnen**, 333 U.S. 591, 597; **Reed v. Allen**, 286 U.S. 191, 201; **Nevada v. United States** 463 U.S. 110, 128-30, and the Second Circuit Ruling in **Maharaj**.

Indeed, Defendant's reply is analogous to **Clemens v. American Warranty Corp**. (1987) 193 Cal. App. 3d 444 [238 Cal. Rptr. 339], at 453, in the instant action, Defendant's objection to all Plaintiffs' evidence related to the Dismissed Plaintiff IndyMac, Inc. Pursuant to the authorities cited in this reply. Plaintiff admits p. 2 that it is the only evidence he can proffer at trial. This evidence according to Plaintiff's statement relies on the Seller's Contract, are precluded by the application of the doctrine of *res judicata*, Plaintiff is free to start another action in California. Plaintiff did not, and may not exercise that option, because Plaintiff is aware, that, Plaintiff may lose his action in California due to California laws of antideficiency. In fact the

application of antideficiency laws of California in this Form preclude antideficiency judgment against Defendants, and Plaintiff is not entitled to any relief.

Motion in Limine is ordinarily directs at particular items of evidence, rather than at Plaintiff's entire complaint. **See**, **Clemens Id** 452 (Following the sustaining of such objection, a separate motion for judgment on the pleading is not essential, and an objection to all evidence, which is sustained, may be followed by a judgment in favor of the objecting party).

The Honorable Court should Grant Defendant's request for Protective Order against Plaintiff, precluding Plaintiff at Trial from introducing any prejudicial question(s), any statement(s), or any evidence(s) related to the Seller's Contract and or the Seller's Guide; precluding any testimony(s) of IndyMac's Inc's employees.

B. Plaintiff's opposition p. 3 to Defendant's request, an Order, Ordering Plaintiff to comply with California laws and introduce the evidence(s), evidencing that Plaintiff have the legal authority to use trade name. Defendant agrees with Plaintiff in his statement "The Court and the parties have already devoted substantial resources to addressing this issue". However, Defendant contests Plaintiff's objection claiming that Defendant's attempt to revisit this issue on the eve of the Trial. This is the Trial stage, and motion in limine for evidentiary problems is due at this time, and in no time at Trial. Motion in limine is also for unpredicted situation to evidentiary problems, as well as for unpredicted situation suddenly appears. It appears on the

Ruling on the summary judgment (Doc # 298) p. 2; Moreover, there is evidence from which a reasonable juror could conclude that both IndyMac Holdings, Inc. and Independent Lending Corporation had the authority to do business under the name "Warehouse Lending Corporation of America". It is unpredicted, that, the substantive defense could be a question to juror, it is a question of law, only the Court Rules on it. Indeed, in the absence of substantive law, it would be a question of fact and would be directed to the juror.

The Judicial System is well organized, the Local Rules of this Court stipulates procedure, and allows filing motion in limine before Trial, and under extraordinary situation, the Rules permit further litigation. The extraordinary circumstances of this case warrant Defendant's request, e.g, it is hard if not impossible to believe, that the Court overlooked Cal. Bus. & Prof. C. section 17910.5 (a), or the Court draw the inference, that, this section is not applicable.

This Court Ruling upon the Summary judgment founded on (genuine issue of material fact precludes summary judgment) and stipulated the material fact (as to whether the Plaintiff had the authority to enter into the lending agreement under the name "Independent Lending Corporation"). Defendant's motion in limine defeats that presumption pursuant to California law. The rebuttable presumption stipulated numerously in California laws, although it is a common law principle, Connecticut Laws do not include that stipulation. It is the only time Defendant can present it, and the Court should Grant that request in this stage of Trial preparation, not at the Bench Trial.

Indeed, it is a question of law, and not a question of fact; whether a corporation can use a corporate name as a fictitious business name, not stipulated in its charter or certificate. **See**, Black's law Dictionary definition for a fictitious business name; "Unincorporated business". It is well known fact, that, a corporation is a sole and separate entity. All the records relate to the identity and the name of a corporation are kept in one place, that is, with the Secretary of the State. California law allows filing a fictitious business name in the County where the principle place of business located. **See, Cal. Bus & Prof. C. 17900-17930**, and **see Section 14411-14418; Section 14415** "obtaining certificate of qualification pursuant to **section 2105** of the Corporation Code shall establish rebuttable presumption, that the corporation has the exclusive right to use as a trade name, in the state the corporate name set forth in the articles or certificate." Plaintiff filed with this Court the articles of incorporation of Independent Lending Corporation, and the articles of IndyMac Mortgage Holdings, Inc, none of the two (2) corporations has a fictitious business name or trade name. This is the evidence that neither "Independent Lending Corporation", nor "IndyMac Mortgage Holdings, Inc." has the legal authority to use WLCA's name, as a fictitious business name or trade name. This is the evidence of the non-existence of the legal authority.

**Section 14411** combined the use of fictitious business name pursuant to **section 17910** and the trade name, and establish a rebuttable presumption that the registrant has the exclusive right to use a trade name the fictitious business name, and **section 14415** establish a rebuttable presumption that the corporation has the exclusive right to use as trade name in the state the corporate name set forth in the certificate. All

Plaintiff's corporations are Delaware corporations. See **8 Del C. section 102 (a)(1)** "The name of the corporation shall contain 1 of the words 'association', 'company', 'corporation', 'club' . . . .". The section is clear, and does not stipulate 1 or more, however, Plaintiff filed a registration of trade name certificate in New Castle County, State of Delaware, registering the trade name of WLCA registered by IndyMac Mortgage Holdings, Inc. The registration authorized by **6 Del. C.** "Uniform Commercial Code, **section 3101** which applicable only to partnerships and associations. See **6 Del. C. Chapter 31** "Registration of trade names, partnerships and associations **(section 3101-3107)**; **section 3107** stipulates "Nothing in **section 3101-3105** of this title *shall affect or apply* to join stock associations using common name, not being ordinary partnerships, which have more than 50 stockholders or members nor to legally incorporated business". The wording of the section "*shall affect or apply*" means that, the registration has no effect or application on corporation. Furtherly it means it is inadmissible evidence.

Defendant provided evidence of the non-existing fact, that, neither Independent Lending Corporation, nor IndyMac Mortgage Holdings, Inc. has the legal authority to use WLCA as a fictitious business name or as a trade name. These evidences render, the registrations of fictitious business name in California, and the registration of trade name in Delaware, to be inadmissible evidence and should be excluded from Trial Records. **See, Cal. Evid. C. section 604**; the trier of the fact shall determine the existence or non-existence of the presumed fact from evidence and without regard to the presumption. The evidence provided herein make it clear that both corporations

9

has no right to use, neither fictitious business name, nor trade name. <u>See</u>, also **Cal. Evid. C. section 412**.

> "If weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust"

Defendant requested the evidence, to show the stated authority for the said two (2) corporations, if any, Plaintiff must have the evidence; certificate of qualification. This makes it clear, that, Plaintiff does not have the presumed right, and the Court should viewed that Plaintiff's conduct with distrust, and overrule the evidence provided herein and in motion in limine.

Cal. Corp. C. section 2203 (c) stipulates that foreign corporations should comply with section 2105; i.e. a foreign corporation should transact intrastate business according to its certificate of qualification. Independent Lending Corporation and IndyMac Mortgage Holdings, Inc. do not comply with section 2105, and shall not maintain any action or proceeding. <u>See</u>, <u>**United Medical Management Ltd v. Gatto**</u> (1996) 49 Cal. App. 4th 1732, 1737, 1739 [57 Cal. Rptr. 2d 600]; at 1737 ([a] foreign corporation . . . which transacts intrastate business without complying with [s]ection 2105 shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state, commenced prior to compliance with **[s]ection 2105**); at 1739 **(section 2203, subdivision (c)** is clear and unambiguous on its face. It provides for the abatement of an action brought by a foreign corporation prior to qualifying to transact intrastate business).

The Court should Grant this part of Defendant's motion in limine and, Order Plaintiff to provide evidence if any, or in the alternative, view Plaintiff denial to produce evidence with distrust, and overrule the evidence of Defendant, and Order considering the fictitious business name certificates and trade names as inadmissible evidence.

C. Plaintiff's opposition to provide the alleged preliminary property valuation report, makes it clear, it is not existed at any time. Plaintiff's conduct is sanctionable. This Court and New Jersey District Court, Ordered a total Attachment and Garnishment in the amount of $ 8.9 million, caused Defendants damages in the amount approximately $ 12 million. Plaintiff should produce the evidence, <u>see</u>, **Fed, R. Civ. P. Rule 11 (b)(3)** "the allegation and other factual contentions have evidentiary support, after a reasonable opportunity for further investigation or discovery". For a period exceeding more than two (2) full years, Defendant requested these material evidence, and Plaintiff never provide it. Plaintiff obtained from the District of New Jersey ex parte Order of attachments in the amount of up to $ 5.7 million, and requested the stay pending the final resolution of this District, New Jersey District and this Court issued that huge attachment on the presumption of the truth of Brian E. Ainslie. "Interest of Justice" mandates that Plaintiff should be Ordered to produce that report before Trial, if any.

Defendant Mostafa Reyad's Motion in Limine should be Granted in its all respects.

The Defendant
Mostafa Reyad

By: _____
Mostafa Reyad
2077 Center Avenue # 22D
Fort Lee, NJ 07024
Day Phone # 203-325-4100
Home Phone # 201-585-0562

### CERTIFICATE OF SERVICE

The Undersigned certifies that he overnighted the attached reply, missing this page of signature and certificate of service to Plaintiff on November 25, 2003. The undersigned hand delivered the same reply including this page on December 8, 2003, to Plaintiff's attorney's office at 271 Whitney Avenue, New Haven, CT 06507.

_____
Mostafa Reyad
12/08/03