UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff                 **CIVIL ACTION NO.
                                                          3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants
                                                 **DATE: AUGUST 30, 2004**
_____

## DEFENDANT MOSTAFA REYAD'S MEMORANDUM OF LAW PURSUANT TO 28 U.S.C. 144

This is the memorandum of law in support of Defendant Mostafa Reyad's motion pursuant to 28 U.S.C. 144   Section 144  is a right to litigants, this right if filed timely and procedurally correct it must be Granted. It narrows the discretion of the Court's power to decide the motion. The first word of the section "Whenever" establishes that right. This motion is filed timely and there is a good cause for filing it as of to date. Defendant's motion must be Granted.

The section mandates that it shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard. That mandate is not applicable to Federal District Courts; **see** 28 U.S.C. 138 Terms abolished "The district Court shall not hold formal terms". Nevertheless, The Trial has started on

1

April 6, 2004, but the parties were not allowed for arguments. The Trial on April 6-7 and 29, 2004 was a hearing on evidence, and the Court did not Rule on Defendant's motion of perjury charges against the key witness Mr. Ainslie dated August 17, 2001 (Doc # 160) which was denied by Magistrate Garfinkel and Defendant appealed to the District Judge (Doc # 240) and the Court heard it on April 7, 2004.

It is extrajudicial to postpone the Ruling on a threshold motion for full three (3) years, postponing that Ruling practically destroyed pretrial proceeding and constitutes high extrajudicial prejudice against Defendant and in favor of Plaintiff, and by itself is a legal ground to Grant motion pursuant to section 144.

Procedurally, trial to start after pretrial proceedings, and as demonstrated hereabove pretrial proceedings has not been completed; practically, the trial did not start yet. It is also highly prejudice to continue trial before Ruling on Defendant's forth motion in limine for evidence and those evidence provided to the Court at the hearing on evidence by means of fraud, because there were no evidence and the person who is verifying the evidence is the same person motion # 160 and # 240 is against his truthfulness and the Court did not Rule upon.

The Court did not Rule and Order correcting the records, which established permanent injunction against Defendant and was the direct cause, and not the

proximate cause to close Defendant's business, in an opposite to the Order entered by the Court dated May 17, 2000. The Court did not Order correcting the dockets for the other eight (8) Orders, denies due process specifically the docket sheet now at the Appellate Court.

Defendant's motion must be Granted as a matter of right and as a matter of law.

The Defendant
Mostafa Reyad


By: _____
  Mostafa Reyad
  2077 Center Avenue # 22D
  Fort Lee, NJ 07024
  Day Phone # 203-325-4100
  E-mail  reyad@optonline.net


## **CERTIFICATION**

The Undersigned certifies that he mailed a true and correct copy of this

Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad


                                                _____
                                                  Mostafa Reyad