UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: AUGUST 30, 2004**

## MOSTAFA REYAD'S SWORN AFFIDAVIT

I, Mostafa Reyad the Defendant pro se in the above captioned case declares the following.

1. I am 63 years old, resident and citizen of the United States and the State of New Jersey for more than 18 years, resides at 2077 Center Ave # 22D, Fort Lee, NJ 07024.

2. This Sworn Affidavit is in a good faith, and only for the "interest of justice", to assign the case to another Judge. Honorable Christopher F. Droney, U.S.D.J. acted in extrajudicial prejudice against the undersigned, and in favor of the Plaintiff named in the caption.

3. Judge Droney did not Rule on threshold motion filed with the Court for more than three (3) full years. Defendant filed motion of perjury against

1

Brian E. Ainslie on August 17, 2001, the motion was denied by Magistrate Garfinkel and Defendant filed timely appeal to Judge Droney and still pending. It is a threshold motion because Mr. Ainslie is the same person testifying at trial, it is extrajudicial, highly prejudiced Defendant.

4. Judge Droney did not Rule on Defendant's forth motion in limine which related to perjury and fraud constitute high extrajudicial prejudice against Defendant and in favor of Plaintiff.

5. Judge Droney prejudicly not responding to Defendant's motion to correct the records of this action, not responding to Order Plaintiff to release a lis pendence issued by the District of New Jersey in the duplicate exact action, and in the same time reduced the prejudgment remedy issued by Magistrate Garfinkel and add the anticipated legal fees of Plaintiff in the District of New Jersey, is extrajudicial, highly prejudice Defendant.

6. Defendant filed Appeal to the Second Circuit, the District Clerk forwarded the Documents to the Circuit, it includes Order # 13, the docket sheet shows only one writ of $ 1.6 million against each Defendant, and furtherly shows copies of that writ issued. It does not show that, it is different writs; eight (8) writs each in the amount of $ 1.6 million in the total of $ 12.8 million.

7. Magistrate Garfinkel's Order (Doc # 13), stipulates at p. 2 "This does not mean, however, that the defendants are precluded from engaging in their business, Rather, the defendants are permitted to use their bank accounts to conduct their business. The defendants are further permitted to use

money from their bank accounts to pay for reasonable living expenses, and retain counsel if they have not done so already.

8. Order # 13 entered on the docket on May 17, 2000. Contrary to that Order, on May 18, 2000, by some means was unknown to Defendant, all personal and business bank accounts were frozen, it furtherly forced Defendant to close his business.

9. Defendant could not hire an attorney to represent him, and could not understand how the Court's Order is a 180 degree from what happening. Defendant repeatedly checked the records and could not find except Order # 13 and copies issued.

10. On May 4, 2004 Defendant by the help of a friend argued the Clerk's Office attendant to check the records dated 5/17/00, 6/6/00 and 6/19/00, and discovered only six (6) writs of garnishment, and could not find the missing two (2) writs, **see** documents attached hereto.

11. The six (6) writs as it appears prepared by Plaintiff's attorney, not the Court and executed by Magistrate Garfinkel.

12. The writ issued to Fleet Bank dated May 16, 2000 caused personal and business accounts to be frozen and hence caused Defendant to close his business, contrary to the Court Order docket as # 13.

13. The evidence of the total attachment and garnishment in the amount of $ 18.5 million had been provided to Judge Droney, his silence is extrajudicial prejudice.

14. The records of this case in its totality show that Judge Droney is favoring Plaintiff, and extrajudicial prejudice Defendant(s), denies the Eighth Amendment right of Defendants for more than four (4) years, and denies due process.

15. The District of Connecticut should assign this case to another Judge for the "interest of justice".

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 30, 2004
At Stamford, Connecticut

_____
Mostafa Reyad

State of Connecticut
              )))  Stamford
County of Fairfield

ON the 30th day of August, 2004 personally appeared Mostafa Reyad the signer above.

_____
Notary Public

4

The Defendant
Mostafa Reyad

By: _____
Mostafa Reyad
2077 Center Avenue # 22D
Fort Lee, NJ 07024
Day Phone # 203-325-4100
E-mail  reyad@optonline.net

## **CERTIFICATION**

The Undersigned certifies that he mailed a true and correct copy of this

Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad

_____
Mostafa Reyad

5