UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff                **CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants
                                            **DATE: AUGUST 31, 2004**
_____

**DEFENDANT MOSTAFA REYAD'S MOTION FOR EXPEDITED
CONSIDERATION FOR INJUNCTIVE RELIEF PURSUANT TO
28 U.S.C. 1657 (a)**

Defendant Mostafa Reyad hereby, respectfully moves this Court for expedited consideration for injunctive relief pursuant to 28 U.S.C. 1657 (a). This Court unauthorizedly Ordered prejudgment remedy in the amount of $ 1.6 million against each Defendant; this Court relied on a perjured affidavits executed by Brian Ainslie and Maria Borger. The records of this action shows that this action was initiated by two (2) Plaintiffs namely IndyMac Mortgage Holdings, Inc. ["Holdings, Inc"] and IndyMac, Inc. ["IMI"]. The Holdings, Inc. supported its allegation by Brian E. Ainslie's affidavit and IMI supported its allegation by Maria Borger's affidavit. This Court dismissed Plaintiff namely IMI on August 10, 2001 (Order # 150), and maintained the action for the Holdings, Inc.

1

Since December 2000, Defendant applied to this Court his request to provide evidence as per Brian Ainslie's affidavit. This Court assigned that request to Magistrate Garfinkel, the Magistrate denied. Defendant requested to charge Mr. Ainslie for perjury on August 17, 2001, this Court assigned it to the Magistrate who denied it on the ground of insuffient evidence. Defendant appealed to the District Judge and the motion is still pending before the Court, for more than three (3) full years.

On the hearing on April 7, 2004, Defendant renewed his pending motion for perjury against Mr. Ainslie and provided the Court by evidence obtained from Plaintiff's exhibits. Plaintiff's attorney defended Mr. Ainslie and stated he is not sure if the original affidavit was filed or a copy of it, and furthely defended that it was expectation of damages at the early stage of the litigation, it means it was speculation.

Nevertheless, the prejudgment issued was beyond the authority of the Magistrate. The records of the case shows that the District Judge ever indorsed it, rendered it nullity as a matter of law. Moreover, the Magistrate engaged in unilateral communication with Plaintiff's attorney, unauthorized by the Code of Ethics of Federal Judges, created bias and impartiality, however, the Magistrate unauthorizedly executed another eight (8) Orders prepared by Plaintiff's attorney and established invisible injunction in the amount of $ 12.8 million against each Defendant. These eight (8) Orders; at least five (5) if it were not indorsed by the

District Clerk, and all the eight (8) Orderes not entered on the docket sheet. All the Orders issued by the Magistrate is a nullity and must be vacated and Plaintiff must be Ordered to release all these liens as a matter of law, and a matter of Constitution.

Case 3:00-cv-00835-CFD    Document 415    Filed 09/01/2004    Page 3 of 4

    The Defendant
    Mostafa Reyad

By: _____
    Mostafa Reyad
    2077 Center Avenue # 22D
    Fort Lee, NJ 07024
    Day Phone # 203-325-4100
    E-mail  reyad@optonline.net

## **CERTIFICATION**

The Undersigned certifies that he mailed a true and correct copy of this

Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad

                                        _____

                                        Mostafa Reyad