UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                 Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                 Defendants

DATE: SEPTEMBER 7, 2004
_____

### DEFENDANT MOSTAFA REYAD'S MEMORANDUM TO MOTION TO DISQUALIFY MAGISTRATE GARFINKEL

This is Defendant Mostafa Reyad's memorandum of law in support of his motion to disqualify Honorable William I. Garfinkel, U.S.M.J.; pursuant to 28 U.S.C. 455 (a).[1] Magistrate Garfinkel's impartiality is reasonably questioned. The impartiality is questioned at the first few minutes of the hearing on May 16, 2000. Furtherly, it is more questionable; The Magistrate engaged in an unauthorized communication **ex parte** with Plaintiff's counsel, and executed eight (8) writs of garnishment, never entered on the records of this case. These writs executed a permanent injunction against Defendant in the amount of $ 12.8 million.

---

1. Defendant filed another two (2) motions: 1) Defendant's motion pursuant to 28 U.S.C. 144 dated August 30, 2004 (Doc # 412); and 2) Defendant's motion pursuant to 28 U.S.C. 455 dated September 2, 2004 (Doc # 417   ); each motion is on different ground aside from the instant motion.

1

That writs' execution was unknown to Defendant how it happening, because the records of this case shows opposite Order entered on the records. It caused Defendant actual damages in the amount of approximately fifteen million dollar ($15 million). This Court should disqualify and must recuse the Magistrate from this case, and all his Orders issued must be vacated. It furtherly warrant vacating the prejudgment remedy issued by Honorable Droney on April 30, 2004 because it is based on the Magistrate Orders, because Honorable Droney did not review the Magistrate Orders de novo, not indorsed it in any respect. It caused pervasive bias. Honorable Garfinkel must be recused as a matter of law.

The Magistrate's impartiality is questionable at the first few minutes of the hearing held on May 16, 2000, **see** Tr. 5/16/00 p. 3 line 10

*The Court: Yes, Ms. Borger's affidavit. And it's pretty clear from the affidavit that some sort of PJR is warranted. I don't think there's really any question about it.*

The Magistrate's statement is a reflect of a **predisposition** against Defendant. The statement was announced before hearing a single word of Defendant's defense, **see United States v. John Doe** case number 02-1362 (2nd Cir. Decided October 29, 2003) p. 2 line 19 [the record there reflected a

2

willingness to rubber stamp any suggestion made by the United States Attorney –an act inconsistence with the exercise of an informed discretion.] **Id**. The Second Circuit recused Judge Platt from that case and vacated his Judgement. Predisposition is an act of prejudice shows impartiality.

On May 17, 2000 and thereafter, the Magistrate's impartiality became more questionable, contrary to the Code of Judicial Conduct for United States Judges, The Magistrate engaged in **ex parte** unauthorized unilateral communication with Plaintiff's counsel, who prepared for the Magistrate eight (8) writs of garnishments, and none of these writs entered on the records of this case, the Magistrate practically rubber stamped the writs, notwithstanding that these eight (8) writs are opposite to the Order of the Magistrate on the records **see**, and **compare** Order # 13, and the Writs attached hereto; **see also**, the docket sheet enteries dated 5/17/00, 6/6/00 and 6/19/00 [enteries without numbers].

The enteries shows one writ of garnishment and attested copies, The entry on 5/17/00; original and two attested copies, and **compare** it to the six (6) writs issued to

1. Fleet Bank             2. Hudson United Bank

3. Aetna Life Insurance   4. New England Financial

5. American Express       6. IDS dated 6/19/00

3

The five (5) writs executed by the Magistrate on May 17, 2000, and it should be noted that the first four (4) writs; Fleet, Hudson, Aetna and New England, were not entered and there is no endorsement stamp by the Clerk for entry. The fifth garnishment order for American Express only shows endorsement stamp dated June 19, 2000. [Defendant could not obtain the remaining two (2) writs of garnishment issued to: (i) Equitable Insurance, and (ii) Valic in New Jersey; **see** letter from Valic related to the garnishment attached hereto. Thus, the eight (8) writs of garnishment totaled $ 12.8 million against Defendant.

The Order entered on the record (Doc # 13) p. 2 states clearly that Defendants are permitted to use their bank accounts to conduct their business, and to use money from their bank accounts to pay for reasonable living expenses and to retain counsel. The mysterious eight (8) writs blocked that order. On May 18, 2000 Defendants' bank accounts and personal accounts were 100% frozen, and because no business can be conducted without bank accounts, Defendant's business effectively closed since that date, and Defendants could not hire an attorney, and could not find any resource for living expenses at all.

Actually, the execution of the eight (8) writs established a powerful nuclear weapon of permanent injunction, caused Defendant actual damages in the amount of approximately fifteen million dollar. It was only on May 4, 2004 when Defendant was able to obtain copies of the invisible injunction, simply because there is none on the records. Most probably, the District Judge was not informed

about the mysterious writs, because it were not in the records of this case. Honorable Droney has the bias from the Magistrate Orders, his Honor did not indorse it, and Ruled judicially reducing the prejudgment to $ 1.1 million. Honorable Droney's Ruling establishes injustice precedent to include anticipated punitive damages in the amount of prejudgment remedy, constitutes a **predisposition** raising a question of impartiablity, forcing the Defendant **pro se** to challenge the Court for its legal authority. Defendant believes that there is no such authority exists. Defendant at the hearing on April 29, 2004 raised the issue of statute of limitations of CUTPA and the Court asked Plaintiff's Attorney who stated that he does not know that law relating to CUTPA statute of limitations, the Court did not consider the statute of limitations of CUTPA and Ordered the amount requested by Plaintiff is an evidence of **predisposition** and deep seated favoritism and antagonism by Honorable Droney. Judge Droney's Order is analogous to Judge Platt stated hereabove. In the instant motion, Defendant is not requesting that Judge Droney be recused, but illustrated to show the totality of impartiality and how the Court followed the Magistrate Orders, and the pervasive bias.

**See**, **Liljeberg v. Health Services Acquision Corp**. 486 U.S. 847, 848 (1988)

> A violation of 455 (a)- which requires a judge to disqualify himself in any proceeding in which his impartiality might be questioned- is established when a reasonable person, knowing the relevant facts, would expect that a judge know of circumstances creating an appearance of partiality, notwithstanding a finding that the judge was not actually conscious of those circumstances. To require scienter as an element of 455 (a) violation would contravene that section's language and its purpose of promoting public confidence in the integrity of the judicial system. **Id**. 848.

The Supreme Court decision, that there is no requirement from a scienter to decide the violation of 455 (a), and its decision that impartiality can be established by a reasonable person. In the instant case, the Magistrate **ex parte** communication unilaterally with Plaintiff's counsel and rubber stamp Orders eight times opposite to the Orders on the records, and furthery these Orders effectuated an invisible devasted permanent injunction, is an evidence of bias can be established by any person, not only a reasonable person or a scientor.

and **See Michael Hathcock; Sandy Hathcock v. Novistar International** (Case number 94-1021, 4th Cir); at III

> Section 455 (a) of title 28 of the United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned". As we have previously explained, "[t]he question is not wheather the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances" **Aiken County v. BSP Div. Of Envirotech Corp**., 866 F. 2d. 661, 679 (4th Cir. 1989) (quoting **Rice v. Mckenzie**), 581 F. 2d 1114, 1116, (4th Cir. 1978). On these facts, a reasonable person might justifiably doubt the district court judge's objectivity. . . . .
> The judge's **ex parte** contacts requesting the Hathcock's counsel to draft at least the factual basis of a default order, and possibly its legal conclusion as well, do not foster an impression of objectivity.

The 4th Circuit case is analogous to the instant action, but that case the **ex parte** contacts was very limited in damages, or may be harmless and this case it has a heavy magnitude of damages, and this Court must award Defendant his actual damages in the amount of $ 15 million, and punitive damages for the misconduct of Plaintiff's attorney.

The totality of the case shows multiple major incidents of questionable impartiality. The Magistrate Ruled and denied release of any of Defendant's bank accounts, and or the insurance policies and annuities which are exempted from garnishment or execution by Federal laws and State laws, the District Judge followed the Magistrate enhancing the stronghold against Defendant for a period exceeds more than four (4) years. When Defendant discovered that the prejudgment of New Jersey District extended to a lis pendense on Defendant's daughter property, Defendant requested from this Court to Order Plaintiff to release it, because the Third Circuit affirmed the stay of New Jersey action pending final resolution in this Court, i.e. delivered its jurisdiction to this Court. Plaintiff failed to object timely, and Judge Droney pended that request, notwithstanding that Judge Droney added the legal fees anticipated by Plaintiff in New Jersey action. Judge Droney denied the equal protection of law prejudiced Defendant and favored Plaintiff.

Moreover, the Magistrate, denied Defendant's motion for perjury against Plaintiff's affiant Brian E. Ainslie **see**, Doc # 160 dated August 17, 2001, on the ground of not enough evidence, despite that evidence was attached to it. The Magistrate did not held a hearing for the departure of Rule 11, specifically because the Magistrate issued the PJR based only on affidavits, notwithstanding that the Magistrate exceeded his authority and power of 28 U.S.C. 636, the Magistrate power is limited to issue only recommendations for dispositive motions, which renders the Magistrate Orders to be null and void. The District Judge never indorsed it, but he is biased by it. Defendant appealed timely to the

District Judge, and on the Trial on April 7, 2004 Defendant renewed his motion of perjury and provided the Court with additional concrete evidence of perjury. This motion is more than three (3) full years still pending. The Court pending of that threshold motion destroyed pretrial proceedings and allowed a perjurer to testify at Trial is an extrajudicial prejudice against Defendant and in favor of Plaintiff, and obstruction of justice makes it impossible to the Court to reach fair conclusion. This is bias of the Magistrate moved to the District Judge.

Usually, this motion to disqualify the Magistrate is to be directed to the District Judge for Ruling. The circumstances demonstrated hereabove warrant that another Judge to Rule and Decide upon it. This is a motion for want of jurisdiction, it must be decided before any other proceeding can take place.

The propriety of the motion is Honorable Garfinkel enjoys the absolute immunity. Although He Order the execution of the invisible permanent injunction, the maximum a litigant can ask the Court, is disqualification and recusal. But, Plaintiff's attorney David R. Schaeffer who prepared the unauthorized and unentered eight (8) writs of garnishment and did execute the writs, does not have this immunity. Plaintiff and his attorneys severally and collectively are liable for Defendant's actual damages in the amount of $ 15 million.

The impartiality of the Magistrate is adhered completely to the misconduct of Attorney Schaeffer and Plaintiff. Ruling upon this motion and recuse the

8

Magistrate and no more would be unfair to Defendant, because who executed the writs is an officer of the Court is aware about his misconduct and Schaeffer is aware about Defendant's damages occurred by a total injunction of $ 18.5 million in the identical actions in this District and in the District of New Jersey. Attorney Schaeffer's statement in the Court on April 7, 2004 that, the application for PJR based on the scenario that the loans would go to forclosure and admit furtherly that did not happen. Schaeffer admits that their claims were based on speculations never happened. Schaeffer cannot escape unharmed because the Local Rules of this Court mandates sanctions to be filed after the conclusion of the case. Fraud upon the Court was committed and should be considered in Ruling upon this motion, even it may need departure of the Local Rules, if indeed it requires a departure.

## **CONCLUSION**

For the demonstrated reasons supported by legal authorities stated above and evidence attached hereto. This Court must disqualify and recuse Magistrate Garfinkel and the Court should review de novo all his Orders before any proceedings could take place as a matter of law. The Court also should consider the serious misconduct which established a fraud upon the Court committed by Plaintiff's attorney David R. Schaeffer since inception of this action.

The Defendant
Mostafa Reyad


By: _____
  Mostafa Reyad
  2077 Center Avenue # 22D
  Fort Lee, NJ 07024
  Day Phone # 203-325-4100
  E-mail  reyad@optonline.net




## **CERTIFICATION**

The Undersigned certifies that he emailed and mailed a true and correct copy of

this Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad


                                                                _____
                                                                  Mostafa Reyad