UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00CV835(CFD) |
| v. : | |
| : | |
| MOSTAFA REYAD and WAFA REYAD, : | SEPTEMBER 29, 2004 |
| : | |
| Defendants. : | |

## PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANT'S POST-TRIAL MOTIONS

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff") submits the instant memorandum in opposition to Defendant's latest post-trial motions: (1) Defendant Mostafa Reyad's Motion Pursuant to 28 U.S.C. 144" (doc. # 412); (2) "Defendant Mostafa Reyad's Motion for Expedited Consideration for Injunctive Relief Pursuant to 28 U.S.C. 1657(a)" (doc. # 415); (3) "Defendant Mostafa Reyad's Motion Pursuant to 28 U.S.C. 455" (doc. # 417); (4) "Defendant Mostafa Reyad's Motion to Stay" (doc. # 419); (5) "Defendant Mostafa Reyad's Motion to Disqualify Magistrate Garfinkel" (doc. # 422); and (6) "Defendant's Motion to Held [sic] Plaintiff and its Attorney in Criminal Contempt" (doc. # 424).  Two of these motions (docs. ## 412, 417) seek the recusal or disqualification of this Court; two other motions (docs. ## 415, 422) seek to vacate the writs of garnishment properly issued by Magistrate Judge Garfinkel and to disqualify Judge Garfinkel for his issuance of such writs; one motion (doc. # 424) renews Defendant's request, previously rejected by the Court, to hold Plaintiff and its attorney in criminal contempt; and the last motion (doc. # 419) seeks to stay all

1

proceedings, including the post-trial briefing schedule, during the pendency of the aforementioned motions. All of the motions are without merit, and should be denied summarily. Moreover, Defendants should be notified that if they fail to file their post-trial brief by the date ordered by the Court,[1] they will be deemed to have waived their right to file such brief.

With respect to Defendant's request that this Court recuse itself, such a request is not supported by the Code sections cited by Defendant, 28 U.S.C. §§ 144 and 455,[2] nor is the request warranted, particularly in light of the fact that this Court presided over a bench trial lasting three days and the parties are about to submit post-trial briefs. Defendant claims that this Court is biased against him because the Court denied Defendant's objection (doc. # 240) to an endorsement

---

[1] Currently pending before the Court is Plaintiff's motion requesting an extension of time until October 25, 2004 in which to file the parties' post-trial briefs.

[2] 28 U.S.C. § 455(b)(3), upon which Defendant relies, requires disqualification where a judge has "expressed an opinion concerning the merits of the particular case in controversy". Contrary to Defendant's argument, that this Court granted summary judgment in Defendants' favor on certain of the claims in this action does not preclude the Court from presiding over subsequent proceedings in this action relating to the remaining causes of action. Similarly unavailing is Defendant's reliance upon 28 U.S.C. § 144, which requires that a request pursuant to this statute be accompanied by a timely and legally sufficient affidavit, as well as a certificate of good faith executed by counsel of record. Defendant's request meets none of these requirements. Cf. U.S. v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (motion for recusal filed weeks after conclusion of trial is presumptively untimely absent showing of good cause for its tardiness; a judge's prior adverse ruling is not sufficient cause for recusal); U.S. v. Schwartz, 535 F.2d 160, 165 (2d Cir. 1976) (adverse rulings do not establish judicial bias or prejudice nor create a reasonable question of judicial impartiality), cert. denied, 430 U.S. 906 (1977); U.S. v. Antonelli, 582 F. Supp. 880, 882 (D.C. Ill. 1984) (three and one half year delay in ruling on motion for new trial is insufficient to establish personal bias or prejudice under disqualification statute); Martin-Trigona v. Shiff, 600 F. Supp. 1184, 1187 (D.C.D.C. 1984) (pro se plaintiff's failure to submit affidavit of good faith by counsel is a significant defect that defeats motion for recusal; court's adverse rulings and alleged sua sponte delays do not amount to a claim of personal bias or prejudice to justify recusal).

893895

Order issued by Judge Garfinkel (denying Defendant's request that perjury charges be filed against Brian Ainslie, a witness in this action who previously submitted an affidavit in connection with Plaintiff's application for prejudgment remedy), and has failed to rule on Defendant's recent post-trial requests to (i) exclude certain testimony introduced at the trial of this action (Defendant's Fourth Motion in Limine, doc. # 386), and (ii) to vacate writs of garnishment properly issued by Magistrate Judge Garfinkel (Defendant's Motion to Correct the Records, doc. # 406). Plaintiff submits that the Court's management of the proceedings in this case, including during the bench trial of this action, which the Court continued for an additional day at Defendants' request to provide an opportunity for Defendants to present additional evidence, demonstrates no bias on the part of the Court against Defendants; in fact, the Court's patience in dealing with Defendants' numerous motions and requests, both before and during the bench trial of this action, belies any claim of impartiality on the part of the Court.

With respect to Defendant's challenges to the issuance by Magistrate Judge Garfinkel of writs of garnishment in this action, Defendant's arguments in this regard are duplicative of those set forth in his pending "Motion to Correct the Records" (doc. # 406) and his pending "Motion to Reconsider Ruling on Plaintiff's Motion to Reduce Prejudgment Remedy" (doc. # 382), in which Defendant objects to the writs of garnishment authorized by Judge Garfinkel pursuant to the prejudgment remedy ordered in this action in the total amount of $1.6 million dollars against each of the

3

Defendants.  As Plaintiff has repeatedly explained,[3] while the Court appropriately issued several writs of garnishment in connection with its May 17, 2000 Ruling and Order on Plaintiff's Motion for Prejudgment Remedy, see Writs of Garnishment dated 5/17/00, 6/6/00, 6/19/00, the value of the Defendants' accounts garnished pursuant to said writs of garnishment (estimated as of November 2003 to be $332,542.99) is far below the current prejudgment remedy amount, as reduced by this Court in its Rulings dated April 30, 2004 to $1.1 million against Defendant Mostafa Reyad and $786,527.86 against Defendant Wafa Reyad.  This Court already has overruled Defendants' objection to Magistrate Judge Garfinkel's Ruling authorizing the prejudgment remedy, see 9/23/03 Endorsement Order overruling Defendants' Objections to Magistrate Judge Garfinkel's Ruling on Pending Motions, and there is no reason to revisit this issue yet again at this time.[4]  Nor is there any reason to disqualify Magistrate Judge Garfinkel, as requested by Defendant, especially given that there are no motions in this matter presently referred to Judge Garfinkel.

With regard to Defendant's request to hold Plaintiff and its counsel in criminal contempt, Defendant's motion merely reiterates Defendant's prior requests for the same relief based upon allegedly improper conduct of counsel and allegedly perjurious statements made by Brian Ainslie in connection with Plaintiff's application

---

[3] In this regard, Plaintiff incorporates by reference its arguments in opposition to Defendant's challenge to the subject prejudgment remedy and corresponding writs of garnishment, as set forth in Plaintiff's Consolidated Opposition to Defendants' Prejudgment Remedy Motions (doc. # 389) and in Plaintiff's Opposition to Defendant's Motion to Correct the Records (doc. # 408).

[4] Similarly, Plaintiff's counsel is unaware of any support for Defendant's suggestion that 28 U.S.C. § 1657(a), giving priority to consideration of actions for preliminary injunctive relief, mandates a hearing on Defendant's motion.

893895

for a prejudgment remedy at the outset of the trial of this action, and during the bench trial of this action. As this Court and Magistrate Judge Garfinkel have found repeatedly, there is no basis for Defendant's allegations, and there is no reason for the Court to reconsider the appropriateness of its prior rulings. See 3/13/02 Endorsement Order denying "Defendant Mostafa Reyad's Motion Pressing Perjury Charges" (M.J. Garfinkel); 7/15/02 Endorsement Order denying "Defendant Mostafa Reyad's Request for Reconsideration for his Motion Pressing Perjury Charges" (M.J. Garfinkel); 4/6/04 Trial Transcript, at p. 181-83 (oral ruling denying Defendant Mostafa Reyad's request during the bench trial to refer Brian Ainslie to the U.S. Attorney's Office for criminal prosecution for perjury).[5]

Finally, Defendant's request that these proceedings be stayed pending the Court's decision on the foregoing motions is unwarranted. This action was initiated over 4 years ago, the Court has held the bench trial of the action and has set a post-trial briefing schedule. To delay these proceedings further due to Defendant's continued dilatory motion practice is unwarranted, unduly prejudicial, and unfair to Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests that Defendant's latest post-trial motions be denied, and that the Court notify Defendants that if they

---

[5] Defendant has also made this same argument in another motion currently pending before the Court, "Defendant's Petition for an Order to Refer Brian E. Ainslie and Attorney David R. Schaefer to U.S. Attorney General for Possible Criminal Investigation" (doc. # 371), Plaintiff's opposition to which is set forth in its Consolidated Opposition to Defendants' Prejudgment Remedy Motions (doc. # 389). To the extent that the Court revisits this issue again in connection with the instant motion, Plaintiff incorporates by reference its arguments against the requested remedy, as set forth in the aforementioned Consolidated Opposition memorandum.

fail to file their post-trial brief by the date ordered by the Court, they will be deemed to have waived their right to file such brief.

          PLAINTIFF INDYMAC BANK, F.S.B.

By:   *s/Rowena A. Moffett*
      Rowena A. Moffett (ct19811)
      BRENNER, SALTZMAN & WALLMAN LLP
      Their Attorneys
      271 Whitney Avenue
      P.O. Box 1746
      New Haven, CT  06507-1746
      Tel. (203) 772-2600
      Fax. (203) 772-4008
      Email: rmoffett@bswlaw.com

893895

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by electronic mail and by United States first-class mail, postage prepaid, this 29th day of September, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net

      *s/Rowena A. Moffett*
      Rowena A. Moffett (ct19811)

893895