UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

_____

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: SEPTEMBER 30, 2004**

### DEFENDANT'S REPLY TO PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANT'S POST TRIAL MOTIONS

This is Defendant Mostafa Reyad's reply to Plaintiff's consolidated memorandum in opposition to Defendant's post trial motions dated September 29, 2004 (Doc # 428). At first glance, Plaintiff labeled Defendant's motions incorrectly, it is not post-trial motions. Indeed it is trial motions. The trial is not over. **See**, Tr. 4/29/04 p. 56 last line # 16.

      THE COURT: Then we'll be in recess.

Plaintiff's entire memorandum is unfounded composed of misplaced case law and lacks legal sufficiency. It is devoting incorrect attorney's opinion unsupported by legal authority. It should be noted that Plaintiff fails to respond legally or

1

factually to the criminal misconduct of the permanent injunction in the amount of $ 18.5 million. Plaintiff has seized more than $ 2.7 million as follows:

| | | |
|---|---|---|
| 1. Annuities   about | $   400,000 | |
| 2. Insurance policies cash value | $   600,000; | lost $ 450,000 |
| 3. Co-op residence | $   500,000 | |
| 4. Defendant's daughter R.E. | <u>$1,200,000</u> | |
|    Total | $2,700,000 | |

Plaintiff's statement p. 4 is false and Plaintiff's attorney is aware that it is false.

This Court, Judge Garfinkel Ordered prejudgment remedy and specifically cites that Defendants are permitted to use their personal and business bank accounts. Plaintiff's criminal misconduct defrauding the Magistrate and obtaining orders to seize the bank accounts caused Defendant to close his business effective May 18, 2000. Closing Defendant's business does not need a sienter to say it is an injunction. As defendant stated in his memorandum (Doc # 425) p. 2 "It was Schaefer's Court and not the District Court", **see Mexicano v. Alliance** 527 U.S. 308, 321 (We are not inclinded to speculate the existence or applicability to this case of any exceptions, and follow the well-established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property). And **see** n4 (This Court has concluded that particular exception does not exist); n5 (Some cases suggested that there was an exception where the debt was admitted or confessed, at least

the creditor possessed an interest in the debtor's property). **Id**. It is undisputed that Plaintiff has no interest in any of the seized properties.

Plaintiff p. 4 asking the Court to pass over Defendant's motion to disqualify the Magistrate, especially given that there are no motions in this matter presently referred to Judge Garfinkel. Plaintiff's opinion is baseless and legally unfounded. Defendant's motion to recuse the Magistrate rests on the Magistrate's violation of the Code of Judicial Conduct for United States Judges, the Magistrate engaged in unilateral **ex parte** communications with Plaintiff's attorney and rubber stamped eight (8) writs of garnishment in the amount of $ 12.8 million in an opposite to the order entered on the records of the case. Moreover, Judge Droney never indorsed the garnishment orders, nor reviewed it de novo, it is null and void. **See**, **Liljberg v. Health Services Acquision Corp**., 486 U.S. 847, 848 (1988) (Vacatur was a proper remedy for the 455(a) violation in the circumstances of this case); furtherly, the Supreme Court departed from Rule 60 (b)(6); (Finally although a 10-month delay would normally foreclose vacatur based on a 455 (a) violation, the delay here is excusable since it is entirely attributable to Judge Collins conduct) **Id**.  848. In this case, Plaintiff contrary to the Supreme Court's decision is asking this Court to reward him because he was successful in his crime in covering it for four (4) years. The Court must vacate the Magistrate orders, and Judge Droney's order which was based on the Magistrate unlawful opinion as a matter of law.

Plaintiff at p. 2 is misreading 28 U.S.C. 144 which mandates a certificate of good faith of counsel on record, Defendant sworn in his affidavit that it is in a good faith and Defendant does not have a counsel on the record of the case. Thus Plaintiff's assertion is incorrect and should be disregarded. **See Liteky v. United States** 507 U.S. 540, 557 (1994) (Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for bias or partiality unless they display a deep-seated favoritism or antagonism). The case before the Court founded on perjured affidavits, and without these perjured affidavits, this case would not proceed from day one. The deep-seated favoritism appears when the Court reviewed the concrete evidence of perjury and hanging Defendant's motion of Plaintiff's perjury until the conclusion of the trial. Moreover, the Court issued a prejudgment remedy to include Plaintiff's legal fees in the District of New Jersey and kept silent on the injunction imposed on Defendant in the amount of $ 18.5 million. **See Liteky** at 552 ["partiality" defined as [f]avorable prejudice or bias"]. The antagonism appears when the Court passed over any legal defense for more than three (3) full years, even after the Court provided by original documents evidencing that Plaintiff who entered in the contact is a defunct corporation. The Court denied any and all legal arguments for more than three years. Last arguments was on April 16, 2001

Furthurly, Plaintiff at p. 2, foot note # 2 ignored to respond to the substance of Defendant's motion pursuant to 28 U.S.C. 455 dated September 2, 2004 (Doc #

4

417); Plaintiff fails to respond to the merits of the now Plaintiff and the dismissed Plaintiff IndyMac, Inc. It is exactly the typical alleged cause of action of the dismissed Plaintiff **see**, Defendant's memorandum (Doc # 418), and **see**, **United States v. Outler**, 659 F. 2d 1306, 1312-13 (5th Cir 1981) (stating that recusal is necessary under section 455 (b)(3) "when the two proceedings have a common, single transaction or event at issue"). Plaintiff falsely asserts the remaining cause of action, **see** Maria Borger's affidavit the affiant of the dismissed Plaintiff IndyMac, Inc. (Doc # 8). Plaintiff's citation of **U.S. v. Antonelli**, 582 F. Supp. 880, 882 (D.C. III 1984) is misplaced because it talkes about personal bias or prejudice has been overruled by **Liteky**, supra. It is the objectivity **see Liljeberg** at 848 (Here, where both lower courts found an ample basis in the record for concluding that an objective observer would have questioned Judge Collin's impartiality). **Id**. In this case any person would question the favoritism, antagonism, and impartiality.

Despite, the evidence provided for the eight (8) writs of garnishment which frozen Defendant's personal and business accounts, which are not on the records of this case, Plaintiff who prepared it and executed it arguing that it is on the records, However, **see**, Cal. C. Civ. Proc. Sec. 170 (3)(c)(5) another Judge must make the decision on the recusal motion and **see United States v. Arnpriester** 37 F. 3d 466 (9th Cir. 1994); Judge McNamee denied Arnpriestor's motion to recuse. The Ninth Circuit held ([3] We held that Judge McNamee should have

5

recused himself from making a decision on Arnpriestor's motion). Here the other Judge will determine that there is no records.

Plaintiff misread Defendant's motion pursuant to 28 U.S.C. 1657 (a) for injunctive relief and also misread the provision of the law, **see** (Doc # 416) "At least Defendant's rights established by the Eighth Amendment have been violated", Plaintiff falsely claims damages in the amount of $ 313,000 and the injunction is in the amount of $ 18.5 million. Thus, the injunction is sixty (60) times of the false damages, raising the question of antagonism in addition to the Constitutional violations.

Finally, the Court did not deny referring Brian Ainslie to the U.S. Attorney's office. Indeed, it denied ruling on it at the Court's hearing on evidence, and the Court decided that it may refer it after the trial is over. It postponed ruling on it **see** Tr. 4/6/04 p. 183 line 12-15.

**CONCLUSION**

Another Judge must Rule on recusal motions before any proceedings can take place.

The Defendant
Mostafa Reyad


By: _____
  Mostafa Reyad
  2077 Center Avenue # 22D
  Fort Lee, NJ 07024
  Day Phone # 203-325-4100
  E-mail  reyad@optonline.net


## **CERTIFICATION**

The Undersigned certifies that he emailed a true and correct copy of this

Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad


                                        _____
                                          Mostafa Reyad