UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                              Plaintiff          **CIVIL ACTION NO.
                                                 3:00CV835 (CFD)**

                    V.


MOSTAFA REYAD AND WAFA REYAD
                              Defendants
_____                 **DATE: OCTOBER 18, 2004**


**<u>DEFENDANT'S MOTION TO SET ASIDE DEADLINES/HEARING PENDING
RULING OF THE MAGISTRATE</u>**

Defendant Mostafa Reyad hereby respectfully moves this Court to set aside its

Order Setting Deadlines/Hearing due by 10/25/2004. Defendant via CMECF

received on October 6, 2004 the following Order.


Set Deadlines/Hearing:Post-Trial Brief due by 10/25/2004. (Johnson, D.)


The extraordinary circumstances of this action mandates setting aside this Order

pending Ruling by Honorable Garfinkel on motion to recuse. Honorable Droney

Ordered Referring Defendant's motion to the Magistrate on October 11, 2004

(Order # 432). The Defendant's motion is not merely to recuse a Judge as it

appears in its caption. The motion includes the fatal damages occurred on

1

Defendants injuring him in an amount approximately fifteen million dollar ($15 million). Defendant's motion is not only for appearance of bias and prejudice, it contains fatal violation of the Code of Judicial Conduct, the ex parte unilateral communication and predisposition is a violation, and the huge damages are the fatal feature. As Defendant's repeatedly stated that the Magistrate enjoys the absolute immunity, and Plaintiff and its attorneys are liable for that tremendous amount of damages.

There is no doubt, that the Magistrate Ruling will necessitate opening the trial, and consequeatly the parties should be afforded additional briefing and pleadings. There are evidence attached to Defendant's memorandum, evincing the motion and evincing the unauthoritized injunction which is immediate appealable, that attached documents raise Defendant's right to amend his appeal to the Second Circuit and legally divest this Court of its jurisdiction, **see Griggs AI v. Provident Consumer Discount Co**. 459 U.S. 56, 58 (1982) (The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. See, e.g. United States v. Hitchmon, 587 F. 2d 1357 (CA5  1979) **Id**. This action's Injunction is appealable under 28 U.S.C. 1292 (a)(1). Moreover the evidence of the injunction was discovered only on May 4, 2004 and filed with the Court on May 7, 2004. Only Plaintiff to be blamed for the late discovery; Plaintiff who perfected his criminal misconduct and executed unauthoritized injunction in the amount of $ 12.8 million against Defendant, and

that injunction is not authorized by the Court, the Presiding Judge knows nothing about it, as well as Defendant who appeared in Court at all times.

WHEREFORE, Defendant's instant motion should be Granted and the Honorable Court should set aside the Deadlines/Hearings, pending the Ruling of Honorable Magistrate Garfinkel upon Defendant's motion.

The Defendant
Mostafa Reyad


By: _____
Mostafa Reyad
2077 Center Avenue # 22D
Fort Lee, NJ 07024
Day Phone # 203-325-4100
E-mail  reyad@optonline.net


### **CERTIFICATION**

The Undersigned certifies that he emailed a true and correct copy of this

Document to Attorney David Schaefer 271 Whitney Avenue, New Haven, CT

06511 and Hand delivered to Wafa Reyad


_____
Mostafa Reyad