UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | DECEMBER 10, 2004 |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STAY POST-TRIAL BRIEFING DEADLINES

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant consolidated memorandum in opposition to: (1) "Defendant's Motion to Set Aside Deadlines/Hearing Pending Ruling of the Magistrate" (doc. # 433); (2) "Defendant's Motion to Stay Pending Mandamns [sic]" (doc. # 434); and (3) "Defendant's Renewal of Motion to Stay Pending Mandamus" (doc. # 438). [1]  In these motions, Defendant Mostafa Reyad seeks to stay the deadline for the parties' filing of post-trial briefs in this action until the Court rules upon Defendant's pending Motion to Disqualify Magistrate Judge Garfinkel (doc. # 422)[2], and the Second Circuit Court of Appeals

---

[1] Also pending before the Court are "Defendant's Judicial Notice" dated November 4, 2004 (doc. # 435) and "Defendant's Motion for Extension of Time" dated November 10, 2004 (doc. # 437).  Both filings seek additional time in which to file Defendant's post-trial brief in this action, currently due on November 12, 2004, due to the fact that Defendant Mostafa Reyad is simultaneously undertaking post-trial briefing in another action pending against him.  While Plaintiff expressly denies all allegations of wrongdoing set forth in Defendant's Judicial Notice, Plaintiff has no objection to Defendant's request that the parties be granted an extension until December 21, 2004, in which to file their post-trial briefs in the instant action.

[2] On October 11, 2004, this Court referred Defendant's Motion to Disqualify Judge Garfinkel to the Magistrate Judge for determination.  See doc. # 432.

1

reviews Defendant's Petition for Mandamus.[3]  Defendant's various motions seeking to stay the post-trial briefing deadline are without justification, and should be denied.

There is no justifiable reason to postpone indefinitely the filing of the parties' post trial briefs due to the pendency of Defendant's motion for recusal of Judge Garfinkel and mandamus petition.  Defendant's motion for recusal of Judge Garfinkel seeks to vacate the writs of garnishment properly issued by Judge Garfinkel pursuant to the prejudgment remedy ordered in this action.  Regardless of the outcome of Defendant's unfounded attempt to recuse Judge Garfinkel and vacate the writs of garnishment issued in this case,[4] the Court will still need to reach the merits of the parties' claims as presented at the bench trial of this action. Thus, the pendency of Defendant's motion does not justify a stay of the post-trial briefing deadlines.

Similarly, Defendant's mandamus petition does not justify the requested stay. The petition seeks a writ of mandamus: directing this Court to recuse itself from the case; ordering that Judge Garfinkel be disqualified from the case and that the writs of garnishment that he duly issued be vacated; vacating the prejudgment remedy ordered by Judge Garfinkel and approved by this Court, or, alternatively, limiting the amount of the prejudgment remedy to $243,849.78; and ordering Plaintiff to apply to

---

[3] Defendant's petition for mandamus was filed on or about October 20, 2004.  The Court of Appeals has not yet ordered the respondent to answer said petition.  See Fed. R. App. P. 21(b)(1).  Moreover, counsel for Plaintiff has not received notice of any hearing before the Second Circuit with respect to Defendant's petition, as suggested by Defendant in his Renewal of Motion to Stay Pending Mandamus.

[4] In this regard, Plaintiff incorporates by reference its arguments in opposition to Defendant's motion to disqualify Judge Garfinkel, set forth in Plaintiff's Consolidated Memorandum in Opposition to Defendant's Post Trial Motions, dated September 29, 2004 (doc. # 428).

the United States District Court for the District of New Jersey to release or reduce the writs of garnishment properly issued by that court.  At the outset, the pendency of Defendant's petition, as in the case of an appeal, does not divest this Court of jurisdiction, as claimed by Defendant.  See 20 Moore's Federal Practice 3d § 303.32[2][b][v], at 303-83 (2004) ("If an appeal is taken from a judgment that does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal.") (citing International Paper Co. v. Whitson, 595 F.2d 559, 561-62 (10th Cir. 1979) (district court retained jurisdiction to rule on cross-claim that was not involved in appeal)); see also United States v. Salerno, 868 F. 2d 524, 539 (2d Cir.), cert. denied, 491 U.S. 907 (1989) (frivolous appeal does not divest district court of jurisdiction to proceed with trial). Additionally, Defendant's petition is untimely, in that it seeks the intervention by the Court of Appeals before Defendant's motions requesting identical relief have been ruled upon by this Court.  See Id. § 303.32[2][b][iv][A], at 303-80 ("[A] notice of appeal that is defective because it is premature cannot transfer jurisdiction to the circuit court.") (citing General Television Arts, Inc. v. Southern R.R. Co., 725 F.2d 1327, 1330-1331 (11th Cir. 1984) (notice of appeal filed before announcement of any decision remains nullity despite eventual entry of judgment)).[5]  Moreover,

---

[5] Even if this Court had already denied Defendant's pending motions, the extraordinary remedy of a writ of mandamus would not properly be available.  See Schlagenhauf v. Holder, 379 U.S. 104, 112, 85 S. Ct. 234, 238 (1964) ("The writ of mandamus is not to be used when 'the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction.'"); In re von Bulow, 828 F.2d 94, 97-100 (2d Cir. 1987) (in order to obtain a writ of mandamus, the petitioner must show (1) the presence of a novel and significant question of law; (2) the inadequacy of other available remedies; and (3) the presence of a legal issue whose resolution will aid in the

Defendant's petition is completely without merit.[6]  For these reasons, the pendency of Defendant's petition should not affect the post-trial briefing schedule.

After over four years of delay due to Defendant's extensive and frivolous motion practice, this Court held the bench trial of this action in April of this year, and Defendant yet again seeks to delay the outcome of this action by postponing indefinitely the deadline for the filing of the parties' post trial briefs.  Plaintiff respectfully requests that the Court not countenance Defendant's latest attempt to postpone further the outcome of this proceeding.  At the very least, the parties should be ordered to file their post trial briefs by a date certain, so that the matter will be fully briefed and ready for the Court's consideration.

Wherefore, Plaintiff requests that the Court deny Defendant's motions to stay the post-trial briefing deadlines in this action, and that the Court order that the parties file their post trial briefs by December 21, 2004.  Further, Plaintiff requests that the Court notify Defendants that if they fail to file their post-trial brief as directed, they will be deemed to have waived their right to file such briefs.

---

administration of justice); see also In re Sindram, 498 U.S. 177, 179, 111 S. Ct. 596 (1991) (finding petition for writ of mandamus to be frivolous where petitioner repeatedly made same requests without adequate legal basis).
[6] In this regard, Plaintiff incorporates by reference its arguments in opposition to Defendant's motions before this Court raising these same issues, set forth in Plaintiff's Consolidated Memorandum in Opposition to Defendant's Post Trial Motions, dated September 29, 2004 (doc. # 428).

PLAINTIFF INDYMAC BANK, F.S.B.


By: ____/s/ Rowena A. Moffett_____
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Their Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008
    Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by electronic mail and by United States first-class mail, postage prepaid, this 10th day of December, 2004 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net


_____/s/ Rowena A. Moffett_____
Rowena A. Moffett (ct19811)

6

904958.DOC