UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO. 3:00CV835 (CFD)**

**DATE: DECEMBER 14, 2004**

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STAY POST-TRIAL BRIEFING DEADLINES

Defendant Mostafa Reyad hereby respectfully replies to Plaintiff's opposition to Defendant's motions to stay Post-Trial briefing deadlines, dated December 10, 2004 (Doc # 439). Plaintiff fails to discuss professionally the issues presented by Defendant. Plaintiff did not demonstrate any legal authority related to Defendant's motion requesting the Magistrate recusal, nor Defendant's motion pursuant to 28 U.S.C. 455 (b)(3), and its statuary provision, however, Plaintiff cites law cases irrelevant to the instant case, and none of it can be controlling, moreover, Plaintiff's citation of Moore's Federal Practice as well as other law cases support Defendant's request for the stay pending ruling on Defendant's motions and the mandamus. In sum Defendant's motion to stay pending

1

mandamus and Defendant's renewal of the latter motion should be Granted, and the Honorable Court should stay all proceedings including the filing of proposed findings of fact and conclusion of law pending the Ruling upon Defendant's motions and the mandamus.

The Circumstances of this action warrants the stay of the filing of proposed findings of facts and conclusions of law. Aside of ruling upon motions and mandamus. Plaintiff success to hide his crime of defrauding the Magistrate to exceed his jurisdiction and order the huge writs in the amount of $ 12.8 million, which Plaintiff's attorney David R. Schaefer is fully aware, that the Magistrate power is only recommendations to the District Judge, moreover, that attorney is insisting that the District Judge approved it, while the case records does not show that, furthermore, Honorable Droney assigned Defendant's motion to recuse the Magistrate to Rule upon it, and the Magistrate pended ruling upon that motion, and Defendant was able to produce these documents only on May 4, 2004, it develops a simple question of law. If the Court Ordered the parties to file the proposed findings of facts and conclusions of law before hearing upon the discovered evidence on May 4, 2004 is that justifiable? Defendant believes if the answer is positive, it would be prejudice and injustice. It would be unconstitutional, since it deprives Defendant from defending himself. Defendant provided this Court on May 7, 2004 by the evidence showing that the total prejudgment attachments are in the amount of $ 18.5 million, which caused Defendant a damage in the amount of $ 15 million. Thus proceedings to proposed findings of

facts before hearing on these evidence would result in unfair Court's Decision, contrary to Federal Rules, **see** Fed.R.Civ.P. 12 (h)(2).

The documents provided to the Court dated May 7, 2004 (Doc # 381) "Motion to reopen proceeding to allow additional exhibits". These exhibits include the unauthorized writs of garnishments, raises Defendant's right to sue the United States for damages, and it should be added as an indispensable party pursuant to Rule 19 (a). Defendant as repeatedly content that the Magistrate is a Federal Judge enjoys the absolute immunity in his jurisdiction and power. In this action the Magistrate acted beyond his power and jurisdiction pursuant to 28 U.S.C. 636. David R. Schaeffer prepared in his office, on his personal computer the eight (8) writs of garnishment, and Mr. Schaeffer executed the writs before it was approved by the District Judge. Mr. Schaeffer repeatedly insisting that Honorable Droney approved it.

To that extend, a complex questions of law emerged. Is justice willing to clear Mr. Schaeffer of wrong doing, because the Magistrate violation?, what is the proportion of the liability of Plaintiff's attorney; and is Plaintiff's entitle to attorney's fees?. For the interest of justice, the Court should answer these questions of law. Practically, all the above is included in Defendant's motions pending before the Court, and it makes it impossible to proceed to filing proposed findings of fact and conclusion of law.

Plaintiff's opposition p. 2 foot note 3, stating correctly that Plaintiff did not receive notice of any hearing before the Second Circuit, however, Defendant filed on November 22, 2004 with the Circuit his motion for expedited hearing, and pursuant to the Second Circuit Local Rules 27 (b), that motion if granted review should be heard at Regular Session of the Court, which was expected to be heard on December 14, 2004. Todate no hearing ordered.

Plaintiff at p. 3 cites Moore's Federal Practice and International Paper (district court retained jurisdiction to rule on cross-claim that was not involved in appeal), that case has no relevancy in any respect of the mandamus and its four (4) demands. Injunction and Judge recusal are immediate appealable; Salerno and General Television, are irrelevant and misplaced, because Defendant did not file frivolous appeal, and the appeal from the injunction is timely pursuant to 28 U.S.C. 1292 (a)(1).

At foot note 5, Plaintiff cites Schlagenhauf 379 U.S. 104, 112 (The writ of mandamus is not to be used when "the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction".) The Magistrate orders is not within the jurisdiction of the Court, and it is well established that the validity of the order is by its entry, and it is well established that a judgment cannot be executed before entry. The Court should evaluate the unauthorized orders executed by the Magistrate as a partial judgment. It caused Defendant to close his business, it is not a ruling error, it is a partial judgment

4

immediate appealable. Furtherly, Plaintiff cites Re von Bulow, and its three (3) components. Defendant responds hereabove to each component.

Wherefore, Defendant's request to stay all proceedings including filing proposed findings of facts and conclusions of law pending ruling on Defendant's motions and the mandamus should be granted.

    The Defendant
    Mostafa Reyad

By:_____
   Mostafa Reyad
   2077 Center Ave # 22D
   Fort Lee, NJ 07024
   Day Phone 203-325-4100
   Home Phone 201-585-0562
   Email, Reyad@optonline.net

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he emailed a true and correct copy of this document to Attorney Rowena Moffett at rmoffett@bswlaw.com and Hand delivered to Wafa Reyad.

                                                   _____
                                                      Mostafa Reyad