UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants
_____

**CIVIL ACTION NO.
3:00CV835 (CFD)**

DATE: DECEMBER 27, 2004

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ADD
UNITED STATES AS INDISPENSABLE PARTY**

This is the memorandum of law in support of Defendant Mostafa Reyad's motion to add United States as an Indispensable Defendant Party to Defendant's claims. Indeed, Judges are enjoying absolute immunity for any act within their jurisdiction and power, judicial errors are appealable, and do not create a valid claim of litigants damages, however, in this action, Honorable William I. Garfinkel, U.S.M.J. of the District of Connecticut acted far beyond his jurisdiction and power, necessitates Defendant's motion to add United States as a defendant Party to Defendant's claims of damages. Between May 17, 2000 and June 19, 2000. The Magistrate and Plaintiff's attorney David R. Schaefer acted in tandem to injure Defendant. This Court would determine the proportionate of the

1

Magistrate and the proportionate of the attorney in causing Defendant actual damages in the amount approximately fifteen million dollar ($15 million).

On May 10, 2000 Honorable Droney, U.S.D.J., the Presiding Judge over this action, assigned properly, and Ordered referring Plaintiff's motion for prejudgment remedy and Plaintiff's motion for disclosure of property to Honorable Magistrate Garfinkel for recommendation (Doc # 12), pursuant to Fed. R. Civ. P. R. 72 (b). Federal Rules limited the Magistrate power to recommendations of dispositive motions, **see** 28 U.S.C. 636 "Jurisdiction, powers, and temporary assignment", and **see Reynaga v. Cammisa**, case number 91-15468 (9th Cir. August 3, 1992), and its comments on **Taylor v. Oxford**, 575 F. 2d 152, 154 (7th Cir. 1978), at [*5].

> "It was not intended that the Magistrate would have the power to hear and determine dispositive motions. It was only intended that a judge could assign a dispositive motion to a Magistrate for hearing and submission of proposed findings and recommendation to the judge for ultimate disposition. The adjudicatory power over dispositive motions was to be exercised only by the judge, but it could be with the assistance and upon recommendation of the Magistrate."

Furtherly, at [*8]; **Reynaga's** Court Ruled

> Here the Magistrate did not submit proposed findings to the district court; he entered an order that purported to stay Reynaga's action. It is clear that, in the absence of the parties' consent on the record to the Magistrate's exercise of such powers, that order was beyond his authority.

Reyanga's Court, ruled that the Magistrate ruling beyond his authority is a nullity. In this action, Honorable Garfinkel Ordered the prejudgment remedy against Defendant, the order issued on the hearing dated May 17, 2000. Pursuant to the authority of **Reynaga**; it is a nullity, and because Defendant is pro se, it entitles Defendant to mandamus. Nevertheless, The Order permitted Defendant to maintain his business, and specifically ruled that Defendant is permitted to maintain business bank accounts and personal bank accounts.

Although, the Magistrate Order entered on the docket on May 17, 2000. The disaster occurred on the same day. On May 17, 2000, the Magistrate engaged in unilateral communication with Plaintiff's attorney David R. Schaefer, the attorney drafted and prepared on his computer in his office, eight (8) writs of garnishment in the total amount of $ 12.8 million, the Magistrate rubber stamped the writs, and caused it not to be on the records, handed it to the attorney for execution. The attorney executed the writs promptly, and on May 18, 2000 all Defendant's bank accounts were 100% garnished, and Defendant closed his business. Accordingly, the United States is liable on the other part for not investigating the fraud upon the Court committed by the attorney, despite Defendant's repeated

3

request to refer the matter to United States Attorney General's office for more than three (3) years, **see** (Doc # 160); **see** also Fed. R. 82 and its Notes of Advisory Committee Amended July 1, 1966 "These rules grant extensive power of joining claims and counterclaims in one action".

Todate Plaintiff is garnishing the following:

| | | |
|---|---|---|
| A. The undersigned daughter's property located at 1452-1454 Road, Edgewater, New Jersey. | $ | 1,200,000 |
| B. The undersigned wife's own residence Located at 2077 Center Ave # 22D, Fort Lee, NJ | $ | 500,000 |
| C. The undersigned insurance policy | $ | 170,000 |
| D. The undersigned wife's insurance policy | $ | 165,000 |
| E. The undersigned insurance policy | $ | 1,000,000 |
| F. Valic Insurance, for wife | $ | 65,000 |
| G. American Express, for wife | $ | 72,000 |
| H. Equitable Insurance annuity, for wife | $ | 124,000 |
| I. Aetena annuity, for wife | $ | 76,000 |
| J. New England annuity, for wife | $ | 23,000 |
| TOTAL | $ | 3,395,000 |

Defendant's total losses as of dated, caused by the unlawful injunction labeled prejudgment is as follows:

| | | |
|---|---|---|
| i) Defendant's business | $ | 10,000,000 |
| ii) Loss of income 4 ½ years | $ | 2,925,000 |
| iii) Loss of investment | $ | 150,000 |

4

    iv) Loss of insurance coverage          $   2,000,000

    TOTAL          $  15,075,000

**The above actual damages occurred from the following non-authorized eight (8) writs of garnishment:**

1. Writ of garnishment to Fleet Bank, $ 1.6 million
2. Writ of garnishment to Hudson Bank, $ 1.6 million
3. Writ of garnishment to Aetna Life Insurance, $ 1.6 million
4. Writ of garnishment to New England Financial $ 1.6 million
5. Writ of garnishment to American Express, $ 1.6 million
6. Writ of garnishment to IDS, $ 1.6 million
7. Writ of garnishment to Valic, $ 1.6 million
8. Writ of garnishment to Equitable Life $ 1.6 million

Thus, the total non-authorized eight (8) writs came to be $ 12.8 million provided that Defendant's fixed assets at that time was way below that amount, the result was complete devastation to Defendant, specifically, seizing business bank accounts effected immediately terminating his business, and deprived Defendant from any source of living, in violation of the Constitutional Eighth Amendment. The Court is aware about those damages for a period of full three (3) years, but it was not aware about these eight (8) writs.

The extend of all the above occurred from non-authorized orders, issued by the Magistrate in collaboration with Plaintiff's attorney subject the United States to

certain proportion of liability, does not obviate another proportion of United States liability for this Court reluctance or neglect to cure those damages in the due course, provided that this Court is aware that Defendant is under seize by the same named Plaintiff in the exact duplicate action filed in the Federal District of New Jersey, and New Jersey District's ex parte order in attachments in the amount of $ 5.7 million. Thus this action and its duplicate came to attachments and garnishments in the amount of $ 18.5 million.

This action commenced by filing perjured affidavits, Defendant filed on August 17, 2001 his motion pressing perjury charges (Doc # 160), and attached preliminary documents to support that motion, the Court assigned it to the Magistrate for ruling, the Magistrate denied it, Defendant appealed to the District Judge, todate this motion is still pending before the Court. The principle of law that judicial error does not establish liability on the United States is not absolute, specifically when it is clear, that is far beyond the normal. On the hearing held on April 7, 2004 Defendant renewed that motion and Plaintiff could not provide any evidence to support his perjured affidavit. It is a crime against United States to file perjured affidavit to obtain court order. Nevertheless, the Court ordered pending this motion, that is not judicial error; it is a damageable court decision establishes United States liability.

This Court respectfully made a competition with the District of New Jersey. This Court decided to maintain jurisdiction over this action because this action was

6

filed prior to the filing of New Jersey action, however, this Court did not consider, that New Jersey District Court has issued its attachment order on May 12, 2000, before this Court issued its prejudgment remedy on May 16, 2000. Nevertheless, this Court and New Jersey Court are United States Courts. Accordingly, the same cause of action became under the jurisdiction of two courts in the same point of time contrary to the Rules of Supreme Court, **see Giggs v. Provident Consumer Discount CO**. 459 U.S. 56, 58 (The filing of notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the Court of appeals and divests the district court of its jurisdiction over those aspects of the case involved in the appeal). The application of the **Giggs** authority; the attachment order issued on May 12, 2000 against Defendant divests the District of Connecticut of its jurisdiction effective on May 12, 2000.

In another scenario, the District of New Jersey stayed the action pending the final resolution in Connecticut District, it means it delivered its jurisdiction to Connecticut District, furtherly it means that there will be no further litigation in New Jersey District and the judgment of this District has the res judicata effect, **see Moses H. Cone Memorial Hospital v. Mercury Construction** 460 U.S. 1,8.

Mercury sought appellate review through two alternative routes-a notice of appeal under 1291, and a petition for mandamus under All Writs Act 28 U.S.C. 1651. Mercury expressly stated that its appeal was based only on 1291 and not on 28 U.S.C. 1292 (relating to interlocutory appeals). The Hospital contends that

7

the order appealed from was not "final decision[n]" within 1291. We [460 U.S.9] disagree and hold that the stay order was final for the purpose of appellate jurisdiction. **Id**.

The **Moses** authority explains that the stay order of New Jersey District is final and at 10, it furtherly explained that, that stay is equal to dismissal. Accordingly, New Jersey District dismissed the case and does not have jurisdiction any more. In the same time the attachment order kept in place injuring Defendant, establishing United States liability for Defendant's damages.

## **CONCLUSION**

The United States should be added as an Indispensable Party Defendant to Defendant's claims of actual damages, and the Honorable Court should determine the proportion of United States liability and the proportion of Plaintiff 's liability to reach a final conclusion of this action. Defendant is entitled to award for his damages, no matter the proportion determined by the Court for either party.

The Defendant
Mostafa Reyad


By:_____
Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone 203-325-4100
Home Phone 201-585-0562
Email, Reyad@optonline.net


## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the captioned date has served in person the following:

1. Connecticut United States Attorney
   Kevin J. O'Conner, Esq.
   157 Church Street, New Haven, CT 06510
   (Three copies)

2. Plaintiff's Attorney
   David R. Schaefer
   271 Whitney Ave, New Haven, Ct 06511

3. Wafa Reyad


_____
Mostafa Reyad

9