UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff                **CIVIL ACTION NO.**
                                        **3:00CV835 (CFD)**

      V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants
                                      DATE: DECEMBER 27, 2004

_____

**MOSTAFA REYAD'S SWORN AFFIDAVIT**

I, Mostafa Reyad, hereby sworn for the following:

1. I am at the age of 63, resident and citizen of the State of New Jersey, and a citizen of the United States.

2. Between the years 1990-2000, I transacted business as a mortgage lender, duly licensed under the fictitious names, Federal Mortgage Company of Connecticut; National Funding; and NFC of New York.

3. On August 28, 1996 I entered into agreement, namely the "Seller Contract", with Independent National Mortgage Corporation, known as "IndyMac", including its divisions

   a. Independent National Finance Corporation "INFC".

   b. Independent National Housing Services "INHS".

1

      c.  Independent Lending Corporation

4. The "Seller Contract" operation is stipulated pursuant to IndyMac and affiliates "Seller Guide", as amended, supplemented or otherwise modified from time to time.

5. The "Seller Contract" stipulates that, it is governed by, and construed and enforced in accordance with applicable Federal laws and the laws of the State of California.

6. On December 6, 1996, I entered into agreement, consists of three (3) contracts, Plaintiff named it the Credit Facility Documents as follows:

i)     Master Revolving Loan and Security Agreement, between Independent Lending Corporation, a Delaware Corporation doing business as Warehouse Lending Corporation of America and the undersigned.

ii)    Variable Terms Letter, between Independent Lending Corporation, a Delaware Corporation doing business as Warehouse Lending Corporation of America and the undersigned.

iii)   Credit Guaranty (Individual), between Warehouse Lending Corporation of America and the undersigned.

7. At the relevant time, December 6, 1996, Warehouse Lending Corporation of America was a defunct corporation effective October 5, 1994 pursuant to the records of the State of Delaware and the State of California.

8. The undersigned transacted business with Warehouse Lending Corporation in a total amount approximately $ 125 million between 1997 and April 20, 2000.

9. All business transacted was through the internet. Plaintiff shut-off the internet system on April 20, 2000, causing no access to the undersigned for any records at all.

10. On April 20, 2000 Plaintiff was indebted to the undersigned in the amount of $ 288,315, and Plaintiff was holding the undersigned trust account in the amount of $ 78,703.59.

11. On May 8, 2000 Plaintiff initiated this action in the District of Connecticut docketed:

    IndyMac Mortgage Holdings, Inc. and IndyMac, Inc. v. Mostafa Reyad and Wafa Reyad, 3:00 CV 835 (Honorable Christopher F. Droney, U.S.D.J.)

12. On May 8, 2000 the same Plaintiff initiated a duplicate action in the District of New Jersey [entered on May 9, 2000], 2000 CV 2237 (Honorable Joseph A. Greenaway, Jr. U.S.D.J.,) currently in a stay status.

13. On August 3, 2000 Plaintiff conspired with Bank of New York, and forged a mortgage assignment by changing the name of the assignee on the assignment from IndyMac, Inc. to read Bank of New York, Trustee and initiated the action; Bank of New York, Trustee v. National Funding, et al, X01-CV-00-0171525 S, Connecticut State Court, Complex Litigation, Waterbury, Connecticut (Judge Barbara Sheedy).

14. During relevant times, IndyMac, Inc. and Bank of New York, Trustee, each of the latter claims the ownership of two (2) mortgage loans for a certain property located at 993 Lake Street, Greenwich, Connecticut.

15. On August 10, 2001 Honorable Droney dismissed Plaintiff namely, IndyMac, Inc. pursuant to Fed. R. Civ. P. Rule 12 (b)(6), grounded on the inclusion of forum-selection clause in the "Seller Contract".

16. On September 7, 2001, IndyMac Mortgage Holdings, Inc. filed its amended complaint, eliminating IndyMac, Inc. from the action.

17. IndyMac Bank, F.S.B. was substituted as the now Plaintiff due to merger.

18. On May 7, 2004, the same Plaintiff initiated the action; IndyMac Bank, F.S.B. v. David Sherif Reyad and Wafa Reyad, 3:04 CV 798, District of Connecticut (Honorable Droney), terminated on September 18, 2004.

19. Wafa Reyad is the wife of Mostafa Reyad, and David Sherif Reyad is his son.

20. On May 12, 2000, Plaintiff obtained ex parte order for attachment and garnishment against the undersigned and his wife in the amount of up to $ 5.7 million.

21. On May 16, 2000 Honorable Magistrate William I. Garfinkel ordered a prejudgment remedy in the amount of $ 1.6 million against the undersigned, and similar amount against his above named wife.

22. Between May 17, 2000 and June 19, 2000. The Magistrate issued eight (8) writs of garnishment, each writ in the amount of $ 1.6 million, totaled $ 12.8 million. The eight (8) writs were prepared by Plaintiff's attorney David

4

R. Schaeffer in the attorney's office and rubber stamped by the Magistrate.

23. The eight (8) writs in the amount of $ 12.8 million were never entered on the docket, and Plaintiff's attorney executed the writs on May 17, 2000.

24. The Magistrate prejudgment remedy stipulates that Defendant(s) are permitted to conduct his business, and permitted to use personal and business bank accounts.

25. The Magistrate's writs of garnishment, which prepared by Plaintiff's attorney garnished the personal and business bank accounts, and every asset, belong to the undersigned.

26. The Total garnishment effective May 18, 2000 was garnishment in the amount of $ 18.5 million, and remains in effect till todate.

27. The garnishment of the business bank accounts, caused the undersigned business to be shut off effective May 18, 2000.

28. Due to the fact that the undersigned current assets are way below the amount of $ 18.5 million, none was left to the undersign to conduct business or for any resource for living at all effective May 18, 2000.

29. In the year 2000, the undersigned business was valued ten million dollar ($ 10 mill), now equal to zero. The undersigned also lost any and all income from his business, and lost insurance coverage of two (2) million dollar ($ 2 million), inwhich he paid approximately $ 400,000 since 1993.

30. Todate Plaintiff is garnishing the following:

| | | |
|---|---|---|
| A. The undersigned daughter's property located at 1452-1454 Road, Edgewater, New Jersey. | $ | 1,200,000 |
| B. The undersigned wife's own residence Located at 2077 Center Ave # 22D, Fort Lee, NJ | $ | 500,000 |
| C. The undersigned insurance policy | $ | 170,000 |
| D. The undersigned wife's insurance policy | $ | 165,000 |
| E. The undersigned insurance policy | $ | 1,000,000 |
| F. Valic Insurance, for wife | $ | 65,000 |
| G. American Express, for wife | $ | 72,000 |
| H. Equitable Insurance annuity, for wife | $ | 124,000 |
| I. Aetena annuity, for wife | $ | 76,000 |
| J. New England annuity, for wife | $ | 23,000 |
| TOTAL | $ | 3,395,000 |

31. The undersigned total losses as of dated, caused by the unlawful injunction labeled prejudgment is as follows:

| | |
|---|---|
| i) Defendant's business | $ 10,000,000 |
| ii) Loss of income 4 ½ years | $ 2,925,000 |
| iii) Loss of investment | $ 150,000 |
| iv) Loss of insurance coverage | $ 2,000,000 |
| TOTAL | $ 15,075,000 |

6

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Stamford, Connecticut

On December 27, 2004

_____
Mostafa Reyad