UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                    Plaintiff            **CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                    Defendants

                                                        **DATE: FEBRUARY 8, 2005**

_____

**DEFENDANT'S REPLY TO PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO ADD UNITED STATES AS INDISPENSABLE PARTY AND TO DISQUALIFY PLAINTIF'S ATTORNEY**

This is the reply of Defendant Mostafa Reyad to "Plaintiff's Consolidated Memorandum in Opposition to Defendant's Motions to Add United States as Indispensable Party and to Disqualify Plaintiff's Attorney" dated February 2, 2005 (Doc # 448). It is clear that, Plaintiff is objecting to 1) Defendant's motion to add United States as an Indispensable party (Doc # 442);  2) Defendant's supplement to motion to hold United States as an Indispensable party; and 3) Defendant's motion to disqualify Plaintiff's attorney (Doc # 445). The mere objection does not include denial of the facts stipulated in Defendant's motions, which caused Defendant's damages in the amount approximately fifteen million dollar. Plaintiff failed to respond factually or legally to Defendant's motions, and this Honorable Court should Overrule and Grant Defendant's three (3) motion stated hereabove.

1

Plaintiff p. 2, stating that the issues raised in prior motions, however, Defendant's filing is proper, because Defendant will not be able to serve the United States, unless they are an Indispensable Party. Indeed, Defendant followed the same procedure of the Second Circuit by serving the United States, provided, the Second Circuit will not Rule on Defendant's damages, in addition the Rules of this Court mandates that motion to disqualify an attorney must be separate motion.

The extraordinary circumstances of this case shows clearly and undisputably that the Magistrate and Plaintiff's attorney acted in tandem to intentionally injure Defendant severely. The facts show that the writs of garnishments caused Defendant to close his business on May 18, 2000 are supported by evidence attached to "Defendant's supplement to motion to hold United States as an Indispensable Party" dated January 24, 2005 (Doc # 444). The unauthorized eight (8) writs of garnishments have not only the effect of unauthorized injunction, but also have the same effect of unauthorized judgment against Defendant to indefinitely close his business, and resulted in a total damages of the fifteen million dollar. Thus Defendant did not duplicate his motions and in fact Defendant complied and adhered properly with the Rules of this Court.

Furtherly, Plaintiff p. 2 footnote 1, cities that Judge Garfinkel denied Defendant's Motion to Disqualify on February 1, 2005 (Doc # 447), **see** Defendant's Petition

For Mandamus filed concurrently with this reply, it is incorporated herein as fully added part to this reply.

Moreover, Plaintiff p. 2 incorporates by reference its prior arguments in opposition to Defendant's motions and listed some dockets of his response, however, Plaintiff never factually supported his opposition, and never cited any authority to defend;  1) the **ex parte** communication between a Judge and Plaintiff's attorney;  2) execution of unauthorized writs; and 3) the power of the Magistrate to issue orders for injunctive relief.

The Magistrate Judge violated the Judge's Code of Conduct, the Magistrate is absolutely immuned, but the United States is liable for his acts beyond his power and jurisdiction. Plaintiff's attorney is a criminal executed unauthorized writs of garnishment has the same effect of an unauthorized judgment, vesting in himself the power of the United States.

Defendant's motion to add the United States as an Indispensable Party must be Granted, and Defendant's motion to disqualify Plaintiff's attorney and the law firms he is functioning as the lead attorney should be Granted, and the Court should nominate an independent prosecutor to prosecute Plaintiff's attorney for his crimes against United States.

The Defendant
Mostafa Reyad


By:_____
Mostafa Reyad
2077 Center Ave # 22D
Fort Lee, NJ 07024
Day Phone 203-325-4100
Home Phone 201-585-0562
Email. Reyad@optonline.net


## CERTIFICATE OF SERVICE

The undersigned certifies that on the captioned date has mailed the following; each of them a true and correct copy.

1. Connecticut United States Attorney
   Kevin J. O'Conner, Esq.
   157 Church Street, New Haven, CT 06510

2. Plaintiff's Attorney
   David R. Schaefer
   271 Whitney Ave, New Haven, CT 06511

3. Wafa Reyad


_____
                Mostafa Reyad

4