UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.

Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
Defendants

**DATE: FEBRUARY 8, 2005**

---

## PETITION FOR MANDAMUS

This is the Petition of Defendant Mostafa Reyad for a Writ of Mandamus. On February 1, 2005 Honorable Magistrate William I. Garfinkel, U.S.M.J. Denied Defendant's motion to recuse as moot. Furtherly, the Magistrate's Order stipulates that the Magistrate is no longer involved in the case. Defendants hereby contests the two (2) reasons, Defendant's request for disqualification and recusal is not moot, because the damages suffered by Defendant in the amount of fifteen million dollar is still alive, this Court did not rule upon Defendant's damages, and the stipulation that the Magistrate is no longer involved in the case is a frustrating statement, because the Magistrate was not the Presiding Judge over this case at any point of time. The records show that the Presiding Judge, - Honorable Droney- has assigned certain motions to the Magistrate for

1

recommendations. Thus, the Magistrate roll in this action since inception is to

assist the District Judge. Judge Droney assigned to the Magistrate for hearing

and recommendations; for the hearing held in Bridgeport on May 16, 2000.

Honorable Droney's assignment to the Magistrate was for hearing and

recommendation, and not for injunctive relief, **see** 28 U.S.C. 636 (b)(1)(A); it

stipulates in part:

> A judge may designate a magistrate judge to hear and determine any
> pretrial matter pending before the court, except a motion for injunctive
> relief . . . .

The records of the case shows at Doc # 12 dated 5/10/2000; Order For hearing &
TRO Motion set for [6-1] motion for Prejudgment Remedy and for [5-1] motion for
Disclosure of Property before Magistrate Judge William I. Garfinkel on 5/16/00 at
9:30 a.m. (signed by Judge Christopher F. Droney.).

Judge Droney's assignment for hearing upon Prejudgment Remedy which is an

injunctive relief's decision is contrary to United States Code section 636 (b)(1)(A),

the District Judge erred in issuing that Order, Accordingly, the prejudgment

remedy order must be vacated, as a matter of law.

Nevertheless, The Magistrate did not issue recommendations but issued the

order of prejudgment remedy, and stipulated in that order that Defendants are

permitted to use their personal and business bank accounts and to conduct his

business. On May 17, 2000 the facts became totally different. Defendant's bank

accounts for personal and business were seized on May 18, 2000 and Defendant

closed his business, because no business can operate without bank accounts.

The damages accumulated since that date and reached by the end of the year

2004 the stated above fifteen million dollar. The documents which were

discovered only on May 4, 2004 are attached hereto evincing that on May 17,

2000 the Magistrate has violated the Code of Judicial Conduct for United States

Judges, and engaged in ex parte unilateral communication with Plaintiff's

attorney David R. Schaefer who prepared for the Magistrate at least eight (8)

writs of garnishment in the total amount of $ 12.8 million. **See**,  the lower left

corner of the writs evincing that it were prepared by Plaintiff's attorney. It worked

as nuclear injunction devastating Defendant's business. As a matter of fact, it

were effectuated as a judgment against Defendant ordering closing his business.

The eight (8) writs never entered on the docket sheet, and not only the

Defendant was never notified, but also the Presiding Judge knows nothing about

it.


The records of this case evincing that Defendant was never notified by the eight

(8) writs, **see Gilbert Law v. Mark M. Meddaugh et al** (Case No. 99-9363, 2nd

Cir. October 5, 2000), at discussion the second paragraph.

> However, "[t]he unequivocal rule in this circuit is that the district court may
> not impose a filing injunction on a litigant sue sponte without providing the
> litigant with notice and an opportunity to be heard." **Moates v. Barkley**,
> 147 F. 3d 207, 208 (2d Cir. 1998) (per curiam). The "chance to respond is
> an empty opportunity if the party is not given adequate time to prepare his
> response." Schlesinger Inv. Partnership v. Flour Corp., 671 F. 2d 739, 742
> (2d Cir. 1982) (reversing sue sponte dismissal entered without prior
> notice).

According to the above authority, the writ of mandamus must be issued including

the vacation of the Magistrate's unauthorized and non-notified orders to

Defendant. The Magistrate and Plaintiff's attorney violated the Code, and injured severely the Defendant. The Magistrate established a court executing judgment and orders by the authority of the United States, without the knowledge of the United States, and without the power of the United States because the Magistrate was not the Presiding Judge. The Mandamus must be issued to Order Magistrate William I. Garfinkel, U.S.M.J. to be recused and vacate all his orders, and all orders issued on reliance upon his unauthoritized and non-entered orders.

This District Court has the power and the obligation to protect the public. It is empowered by 28 U.S.C. 1651 to issue the writ of mandamus. Indeed, there is a petition for mandamus is pending before the Second Circuit includes in part Defendant's request for disqualification and recusal of the Magistrate; however, it is not a duplicate of this petition, because that petition was before the Magistrate Ruling dening Defendant's motion. The Magistrate Denial on February 1, 2005 sustains the jurisdiction of this Court to Rule upon this instant petition. Magistrate Garfinkel has abused his power by improperly using the power of United States in damaging and injuring a litigant as stated above. Furtherly, the Magistrate abused his power and respond to Defendants motion in comparatively longer time despite the severe circumstances of the injunction upon the Defendant.

**See**, Federal Rules of Civil Procedure 65(b); it stipulates in part:

> On 2 days' notice to the party who obtained the temporary restraining order without notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Although, the above portion relates to temporary restraining order, it should be applicable in the circumstances of this petition, because Defendant was not notified while he appears at all time in the Court; by the devastated orders which have the same effect of a judgment. Thus, expedited hearing or consideration is mandatory.

The Magistrate acts in this case if compared by Judge Edelstein in **Re International Business Machines Corporation** (Case No. 94-3071, 2nd Cir. January 17, 1995); that comparism obligates this District Court to issue the writ, **see** p. 3 of 6.

>   In determing that mandamus was warranted, we ruled that the Tunney Act did not apply to dismiss, **id** at 600-03, that Judge Edelstein had "abused his power by talking such a substantial amount of time to resolve . . . . . a clear-cut issue" **id** at 603, and that, in light of the Judge's refusal to spare the parties substantial and needless expenses and his actions towards Assistant Attorney General Baxter without even "colorable jurisdiction" **id** at 604, Judge Edelstein "has abused his power by continuing a lawsuit which the parties have sought edgerly to dismiss." **id** (emphasis added).

The Magistrate has no power to issue the eight (8) writs, it is analogous to the Second Circuit Ruling (without even "colorable jurisdiction"). The United States Code empowers the Magistrate with certain power, in this action the Magistrate exceeded his power and violated the Judges' Code. **See** **Reynage v. Cammisa** Case No. 91-15468 (9th Cir. August 3, 1992), and **see** its comments on **Taylor v. Oxford**, 575 F. 2d 152, 154 (7th Cir. 1978).

It was not intended that the magistrate would have the power to hear and determine dispositive motions. It was only intended that a judge could assign a dispositive motion to a magistrate for hearing and submission of proposed findings and recommendation to the judge for ultimate disposition. The adjudicatory power over dispositive motions was to be exercised only by the judge.

**See**, also 28 U.S.C. 636 (b)(1)(A), it stipulates "except motion for injunctive relief". The Records before this Court show that the Magistrate exceeded his power on May 16, 2000 and issued a prejudgment remedy, and abused his power on May 17, 2000 by issuance of garnishment writs not in his power, and it includes the order of garnishing business bank accounts, which has the same effect of judgment effectuated the closing of Defendant's business.

and **See**, **Michael Hathcock; Sandy Hathcock v. Novistar International** (Case number 94-1021, 4th Cir.) at III

Section 455 (a) of title 28 of United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned". As we have previously explained, "[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances" **Aiken County v. BSP Div. OF Envirotech Corp**., 866 F. 2d. 661, 679 (4th Cir. 1989) (quoting **Rice v. Mckenzie**), 581 F. 2d 1114, 1116, (4th Cir. 1978). On these facts, a reasonable person might justifiably doubt the district court judge's objectivity. . . .

The Judge's **ex parte** contacts requesting the Hathcock's counsel to draft at least the factual basis of a default order, and possibly its legal conclusion as well, do not foster an impression of objectivity.

**Hathcock's** Court was troubled by the judge ex parte contact requesting Hathcock's counsel to draft the default or order, and Ruled that do not foster an impression of objectivity, and recused the judge. In this action the Magistrate

executed ex parte orders killed Defendant's business and devastated

Defendant's welfare to the extreme.

Moreover, the Magistrate's partiality appeared before the hearing on May 16,

2000; **see** the transcript of the hearing May 16, 2000 p. 3 line 10.

> ***The Court: Yes, Ms. Borger affidavit. And it is clear from the affidavit***
> ***that some sort of PJR is warranted. I don't think there's really any question***
> ***about it.***

The Magistrate's statement is a strong reflects of a predisposition against

Defendant. The statement was announced before hearing a single word of

Defendant's defense, **see United States v. John Doe** (Case No. 02-1362 (2nd

Cir. October 29, 2003) [the record there reflected willingness to rubber stamp any

suggestion made by the United States Attorney- an act inconsistence with the

exercise of an informed discretion]. **Id**. p. 2 line 19.

The Second Circuit recused Judge Platt from the case and vacated his judgment,

**see Litekey v. United States**, 507 U.S. 540, 548 commenting on 28 U.S.C. 455

(a).

> Subsection (a), the provision at issue here, was an entirely new "catch all"
> recusal provision covering both "interest or relationship" and "bias or
> prejudice", **see**, **Liljeberg v. Health Services Acquision Corp**., 486 U.S.
> 847 (1988)- but requiring them all to be evaluated on an objective basis,
> so that what matters is not the reality of bias or prejudice, but its

appearance. Quite simply and quite universally, recusal was required whenever "impartiality might reasonably be questioned". **Id.**

Furthermly, **see** **Liteky** at 552

A similar "plain Language" argument could be made, however with regard to 144 and 455 (b)(1): they apply whenever bias or prejudice exists, and not merely when it derives from an extrajudicial source. As we have described, the latter is invalid, because the pejorative connotation of the terms "bias" and "prejudice" demands that they be applied only to judicial predisposition that go beyond what is normal and acceptable. **Id**.

**See,** **Liljeberg v. Health Services Acquision Corp.** 486 U.S. 847, 848 (1988)

A violation of 455 (a)- which requires a judge to disqualify himself in any proceeding in which his impartiality might be questioned- is established when a reasonable person, knowing the relevant facts, would expect that a judge know of circumstances creating an appearance of partiality, notwithstanding a finding that the judge was not actually conscious of those circumstances. To require scientor as an element of 455 (a) violation would contravene that section's language and its purpose of promoting public confidence in the integrity of the judicial system. **Id**. 848.

**CONCLUSION**

Defendant met his burden, invoked the proper applicable authorities and

demonstrated that his right to relief is "clear and indisputable", entitles Defendant

to the writ of mandamus to order disqualifying and recusal of Honorable William I.

Garfinkel, U.S.M.J. and vacate all his orders and any orders issued by this Court

in reliance upon his orders, and the writ of mandamus must be issued

The Defendant
Mostafa Reyad


By:_____
    Mostafa Reyad
    2077 Center Ave # 22D
    Fort Lee, NJ 07024
    Day Phone 203-325-4100
    Home Phone 201-585-0562
    E-mail. reyad@optonline.net


## **CERTIFICATE OF SERVICE**


The undersigned certifies that on the captioned date has mailed the following; each of them a true and correct copy.

1. Connecticut United States Attorney
   Kevin J. O'Conner, Esq.
   157 Church Street, New Haven, CT 06510

2. Plaintiff's Attorney
   David R. Schaefer
   271 Whitney Ave, New Haven, CT 06511

3. Wafa Reyad


_____
        Mostafa Reyad