UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: AUGUST 2, 2006**

## MEMORANDUM FOR RECONSIDERATION

This is Defendant Mostafa Reyad's Memorandum of Law in support of Motion For Reconsideration, of this Court "Memorandum of Decision" dated July 26, 2006 [Doc # 466]. Pursuant to D. Conn. L. R. Civ. P. 7 (c); Defendant hereby respectfully moves this Court For Reconsideration.

## STANDARD OF REVIEW

Reconsideration should be granted when a litigant can point to controlling decision or data that the Court overlooked or matters, that might reasonably be expected to alter the conclusion reached by the Court **Shrader v. CSX Transp., Inc**. 70 F. 3d 255, 257 (2nd Cir. 1995).

## REYADS ARE ENTITLED TO THEIR DEFENSES

1

The Court Decision Ruling, p. 11 based on Fed. R. Civ. P. Rule 8(b), or presumably Rule 8(c) titled "Affirmative Defenses". The Court Ruling Denies all Defendants defenses, and all Defendants' evidences reasoning that Reyads did not plead all of their defenses in their amended answers, as required by Rule 8(b), and Ruled that even if the defenses were appropriately before the Court, the Reyads did not present evidence as to the defenses at trial. The Court furtherly Rules, the Reyads are not entitled to the defenses they have asserted as to the breaches of contract or CUTPA claims. Simply put, the Court Decision excluded or set aside Defendants' proposed findings of facts and conclusions of law, [Doc # 458] dated June 16, 2005, as well as Defendants' exhibits acknowledged at trial without any exception whatsoever, including evidences for their counterclaims. The misapplication of Rule 8(b) and or Rule 8(c) as it demonstrated below is a reversible error should be reversed and all Defendants defenses should be considered and a Court Decision in favor of Defendants should be issued.

**See**, Rule 8(b) and Rule 8(c), neither subdivision establish any waiver of any defense, if not filed with answer. Careful reading to Federal Rules of Civil Procedure; Article III Pleadings and Motions; Rules 7-16 inclusively do not include waiver of certain defenses, except Rule 12. Rule 12(g) mandates consolidation of defenses in motion, and Rule 12(h) stipulates as follows:

**Rule 12(h) Waiver or Preservation of Certain Defense**
    (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived

  (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

  (2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

  (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Rule 12(h)(2) also permits the filing of an objection of failure to state a legal defenses e.g. res judicata; failure to state a claim upon which relief can be granted; lack of capacity; lack standing; and statute of limitations, ordinarily do need external evidence. Rule 12 (h)(2) preserved all these defenses till the trial on the merits. The instant action's trial ended on October 14, 2005 and not August 14, 2002. **See Global Network Communications, Inc. v. City of New York et al** Docket Number 05-3298 (Amended July 28, 2006, 2nd Cir.)

  The purpose of Rule 12(b)(6) is to test in a streamlined fashion, the formal sufficiency of plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assess the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it. **Id.**

Defendant filed properly their motion pursuant to Rule 12(b)(6); failure to state a claim upon which relief can be granted at trial and filed multiple of the same at pretrial. **See** (Doc # 458) dated June 16, 2005 p. 3, also the Court acknowledged Defendants' Exhibits related to.

**Res judicata and Collateral Estoppel are non-waivable defenses**

Res judicata defense, is a legal defense, unlike other defenses, can be raised by the Court *sua sponte* to determine that jurisdiction does not exist, and therefore, equivalent to being non-waivable as the Court and not the defendant is in control of the issue. Indeed, the Second Circuit has held [t]he failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground, **see Salahuddin v. Jones**, 992 F. 2d 447,449 (2nd Cir. 1993).

It is well established law in the Second Circuit that certain affirmative defenses, including *res judicata*, maybe raised *sua sponte*, **see Doe v. Pfrommer**, 148 F. 3d 73, 80 (2nd Cir. 1998)(affirming *sua sponte* application of collateral estoppel in motion for summary judgment). The affirmative defense rule; see Rule 8(c), it does not establish waiver. Moreover, waiver would not apply in the case of those affirmative defenses that might be raised *sua sponte*. **See** also **Pino v. Ryan**, 49 F. 3d 51,53 (2nd Cir. 1995)(affirmating *sua sponte* dismissal under 28 U.S.C. 1915 (d) on the statute of limitations grounds).

**VIOLATION OF CALIFORNIA STATUTES AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ARE NON-WAIVABLE UP TO AND AT TRIAL.**

It is well established in California courts, that any legal defense can be raised at trial, **see** Title 6 of California Code of Civil Procedure, and **see** the recent

Supreme Court Decision, **Arbaugh v. Y & H Corp. d/b/a The Moonlight Café**, Case Number 04-944 (January 11, 2006); Justice Ginsburg Ruled:

> The objection that a federal Court lacks subject-matter jurisdiction, **see** Fed. Rule Civ. Proc. 12(b)(1), may be raised at any stage in the litigation, even after the entry of judgment, Rule 12(h)(3). **See Kontrick v. Ryan**, 540 U.S. 443, 445. By contast, the objection that a complaint" fail[s] to state a claim upon which relief can be granted", Rule 12(b)(6) endures only up to, not beyond, trial on the merits, Rule 12(h)(2). **Id**

**CUTPA JURISDICTIONAL STATUTE OF LIMITATIONS IS WELL PLEADED**

Defendant Mostafa Reyad well pled the jurisdictional statute of limitations of CUTPA, it is non-waivable defense **see** the jurisdictional provision Conn. Gen. Stat. 42-110 (g)(f); **Avon Meadow Condominium Associates, et al v. Bank of Boston Connecticut** 50 Conn. App. 668, 699-700 (1998), and **see** 42-110(g)(c), the former is jurisdictional can be raised even after the judgment and the latter is part of compliance, endures only up to, not beyond the trial, **see** Defendants Proposed findings of facts and conclusions of law p. 40-43, i.e. the failure of Plaintiff to comply with the statute 42-110(g)(c) during the jurisdictional period mandated by 42-110 (g)(f) deprives the Court of the subject matter jurisdiction, and Plaintiff's CUTPA claims must be dismissed as a matter of law.

The same issue of the jurisdictional subdivision 42-110(g)(f) and the compliance subdivision 42-110(g)(c) are before Connecticut Appellate Court case number 26195 argued on May 2, 2006, no decision as of todate, the parties are the same Defendant and the same Plaintiff under the hat of Bank of New York. **Bank of New York v. National Funding et al**, in that case Defendant

raised the issue and the court did not discuss that issue, and in the instant action, the Court shut off Defendant's defense and denied hearing the defense.

In any event, The Court Decision Ruled at p. 7, footnote 6 "it is appropriate to apply California law", and at p. 14, foot note 13 "Punitive damages for breach of contract are prohibited by California law. See, Cal. Civ. C. Sec. 3294 (2006), on p. 14 "The Court concludes that punitive damages for Mostafa Reyad's CUTPA violations are also appropriate, the last two Rulings are opposing each other, **see Masterobouno v. Shearon leaman Hutton Inc**. 514 U.S. 52 (1995) (Thus, the choice-of-law provision covers the right and duties of the parties), see (Doc # 458) p. 46 and p. 3 **Valley Juice Ltd., Inc. v. Evian Waters of France**, case number 94-7813,7817 and 95-7709 (2nd Cir. 1996). It is Unconstitutional to apply two conflicting laws to one contract, in which one of these two laws not stipulated by the parties, it is equivalent to court exceeding its jurisdiction. CUTPA claims must be reversed.

## INDYMAC MORTGAGE HOLDINGS, INC. NOT PROPERLY REGISTERED TO DO BUSINESS UNDER THE NAME OF WAREHOUSE LENDING CORPORATION OF AMERICA.

The Court Rules p. 12 "IndyMac Mortgage Holdings, Inc. also was properly registered to do business under the trade name Warehouse Lending Corporation of America [hereafter "WLCA"], is a clear error of fact and law. Defendant well pleaded that WLCA is not properly registered, and pursuant to California law, WLCA cannot maintain any action or proceeding; pursuant to Cal.

6

Corp. C. Sec. 2203(c) see (Doc # 458) p. 4-13, and **see** Defendants' Exhibits # 14 and # 15, and more specifically see Cal. Corp. C Section 2106 (b)(2)

*"The foreign corporation agrees that it will transact business in this state under an assumed name disclosed to the Secretary of State and that assumed name in all of its dealings with the Secretary of State and in the conduct of its affairs in this State"*

WLCA lacks standing, and hence the Court lacks jurisdiction on the entire complaint. The Court Decision must be reversed.

**California Law and Delaware law**

The Court cites p. 13 foot note 10 "California law recognizes that the continuing legal existence of a corporation depends on the law of the state of incorporation" **CM Record Corp. v. MCA Records, Inc**. 168 Cal. App. 965, 967 (Cal. App. CT 1985)", **see** 968 on Defendants proposed findings p. 8 "No corporation shall maintain an action . . . for the enforcement of a contract, made . . . after the forfeiture of its certificate" **Id** 968 and **see 8 Del. C. 278**; it cannot sue or be sued after 3 years of its dissolution. This is jurisdictional issue raised prior to and in the trial, and cannot be waived, and the defenses of failure to state a claim upon which relief can be granted applicable to that defenses, as stipulated in Defendants' proposed findings of facts.

**THE COURT OVER-ESTIMATES PLAINTIFF'S ALLEGED DAMAGES**

In the three (3) days trial, Plaintiff provided evidence from the dismissed Plaintiff namely, IndyMac, Inc., and Defendant provided evidence from premarked Plaintiff's exhibits. The Court Decision p. 8 foot note 7 properly cited Cal. Civ. Code Dec. 3300. The Code Chapter 2 Article 1, titled "Measure of

Damages" (Sec. 3300-3322). **See** (Doc # 458) p.15, Defendant cites Cal. Civ. C. Sec. 3301.

> No damages can be recovered for a breach of contract which are not clearly ascertainable in both nature and origin.

The Code mandates ascertainability, although Defendant's statement remains the same as Defendant outlined it in (Doc # 458), however, there is no ascertainable evidence stemming from Plaintiff exhibit 40A, it is a statement, and not an evidence. Moreover, Plaintiff was successful to acknowledge certain exhibits for only 10 loans out of the 33 loans, and no more, p. 59 declaring damages and interest in the amount of $ 66,407.57 and no more. The Court Decision applied a new theory presented by Plaintiff, Defendant called it Wholesale Damages, the theory is contrary to the Code and never applied in any court. Again, because the Court shut off all Defendant's defenses, the Court overlooked this fact, and it should be corrected.

**ALL MORTGAGE LOANS UNJUDICIALLY SOLD IN THE YEAR 2001**

**See**, Defendants proposed findings p. 30-34, the Court Ruled p. 3 "Rather, those mortgages were transferred", the Court Ruling should use the word sold, because these loans; the 33 loans were sold nonjudicially, i.e. without court order to sell. Defendants defenses p. 30-34 is failure to state a claim upon which relief can be granted, a defense raised at trial, California Ani-deficiency laws must apply.

**DEFENDANTS PROVIDED EVIDENCES FOR THEIR COUNTERCLAIMS:**

The Court Decision p. 13 Ruling that Defendants have not provided sufficient evidence to prove their counterclaims by a preponderance of evidence, and Rules; Plaintiff prevails. Defendant claims losses of fifteen millions, however, Defendant acknowledged two documents, Defendant's exhibit # 17 and # 18 for insurance losses of two (2) million dollar, and provided this Court by the documents of eighteen and half million dollar in prejudgment against him, his wife and against every dollar Defendant may claim. Defendant understands the broad discretion of the Court in weighting evidence, however, Defendant questions if the Court decided the above despite it is letters from the insurance company, and in the same time the Court acknowledging Plaintiff Exhibit 40A, which a statement of the dismissed Plaintiff IndyMac, Inc., Defendant believes that it is prejudice to the outmost.

Moreover, is any citizen in this Country can meet his or her normal life needs if he or she under seize for every dollar for six (6) years, is that needs evidence or witness? The Court should reconsider its decision.

Finally, the motion to reconsider is under the discretionary power of the Court, and the Court is not limited in its ability to reconsider its own decision(s) prior to final judgment, **see Virgin Atl**., 956 F. 2d 1255 if justice requires, and Defendant strongly believes that justice really requires.

The Defendant
Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Home Phone # 201-585-0562
   Day Phone # 203-325-4100
   Email: Reyad@optonline.net

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511 and hand delivered to Wafa Reyad.

                                                _____
                                                Mostafa Reyad