UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                 Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                 Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: AUGUST 4, 2006**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

      This is Defendant's Mostafa Reyad Memorandum of Law in Support of his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff IndyMac Bank, the substituted Plaintiff of IndyMac Mortgage Holdings, Inc. lacks standing to sue, and hence this Court lacks subject matter jurisdiction over Plaintiff's entire complaint, and must dismiss Plaintiff's entire complaint as a matter of law.

      Defendant filed on April 4, 2003 his summary judgment motion and attacked the invalidity of Plaintiff claims, raising the issue of corporations laws that there are no corporations have two (2) corporate names at any point of time. This Court denied Defendants' summary judgment, on the ground that Plaintiff may be able at Trial to prove his entitlement of using two (2) corporate names.

1

Defendant fled to California and obtained two (2) certificates from the Secretary of State, under seal, the first for Independent Lending Corporation, and the second for IndyMac Mortgage Holdings, Inc. both dated November 24, 2003. Defendant filed the two (2) certificates as attachments to (Doc # 308) dated November 26, 2003. At Trial on April 7, 2004 Defendant properly presented and the Court acknowledged the first to be Defendants' Exhibits # 14 and the second # 15. The two (2) exhibits attached hereto.

Plaintiff filed with joint trial memorandum (Doc # 306) dated November 18, 2003 "Plaintiff's List of Exhibits"; History of Plaintiff's Corporate Structure [Exhibits 15-25], attached hereto marked by the Handwriting of Honorable Droney. Plaintiff failed at Trial to present any of these exhibits, waiving his right to present any of these exhibits. The Court Decision, (Doc # 466) dated July 26, 2006 adopting Plaintiff's statement cited on Plaintiff's Post-Trial Memorandum p. 6 without any evidence, The Court based its Decision on the false statements of Plaintiff. Furthery the Court Ruled.

> At the time it entered into the Loan Agreement, Independent Lending Corporation (which had legally changed its corporate name from Warehouse Lending Corporation of America, Inc., effective October 5, 1994) was properly registered to do business under the trade name of Warehouse Lending Corporation of America. Thereafter, as a result of a serious of mergers and properly registered name changes, Independent Lending Corporation ultimately changed its name to IndyMac Mortgage Holdings, Inc., one of the initial named plaintiffs in this action. IndyMac Mortgage Holdings, Inc. also was properly registered to do

      business under the trade name of Warehouse Lending Corporation of America.

The attached two (2) exhibits # 14 & 15 show that the official records of the Secretary of State do not contain any registration for doing business as, and no record of merger, or consolidation. Exhibit # 14 shows that Independent Lending Corporation filed on February 23, 1998 a certificate of surrender of right to transact intrastate business declaring:

1. Said corporation hereby surrenders its right and authority to transact intrastate business in the State of California.

2. Said corporation hereby revokes its designation of agent for the service of process in California

3. Said corporation consents that process against it in any action upon any liability or obligation incurred within the State of California prior to the filing of this Certificate of Surrender of Right to Transact Intrastate Business may be served upon the Secretary of State of California.

4. The post office address to which the Secretary of State may mail copies of any process against the corporation that is served upon the Secretary of State is

   <u>INMC Mortgage Holdings, Inc.</u>
   <u>155 North Lake Avenue, Pasadena, California, 91101</u>

Accordingly, Independent Lending Corporation has ceased to exist on February 23, 1998, and no merger has occurred. Exhibit # 15 do not show anything related to Independent Lending Corporation, nor Warehouse Lending Corporation of America. Thus, Indyac Mortgage Holdings, Inc. never registered to do business as Warehouse Lending Corporation of America.

Thus, Plaintiff deceived the Court and the Court issued its Decision as per Plaintiff's false statements of series of mergers and registrations, while the documents maintained with California Secretary of the State show no merger ever occurred and no registration ever recorded. Plaintiff cheated the Court, and the Court based its relevant opinion on merger and consolidations never existed rendering the three (3) cases cited by the Court p. 12 meaningless, lacking any significance.

## **DISCUSSION**

The Court Ruled (Doc # 466) on p. 13, footnote 10 "California Law recognizes that the continuing legal existence of a corporation depends on the law of the state of incorporation", that is to say Delaware Corporation law. **See** 8 Del. C. Sec. 278, pursuant to that section, as soon as the corporation dissolve for any reason, it cannot continue doing business for which the corporation was organized. It can live for 3 years after dissolution for prosecuting or defending business conducted before its dissolution. Exhibit # 14 shows that Independent Lending Corporation ceased to exist on February 23, 1998 and pursuant to the law cannot continue business for which it was organized. There is no evidence of merger in any record. A defunct corporation surrendered its certificate, and lost its capacity and standing, and cannot maintain any action or proceeding pursuant to Cal. Corp. C. Sec. 2203(c).

**PLAINTIFF CANNOT MAINTAIN ANY ACTION PURSUANT TO CALIFORNIA CORPORATIONS CODE SECTION 2203 (c), AND SECTION 2105 (a) AND (b)**

Plaintiff is a criminal corporation violates the laws, Plaintiff entered into

4

agreements using corporate names different from its certificate of qualification issued by California Secretary of State, and transacted business without that certificate, and as a matter of law cannot maintain any action or proceeding pursuant to **Cal. Corp. C. section 2203 (c).**

**California Corporation Code 2203 (c)**

A foreign corporation subject to the provisions of Chapter 21 (commencing with Section 2100) which transacts intrastate business without complying with Section 2105 **shall not maintain any action or proceeding** upon any intrastate business so transacted in any court of this state, commenced prior to compliance with Section 2105, until it has complied with the provisions thereof and has paid to the Secretary of State a penalty of two hundred fifty dollars ($250) in addition to the fees due for filing the statement and designation required by Section 2105 and has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business.

The records of this Court; Defendant s Exhibit # 14 & # 15 show that all IndyMac corporations are Delaware corporations having the principal place of business in California; all are foreign corporations for the State of California, and are subject to the provisions of **Cal. Corp. C. Chapter 21 (section 2100-2117),** and all are transacting intrastate business. **See section 2105.**

**California Corporation Code 2105 (a), it stipulates in part.**

A foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a **certificate of qualification**.

### California Corporations Code 2105 (b)

Annexed to that statement and designation shall be a certificate by an authorized public official of the state or place of incorporation of the corporation to the effect that such corporation is an existing corporation in good standing in that state or place or, in the case of an association, and officers certificate stating that it is a validly organized and existing business association under the laws of a specified

5

foreign jurisdiction.

Chapter 21 forbid foreign corporations to maintain any action without obtaining first from California Secretary of State a **certificate of qualification** stating its name, and the state or place of its incorporation or organization. The section allows foreign corporations to register its corporate name, by filing an application, and a certificate by an authorized public official of the state or place in which it is organized [in this action, the authorized public official should be the Department of corporation of the State of Delaware], stating that such corporation is in good standing under those laws, and such registration shall be effective until the close of the calendar year in which the application for registration was filed. It is undisputedly that Plaintiff transacted business with Defendant for the first time on December 6, 1996, and the records show that WLCA ceased to exist October 5, 1994 there was no registration, and there was no certificate of qualification mandated by section 2105, and WLCA is a nonqualified foreign corporation cannot maintain any action for any contract, it entered to after October 5, 1994, **see**, **United Medical Management Ltd. v. Gatto** (1996) 49 Cal. App. 4$_{th}$ 1732 [57 Cal. Rptr. 2d 600], (Once a nonqualified foreign corporation commences an action regarding intrastate business, the defendant may assert by demurer or as an affirmative defense in the answer the Lack of Capacity to maintain an action arising out of intrastate business) **Id**. 1740; **Timberline, Inc. v. Jaisinghani** (1997) 54 Cal. App. 4$_{th}$ 1361 [64 Cal Rptr. 2d4]. Accordingly, WLCA cannot maintain any action for any contract, it entered into after it ceased to exist pursuant to the law; **see 8 Del**. **C. sections 259 (a)**; pursuant to the above

6

authorities, all these contracts are illegal and cannot be assigned to any other entity, because of its illegality, and **see 8 Del. C. 278**, it cannot sue or be sued. The law leaves all parties to an illegal agreement where it finds them and gives no relief. **See**, Second Circuit Ruling in **Celardo v. Preferred Choice MGT**, docket No. 02-7209 decided January 27, 2003 (while Celardo would have us hold that illegal means criminal , this interpretation contravenes the plain, common-sense meaning of illegal . The Dictionary definition of illegal is contrary to or violating a law or rule or regulation having the force of the law). **Id.** ; **Kaiser Steel v. Mullins** 455 U.S. 72, 77; it Ruled The authorities from the earliest time to the present unanimously hold that no court will lend its assistance in any way toward carrying out the terms of an illegal contract. In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it **Id.**; **NLRB v. Local 46**, case No. 97-4021 (2nd Cir) it Ruled in such cases the aid of the court is denied, not for the benefit of the defendant, but because public policy demands that it should be denied without regard to the interests of individual parties . **Id.**

**See Golden v. Bellevue** civil action No. 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, Court of Common Pleas of Delaware, New Castle, it Ruled Unlike the Delaware Corporation law, which provides that unchartered or defectively chartered domestic corporations and unregistered foreign corporations may not have access to the Delaware Courts . **Id**. Thus WLCA has no access to Delaware courts, and consequently has no access to any court. **See** also **CM Record Corp. v. MCA Records, Inc**. (1985) 168 Cal. App. 3d 965,968 [214 Cal. Rptr. 409] No corporation shall maintain an

action . . . . for the enforcement of a contract, made . . . . . after the forfeiture of its certificate; **Id**.; **Cappiello, Hoffman & Katz v. Boyle** 2001, Cal. App. 4th No. A089477 (Only lawful enterprises are entitled to the protection of the courts when wrongfully disrupted). **Id**.

Plaintiff cited in their opposition to summary judgment as well as Post-Trial Memorandum three (3) precedents 1) **Texaco Ref. & Marketing, Inc. v. Delaware River Basin Comm n**, 824 F. Supp. 500, 507 (D Del. 1993), **Argenbright v. Phoenix Finance**, 21 Del. Ch 288, 292 (1936), and **Heit v. Tenneco Inc**. 319 F. Supp. 884, 887 (D Del. 1970), all the three (3) cases are misplaced, all these cases are for legal transactions while corporations were in good standing before merger or consolidation. This action is different; WLCA transacted contrary to the law while it had no charter or power to enter into contracts. Accordingly, WLCA lacks capacity to sue and Plaintiff lacks standing, and consequently, this Court lacks subject matter jurisdication.

**See**, also **Victor Rayhall v. Akin Company, Inc. et al**, Conn. Supreme Court (SC 16685); April 29, 2003.

An appellant, like the plaintiff her, still must, however, satisfy other prerequisites to jurisdiction, such as the final judgment rule; *Cantoni v. Xerox Corp.*, 251 Conn. 153, 160, 740 A. 2d 796 (1999); standing; *Connecticut Business & Industries Assn., Inc. v. Commission on Hospitals & Health Care*, 214 Conn. 726, 729-30, 573 A.2d 736 (1990); exhaustion of administrative remedies*; Polymer Resources, Ltd. v. Keeney*, 227 Conn. 545, 563, 630 A. 2d 1304 (1993); and ripeness. *Waterbury v. Washington*, 260 Conn. 506, 543, 800 A.2d 1102 (2002); cf. *Sasso v. RAM Property Management*, 431 So. 2d 204, 208 (Fla. App. 1983) (court has jurisdiction to consider appeal raising constitutional challenge to statute despite administrative agency s lack of jurisdiction over issue; court lacks jurisdiction if appellant lacks standing or controversy not ripe), aff d 452 So. 2d 932, appeal dismissed, 469 U.S. 1030, 105 S. Ct. 498, 83 L. Ed. 2d 391 (1984).

8

Simply put, Plaintiff lacks standing and the Court must dismiss Plaintiff s amended complaint; *Lerner v. Fleet Bank, N.A*. docket Number 01-7755 (January 22, 2003, 2nd Circuit). The Second Circuit remanded the case to the District Court for state-law claims. In the instant action, California law makes it clear that Plaintiff cannot maintain any action, under Federal or State Law.

**INDEPENDENT LENDIING CORPORATION D/B/A WLCA, AND INDYMAC MORTGAGE HOLDINGS, INC. D/B/A WLCA ARE ILLEGAL REGISTRATIONS PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 14415.**

## Cal. Bus. & Prof. Code section 14415

The filing of articles of incorporation pursuant to Section 200 of the Corporations Code, in the case of a domestic corporation, or the obtaining of a certificate of qualification pursuant to Section 2105 and 2106 of the Corporation Code, in the case of a foreign corporation, shall establish a *rebuttable presumption* that the corporation has the exclusive right to use a trade name, in the state the corporate name set forth in the articles or certificate, as well as any confusingly similar trade name, if the corporation is the first to have filed the articles or obtained the certificate containing the corporate name, and is actually engaged in a trade or business utilizing that corporate name or a confusingly similar name.
If a foreign corporation continues to have authority to transact intrastate business pursuant to Section 2102 of the Corporations Code, the foreign corporation shall be considered to have obtained its certificate of qualification pursuant to law for the purposes of this section on the date it first qualified to transact intrastate business in this state.
The *rebuttable presumption* created by this section affects the burden of producing evidence.

And more specifically <u>see</u> **Cal. Corp. C. Section 2106 (b)(2);** stipulates in Part:

> *"the foreign corporation agrees that it will transact business in this state under an assumed name disclosed to the Secretary of State and that assumed name in all of its dealings with the Secretary of State and in the conduct of its affairs in this State"*

The illegality of a defunct corporation by entering into contract while it has no charter, no corporate power, and no certificate of qualification cannot be curred by any other mean. The illegal contract cannot be claimed as a legal document in

9

case of false future merger or future consolidation as Plaintiff trying to consider. It is unenforceable, null and void. Merger or consolidation will not change its illegality status, and does not survive a defunct corporation. Courts records, and the records of the State of Delaware do not show, a dual corporate name for Independent Lending Corporation or IndyMac Mortgage Holdings, Inc. Neither corporation has or had doing business name in its certificate. The name of Independent Lending Corporation doing business as WLCA, and the name of IndyMac Mortgage Holdings, Inc. doing business as WLCA, are fraudulent names, the names are contrary to California law and Delaware law. Plaintiff admits that Independent Lending Corporation as well as IndyMac Mortgage Holdings Inc. did transact business under the trade name WLCA, at the time it filed the instant action, and Plaintiff filed a declaration affirming that statement, is a declaration that Plaintiff admits corporate crimes.

**<u>See</u> Cal. Bus. & Prof. C. Division 6 Chapter 3** Trade names and designations **(Section 14401-14418). Section 14411** allows filing any fictitious business name pursuant to **section 17910** will establish a *rebuttable presumption* that the registrant has the exclusive right to use as a trade name the fictitious business name, and **section 14415** explains the *rebuttable presumption*; the obtaining of a certificate of qualification pursuant to **section 2105** and **2106** of the Corporations Code, in the case of foreign corporation will establish the *rebuttable presumption* that the corporation has the exclusive right to use a trade name in the state the corporate name set forth in the articles or certificate,

as well as any confusingly similar trade name, and the foreign corporation shall be considered to have obtained its certificate of qualification pursuant to the law. The *rebuttable presumption* created by this section affects the burden of producing evidence; however, during pretrial Plaintiff has provided different material evidence indicating fraud upon registrations authorities, in California, Delaware and Connecticut.

Pretrial records show that Plaintiff acted contrary to the law and abused the *rebuttable presumption rule* by filing two (2) certificates contrary to this rule. Plaintiff filed contrary to the law 1) fictitious business name of Independent Lending Corporation doing business as WLCA, and 2) fictitious business name of IndyMac Mortgage Holdings, Inc. doing business as WLCA, both are illegal. The filing of the fictitious business names also, are contrary to the law pursuant to **Cal. Bus. & Prof. C. section 17910.5 (a)**, it forbid filing a name includes corporation unless that fictitious business named corporation is organized pursuant to the laws of California or some other jurisdiction. Thus, the names of the two (2) fictitious business names for Independent Lending Corporation doing business as WLCA and IndyMac Mortgage Holdings, Inc. doing business as WLCA, are illegal names, because there are no certificate of qualification issued from California Secretary of State having theses names, and pursuant to **Cal. Corp. C. section 2203 (c),** neither stated name can maintain any action, and all contracts including these names as stated above are illegal contracts unenforceable. Plaintiff provided a trade name registration in New Castle County, Delaware. Plaintiff registered a trade name in the place designated for

11

partnerships and associations, which is a county recorder office; the place has nothing to do with corporations. A corporation is a state creature, not county or town creature, and that illegal registrations collectively does not change the State records.

**See**, also Black s Law Dictionary for the definition of **Corporate Entity** , **Corporate name** , and **Fictitious name** .

**Corporate entity**. The distinct status of a corporation which sets its existence apart from the status of its shareholders; **its capacity to have a name of its own, to sue and be sued in its own name** as well as the right to buy, sell, lease and mortgage its property in **its own name**.

**Corporate name**. When a corporation is formed state statues require that such be given a name and **such name is kept on record** with the proper state authority (e.g. Secretary of State s office). Only by and under such name may the corporation sue or be sued **and do all legal acts**.

**Fictitious name**. Name of unincorporated business. Statutes usually require owner to file certificate of fictitious name; e.g. Joe Smith (real name); Joe s Pizza Place (fictitious name).

The legal authorities demonstrated above render, that Neither Independent Lending Corporation, Nor Indymac Mortgage Holdings, Inc. has the authority to transact business under the fictitious business name or the trade name of WLCA. Accordingly, Plaintiff s entire complaint is defective, warrant complete dismissal, and Plaintiff is not entitled to discovery, and is not entitled to provide evidence without regard to the underlying factual merits. **See** **Allen Dotson v. The Honorable Thomas P. Griesa**, et al, No. 01-6248 (February 2, 2005 Second Circuit)

*The first three points may be disposed of without discussion. First, a district court acts well within its discretion in deciding dispositive motions on the parties written submissions without oral argument.* **See generally AD/SAT v. Associated Press**, *181 F. 3d. 216, 226 (2$_{nd}$ Cir. 1999). Second, a plaintiff is not entitled to discovery if his pleadings are fatally*

*and incurably defective as a matter of law. See, e.g., M.B. # 11072-054 v. Reish, 119 F. 3d 230, 232 (2d Cir. 1997) (per curiam); **Flaherty v. Coughlin**, 713 F. 2d 10, 13 (2d Cir. 1983). Third, contrary to Dotson s argument, the district court s ruling assumes the truth of all allegations pleaded in Dotson t complaint. In any event, where pleadings are legally defective, dismissal is warranted without regard to the factual merits of a plaintiff s underlying claim. **See, e.g., Steel Co. v. Citizens for a Better Env t**, 523 U.S. 83 (1998). **Id**. p. 3 of 49*

## CONCLUSION

Defendant has met his burden of proof and this Court acknowledged Defendants' Exhibits # 14  # 15 on April 7, 2004, and Plaintiff provided false statements of merger, consolidation and registration on his memorandum on December 21, 2004. Pursuant to the Rules of Evidence and pursuant to Fed. R. Civ. P. Rule 12 (b)(1), Plaintiff lacks standing and this Court lacks subject matter jurisdiction, and must dismiss Plaintiff's entire complaint as a matter of law.

The Defendant
Mostafa Reyad


By:           /s/
    Mostafa Reyad
    2077 Center Avenue # 22D
    Fort Lee, NJ 07024
    Home Phone # 201-585-0562
    Day Phone # 203-325-4100
    Email: Reyad@optonline.net


## CERTIFICATE OF SERVICE


The undersigned certifies that he hand delivered on August 4, 2006 a true and correct copy of the Memorandum and All Attachments to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511 and hand delivered to Wafa Reyad.


                                        /s/
                                    Mostafa Reyad