UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00CV835(CFD) |
| v. : | |
| : | |
| MOSTAFA REYAD and WAFA REYAD, : | AUGUST 23, 2006 |
| : | |
| Defendants. : | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant memorandum in opposition to Defendant Mostafa Reyad's Motion for Reconsideration dated August 2, 2006 (doc. # 470). Contrary to Defendant's assertion, the Court in its Memorandum of Decision dated July 26, 2006 (doc. # 466) (the "Decision") following the bench trial of this action did not overlook any matters or controlling decisions. Defendant has simply not set forth any ground for reconsideration of the Decision. In fact, Defendants raised these same arguments in their Proposed Findings of Facts and Conclusion of Law dated June 16, 2005 (doc. # 458), and Defendant Mostafa Reyad reiterated these issues during oral argument concerning the parties' post-trial briefs held on October 14, 2005. Thus, the Court has been presented with these very arguments previously and appropriately has rejected same. Defendant offers no reason to revisit these issues at this time, and indeed there is none. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

**ORAL ARGUMENT IS NOT REQUESTED**

other words, that might reasonably be expected to alter the conclusion reached by the court."); SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) ("A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided.") (citations and internal quotation marks omitted); see also D. Conn. Loc. R. 7(c)1 (requiring movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision").

Additionally, Plaintiff notes that Defendants repeatedly have raised these same arguments previously in this litigation, and the Court has consistently rejected same. For example, the Court already has rejected on several occasions Defendants' argument that the doctrine of res judicata requires dismissal of Plaintiff's claims. See 3/31/04 Endorsement Order denying Defendants' Renewal Motion to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (doc. # 325); 2/25/05 Order (doc. # 452) denying Defendant Mostafa Reyad's Motion Pursuant to 28 U.S.C. § 144 (doc. # 412); 8/5/05 Order (doc. # 460) denying Defendant Mostafa Reyad's Motion Pursuant to 28 U.S.C. § 455 (doc. # 417) and Defendant's Motion to Strike Plaintiff's Post-Trial Memorandum (doc. # 456).  Similarly, the Court has denied numerous motions claiming that the Court lacks jurisdiction over this matter because IndyMac Mortgage Holdings, Inc. (one of the two original named plaintiffs in this action, and the predecessor in interest to the current plaintiff, IndyMac Bank, F.S.B.) was not authorized to do business under the trade name Warehouse Lending Corporation of America.  See 3/31/04 Endorsement Order (doc. # 351) denying Mostafa Reyad's Second Motion in Limine

(doc. # 308); 3/31/04 Endorsement Order (doc. # 352) denying Defendant Mostafa Reyad's Motion to Dismiss (doc. # 311); 3/31/04 Endorsement Order (doc. # 353) denying Defendant Wafa Reyad's Motion to Dismiss (doc. # 313); 3/31/04 Endorsement Order (doc. # 354) denying Defendant Mostafa Reyad's Motion to Grant Motion to Dismiss and Second Motion in Limine (doc. # 318); 3/31/04 Endorsement Order (doc. # 355) denying Defendant Wafa Reyad's Motion to Grant Motion to Dismiss (doc. # 320). Additionally, the Court previously rejected Defendants' argument that Plaintiff's CUTPA claim is barred by the California choice of law provision in the Loan Agreement, or, alternatively, that the claim is barred by the statute of limitations applicable to CUTPA claims.[1]  See 2/8/05 Order (doc. # 451) denying Defendant Mostafa Reyad's Fourth Motion in Limine (doc. # 386).

Finally, Plaintiff respectfully observes that this matter has been pending for over six years, and Defendants' continued attempts to delay entry of final judgment should not be countenanced. Defendants' dilatory motion practice has unreasonably extended the pendency of this matter, and has resulted in Plaintiff incurring over $400,000 in legal fees to date. To permit Defendants to delay further the entry of final judgment in this matter and force Plaintiff to incur additional legal fees, which Plaintiff may not be able to recover from Defendants, would be a travesty of justice. Accordingly, Plaintiff requests

---

[1] The Connecticut Appellate Court recently issued a decision in the matter Bank of New York v. National Funding, Case No. AC 26195, 2006 Conn. App. LEXIS 372 (Aug. 15, 2006), affirming the trial court's entry of judgment against Mostafa Reyad following a hearing in damages. Contrary to Defendant's suggestion in his Motion for Reconsideration, the Appellate Court did not address Mr. Reyad's defenses to the CUTPA claim in that action, or any of his defenses for that matter, due to Mr. Reyad's failure to file a timely notice of defenses in the trial court following the entry of default against him.

that the Court deny Defendant's Motion for Reconsideration (doc. # 470) summarily, so that this case can proceed to judgment with due speed.

        PLAINTIFF INDYMAC BANK, F.S.B.

By: ___/s/ *Rowena A. Moffett*___
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Its Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008
    Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].

　　　　　　　　　　　　　　　　　　*/s/ Rowena A. Moffett*
　　　　　　　　　　　　　　　　　Rowena A. Moffett (ct19811)