UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                        Plaintiff                    **CIVIL ACTION NO.
                                                              3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                     Defendants

_____       **DATE: AUGUST 24, 2006**

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION FOR RECONSIDERATION**

      Defendant Mostafa Reyad, hereby respectfully submits the instant reply to "Plaintiff's Memorandum in Opposition to Motion For Reconsideration" dated August 23, 2006 (Doc # 472). Plaintiff's Memorandum fails to legally respond to any of the substantive controlling decisions raised by Defendant mandates Granting Defendant's Motion For Reconsideration.

      Defendant' motion raised for the first time; 1) the misappropriation of Fed. R. Civ. P. Rule 8 (b) or presumably Rule 8(c); 2) the timely application of Rule 12(b)(6) for the non-waivable defenses of res judicata, and CUTPA statute of limitations; 3) the Court overlooked Cal. Civ. C. Sec. 3301 and adopted Plaintiff's theory of wholesale damages; and 4) the Court accepted Plaintiff's false statement and Ruled *"Thereafter, as a result of series of mergers and properly*

1

*registered name changes, Independent Lending Corporation ultimately changed its name to IndyMac Mortgage Holdings, Inc."* Indeed, Plaintiff's statement is completely false, sanctionable, maybe considered as fraud upon the Court, because it effectuated Court's Decision. It is a clearly erroneous fact should be reconsidered by the Court. Simply put, Documents provided and acknowledged by the Court; Defendants' Exhibit # 14 shows that Independent Lending Corporation never changed its name, nor merged with any other corporation, and it surrendered its certificate and became a defunct corporation effective February 23, 1998. Plaintiff's false statement let the Court establishes unlawful standing.

All the above issues were not included in Defendant's prior pleadings. Indeed, this Court denied multiple motions to dismiss without articulation(s), which blocked Defendant filing motion for reconsideration for any motion denied. The Second Circuit laws, for the purpose of appeal mandates, that any motion denied at pretrial stage would be forfeited if not raised again at trial. The Court Decision relied heavily on Rule 8, and foreclosed on the timeliness of Rule 12(b)(6), contrary to the Supreme Court Decision. **See** *Arbaugh v. Y & H Corp. d/b/a The Moonlight Café, case # 04-944 (January 11, 2006).* Plaintiff fails completely to respond to any of the above issues is a legal ground to Grant Defendant's motion for reconsideration. Upon Reconsideration, the Court will reverse its Decision.

2

The Defendant
Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Home Phone # 201-585-0562
   Day Phone # 203-325-4100
   Email: Reyad@optonline.net

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511 and hand delivered to Wafa Reyad.

                                    _____
                                         Mostafa Reyad