UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.

                         Plaintiff                      **CIVIL ACTION NO.**
                                                    **3:00CV835 (CFD)**

        V.

MOSTAFA REYAD AND WAFA REYAD
                   Defendants

                                          **DATE: AUGUST 28, 2006**

_____

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET
ASIDE THE COURT DECISION DATED JULY 26, 2006</u>**

      This is Defendant Mostafa Reyad Memorandum of Law in Support of

Motion to Set Aside this Court Decision dated July 26, 2006 (Doc # 466). Plaintiff

has committed "Fraud Upon The Court". Plaintiff's Fraud had been perpetrated

by two officers of the Court, namely Attorney David R. Schaefer and Attorney

Rowena A. Moffett, so that the judicial machinery could not perform in the usual

manner its impartial task of adjudging the instant action; <u>Hadges</u>, 48 F. 3d at

1325, mandated Setting Aside the above Court Decision, pending the Ruling on

the instant motion.

**ELEMENTS OF FRAUD**

Constructive fraud consists of any such act or omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damages to another, **Id Barrett v. Bank of America** (1986) 183 Cal. App. 3d, 1362, 1368 [229 Cal. Rptr. 16]. In the instant action, the two (2) officers of the Court, acted as imposters, specifically after the Defendant filed Second Motion in Limine dated November 26, 2003 (Doc # 308), Defendant attached to that second motion, two certificates of qualifications of 1) Warehouse Lending Corporations of America and Independent Lending Corporation certified by California Secretary of State that Independent Lending Corporation had surrendered its right to transact intrastate business effective February 23, 1998, and 2) IndyMac Mortgage Holdings, Inc. and the latter does not include any relation to either Warehouse Lending Corporation of America or Independent Lending Corporation, in any respect whatsoever. The Court Denied Defendant's Second Motion to Limine without opinion, despite that Plaintiff did not respond to the contents of the above two (2) certificates.

Due to the absence of the opinion reasoning the denial of Defendant's second motion in limine, which attacked the existence of Plaintiff's list of exhibits marked # 17 filed on November 18, 2003 (Doc # 306), Plaintiff at trial did not present the related exhibits "Certificate of Ownership and Merger Merging Independent Lending Corporation into CWM Mortgage Holdings, Inc.", because

either Plaintiff had a forged document, or he does not have anything, and

Plaintiff's List of Exhibits may contain forged documents.


Plaintiff continued his fraudulent act by attacking Defendant's Motion For

Reconsideration, and in his response in opposition dated August 23, 2006 (Doc #

472) p. 2; Plaintiff stated:


Similarly, the Court has denied numerous motions claiming that the Court
lacks jurisdiction over this matter because IndyMac Mortgage Holdings, Inc. (one
of the two original named Plaintiffs in his action, and the predecessor in interest
to the current plaintiff, IndyMac Bank, F.S.B.) was not authorized to do business
under the trade name Warehouse Lending Corporation of America. See 3/31/04
Endorsement Order (doc # 351) denying Mostafa Reyad's Second Motion in
Limine (doc # 308).


There is no doubt, that Plaintiff fraudulent act is a Fraud Upon The Court,

prejudiced Defendant, effectuated this Court Decision, this Court could not

perform in the usual manner its impartial task of adjudging the instant action.


Plaintiff's fraud resulted in unlawful Court opinion based on a series of

mergers and properly registered name changes never occurred, furtherly the

Court Ruled "Independent Lending Corporation ultimately changed its name to

IndyMac Mortgage Holdings, Inc., one of the initial named plaintiffs in this action,

which is incorrect. The Court based its Decision on the fraudulent statements of

Plaintiff. The evidence of the fraud are the attachment to motion (Doc # 470),

pending before the Court.

**CONCLUSION**

The Court should Rule on this Motion to determine whether Plaintiff's act is a fraud upon the Court, and if the Court determined in the positive, Defendants are entitled to punitive damages in the amount of thirty million dollar ($ 30 Mil), Defendants requested it with their answer and counterclaims dated August 14, 2002, or in the alternative another amount deems proper under the circumstances. In the interim the Court should Set Aside its Decision dated July 26, 2006 (Doc # 466) Pending disposition of the instant motion.

The Defendant
Mostafa Reyad

By:   /ss/ _____
        Mostafa Reyad
        2077 Center Avenue # 22D
        Fort Lee, NJ 07024
        Home Phone # 201-585-0562
        Day Phone # 203-325-4100
        Email: Reyad@optonline.net

## CERTIFICATE OF SERVICE

The undersigned certifies that he mailed on the captioned date a true and correct

copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

and hand delivered to Wafa Reyad.

_____
Mostafa Reyad