UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  | : |  |
| --- | --- | --- |
| INDYMAC BANK, F.S.B., | : |  |
|  | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| v. | : |  |
|  | : |  |
| MOSTAFA REYAD and WAFA REYAD, | : | AUGUST 30, 2006 |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AND
DEFENDANT'S MOTION TO SET ASIDE COURT DECISION**

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant

consolidated memorandum in opposition to Defendant Mostafa Reyad's "Motion to

Dismiss Pursuant to FRCP 12(b)(1)" dated August 4, 2006 (doc. # 471), and

"Defendant's Motion to Set Aside the Court Decision Dated July 26, 2006" dated August

28, 2006 (doc. # 474).  In both of these frivolous motions, Defendant Mostafa Reyad

("Defendant") argues that the Court in its Memorandum of Decision dated July 26, 2006

(doc. # 466) (the "Decision") incorrectly found that IndyMac Mortgage Holdings, Inc.

(one of the two original named plaintiffs in this action, and the predecessor in interest to

the current plaintiff, IndyMac Bank, F.S.B.) properly was doing business as Warehouse

Lending Corporation of America at the time it filed the instant action.  Defendant's

argument in this regard is both factually and legally incorrect, has been rejected by this

Court on numerous prior occasions, and should be rejected summarily at this time.

Defendant's argument ignores that the parties stipulated, in their Joint Trial

Memorandum dated November 18, 2003 and again at the outset of the bench trial of

**ORAL ARGUMENT IS NOT REQUESTED**

this action on April 6, 2004, to the exact facts that Defendant now wishes to dispute.

See 11/18/03 Joint Trial Memorandum (doc. # 306), Section 5, ¶¶ 7-16; 4/6/04 Trial

Transcript, at 22-23.[1] Moreover, Defendants' Exhibits 14 and 15 are consistent with the

parties' stipulations in this regard.  Having stipulated to the facts regarding Plaintiff's

corporate structure found by the Court,[2] Defendant may not now dispute these facts in a

belated effort to avoid liability following the issuance of the Court's Decision.

Additionally, Defendant has raised these very arguments on numerous previous

occasions, and the Court consistently has rejected same.  See, e.g., Defs.' Post-Trial

Brief dated June 16, 2005 (doc. # 458), at 5-13[3]; 3/31/04 Endorsement Order (doc. #

351) denying Mostafa Reyad's Second Motion in Limine (doc. # 308); 3/31/04

Endorsement Order (doc. # 352) denying Defendant Mostafa Reyad's Motion to Dismiss

(doc. # 311); 3/31/04 Endorsement Order (doc. # 353) denying Defendant Wafa

---

[1] At the outset of the bench trial of this action, the Court confirmed that the parties
stipulated to the facts set forth in the Joint Trial Memorandum:

> THE COURT: It's the Joint Trial Memorandum, November 2003.  And I'm looking
> at section five which has Stipulations of Fact and Law.
> MR. REYAD: Yes, your Honor, I agree.
> THE COURT: I'm sorry.
> ME. REYAD: Yes, I agree, because I signed it.
> THE COURT: So you agree those are to be considered by me as true, right?
> ME. REYAD: Yes, your Honor.

(4/6/04 Tr., at 23.)

[2] Because the parties stipulated to the facts surrounding Plaintiff's corporate structure,
Plaintiff did not offer into evidence at trial its exhibits documenting same, as such would
have been duplicative.  Defendant's outrageous suggestion that Plaintiff's counsel failed
to offer these exhibits in an effort to commit fraud upon the Court is unwarranted and
personally offensive.
[3] Indeed, the legal argument contained in the discussion section of Defendant's
Memorandum of Law in support of his instant Motion to Dismiss is identical, word for
word, to the cited pages of Defendants' Post-Trial Brief, which this Court already has
considered and rejected.

Reyad's Motion to Dismiss (doc. # 313); 3/31/04 Endorsement Order (doc. # 354) denying Defendant Mostafa Reyad's Motion to Grant Motion to Dismiss and Second Motion in Limine (doc. # 318); 3/31/04 Endorsement Order (doc. # 355) denying Defendant Wafa Reyad's Motion to Grant Motion to Dismiss (doc. # 320).  There is no reason for the Court to revisit this issue yet again, much less reverse its prior decisions in this regard.

Finally, Plaintiff respectfully notes that Defendant has now filed three post-trial motions seeking to reverse the Court's Decision, in each of which Defendant maintains arguments that have been presented to and rejected by this Court on numerous occasions.  Defendants' dilatory motion practice has unreasonably extended the pendency of this matter and has resulted in Plaintiff incurring over $400,000 in legal fees to date.  Indeed, Defendants' post-trial motions have had the intended effect of delaying Plaintiff's submission of its brief concerning the amount of punitive damages and attorney's fees to be awarded in this case.  Defendants' continued attempts to delay entry of final judgment should not be countenanced.

Plaintiff requests that the Court summarily deny Defendant's "Motion to Dismiss Pursuant to FRCP 12(b)(1)" (doc. # 471) and "Defendant's Motion to Set Aside the Court Decision Dated July 26, 2006" (doc. # 474).  Further, Plaintiff requests that the Court direct that Defendants' continued submission of meritless motions will subject Defendants to the entry of sanctions, and that Plaintiff need not incur the additional expense of responding to future motions without first being directed to do so by the Court.

4

PLAINTIFF INDYMAC BANK, F.S.B.

By:    */s/ Rowena A. Moffett*
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Its Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 772-4008
    Email: rmoffett@bswlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006, a copy of the foregoing was filed

electronically [and served by mail on anyone unable to accept electronic filing].  Notice

of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system [or by mail to anyone unable to accept electronic filing].


_/s/ Rowena A. Moffett_
Rowena A. Moffett (ct19811)