UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants
_____

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: AUGUST 31, 2006**

**DEFENDANT'S REPLY TO PLAINTIFF'S CONSOLIDATED MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
DEFENDANT'S MOTION TO SET ASIDE COURT DECISION**

**ORAL ARGUMENT IS REQUESTED**

      Defendant Mostafa Reyad, hereby respectfully submits the instant reply to Plaintiff's consolidated memorandum in opposition to Defendant's motion to dismiss and Defendant's motion to set aside Court Decision, dated August 30, 2006 (Doc # 475).

      Defendant affirms his prior stipulation, and ready to sit on the stand to state it again under oath, that, Plaintiff has committed "Fraud Upon The Court" effectuated this Court Decision. It is impossible to believe, that, the Court accepts Plaintiff's false statement that Independent Lending Corporation has merged with CWM, and disregard the Certification issued by California Secretary of State

1

certifying that, Independent Lending Corporation had surrendered its certificate to transact intrastate business effective February 23, 1998, unless the Court is in the opinion that the Certification is forged. The Certification acknowledged by the Court as Defendants' Exhibit # 14, at no objection from Plaintiff was provided by Defendant, if it is forged, the Defendant will be guilty of forgery upon the United States; and will be punished by a prison sentence. It is also impossible to believe that a corporation merged with another corporation and later ceased to exist, because if it merged, it disappear and the new corporation will appear. Plaintiff committed "Fraud Upon The Court", and committed fraud upon Defendants. The Court should held a hearing for determination of the fraud, and must dismiss Plaintiff's entire complaint as a matter of law, because both Warehouse Lending Corporation and Independent Lending Corporation had surrendered its certificates; pursuant to Cal. Corp. C. Sec. 2203 (c), both corporations cannot maintain any action or proceedings.

The record of the Court shows that the parties filed on November 18, 2003 Joint Trial Memorandum (Doc # 306), which includes Stipulations of Fact and Law. In the same document, Defendant raised the same defense "Plaintiff cannot maintain any action pursuant to California Corporations Code Section 2203 (c) and section 2105 (a) and (b), **see** Article B of Joint Trial Memorandum p. 6-16. Thus, Defendant's answered the Court that he signed Joint Trial Memorandum, and affirmed again that he signed it only to the extend explained Thoroughly in Article B p. 3-43 of Joint Trial Memorandum, **see** Defendants' Proposed Findings

of Facts and Conclusions of Law, dated June 16, 2005 (Doc # 458) p.4. Thus, Plaintiff's statement on Plaintiff's memorandum (Doc # 475) p. 2 "Defendant may not now dispute these facts in a belated effort to avoid liability following the issuance of the Court's Decision", is improper, should be stricken, because it is not a new defense, in fact the same defense was raised on November 18, 2003, even before Defendant obtained the Certificates from California Secretary of State, authenticated on November 24, 2003.

      Furtherly, I certify under oath that, I did not prepare that stipulation of fact and law. Defrauders have certain skills to be successful in their fraud. It should be noted that it is impossible I agreed that Independent Lending Corporation has merged with CWM and then I wrote pages 6-16 in The Joint Trial Memorandum, to attack Plaintiff's statements, included within the same document.

      Defendant filed Defendants' Exhibits # 14 and # 15 with the Court on November 26, 2003 (Doc # 308), the Court denied Defendant's motion despite no defense proferred by Plaintiff, and at Trial Defendant presented Defendants' Exhibit # 14 and # 15, and Plaintiff did not object by a single word.

      It should be noted that Plaintiff does not respond to the content of the Exhibits, and never objected it, and relies only on the denial of Defendant's motions, while the Court did not articulate that denials, blocking Defendant from reconsideration, that does not mean that Defendants' Exhibits # 14 and # 15 are

meaningless. Neither Defendant nor Plaintiff knows why the motions denied, it is improper to raise that defense, because a mere denial could be procedurally, legally, irrelevancy or any other reason.

**CONCLUSION**

1. Plaintiff lacks standing, pursuant to Article III of The U.S. Constitution, the Court has jurisdiction which can never be waived or forfeited, lacks jurisdiction over the subject matter; pursuant to Fed. R. Civ. Proc. 12 (b)(1) must dismiss Plaintiff's entire complain.

2. The Court should schedule a hearing for the determination of Defendant's allegation of fraud, if it is positive; Defendants are entitled to be awarded punitive damages.

The Defendant
Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Home Phone # 201-585-0562
   Day Phone # 203-325-4100
   Email: Reyad@optonline.net

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511 and hand delivered to Wafa Reyad.

                                                     _____
                                                     Mostafa Reyad