UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835 (CFD) |
| v. | : | |
| | : | |
| | : | |
| MOSTAFA REYAD AND WAFA REYAD | : | |
| | : | |
| Defendants. | : | |
| | : | November 21, 2006 |

## PLAINTIFF'S MEMORANDUM REGARDING
## PUNITIVE DAMAGES AND ATTORNEY'S FEES

As directed by the Court in its Memorandum of Decision ("Decision") (Doc. # 466) following the bench trial of this action, Plaintiff IndyMac Bank, F.S.B. ("IndyMac") submits the instant memorandum addressing the appropriate amount of punitive damages and attorney's fees owed by Defendants Mostafa Reyad and Wafa Reyad (collectively, "Defendants").

Attorney's Fees

The Court in its Decision held that Mostafa Reyad is liable for the payment of IndyMac's attorney's fees as a result of Mostafa Reyad's breaches of the Credit Facility Documents.[1]  (Decision at 8.)  The Court further found that both Mostafa Reyad and Wafa Reyad are jointly and severally liable for IndyMac's reasonable attorney's fees and costs incurred in enforcing the Credit Guaranties.

---

[1] Capitalized terms have the same meaning as set forth in the Court's Decision.

(Decision at 9.)  Finally, the Court also awarded IndyMac its attorney's fees under CUTPA as to Mostafa Reyad.[2]

As set forth more fully in the Declaration of David R. Schaefer submitted concurrently herewith, IndyMac has incurred legal fees for services provided by Brenner, Saltzman & Wallman LLP ("BSW") and expenses incurred by BSW in connection with the prosecution of IndyMac's claims against Defendants through October 31, 2006 totaling $333,219.93.[3]  IndyMac's counsel further estimates that BSW will expend an additional 15 hours in connection with preparing for and participating in the upcoming hearing regarding damages and the pending motions scheduled to be held on December 7, 2006, resulting in additional legal fees totaling approximately $4,475.00.  As the declarations filed in connection with this brief demonstrate, this amount is reasonable and well supported.

---

[2] IndyMac notes that pursuant to the Loan Agreement, IndyMac's attorney's fees and disbursements incurred in enforcing, or on appeal from, a judgment pursuant to the Loan Agreement shall be recoverable separately from and in addition to any other amount included in such judgment. (4/6/04 Bench Trial Transcript, at 51; Pl.'s Ex. 1, at 20.)  Similarly, under the Credit Guaranties executed by Mostafa Reyad and Wafa Reyad, the Defendants are responsible for the payment of IndyMac's reasonable attorney's fees and all other costs and expenses incurred by IndyMac in enforcing the Guaranties. (Pl.'s Exs. 3, 4, 7, 8, all at 3.)  Additionally, CUTPA provides for the award to the plaintiff of its "costs and reasonable attorney's fees based on the work reasonably performed by an attorney and not on the amount of recovery."  Conn. Gen. Stat. § 42-110g(d).  A prevailing party under CUTPA based upon the same conduct that forms the basis of its breach of contract claims is not required to apportion its attorney's fees among the claims. Heller v. D.W. Fish Realty Co., 93 Conn. App. 727, 735-36, 890 A.2d 113 (2006).

[3] IndyMac expressly notes that it also has incurred fees and expenses billed by its New Jersey counsel in connection with the related action brought in the United States District Court for the District of New Jersey (the "New Jersey Litigation") in order to secure Defendants' assets located in New Jersey pending the outcome of the instant litigation.  IndyMac reserves its right to seek recovery of these fees as part of the New Jersey Litigation.

This Court is well aware that the prosecution of IndyMac's claims involved voluminous motion practice, initiated by the pro se Defendants, as well as the defense of several appeals to the Second Circuit Court of Appeals, the Third Circuit Court of Appeals and the United States Supreme Court. Additionally, IndyMac was successful on all of its claims against Defendants. In light of the foregoing, IndyMac submits that both the rates charged and time expended in connection with the prosecution of its claims against Defendants are eminently reasonable and IndyMac should, therefore, be reimbursed fully for these fees and expenses. See Menlo Logistics, Inc. v. Western Express, Inc., No. C-04-4684 JCS, 2006 U.S. Dist. LEXIS 9897, at * 15-18 (N.D. Cal. Feb. 21, 2006) (applying California law in diversity case,[4] calculating "reasonable" attorney's fees using the lodestar approach, in which the court multiplies the number of hours billed by the party's attorneys by a reasonable hourly rate, considering any of the following factors articulated in Johnson v. Georgia Highway Express, Inc.,

---

[4] "In diversity cases, attorney's fees are considered substantive and are controlled by state law." United States v. 414 Kings Highway, No. 5:91-CV-158 (EBB), 1999 U.S. Dist. LEXIS 10522, at * 13 (D. Conn. May 10, 1999); see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (internal quotations and citation omitted); Kaplan v. Rand, 192 F.3d 60, 70 (2d Cir. 1999) (state law governs the issue of counsel fee availability in diversity actions). California law authorizes the recovery of contractual attorney's fees. Cal. Civ. Code § 1717(a) ("In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.").

488 F.2d 714 (5th Cir. 1974), that are relevant: (1) the time and labor required,

(2) the novelty and difficulty of the questions involved, (3) the skill requisite to

perform the legal service properly, (4) the preclusion of other employment by the

attorney due to acceptance of the case, (5) the customary fee, (6) whether the

fee is fixed or contingent, (7) time limitations imposed by the client or the

circumstances, (8) the amount involved and the results obtained, (9) the

experience, reputation, and ability of the attorneys, (10) the undesirability of the

case, (11) the nature and length of the professional relationship with the client,

and (12) awards in similar cases) (citing Jordan v. Multnomah County, 815 F.2d

1258, 1264 n.11 (9th Cir. 1987)); see also Societa Bario E. Derivati, S.P.A. v.

Kaystone Chem., Inc., No. 5:90-CV-599 (EBB), 1998 U.S. Dist. LEXIS 23066, at

* 29 (D. Conn. Apr. 15, 1998) (stating that fee award under CUTPA would be

calculated using the "lodestar" method); accord Kirsch v. Fleet Street, Ltd., 148

F.3d 149, 172 (2d Cir. 1998) ("The lodestar should be based on 'prevailing

market rates,' Blum v. Stenson, 465 U.S. 886, 895, 79 L. Ed. 2d 891, 104 S. Ct.

1541 (1984), for comparable attorneys of comparable skill and standing in the

pertinent legal community.").  In the instant matter, as IndyMac has paid the legal

fees and expenses incurred on an ongoing basis, the most relevant factors under

a lodestar analysis are the time and labor required, the difficulty of the legal

questions involved, the skill requisite to perform the legal services at issue, and

the prevailing market hourly rates paid in Connecticut for such professional

services.  A review of these factors in this case clearly supports the

reasonableness of the rates charged and the time expended in connection with IndyMac's prosecution of its claims against Defendants.[5]

Accordingly, IndyMac submits that the amount of attorney's fees and costs owed jointly and severally by Defendants in this action is $337,694.93.

Punitive Damages

The Court in its Decision concluded "that punitive damages for Mostafa Reyad's CUTPA violations are also appropriate." (Decision at 14.)  IndyMac submits that, in addition to compensatory damages, in light of the pervasive fraudulent conduct involved in this matter, it is appropriate to impose punitive damages upon Mostafa Reyad in an amount equal to at least double the compensatory damages awarded, or $487,699.56.[6]  See Votto v. American Car Rental, Inc., 273 Conn. 478, 486, 871 A.2d 981 (2005) (affirming award of punitive damages under CUTPA in an amount more than three times the actual damages, expressly noting "it is not an abuse of discretion to award punitive damages based on a multiple of actual damages") (internal quotations and citation omitted); Advanced Financial Servs, Inc. v. Associated Appraisal Servs., Inc., 79 Conn. App. 22, 34, 830 A.2d 240 (2003) (holding that trial court did not abuse its discretion in awarding punitive damages under CUTPA by doubling the compensatory damages); see, e.g., Chiverton v. Federal Fin. Group, Inc., 399 F.

---

[5] IndyMac does not seek a multiple of the fees calculated based on the prevailing market hourly rates.

[6] The Court in its Decision awarded compensatory damages in the amount of $243,849.78, plus prejudgment interest at the rate of 10% per year accrued through the date of judgment. (Decision at 14.)

Supp. 2d 96, 102-103 (D. Conn. 2005) (Martinez, M.J.) (recommended ruling awarding punitive damages under CUTPA in amount 1.5 times actual damages, in addition to actual and statutory damages), adopted, 399 F. Supp. 2d 96 (D. Conn. 2005) (Chatigny, D.J.); Spicer v. Lenehan, No. 3:03CV1810 (RNC), 2004 U.S. Dist. LEXIS 26563, at * 6-10 (D. Conn. Aug. 20, 2004) (Martinez, M.J.) (recommending the entry of judgment for the plaintiff awarding, inter alia, $530 in actual damages, $1,000 in statutory damages under the FDCPA and $5,000 in punitive damages under CUTPA); Gervais v. O'Connell, Harris & Assocs., Inc., 297 F. Supp. 2d 435, 440 (D. Conn. 2003) (Kravitz, D.J.) (awarding punitive damages under CUTPA in the amount of twice plaintiff's actual damages in view of allegations that defendants acted willfully, knowingly and fraudulently in an effort to deceive plaintiff); Bailey Employment System, Inc. v. Hahn, 545 F. Supp. 62, 73 (D. Conn. 1982) (Dorsey, D.J.) (awarding punitive damages for CUTPA violation in double the amount of the actual damages in light of the blatantly intentional deceptive representations made to the plaintiff and others), aff'd, 723 F.2d 895 (2d Cir. 1983).  Cf. Tingley Sys. v. Norse Sys., 49 F.3d 93, 97 (2d Cir. 1995) (holding that punitive damages under CUTPA are not limited to the expenses of litigation less taxable costs).

In light of the foregoing legal authority and the nature and extent of the willful and fraudulent conduct exhibited in this case, IndyMac submits that punitive damages should be awarded in this case in the amount of at least twice the compensatory damages award, or $487,699.56.

Conclusion

For the reasons discussed above, IndyMac requests that, in addition to

the compensatory damages ($243,849.78) and prejudgment interest

($125,876.43 as of July 26, 2006)[7] already awarded, the Court order that (i)

Defendants are jointly and severally liable to IndyMac for attorney's fees and

costs in this action totaling $337,694.93, and (ii) Defendant Mostafa Reyad is

liable to IndyMac for punitive damages in the amount of at least $487,699.56.


PLAINTIFF INDYMAC BANK, F.S.B.


By: _____ /s/ David R. Schaefer _____
      David R. Schaefer (ct04334)
      Rowena A. Moffett (ct19811)
      BRENNER, SALTZMAN & WALLMAN LLP
      Its Attorneys
      271 Whitney Avenue
      P.O. Box 1746
      New Haven, CT  06507-1746
      Tel. (203) 772-2600
      Fax. (203) 772-4008
      Email: rmoffett@bswlaw.com

---

[7] In its Decision, the Court awarded prejudgment interest through the date of judgment, and calculated same through the date of the Decision on July 26, 2006. The final judgment entered in this case should calculate interest on the compensatory damage award through the date of the entry of such judgment. Accordingly, an additional $8,885.73 (133 days x $66.81) in prejudgment interest will have accrued through the date of the scheduled hearing in this matter on December 7, 2006, for a total prejudgment interest amount as of December 7, 2006 of $134,762.16, with interest continuing to accrue at a rate of $66.81 per day thereafter through the date of final judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].

_____/s/ Rowena A. Moffett_____
Rowena A. Moffett (ct19811)

9Q7101.DOC

8