UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>　　　　　　　Plaintiff<br><br>V.<br><br>MOSTAFA REYAD AND WAFA REYAD<br>　　　　　　　Defendants | **CIVIL ACTION NO.<br>3:00CV835 (CFD)**<br><br><br><br><br>**DATE: MARCH 8, 2007** |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO ARTICLE III

This is Defendant's Mostafa Reyad memorandum of law in support of motion to dismiss pursuant to Article III. The second Circuit laws allow filing this motion even after the entry of judgment. It relates to Plaintiff's standing and hence to the jurisdiction upon the issue, see *Arbaugh v. Y & H Corp. dba The Moonlight Cafe*, U.S. Supreme Court case number 04-944 (February 22, 2006):

> *The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised at any stage in the litigation, even after trial and the entry of judgment, Rule (h)(3). See Kontrick v. Ryan, 540 U.S. 442, 455. By contract, the objection that a complaint "fail[s] to state a claim upon which relief can be granted" Rule 12(b)(6), endures only up to not beyond, trial on the merits, Rule 12(h)(2).*

Defendant has filed on August 4, 2006 "Motion to Dismiss pursuant to FRCP 12(b)(1) (Doc # 471), based on California statutory provisions, the motion

1

was Denied on March 5, 2007 (Order # 488), however, this motion also attacks Plaintiff's standing, on the ground of Article III. It should be accepted by the Court as a timely motion pursuant to the above Supreme Court authority. The Court should note that Plaintiff does not proffer any legal defense, even a single word.

It is undisputed fact, the controversy includes 33 loans, and at trial Plaintiff provided alleged evidence obtained from the dismissed plaintiff, namely IndyMac, Inc. for only 10 loans declaring damages including interest accumulation to the trial dated, April 6, 2004 in the amount of $ 66,407.57 and no more, and Plaintiff acknowledged his own statement exhibit 40A in the amount of $ 243,849.78 without providing any evidence for the remaining 23 loans. Defendant includes six charts, see (Doc # 458) p. 59-62 to show the remaining 23 loans. Plaintiff never attack any of the 23 loans, and demanded implicitly a wholesale damages without evidence, the Court adopted Plaintiff's request contrary to the Second Circuit warning, <u>see Vermont Teddy Bear Co. v. 1-800-Beargram Co</u>., case number 03-7030 (2nd Cir. July 1, 2004) p. 8 line 23-p. 9 line 3, (Second Circuit Official Website.)

> *The district court did not provide any reasoning for its decision, which contravenes this Court's warning to district courts to avoid the "imprudence of wholesale adoption of party's position" Miranda, 322 F. 3d at 177 (noting that the "very nature of advocacy creates a need for the court to be wary of wholesale adoption of party's proffers".*

In the instant action, this Court Ruled the same, adopted a statement without evidence, and adopted unfairly all Plaintiff's demands without any

2

exceptions. Defendant herein invokes the authority of <u>Lujan v. Defenders of Wildlife</u>, 54 U.S. 555, 560-61.

> *Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury-in-fact" – an invasion of a legally-protected interest which is (a) concrete and particularized, see id., at 756; Warth v. Seldin, 422 U.S. 490, 508 (1972); Sierra Club v. Morton, 405 U.S. 727,740-741, n. 16 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical', "'Whitmore, supra, at 155 (quoting Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court". Simon v. Eastern K. Welfare [504 U.S. 555,561] Rights Organization, 426 U.S. 26, 41-42 (1976). Third it must be "likely", as opposed to merely "speculative", that the injury will be "redressed by a favorable decision". Id., at 38,43.*
>
> *The party invoking federal jurisdiction bears the burden of establishing these elements. See FW/PBS, Inc. v. Dallas, 493 U.S. 215,231 (1990); Warth, supra, at 508. Since they are not mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. See Lujan v. National Wildlife Federation, 497 U.S. 871, 883-889 (1990); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-115, and n. 31 (1979); Simon, supra, at 45, n. 25; Warth, supra, at 527, and n. 6 (Brennen, J., dissenting). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." National Wildlife Federation, supra, at 889. In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations", but must "set forth" by affidavit or other evidence "specific facts", Fed. Rule Civ. Proc. 56 (e), which for purposes of the summary judgment motion will be taken to be true. And at the Final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial." Gladstone, supra, at 115, n. 31.*

Plaintiff must comply with <u>Lujan's</u>, three elements with the manner and degree of evidence at the successive stages of the litigation. Plaintiff's failure to

3

provide evidence, does not have standing for the 23 loans, is not entitle for more than the 10 loans claiming $ 66,407.57, and Defendant is entitled to his profits in those 23 loans, as well as Defendant cash collateral in the amount of $ 109,667.52. <u>See</u>, Defendant's charts, Defendant is entitled to a net amount of $ 141,277.19.

Plaintiff's failure to provide any evidence for the 23 loans is depriving Plaintiff's standing for the 23 loans, <u>see</u> <u>Michael Baur v. Farm Sanctuary, Inc.</u> case number 02-6249 (2nd Cir. December 16, 2003), it Ruled to explain ["concrete and particularized", Likewise the requirement of concrete injury recognizes that if an injury is too abstract, the plaintiff's claim may not be capable of, or otherwise suitable for judicial resolution. <u>See Raines</u>, 521 U.S. at 819 [p. 11 Second Circuit Official Website]; also <u>see</u>  <u>Allen v. Wright</u>, 468 U.S. at 752 ("*Is the injury too abstract, or otherwise not appropriate, to be considered judicially cognizable?"). We have always insisted on strict compliance with this jurisdictional standing requirement, See, e.g. ibid (under Article III "federal courts may exercise power only in the last resort, and as necessary").*<u>Id</u>

**CONCLUSION**

The Honorable Court should review Defendant's instant motion and recalculate Plaintiff and Defendant damages pursuant to Article III. It may Dismiss the entire complaint or in the alternative delete the damages for the 23 loans, and the Court should Order a hearing to Rule upon the instant motion.

    The Defendant
    Mostafa Reyad

By: _____
    Mostafa Reyad
    2077 Center Avenue # 22D
    Fort Lee, NJ 07024
    Home Phone # 201-585-0562
    Day Phone # 203-325-4100
    Email: Reyad@optonline.net

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he mailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511 and hand delivered to Wafa Reyad.

                                                _____
                                                Mostafa Reyad