UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: MARCH 27, 2007**

## NOTICE OF INTERLUCTORY APPEAL

Notice is hereby given that Defendant Mostafa Reyad hereby appeals to the United States Court of Appeals for the Second Circuit, appealing from the Order of Honorable Christopher F. Droney, U.S.D.J. of the United States District Court, District of Connecticut, Order number 488 dated March 5, 2007, Dening 470 Motion for Reconsideration; denying 471 Motion to Dismiss, and dening 474 Motion to Set Aside.

## BACKGROUND

The instant action is a contract dispute for 33 mortgage loans initiated on May 8, 2000 by two Plaintiffs under the caption, *IndyMac, Inc. and IndyMac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad*. The initial complaint consists of 4 counts; the fourth count was allegations of violations of Connecticut

Unfair Practice Act "CUTPA". Plaintiffs' complaint framed in its four corners under "CUTPA".  Also on May 8, 2000 the said two Plaintiffs filed the first 3 counts of the same complaint in the Federal District of New Jersey.

On May 12, 2000, New Jersey District Court issued garnishment and attachment Ex-parte order against Defendants in the amount of $ 5.7 million. On May 16, 2000 Connecticut District Court issued Order of prejudgment remedy in the amount of $ 1.6 million against Defendants at the hearing of prejudgment remedy. On May 17, 2000 the Order entered on the Docket # 13. On the application of prejudgment remedy, the District Court Order relied on the two affidavits filed by the two Plaintiffs, the first is the affidavit of Maria Borger of IndyMac, Inc., and the second is the affidavit of Brian E. Ainslie of IndyMac Mortgage Holdings, Inc.

On May 17, 2000, the same Magistrate, Honorable William I. Garfinkel, who issued the prejudgment order permitting Defendant to conduct his business and to maintain personal and business bank accounts, issued 8 non-entered garnishment orders, each one of the eight in the amount of $ 1.6 million in the total of $ 12.8 million, and the first garnishment order garnished the personal and business bank accounts. On May 18, 2000 Defendant became under seize of the amount of $ 18.5 million, and Defendant business like any other business, could not survive in the absence of bank accounts, and closed indefinitely.

On August 10, 2001, the District Court Dismissed all claims of the Plaintiff namely IndyMac, Inc. pursuant to Fed. R. Civ. P 12(b)(6), which is the same identical claims and cause of action per se of the remaining Plaintiff, namely IndyMac Mortgage Holdings, Inc., whom substituted by the present Plaintiff, IndyMac Bank, F.S.B. due to acquisition. The Dismissal of plaintiff IndyMac, Inc. renders Maria Borger affidavit moot, however, although it is the typical cause of action for the two Plaintiffs, the District Court issued its Findings of Facts and Conclusion of Law on July 26, 2006 Denying res judicata defense, and Denying all legal defense for failure to state a claim upon which relief can be granted as untimely, contrary to the laws of the Second Circuit, Federal Rules of Civil Procedures and contrary to the authorities of the United States Supreme Court, which all well pleaded repeatedly to the District Court, and all Denied without reference in Court opinion, specifically Order number 488.

The cause of action as stipulated in the original complaint and the Amended complaint is a dispute for 33 mortgage loans and specified only 10 loans, in the Trial held on April 6, 2004, Plaintiff offered evidence obtained from the Dismissed Plaintiff for the said 10 loans, which is the cause of action of the Dismissed Plaintiff to be relitigated again, in the same time, the District Court Judge Pended Ruling on Defendant's motion for perjury against Brian E. Ainslie affidavit until the end of Trial. The Court findings of facts did not Rule on that motion which filed on August 17, 2001. If Defendant will not file the instant

interlocutory appeal, the perjury motion will not be reviewed at appeal, it will be a forfeited right.

**DISCUSSION**

The Second Circuit Court of Appeals has jurisdiction to review final judgments pursuant to 28 U.S.C. 1290, and may have a limited jurisdiction to review prejudgment remedy orders, before a final judgment. Indeed, the Court of Appeals maintains jurisdiction under the Collateral Order Doctrine to review decisions which finally determine claims of rights separable from, and collateral to, rights asserted in an action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deffered until the whole case is adjudicated.

The instant interlocutory appeal is an appeal of the District Court Denial for relief of a judgment effectuated closing Defendant's business, under the label of prejudgment remedy, based on perjured affidavit, and the District Court Pending Ruling on the perjury. Accordingly, the Second Circuit has the jurisdiction to review pursuant to 28 U.S.C. 1290 the partial judgment of closing Defendant's business and the jurisdiction to review under the collateral order doctrine a motion unreviewable on appeal.

Pursuant to the collateral order doctrine, the Court of Appeals may review a preliminary or interim decision, when it 1) conclusively determines the disputed

4

question, 2) resolves an important issue completely separate from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment. The last three elements are applicable to this interlocutory appeal, specifically, Defendant's motion docket number 160, which ended up docket number 240.

For a period exceeds more than five 5 years, the District Judge decided not to Rule on Defendant's motion claiming that the affidavit filed on May 8, 2000 by Brian E. Ainslie is a perjured affidavit under penalty of perjury, which is the only legal base for the prejudgment, which has the effect of a judgment, it must be determined, it is separate from the cause of action, and it is unreviewable from final judgment.

   The Defendant
   Mostafa Reyad

By: _____
   Mostafa Reyad
   2077 Center Avenue # 22D
   Fort Lee, NJ 07024
   Home Phone # 201-585-0562
   Day Phone # 203-325-4100
   Email: Reyad@optonline.net