UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., : | |
|     Plaintiff, : | Civil Action No. 3:00 CV 835 (CFD) |
| : | |
| v. : | |
| : | |
| MOSTAFA REYAD and WAFA REYAD, : | |
|     Defendants. : | |

## MEMORANDUM OF DECISION REGARDING PUNITIVE DAMAGES AND ATTORNEY'S FEES

On July 26, 2006, following a bench trial, this Court found the defendants Mostafa and Wafa Reyad ("the Reyads") jointly and severally liable to the plaintiff, IndyMac Bank, F.S.B. ("IndyMac") for breach of contract under California law and for IndyMac's attorney's fees for bringing the claim. The Court also held Mostafa Reyad liable for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a), and awarded IndyMac compensatory damages, attorney's fees, and punitive damages for these violations. Specifically, the Court awarded IndyMac $243,849.78 in compensatory damages and losses, and prejudgment interest at the rate of ten percent per year accrued through the date of judgment; through the date of the Court's July 26, 2006 decision the amount of interest totaled $125,876.43. The Court also ordered the parties to submit memoranda addressing the appropriate amount of attorney's fees and costs and punitive damages. The Court now awards IndyMac the following attorney's fees and costs and punitive damages:

    **1.    Attorney's Fees and Costs**

In a diversity action, state law controls the availability and proper calculation of

attorney's fees. Kaplan v. Rand, 192 F.3d 60, 70 (2d Cir. 1999). Both the applicable California statute and CUTPA provide for the award of reasonable attorney's fees to a prevailing party. Cal. Civ. Code § 1717(a); Conn. Gen. Stat. § 42-110g(d). Both California and Connecticut use the "lodestar" approach to calculate attorney's fees. PLCM Group, Inc. v. Drexler, 997 P.2d 511, 518 (Cal. 2000); Hendandez v. Monterey Vill. Assoc. Ltd P'ship, 589 A.2d 888, 889 n.3 (Conn. App. 1991). This approach bases the fee award on the number of hours reasonably expended on the suit, multiplied by a reasonable hourly rate for the work. PLCM Group, 997 P.2d at 518. This amount may then be adjusted in light of other case-specific considerations including, but not limited to, the time and labor required by the case, the difficulty of the questions presented, the skill required, the customary fee, the amount involved and the result of the suit, the experience of the attorneys, and awards in similar cases. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (identifying these considerations, among others, as lodestar factors in accordance with ABA guidelines).

  IndyMac succeeded on all of its claims at trial. This litigation involved extensive motion practice and several appeals to the Second Circuit over the course of nearly seven years. All told, IndyMac's counsel billed 1,376 attorney hours and 306 non-attorney professional hours on this matter. At the outset of this litigation, in 2000, the hourly rates for the lawyers ranged from $125 to $300, and in 2006 they ranged from $250 to $395; the hourly rates for the non-lawyers ranged from $25 to $105 in 2000 and from $85 to $125 in 2006. The Court finds that these rates and the time spent on the case are reasonable. See Bristol Tech., Inc. v. Microsoft Corp.,127 F. Supp. 2d 64, 76 (D. Conn. 2000) (finding reasonable, in 2000, senior attorney's billing rate of $375 per hour). IndyMac asserts that it paid its legal fees and expenses on an ongoing basis throughout the

course of the litigation. After reviewing the proposed fees and costs, and taking into account all relevant case-specific considerations, the Court concludes that IndyMac's proposed attorney's fees and costs are reasonable. Accordingly, the Court awards IndyMac $259,376.25 in attorney's fees and $31,940.59 in costs.

The Court further finds that Wafa and Mostafa Reyad are jointly and severally liable for the entire award of attorney's fees and costs. The Court imposes joint and several liability because, although the Court found that Wafa Reyad is not liable under CUTPA, the nature of IndyMac's claim against her required IndyMac to prove its CUTPA claim against her husband. IndyMac asserted that Wafa Reyad was liable for Mostafa Reyad's breach of contract pursuant to her role as his guarantor through a Credit Guarantee to IndyMac. To prove Wafa Reyad's liability, IndyMac first had to establish that her husband violated the Credit Facility Documents by giving IndyMac materially false information to obtain mortgage loans. This is the same conduct that the Court found to be in violation of CUTPA. Because of this significant overlap between the two claims, the fees IndyMac incurred to pursue the CUTPA claim are incidental to the legal work required to pursue the breach of contract claim against Wafa Reyad. Consequently, Wafa Reyad is jointly liable with Mostafa Reyad for all attorney's fees in this case.[1]

Finally, the Court notes that these attorney's fees and expenses pertain only to the litigation IndyMac pursued against the Reyads in the District of Connecticut. As a result, this

---

[1] The Court also notes that since the applicable California law and CUTPA both use the lodestar method to assess attorney's fees, the amount of IndyMac's award is properly calculated pursuant to the statute under which Wafa Reyad was held liable for these fees. See PLCM Group, 997 P.2d at 518; Hendandez, 589 A.2d at 889 n.3.

award has no bearing on IndyMac's right to recover attorney's fees from the Reyads in the related action in the District of New Jersey. See Tr. of Eastern States Health & Welfare Fund v. Crystal Art Corp., No. 00 Civ. 0887, 2004 WL 1118245, at *5 (S.D.N.Y. May 19, 2004) (finding that "[i]t would be contrary to the plain language of [statute awarding attorney's fees] to hold that defendants could avoid liability for costs and fees merely by securing a stay of the applicable district court action pending resolution of related proceedings"), aff'd 132 F.App'x 390 (2d Cir. 2005) (summary order).

### 2.     Punitive Damages

This Court's July 26, 2006 Memorandum of Decision concluded that Mostafa Reyad's CUTPA violations warrant punitive damages. At trial, the Court found that Mostafa Reyad's breaches of contract involved numerous instances of intentional misrepresentation, including the intentional alteration and forging of information on mortgage applications and related documents. See Tanpiengco v. Tasto, 72 Conn. App. 817, 820-21 (2002) ("[T]o award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (internal quotation marks omitted)). The Court also found that this willful dishonesty caused substantial injury to IndyMac.

Under CUTPA, "[a]warding punitive damages and attorney's fees . . . is discretionary." Votto v. Am. Car Rental, Inc., 871 A.2d 981, 986 (Conn. 2005). Unlike punitive damages at Connecticut common law, punitive damages under CUTPA are not limited to the expenses of litigation less taxable costs. Tingley Sys., Inc. v. Norse Sys., Inc., 49 F.3d 93, 97 (2d Cir. 1995). When a trial court awards punitive damages under CUTPA, "the exercise of [its] discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to

have been done." Votto, 871 A.2d at 986. In light of Mostafa Reyad's multiple fraudulent acts, the Court awards IndyMac punitive damages in the amount of $487,699.56, which is two times the amount of compensatory damages. Other Connecticut state and federal courts have similarly used compensatory damages to calculate punitive damages under CUTPA in cases involving acts of intentional deception. See, e.g., Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96 (D. Conn. 2005) (awarding punitive damages 1.5 times compensatory damages); Gervais v. O'Connell, Harris & Assoc., Inc., 297 F. Supp. 2d 435, 440 (D. Conn. 2003) (awarding punitive damages two times compensatory damages); Votto, 871 A.2d at 986 (awarding punitive damages three times compensatory damages); Advanced Fin. Serv., Inc. v. Associated Appraisal Serv., Inc., 79 Conn. App. 22, 43 (2003) (awarding punitive damages two times compensatory damages).

### 3.     Conclusion

In accordance with the Court's July 26, 2006 Memorandum of Decision, the Court awards IndyMac attorney's fees and costs in the amount of $291,316.84 and punitive damages in the amount of $487,699.56. The final amount of prejudgment interest through the present date, April 23, 2007, is $143,981.94.[2] In addition to the Court's original award of $243,849.78 in compensatory damages, this brings the total amount awarded to $1,166,848.12. Mostafa and Wafa Reyad are jointly and severally liable for $679,148.56, and Mostafa Reyad is solely liable for $487,699.56.

Judgment shall enter against Wafa and Mostafa Reyad for $679,148.56, for which they

---

[2]Prejudgment interest has been calculated at ten percent per annum under California law, Cal. Civ. Code § 3289(b), in accordance with the Court's July 26, 2006 Memorandum of Decision.

are jointly liable. Judgment shall also enter against Mostafa Reyad for an additional $487,699.56, for which he is solely liable. The clerk is directed to close this case.

SO ORDERED, this <u>23rd</u> day of April, 2007 at Hartford, Connecticut.


      /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**