UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                    Plaintiff          **CIVIL ACTION NO.
                                              3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                   Defendants
                                        **DATE: APRIL 25, 2006**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S 60(b)(3) MOTION

      This is Defendant Mostafa Reyad's Memorandum of law in support of Motion pursuant to Fed. R. Civ. P. 60(b)(3). This action is based on fraudulent claims. At the commencement of the action. Plaintiff filed the initial complaint based on speculation that, the 33 disputed mortgage loans, will go in foreclosure. During the trial Plaintiff admitted that, no property went to foreclosure. Defendant attacked the perjured affidavit of Brian E. Ainslie, **see** Docket # 10 p. 5 para. 13.

> Based upon the review performed by IndyMac, IndyMac has determined that several of Reyad's employees prepared and submitted these falsified documents to IndyMac. 13. Furthermore, IndyMac had obtained preliminary property valuation indicating that the properties securing the mortgage loans financed on Reyad's WLCA warehouse line are over-valued by an average of 22.27%.

> The affidavit at p. 6 para. 15
> WLCA estimates that it will lose at least 22.27% of the outstanding amount advanced to Reyad. Based on the information reviewed to date, WLCA's loss is at least $ 1,271,000 and WLCA believes there is probable cause to obtain a judgment against the Reyads for this amount.

1

Simply put, the perjured affidavit established the probable cause, based on the over value by an average of 22.27%, which according to Plaintiff's affiant in the amount of   $ 1,271,000. Mr. Ainsle multiplied the 22.27% times the outstanding amount of   $ 5.7 million resulted in the amount $ 1,271,000. Now, it is more than five years, Defendant's motion claiming the perjury committed by Mr. Ainslie is pending before the Court. Defendant is insisting on his claims of the perjured affidavit, because it entitles Defendant to a complete relief and entitles Defendant to punitive damages. Furtherly, Plaintiff's attorney, Mr. Schaeffer defended Mr. Ainslie's affidavit, and repeated twice that he is not sure that the affidavit was on original papers.

> **See**, Tr. 4/7/04 p. 150 line 1-6
> And this is within _ _ I believe this affidavit was filed with the prejudgment _ _ the request to the court. And I'm not sure, but was it on original papers? Part of MR. Ainslie affidavit, but I'm not sure.
>
> **See**, Fed. R. Civ. P. 11(b) 3
> The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> And **see**, Notes of Advisory Committee on 1983 amendment to Rule 11
>
> The amended rule attempts to deal with the problem by building upon and expanding the equitable doctrine permitting the court to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation, **see** e.g. **Roadway Express, Inc. v. Piper**, 447 U.S. 752 (1980); **Hall v. Cole**, 412 U.S.1,5 (1973).
>
> The advisory Committee talking about bad faith, but the situation here

above is a claim for perjury. To achieve justice, Defendant's motion must be Ruled upon [Doc # 240], to determine Defendant eligibility for relief and be awarded punitive damages.

Plaintiff's false claim, supported by perjured affidavit stating that "WLCA warehouse line are over-valued by an average of 22.27% and furtherly estimating the loss accordingly at least $ 1,271,000 were the legal basis for this Court Ruling to Grant the devastated prejudgment remedy. Plaintiff, in fear of liability of the perjured affidavit, provided the Court by forged evidence at trial, and the Court unfairly set aside Defendant's motion for perjury and Denied review the forged evidence.

During this lengthy litigation and more specifically during Trial, Plaintiff fails to provide any evidence to support his perjured false allegations of over-valued properties, pursuant to Rule 11. The Court must Rule on the instant motion, Plaintiff can present any evidence if he has, and if not, Federal Rules must apply. Furthlery, the Court may Rule on its own initiative to Order new trial, and Order relief from both Orders # 466 and # 494 as amatter of law and evidence.

The Defendant
Mostafa Reyad


By:   /ss/_____
     Mostafa Reyad
     2077 Center Avenue # 22D
     Fort Lee, NJ 07024
     Home Phone # 201-585-0562
     Day Phone # 203-325-4100
     Email: Reyad@optonline.net


## **CERTIFICATE OF SERVICE**


The undersigned certifies that on April 25, 2007 has emailed this document to:


1. David R. Schaeffer, Esq.
   rmoffett@bswlaw.com


and delivered by hand a true copy of the same to Wafa Reyad


                                                           _____
                                                              Mostafa Reyad