UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., | CIVIL ACTION NO. |
| Plaintiff, | 3:00CV835(CFD) |
| v. | |
| MOSTAFA REYAD and WAFA REYAD, | MAY 14, 2007 |
| Defendants. | |

**PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS PURSUANT TO RULES 59 & 60(B)(3)**

Plaintiff IndyMac Bank, F.S.B. ("IndyMac") submits the instant consolidated memorandum in opposition to Defendant's 60(B)(3) Motion dated April 25, 2006 (Doc. #495) and Defendant's 59 Motion dated April 27, 2006 (Doc. # 496).[1]  In both of Defendant's latest motions, Defendant Mostafa Reyad challenges the Court's decisions following the bench trial of this matter, as set forth in its July 26, 2006 Memorandum of Decision (Doc. # 466) and its April 23, 2007 Memorandum of Decision Regarding Punitive Damages and Attorney's Fees (Doc. # 494).  As grounds for these motions, Defendant reiterates his baseless claims, rejected on numerous occasions heretofore by this Court, that IndyMac proffered perjured testimony of Brian Ainslie and forged documents in support of IndyMac's claims in this matter.

---

[1] IndyMac submits the instant memorandum in opposition to defendant's latest motions, in the event that said motions are not deemed denied by virtue of the Court's entry of final judgment in this matter on April 30, 2007, after the filing of Defendant's subject motions.  See Mosier v. Federal Reserve Bank of New York, 132 F.2d 710, 711-713 (2d Cir. 1942) ("[T]he entry of final judgment in a cause is in effect an overruling of all motions pending prior thereto in the case."); Dunn v Truck World, Inc., 929 F.2d 311, 313 (7th Cir. 1991) ("When a party files a pre-judgment motion for a new trial [pursuant to Rule 59], the judgment itself is the order 'denying a new trial'.")  (citing Mosier v. Federal Reserve Bank of New York, 132 F.2d 710 (2d Cir. 1942)).

m:\docs\04127\001\9w6468.doc

As Defendant concedes in both of his latest motions, Defendant repeatedly has raised, and the Court has rejected, these claims numerous times previously.  See, e.g., 3/14/02 Endorsement Order denying Defendant Mostafa Reyad's Motion Pressing Perjury Charges (Garfinkel, M.J.) (Doc. # 160); 7/15/02 Endorsement Order denying Defendant Mostafa Reyad's Request for Reconsideration for his Motion Pressing Perjury Charges (Garfinkel, M.J.) (Doc. # 211); 4/6/04 Trial Transcript, at pp. 181-83 (oral ruling denying Defendant Mostafa Reyad's request during the bench trial to refer Brian Ainslie to the U.S. Attorney's Office for criminal prosecution for perjury); 2/8/05 Endorsement Order (Doc. # 451) denying Defendants' Motion for New Trial (Doc. # 369) and Defendant's Petition for an Order to Refer Brian E. Ainslie and Attorney David R. Schaefer to U.S. Attorney's Office for a Possible Criminal Investigation (Doc. # 371); 2/25/05 Endorsement Order (Doc. # 452) denying Defendants' Motion to Reopen Proceedings (Doc. # 381) and Motion to Reopen Trial (Doc. # 390); Defendants' Proposed Findings of Fact and Conclusions of Law dated June 16, 2005 (Doc. #458), at pp. 34-37, 43-58; 7/26/06 Memorandum of Decision (Doc. # 466);  Defendants' Brief dated 11/7/06 (Doc. # 480), at pp. 34-36; 3/5/07 Endorsement Order denying Motion for Reconsideration (Doc. # 470), Motion to Dismiss (Doc. # 471) and Motion to Set Aside Judgment (Doc. # 474); 4/23/07 Memorandum of Decision Regarding Punitive Damages and Attorney's Fees (Doc. # 494).  Accordingly, IndyMac incorporates by reference its prior arguments in this regard, and requests that the Court deny Defendant Mostafa Reyad's latest motions summarily.

IndyMac further notes that Mr. Reyad has now filed six post-trial motions seeking to reverse the Court's Decisions, in each of which he raises arguments that have been

presented to and rejected by this Court on numerous occasions.  Defendants' dilatory motion practice has unreasonably extended the pendency of this matter and has unduly increased the already excessive costs of this litigation.  IndyMac urges the Court to direct that Defendants file no further motions raising the same argument before this Court, as such is an abuse of process and an unnecessary use of the Court's resources, and that IndyMac need not incur the additional expense of responding to future motions without first being directed to do so by the Court.

WHEREFORE, IndyMac requests that Defendant's 60(B)(3) Motion (Doc. # 495) and Defendant's 59 Motion (Doc. # 496) be denied.

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____*s/Rowena A. Moffett*_____
    David R. Schaefer (ct04334)
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    Its Attorneys
    271 Whitney Avenue
    P.O. Box 1746
    New Haven, CT  06507-1746
    Tel. (203) 772-2600
    Fax. (203) 562-2098
    Email: dschaefer@bslwlaw.com
           rmoffett@bswlaw.com

4

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, this 14th day of May, 2007 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024.

                     s/Rowena A. Moffett
                     Rowena A. Moffett (ct19811)