UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B.<br>　　　　　　　　Plaintiff | CIVIL ACTION NO.<br>3:00CV835 (CFD) |
| V. | |
| MOSTAFA REYAD AND WAFA REYAD<br>　　　　　　　　Defendants | DATE: MAY 18, 2007 |

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS REQUESTED**

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO RULES 59 & 60 (b)(3)

This is Defendant Mostafa Reyad's Reply to "Plaintiff's Consolidated Memorandum In Opposition To Defendant's Motions pursuant To Rules 59 & 60 (b)(3)" , dated April 14, 2007(Doc #498). For reasons supported by legal authorities stated herebelow , Defendant's 60(b)(3) motion and Defendant's 59 Motion must be Granted as a matter of law. The Court should Order or Direct the United States Attorney General's Office to investigate the Purjury, for possible prosecution. The Court should Order new trial or partial trial on the evidence.

1

## I.

Defendant has complied with the Federal Rules, and timely filed Defendant's 60(b)(3) motion within the time prescribed by the Rules. Defendant has raised the issue of perjury for more than five (5) years, and the District Judge did not Rule upon, necessitates filing 60(b)(3) motion after the Final Judgment Order dated April 23, 2007( Order # 494). Rule 60(b) is a relief of final judgment, order, or proceedings, thus Defendant could not file it before the final order which issued on April 23, 2007. The necessity of its filing is proceduraly, to preserve his defense to the Appeal, if any, see People v. Operation Rescue National , case number 05-6483-cv, (2nd Cir.,May 3rd, 2007)

> ORN and Benham did not raise this argument before the district court, nor did they challenge the default judgment through a Federal Rule of Civil Procedure 60 (b) motion. Failure to raise a defense under a Rule 60 (b) motion forfeits that defense on appeal. Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc. 301 F. 3d 54, 59 (2nd Cir. 2002). **Id**. p.3
>
> See,also King v. Livent, Inc., case number 06-2070 (2nd Cir. April 3, 2007).
>
> "A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested" Employers Must. Cas. CO. v. Key Pharms, 75 F. 3d 815, 824-25 (2nd Cir. 1996) per curiam. **Id**.at page 3.

Defendant has demonstrated the exceptional circumstances for more than five (5) years, that, the Court devastated prejudgment remedy based on perjured affidavit filed by Brian E. Ainslie, testifying that the properties securing the mortgage loans financed on Reyad's WLCA warehouse line are over-valued by

an average of 22.27%, that perjured statement was the only reason to Order prejudgment remedy. Plaintiff never ever provided that evidence, because it never excited. Plaintiff's perjury costed Defendant more than Fifteen Million Dollar in actual damages, to that extent of no evidence for the perjured affidavit, it deprives the Court of its jurisdiction over the action pursuant to Article III. Plaintiff's opposition listed numerous dockets, falsely claiming that he had provided evidence, none of those dockets or any other dockets has any evidence to the devastated perjured claim of over-valued properties exist in anywhere.

Furtherly, Plaintiff repeatedly requested before and at p. 3 of his latest opposition argues the Court to direct that Defendants file no further motion . . . , Plaintiff's attorney should study Federal Rules broadly, see Curto v. Smith, et al, case number 05-6620-cv (2nd Cir. January 3, 2007).

> The Court lacked power to prevent Curto from filing a motion authorized by the Federal Rules of Civil Procedure. See Richardson Greenshields Secs., Inc. v. Lau, 825 F. 2d, 647, 652 (2nd Cir. 1987). . . . . We therefore vacate that portion of the district court order that prevented Curto from filing her Rule 60 (b) motion. **Id page 2**

**II**

Defendant has complied with the Federal Rules, and filed timely Defendant's 59 motion dated April 27, 2007, and attached a sworn affidavit. Plaintiff did not comply with the Federal Rule, and refrains from filing counter-affidavit as mandated by the Rule is a good cause to Grant Defendant's 59

3

motion as a matter of law. Defendant herein invoks his Constitutional right of equal protection of law, and the authority of *Curto v. Smith*, supra

Plaintiff latest opposition, foot note 1, p. 1, cits two cases, 1) *Mosier* (2nd Cir 1942) and *Dunn* ( 7th Cir 1991),inwhich it cits *Mosier,* supra. Neither case establishe waiver of response or waiver of counter-affidavit to be filed within ten (10) days of service. Plaintiff's failure to file counter-affidavit should be characterized as obstruction of justice. Plaintiff committed three (3) crimes; 1) perjury ; 2) forgery; and 3) Fraud upon the Court, and now refrain from providing counter-affidavit is a good cause to Grant Defendant's motion for partial new trial, in addition Plaintiff's attorney is wasting this Court's time by proffering misplaced citations for two (2) cases dated 1991 and 1942, the two cases as presented by Plaintiff do not establishe any waiver, furtherly *Mosier* and *Dunn* became obsolete by the Notes of Advisory Committee on 1995 Amendements to Rule 59.

**CONCLUSION**

The Court should Grant Defendant's 60 (b)(3) Motion, Grants Defendant's motion for perjury(Doc # 240) and Order or Direct The United States Attorney General's Office to investigate the perjury of Brian E. Ainslie for possible prosecution. The Court also should Grant Defendant's 59 motion and Order a partial or new trial on the evidence, due to Plaintiff's failure to provide counter-affidavit as mandated by the Rule.

The Defendant
Mostafa Reyad


By:   /ss/ _____
    Mostafa Reyad
    2077 Center Avenue # 22D
    Fort Lee, NJ 07024
    Home Phone # 201-585-0562
    Day Phone # 203-325-4100
    Email: Reyad@optonline.net


## **CERTIFICATE OF SERVICE**


The undersigned certifies that on May 18, 2007 has emailed this document to:


1. David R. Schaeffer, Esq.
   rmoffett@bswlaw.com


and delivered by hand a true copy of the same to Wafa Reyad


                                                  _____
                                                  Mostafa Reyad