UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
                Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
                Defendants

CIVIL ACTION NO.
3:00CV835 (CFD)

DATE: MAY 25, 2007

## JOINT-NOTICE OF APPEAL

Notice is hereby given, that, Defendant Mostafa Reyad jointly with Co-Defendant Wafa Reyad hereby Appeal to the United States Court of Appeal for the Second Circuit, appealing from the Final Orders of Honorable Christopher F. Droney, U.S.D.J. of the United States District Court, District of Connecticut at Hartford.  The District Clerk entered Judgment on the 30th day of April , 2007 (Doc # 497).  The  Orders are unjustifiable and must be vacated as a matter of law.

The District Court erred in its Decisions, Departed for from the Federal Rules, the Decisions are contrary to the laws of the Second Circuit, and the Supreme Court authorities, and the District Court abused its Discretion in; 1) issuing an exparte Temporary Restraining Order without Ordering Plaintiff to post a bond, and without explaining the reason to waive the bond; 2) issuing a

1

devastated prejudgment remedy without ordering a bond and that prejudgment remedy label, has the effect of a final judgment, it effectuated the indefinite closing of Defendant's business, and freezed Defendant's and Co-Defendant personal bank accounts and deprived Defendant and Co-Defendant from any dollar they can claim to meet living expenses; 3) It Denied Defendants request to lift the exempted properties from the prejudgment remedy; 4) It established timeliness of res judicata, contrary to the laws of the Second Circuit and the Supreme Court; 5) It fatally erred in the timeliness of Rule 12(b)(6), it Decided that, that application of timeliness ended up at filing the answer to the complaint, and blocked any and all legal defenses provided after the answer, rendering Rule 12(h)(2) in part as meaningless; 7) It exceeded its jurisdiction upon the action, and maintained jurisdiction on the merits, and it has no jurisdiction over the subject matter, it agreed with Plaintiff's verbal statement that he is the proper party of interest and disregarded the acknowledged evidence certified by California Secretary of the State; 8) It agreed with Plaintiff's implicit theory of wholesale damages, Plaintiff provide forged documents for only ten (10) mortgage loans out of 33 loans, the Court Decision awarded Plaintiff damages for thirty-three (33) loans without any evidence; 9) It exceeded its Constitutional Jurisdiction Granted to Federal Courts by Article III, by applying Connecticut law of Unfair Trade Practices Act "CUTPA" in a contract dispute has the California Choice-of-law.

**Questions Presented**

1. Is it proper that the District Court issue a prejudgment remedy in the total amount of $ 12.8 million, in addition to the prejudgment issued from The New Jersey Federal District Court in the amount of $ 5.7 million for the same alleged cause of action, the former $ 12.8 million issued are 180 degree of the entered Court Order, the entered Court Order permitted Defendants to maintain their business and maintain business and personal bank accounts, and the $ 12.8 million garnished bank accounts and Defendant had to close his business effective May 18, 2000? Defendants believe that is a violation of the Eighth Amendment.

2. Is it proper for the District Court to apply Connecticut "CUTPA" laws in a contract dispute having California law, contrary to; _Valley juice LTD., Inc._ v._Waters of France_ , case # 94-7813 and 95-7709 (2nd Cir. 1996); _Masterbuono v. Shearson Lehman Hutton, Inc_., 514 U.S. 52 (1995), without explaining the reasons for that Decision.

3. Is it proper for the District Court to Order compensatory damages without evidence of injury-in-fact, contrary to _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-61.

4. Is it proper for the District Court to accept Plaintiff's verbal statement of proper party in interest, and neglect the evidence certified by California Secretary of State.

5. Is it proper for the District Court to establish timeliness for res judiciata, waiving that defense, contrary to <u>Salahadin v. Jones</u>, 992 F. 2d 447, 449 (2nd Cir. 1993); <u>Arizona v. California</u>, 530 U.S. 392 (2000).

6. Is it proper for the District Court to establish different timeliness of Fed. R. Civ. P 12 (b)(6), and to foreclose on Rule 12 (h)(2), and not to consider any and all legal defenses after the answer.

7. Is it proper for the District Court to award Plaintiff attorney's fees for Count Two of the original complaint, and Defendant was the prevailing party for that Count, that Count was dismissed by the District Court on August 10, 2001.

If the Court of Appeal Decided any one of the above seven (7) questions presented in the negative, the judgment must be vacated and the case should be remanded to determine Defendants' damages. If the Court of Appeal Decided the seven (7) questions in the negative, that Decision would indicate that, the District Court had applied unfair prejudice trial, and the Court of Appeal to remand the case to another District Judge, because the District Court had went beyond what is normal and acceptable, **see Liteky**, 510 U.S. 540, 552 (1994).

| The Defendant | The Co Defendant |
| --- | --- |
| Mostafa Reyad | Wafa Reyad |

By: _____        By: _____
    Mostafa Reyad                                         Wafa Reyad
    2077 Center Avenue # 22D               2077 Center Avenue # 22D
    Fort Lee, NJ 07024                             Fort Lee, NJ 07024
    Home Phone # 201-585-0562            Home Phone # 201-585-0562
    Day Phone # 203-325-4100
    Email: Reyad@optonline.net