UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                 Plaintiff         **CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                 Defendants

                                  **DATE: JUNE 25, 2007**
_____

**MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT AND
VACATE THE PREJUDGMENT REMEDY**

      This is Defendant Mostafa Reyad's Memorandum of Law in Support of his motion to stay judgment and vacate the prejudgment remedy Orders dated May 17, 2000 (Order # 13) and the Reduced Prejudgment Order dated April 30, 2004 (Doc # 374). Staying the Judgment pending Defendant's motions pursuant to Rule 60 (b)(3) and Rule 59 dated April 25 and April 27, 2007, respectively (Doc # 495 and 496), and pending disposition of the Appeal in the Second Circuit, Docket number 07-2307-CV.

      This Court Ruled that, the governing law of this contract dispute case is California Law. California Law does not allow attachment for ever. Cal. C. Civ. Proc. establishes three years as a limitation on attachments and the properties

1

levied, and allows Plaintiff to file for extension within a certain period before the expiration of the three years, a plaintiff must file an extension motion not less than 10 days or more than 60 days before the expiration of the three-year. **See Cal. C. Civ. Proc. Sec. 488. 510, a copy of the provision is attached hereto**. The records are clear, Plaintiff fails to comply with California law, and never file for any extension as mandated, neither filed extension for Order #13, nor Order # 374, the three-year has expired on April 30, 2007. Plaintiff's failure to comply is the legal ground to Grant the instant motion.

The Defendant
Mostafa Reyad


By:   /ss/
    Mostafa Reyad
    2077 Center Avenue # 22D
    Fort Lee, NJ 07024
    Home Phone # 201-585-0562
    Day Phone # 203-325-4100
    Email: Reyad@optonline.net


## **CERTIFICATE OF SERVICE**


The undersigned certifies that on June 25, 2007 has emailed this document  to:


1. David R. Schaeffer, Esq.
   rmoffett@bswlaw.com


and delivered by hand a true copy of the same to Wafa Reyad


                Mostafa Reyad

488.510.  (a) Unless sooner released or discharged, any attachment shall cease to be of any force or effect, and the property levied upon shall be released from the operation of the attachment, at the expiration of three years from the date of issuance of the writ of attachment under which the levy was made.

   (b) Notwithstanding subdivision (a), upon motion of the plaintiff, made not less than 10 or more than 60 days before the expiration of the three-year period and upon notice of not less than five days to the defendant whose property is attached, the court in which the action is pending may, by order filed prior to the expiration of the period and for good cause, extend the time of the attachment for a period not exceeding one year from the date on which the attachment would  otherwise expire.

   (c) The levying officer shall serve notice of the order upon any person holding property pursuant to an attachment and shall record or file the notice in any office where the writ and notice of attachment are recorded or filed prior to the expiration of the period described in subdivision (a) or any extension thereof.  Where the attached property is real property, the plaintiff or the plaintiff's attorney, instead of the levying officer, may record the required notice.

   (d) Any attachment may be extended from time to time in the manner prescribed in this section, but the maximum period of the attachment, including the extensions, shall not exceed eight years from the date of issuance of the writ of attachment under which the levy of attachment was made.

   (e) The death of the defendant whose property is attached does not terminate the attachment.