UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.

Plaintiff

**CIVIL ACTION NO.
3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
Defendants

**DATE: JULY 16, 2007**

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXEMPTION

This is Defendants Mostafa Reyad and Wafa Reyad Memorandum of law

in support for motion for exemption. Defendants hereby having a dilemma,

Defendants are moving the Court to Declare that certain properties stated on the

motion are exempted from attachments and execution, Defendants are seeking

an Order to release those properties from attachments, and requesting to be

awarded $ 396,900, as a monetary interest for wrongful attachments, in the same

time, Defendants assert that this Court lacks jurisdiction over the entire action

effective June 25, 2007, when this Court issued its Order Denying Defendant's

Rule 60 (b)(3) motion and Denying Rule 59 motion (Order # 501). However,

Defendants have no alternative; must proceed as the Court has the proper

jurisdiction to review the merits, Rule upon the instant motion. The Court at its

Wise Discretion, will determine its jurisdiction, and if the Court Decided, it has the

1

proper jurisdiction, the Court would Grant the instant motion, including

Defendants' award, upon recognition of the wrongful attachments, the Court must

open the judgment, re-review Plaintiff's award of attorney's fee, which includes

false expenses related to insurance policies and insurance annuities, and would

sanction Plaintiff for abuse of process of law. If the Court agreed with

Defendants, that, it has no jurisdiction on the merits of the instant motion, the

Court would nullify the District Clerk WRIT of execution, and Defendants will

raise that defense in their brief after Defendants amend their joint-notice of

appeal.

## JURISDICTION

Defendants humble opinion, the Court has no jurisdiction over this action

effective the time it Ruled upon Defendant's Rule 60(b)(3) motion and

Defendant's Rule 59 motion dated June 25, 2007 (Order # 501),that is, pursuant

to FRAP, Rule 4 (B)(i), the subdivision of the Rule establishes the effectiveness

of notice of appeal, in whole or in part, when the District Court disposes of

motions listed on FRAP 4 (a)(4)(A). The Rule means, that as soon as the District

Court disposed of said motions, the entire jurisdiction on the action has moved

completely to the Court of Appeal, leaving the District Court without jurisdiction

to amend or modify the judgment, or any other proceeding. Certainly, if the

District Judge has no jurisdiction over the action, the District Clerk will have no

jurisdiction to issue the WRIT of execution. Even, if the Court has no jurisdiction

over the action, it has the un-forfeited jurisdictional power to announce the fact

and dismiss the cause, i.e. Order nullifying the WRIT of execution issued by the

District Clerk on June 26, 2007, see RE: Michael Ross, Docket Number 05-8900

(2nd Cir. 2005) and its citation:


**Steel Co. V. Citizens For Better Environment**, 533 U.S. 83, 94 (1998) "Without
jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to
declare the law, and when it ceases to exist, the only function remaining to the
court is that announcing the fact and dismissing the cause." **Id** [Defendant
corrected the Supreme Court case number from 523 to 533].


If the Court agreed with Defendants' humble opinion, it should dismiss the

cause and Order nullifying the District Clerk WRIT of execution dated June 26,

2007. If the Court disagree with Defendants assertion, the Court should Rule

upon the merits of Defendants claims of exemptions and must award Defendants

the monetary damages. In this situation, the Court must open the judgment, re-

review Plaintiff's awards fees, and would sanction Plaintiff for the wrongful

attachments for the duration of more than seven (7) years. Defendants raised

that defense for exempted properties since June 6, 2000, and repeated it at least

twelve times, and never discussed or considered by the Court.


## CLAIMS OF EXEMPTIONS

Defendants' motion claim nine (9) exemptions, the first five (5) are life

insurance annuities, and life insurance policies, the exemptions for the first five

(5), are pursuant to certain provisions of law. There is no direct Federal Statute

govern those exemptions except the first claim for VALIC annuity. It is the State

3

law governs those exemptions. It may be a question of law which State law would apply?. The question stems from, the Ruling of the Supreme Court, a district court applying the State law as the choice-of-law, applies the law as sitting in that State, see Mastrobouno v. Shearson Lehman Hutton, Inc., 514 U.S. 52 (1995) (Thus, the choice-of-law provision covers the rights and duties of the parties); Valley Juice Ltd. v. Evian Waters of France, Docket number 94-7813,7817 and 95-7709 (2nd Cir 1996), it Ruled at Discussion, 2nd paragraph (**see** **Van Dusen v. Barrack** 376 U.S. 612, 639 (1964). We therefore apply Massachusetts choice of law to the Evian action). According to the above, it may be California law. According to California law, the WRIT of execution must be nullified pursuant to Cal C. Civ. Proc. 699 720 (a)(4) [the following types of properties are not subject to execution . . . . . if an appeal is filed, prior to the final determination of the appeal], see also 699.720(a)(6) [the loan value of an immature life insurance, or annuity policy], and see also Cal. C. Civ. Proc. 695.030 (a) [. . . . property of the judgment debtor that is not assignable or transferable is not subject to enforcement of a money judgment]. Insurance laws in every State mandate that, insurance policies and life insurance annuities are not assignable nor transferable. Indeed, any property exempted from execution, it must be exempted from attachment.

If the Court applies Connecticut law, none of the first five claims of exemption is subject to execution, and hence are not subject to attachments, see C.G.C. 38a-454(Formerly Sec. 38-162). *Proceeds of insurance policies and*

4

*annuities may be held in trust.*

Any domestic life insurance company shall have power to hold the proceeds of any policy issued by it under a trust or other agreement upon such terms and restrictions to revocation by the policyholder and control by beneficiaries and with such exemptions from the claims of creditors of beneficiaries other than the policyholder as have been agreed to in writing by such company and the policyholder….Similar terms, restrictions and exemptions, for the benefit of any payee other than the purchaser, may be included by any such company in any annuity contract or any agreement issued in connection therewith or supplemental thereto.

See Equitable Certificate issuance date of March 25,1998, and see New England

Life Inurance Contract issuance date of April 7, 1999, and see.C.G.S. 38a-453

"*Rights of Creditors of insured against beneficiary*".

    (a) The beneficiary of any life insurance policy, being a person other than the insured, whether named as beneficiary in the original policy or subsequently named as beneficiary in accordance with terms of the policy, shall be entitled to the proceeds of the policy as against the representative or creditors of the insured, unless the policy was procured or the designation of the beneficiary was made with intent, express or implied to defraud creditors,

see date of Mostafa Reyad's policy, it issued on  November 13, 1986, and date

of Wafa Reyad's policy on December 18, 1986, fourteen (14) years before the

action, each Defendant is the beneficiary of the other. See also C.G.S. Section

52-321a.

    The above analysis for the applicable State law of California and

Connecticut, may not satisfy the application, because the listed five items are

New Jersey Properties, initiated, maintained in, and subject to the laws of New

Jersey as the citizenship of Defendants, see **Slurszberg**, 15 N.J. Misc. 423, 192

A. 451(February 11, 1936)

at [**6] (Life insurance is not, however, necessarily insurance for the full term of one's life. Some life policies are contracts of investments as well as insurance)and furtherly, (It is a matter of common knowledge that the life insurance policies are termed "general", "ordinary", "old line", "paid up", "tontine", "assignment", "endowment", & c. dependent upon the terms and conditions of the different forms of contracts. The newer forms of policies and their broader provisions are designed to meet competition between the companies and to attract purchasers).

Defendants invoke the Fourteenth Amendment. Connecticut cannot attach properties in New Jersey, before issuing a final judgment not appealable as described in Full faith and Credit Act. All the five (5) claimed exemptions are protected from attachment or execution, see N.J. Rev. Stat. 17B:24-6 and 17B:24-7.  Insurance policies and insurance annuities are exempted from attachment, execution or other legal process. Simply put, Life Insurance Policies and Life Insurance Annuities are protected from attachment, execution or any legal process, in every State in the United States.

1.  VALIC, the Variable Annuity Life Insurance company account number 4550744, amount approximately $ 125,000 is Wafa Reyad's pension protected from Creditor by 26 U.S.C. 457 (b), the internal revenue code of 1986, and Conn. 52-352 b(m) and 52-321a(a)(5), see Attorney's opinion letter signed by Joshua W. Cohen of Day Pitney LLP, law firm of New Haven, Connecticut; attached hereto;  California C. Civ. Proc. 695.030 (a); and 699.720(4); and New Jersey, 17B: 24-7.

2.  EQUITABLE, the Equitable Life Assurance Company, certificate number 98 501 734, approximately $ 150,000. It is a Life Insurance

Contract owned by Wafa Reyad, designating Mostafa Reyad as the

beneficiary <u>see</u> p. 20 of the contract, attached hereto:

### SECTION 9.05 ASSIGNMENTS, NONTRANSFERABILITY, NONFORFEITABILITY

No amounts payable under the contract to a payee other than you
may be assigned by that payee unless permitted herein, nor will
they be subject to the claims of creditors or to legal process, except
to the extent permitted by law. Other restrictions may apply if stated
in any endorsement hereto.

The insurer; Equitable applies the law of exemption in all States, and

agreed in writing for the exemptions, in compliance with C.G.C. 38a-454,

provided the exception as to any amounts paid, with intent to defraud creditors.

There is no such allegations ever been raised. Furtherly, the funds are held in

trust of the insurance company, <u>see</u> Conn. G. S. Sec 38a-454; California

699.720(a)(6) supra; and New Jersey 17B:24-6 and 17B:24-7.


3.    New England, New England Financial, a MetLife affiliate, contract number

V435143,approximately $ 27,000, is an insurance contract owned by Wafa

Reyad and designates her two children as beneficiaries, <u>see</u> p. V 80-W of

the contract at Sec 2. CONTRACT attached hereto:

### CLAIMS OF CREDITORS
The contract and payments under it will be exempt from the claims
of creditors to the extend allowed by law.

Typical to the last claim, of course, if the funds were paid to defraud the

creditors, it will not be exempted, no such allegation ever raised, and it should be

noted, the dispue had commenced Aril 19, 2000. The same provisions of law would apply herein, as stated in Equitable certificate hereinabove.

    4. & 5. Equitable Life Assurance Society of the United States, Mostafa Reyad's insurance policy naming Wafa Reyad as beneficiary, and Wafa Reyad's insurance policy naming Mostafa Reyad as beneficiary, are exempted from attachment and execution, pursuant to Conn. 38a-453; California 699.720(a)(4) & (6); and New Jersey 17B:24-6.

The remaining claims listed on the instant motion 6,7,8 and 9, are standard exemptions in every State pursuant to the Eighth Amendment.

Defendants have met their burden to establish their claims of exemptions, the Honorable Court must Grant all claims of exemptions outlined on the motion, as a matter of law.

Defendants are defending the exemption for life insurance and annuities in this Court since June 6, 2000, seven (7) full years, suffering from wrongful attachments deserve to be awarded at least 10% interest rate for every year of the seven years. It amounts to $ 396,900 as compensation for the wrongful attachments. The Court recognition of the wrongful attachments, and the effect of its devastation, mandates opening the judgment, re-review Plaintiff's award of

attorney's fee, would sanction Plaintiff, and must modify the judgment as a matter

of juridprudence.

The Defendant
Mostafa Reyad

By: _____
     Mostafa Reyad
     2077 Center Ave # 22D
     Fort Lee, NJ 07024
     Day Phone 203-325-4100

The Defendant
Wafa Reyad

By: _____
     Wafa Reyad
     2077 Center Ave # 22D
     Fort Lee, NJ 07024
     Home Phone 201-585-0562

## CERTIFICATE OF SERVICE

The undersigned certifies that he hand delivered on the captioned date a true

and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New

Haven, CT 06511

_____
Mostafa Reyad