UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.

               Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
               Defendants

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: JULY 16, 2007**

---

## TABLE OF ATTACHMENTS

1.  Day Pitney LLP Letter to Mostafa Reyad

2.  Day Pitney LLP Letter Wafa Reyad

3.  Equitable Certificate number 98 501 734

4.  New England Contract number V 435143

5.  Equitable Policy number 86 097 685

6.  Equitable Policy number 86 108 388

# ₫P DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, DC

JOSHUA W. COHEN
Attorney at Law

One Audubon Street
New Haven, CT 06511
T: (203) 752 5008 F: (203) 752 5001
jwcohen@daypitney.com

July 3, 2007

**VIA FEDERAL EXPRESS**

Mr. Mostafa Reyad
2077 Center Avenue
#22D
Fort Lee, NJ 07024

Re:  *Indymac Bank, F.S.B. v. Mostafa Reyad, et al.*
     Civil Action No. 3:00CV00835 (CFD)

Dear Mr. Reyad:

This office represents The Variable Annuity Life Insurance Company ("VALIC"), which has been served with a property execution in connection with the above-referenced action. In accordance with Connecticut statute, I enclose a copy of the execution along with an Exemption Claim Form (Property Execution) on which you can assert a claim to an exemption from execution. An exemption could protect from execution an interest you may have in property in the possession of VALIC. You have twenty (20) days from the date of service of the execution (up to and including July 16, 2007, by my calculation) to file the Exemption Claim Form with the District Court in Connecticut.

We are not and cannot serve as your counsel in this matter. However, VALIC has an interest in seeing that your exemption claims are asserted in a timely manner. Our research suggests that you may have a valid exemption claim on the ground that any property held by VALIC on behalf of you and Mrs. Reyad is a beneficial interest of Mrs. Reyad in a retirement plan maintained for her by The Borough of Fort Lee, New Jersey under Section 457(b) of the Internal Revenue Code of 1986, as amended. Pursuant to Sections 52-352b(m) and 52-321a(a)(5) of the Connecticut General Statutes, this interest may be exempt from execution as an interest in a "pension plan, annuity or insurance contract…established by federal or state statute for federal, state or municipal employees for the primary purpose of providing benefits upon retirement…." As you may have exemption rights that may be asserted with respect to the attached property execution, we suggest that you consult counsel to ensure a timely and proper assertion of these rights.

41792304 1

**DAY PITNEY** LLP

Mr. Mostafa Reyad
July 3, 2007
Page 2

Please do not hesitate to contact me with any questions.

Very truly yours,

Joshua W. Cohen

JC/JWC
Enclosure

cc:    Callie Clark, Esq.
       Daniel FitzMaurice, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**WRIT OF EXECUTION
(APPLICATION)**

INDYMAC BANK, F.S.B.

     v.                          Civil No. 3:00 CV 835 (CFD)

MOSTAFA REYAD AND
WAFA REYAD

ADDRESS OF COURT: **450 MAIN STREET, HARTFORD, CT 06103;**
DATE OF JUDGMENT: **APRIL 30, 2007**

NAME OF JUDGMENT CREDITOR MAKING APPLICATION:
        **INDYMAC BANK, F.S.B.**

NAME OF JUDGMENT DEBTOR:
        **MOSTAFA REYAD**

| | |
|---|---|
| 1. AMOUNT OF JUDGMENT: | $1,022,866.18 |
| 2. AMOUNT OF COSTS: | $ 0.00 |
| 3. AMOUNT OF INTEREST (if applicable): | $ 143,981.94 |
| 4. TOTAL JUDGMENT AND COSTS: | $1,166,848.12 |
| 5. TOTAL PAID ON ACCOUNT: | $ 0.00 |
| 6. TOTAL UNPAID JUDGMENT: | $1,166,848.12 |

SIGNED:

_____    5/22/07
Name of Attorney or party making application    Date

_Brenner, Saltzman & Wallman LLP_

_271 Whitney Avenue_

_New Haven, CT 06511_

_(203) 772-2600_
Address and Phone Number

                                  (Rev. 10/27/04)

9X9675.DOC

INSTRUCTIONS FOR WRIT OF EXECUTION
(APPLICATION)

Name and mailing address of Judgment Creditor or attorney

Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511

**PLAINTIFF OR PLAINTIFF'S ATTORNEY** - Type or Print. Complete original and 4 copies of the Application. If judgment debtor is a natural person, attach copy of Exemption Form. Present original and 3 copies to Clerk of Court.

**CLERK** - Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

**MARSHAL** - Make execution as directed in the "Execution" section. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption form to copy(ies) of execution served. Complete Section II on exemption claim form.

**PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON** - Pursuant to Conn. Gen. Stat. § 52-356a., you *are* required to mail to the judgment debtor (indicated on reverse side) at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the marshal property owned by the judgment debtor. EXCEPT (1) If an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to the determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the marshal when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

**PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON** - Pursuant to Conn. Gen. Stat. § *52-356a*, you are required to deliver to the marshal, property in your possession owned by the judgment debtor or pay to the marshal the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the marshal when the debt becomes due within four months after the date of issuance of this execution.

9X9675.DOC

## EXECUTION

TO ANY PROPER OFFICER:

Whereas on said date of Judgment the above-named Judgment Creditor recovered a Judgment against the Judgment Debtor before the Court for the amount stated, as appears of record, whereof execution remained to be done. These are therefore, BY AUTHORITY OF THE UNITED STATES DISTRICT COURT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the Judgment Debtor, and make demand for payment by the Judgment Debtor of all sums due under the money judgment. On failure of the Judgment Debtor to make immediate payment you are commanded to levy on nonexempt personal property of the Judgment Debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt property is in the possession of the Judgment Debtor, you shall take such personal property into your possession as is accessible without breach of the peace. If the Judgment Debtor has left the state prior to service of this execution, or if the Judgment Debtor cannot be found with reasonable effort at the last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the Judgment Debtor of record with the United States District Court for the District of Connecticut and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

On failure of the Judgment Debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the Judgment Debtor in the Judgment Debtor's possession and, if the Judgment Debtor has left the state prior to service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the Judgment Debtor's last known address in this state and on any agent or attorney of the Judgment Debtor of record with the United States District Court, District of Connecticut, you are also commanded to make demand upon any third person having possession of nonexempt personal property or debt due said Judgment Debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Conn. Gen. Stat. § 52-356a(4)(c). After having made such demand you are directed to serve two true and attested copies of this execution; with your doings endorsed thereon, on the third person upon whom such demand was made.

9X9675.DOC

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.

NOTICE:    THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY A PROPER OFFICER PURSUANT TO THIS EXECUTION.

WITNESS THE HONORABLE

DATE: _6/26/01_                      **UNITED STATES DISTRICT JUDGE**

                                     KEVIN E. ROWE
                                     _____
                                     **CLERK OF THE COURT**

                                     _FRusle_
                                     _____
                                     DEPUTY CLERK


                    **RETURN OF SERVICE**

STATE OF CONNECTICUT      :
                          :      ss:
COUNTY OF                 :

     On the _____ day of _____, 20___, then and there I duly served the

foregoing application, order and execution on _____

by leaving with or at the usual place of abode of _____ a true and

attested copy of the original application, order and execution.


                    Attest: _____
                                     **Proper Officer**


                    _____
                    **Title**


9W9135.DOC

**EXEMPTION CLAIM FORM**
**PROPERTY EXECUTION**
JD-CV-5b  Rev. 8-06
C.G.S. 52-321a, 52-352b, 52-361a, 52-361b

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

CLOEXM




NAME AND MAILING ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY
*(To be completed by judgment creditor or judgment creditor's attorney)*

Mostafa Reyad
2077 Center Ave.
#22 D
Fort Lee, NJ 07024

**INSTRUCTIONS**

TO JUDGMENT CREDITOR OR JUDGMENT
CREDITOR'S ATTORNEY: *Complete section I below
and follow instructions on form JD-CV-5.*
TO PROPER OFFICER: *Complete section II below
and follow instructions on form JC-CV-5.*
TO THIRD PERSON: *Complete section III below and
follow instructions on form JD-CV-5.*
TO JUDGMENT DEBTOR: *Read section IV below
and complete section V if applicable.*

**SECTION I** *(Must be completed by judgment creditor or judgment creditor's attorney)*
ADDRESS OF COURT *(Number, street, town, zip code)*    ☐ G.A.    ☐ J.D.    ☐ HOUSING SESSION
UNITED STATES DISTRICT COURT, 450 MAIN STREET, HARTFORD, CT 06103

| NAME OF CASE | DOCKET NO. |
|---|---|
| Indymac Bank F.S.B. v. Mostafa Reyad, et al. | 3:00 cv 835 (CFD) |

NAME OF JUDGMENT DEBTOR
Mostafa Reyad

**SECTION II** *(Must be completed by proper officer)*
DATE OF SERVICE OF EXECUTION    NAME AND ADDRESS OF PROPER OFFICER

NAME AND ADDRESS OF THIRD PERSON SERVED WITH EXECUTION *(if any)*    TELEPHONE NO. *(if known)*

**SECTION III** *(Must be completed by third person served with execution (if any))*
DATE EXECUTION MAILED TO JUDGMENT DEBTOR
July 3, 2007

**SECTION IV**    **NOTICE TO JUDGMENT DEBTOR**

As a result of a judgment entered against you the attached execution has been issued against your personal property.
SOME OF YOUR PERSONAL PROPERTY MAY BE EXEMPT FROM EXECUTION -- Certain classes of personal property
may be protected from execution by state statutes or other laws or regulations of this state or of the United States. A
checklist and description of the most common classes of personal property of a natural person exempt from execution are
set forth on page 2 of this form.

HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW -- If you wish to claim that the property levied on by the
levying officer is exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and
return this exemption claim form to the clerk of the Superior court at the above address. The form must be received by the
clerk of the Superior Court within 20 days after levy on the property.

Upon receipt of this form, the court clerk will notify you and the judgment creditor of the date on which a hearing will be
held by the court to determine the issues raised by your claim.

RIGHT TO REQUEST INSTALMENT PAYMENT ORDER -- Pursuant to section 52-356d of the general statutes, if you
are a consumer judgment debtor, you may seek to have the court issue an instalment payment order with a provision that
compliance with the order prevents a levy on your property. An instalment payment order is an order of the court that you
pay a weekly amount to the judgment creditor until the judgment is satisfied.

"Consumer Judgment" means a money judgment of less than five thousand dollars against a natural person resulting
from a debt or obligation incurred primarily for personal, family, or household purposes.

SETTING ASIDE THE JUDGMENT -- If the judgment was rendered against you because of your failure to appear in
court, you may, pursuant to section 52-212 of the general statutes, within four months of the date judgment was rendered
and upon belief that you have reasonable cause, move the court to set aside the judgment rendered against you.

*FOR COURT USE ONLY*

EXEMPTION CLAIM FORM

I, the judgment debtor, hereby claim and certify under penalty of false statement that the property described below is exempt from execution as follows:

| NAME AND ADDRESS OF PERSON HOLDING PROPERTY | | TELEPHONE NO. |
|---|---|---|
| PROPERTY CLAIMED TO BE EXEMPT | | |
| DESCRIBE BASIS FOR EXEMPTION AS ESTABLISHED BY LAW | | |
| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | | TELEPHONE NO. |
| SIGNED (Judgment debtor) | DATE SIGNED | |

| DATE OF HEARING | TIME OF HEARING | COURTROOM NO. | BY THE ASSISTANT CLERK |
|---|---|---|---|
| | .M. | | |

ORDERED that the following item(s) are exempt from execution:

| SIGNED (Judge, Magistrate, Assistant Clerk) | | DATE SIGNED |
|---|---|---|
| | BY ORDER OF THE COURT | |

## CHECKLIST AND DESCRIPTION OF COMMON EXEMPTIONS ALLOWED BY LAW *(C.G.S. § 52-352b)*

(a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;

(b) Tools, books, instruments, farm animals and livestock feed, which are necessary to the exemptioner in the course of his or her occupation, profession, farming operation or farming partnership;

(c) Burial plot for the exemptioner and his or her immediate family;

(d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

(e) Health and disability insurance payments;

(f) Health aids necessary to enable the exemptioner to work or to sustain health;

(g) Worker's compensation, social security, veterans and unemployment benefits;

(h) Court approved payments for child support;

(i) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;

(j) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it.

(k) Wedding and engagement rings;

(l) Residential utility deposits for one residence and one residential security deposit;

(m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a;

(n) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under general statute section 52-361a;

(o) An award under a crime reparations act;

(p) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and

(q) All moneys due the exemptioner from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt.

(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars;

(s) Any interest of the exemptioner not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the exemptioner under which the insured is the exemptioner or an individual of whom the exemptioner is a dependent; and

(t) The homestead of the exemptioner to the value of seventy-five thousand dollars or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

(u) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to sections 36a-655 to 36a-665 inclusive for the benefit of creditors of the exemptioner.

# ⊞ DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

JOSHUA W. COHEN
Attorney at Law

One Audubon Street
New Haven, CT 06511
T: (203) 752 5008 F: (203) 752 5001
jwcohen@daypitney.com

July 3, 2007

**VIA FEDERAL EXPRESS**

Ms. Wafa Reyad
2077 Center Avenue
#22D
Fort Lee, NJ 07024

   Re:  Indymac Bank, F.S.B. v. Mostafa Reyad, et al.
       Civil Action No. 3:00CV00835 (CFD)

Dear Ms. Reyad:

   This office represents The Variable Annuity Life Insurance Company ("VALIC"), which has been served with a property execution in connection with the above-referenced action.  In accordance with Connecticut statute, I enclose a copy of the execution along with an Exemption Claim Form (Property Execution) on which you can assert a claim to an exemption from execution.  An exemption could protect from execution an interest you may have in property in the possession of VALIC.  You have twenty (20) days from the date of service of the execution (up to and including July 16, 2007, by my calculation) to file the Exemption Claim Form with the District Court in Connecticut.

   We are not and cannot serve as your counsel in this matter.  However, VALIC has an interest in seeing that your exemption claims are asserted in a timely manner.  Our research suggests that you may have a valid exemption claim on the ground that any property held by VALIC on behalf of you and Mr. Reyad is your beneficial interest in a retirement plan maintained for you by The Borough of Fort Lee, New Jersey under Section 457(b) of the Internal Revenue Code of 1986, as amended.  Pursuant to Sections 52-352b(m) and 52-321a(a)(5) of the Connecticut General Statutes, your interest in the retirement account may be exempt from execution as an interest in a "pension plan, annuity or insurance contract…established by federal or state statute for federal, state or municipal employees for the primary purpose of providing benefits upon retirement…."  As you may have exemption rights that may be asserted with respect to the attached property execution, we suggest that you consult counsel to ensure a timely and proper assertion of these rights.

41792312 1

**DAY PITNEY** LLP

Ms. Wafa Reyad
July 3, 2007
Page 2

Please do not hesitate to contact me with any questions.

Very truly yours,

Joshua W. Cohen

JC/JWC
Enclosure

cc:    Callie Clark, Esq.
       Daniel FitzMaurice, Esq.

41792312 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**WRIT OF EXECUTION**
**(APPLICATION)**

INDYMAC BANK, F.S.B.

v.                                        Civil No. 3:00 CV 835 (CFD)

MOSTAFA REYAD AND
WAFA REYAD

ADDRESS OF COURT: **450 MAIN STREET, HARTFORD, CT 06103;**
DATE OF JUDGMENT: **APRIL 30, 2007**

NAME OF JUDGMENT CREDITOR MAKING APPLICATION:
**INDYMAC BANK, F.S.B.**

NAME OF JUDGMENT DEBTOR:
**WAFA REYAD**

| | | |
|---|---|---|
| 1. AMOUNT OF JUDGMENT: | $ | 535,166.62 |
| 2. AMOUNT OF COSTS: | $ | 0.00 |
| 3. AMOUNT OF INTEREST (if applicable): | $ | 143,981.94 |
| 4. TOTAL JUDGMENT AND COSTS: | $ | 679,148.56 |
| 5. TOTAL PAID ON ACCOUNT: | $ | 0.00 |
| 6. TOTAL UNPAID JUDGMENT: | $ | 679,148.56 |

SIGNED:

_____          _5/22/07_
Name of Attorney or party making application      Date

_____Brenner, Saltzman & Wallman LLP_____

_____271 Whitney Avenue_____

_____New Haven, CT 06511_____

_____(203) 772-2600_____
Address and Phone Number



True Copy
ATTEST:
KEVIN F. ROWE
Clerk U.S. District Court
By _____
      Deputy Clerk

(Rev. 10/27/04)

9W9135.DOC

## INSTRUCTIONS FOR WRIT OF EXECUTION
### (APPLICATION)

Name and mailing address of Judgment Creditor or attorney

> Rowena A. Moffett, Esq.
> Brenner, Saltzman & Wallman LLP
> 271 Whitney Avenue
> New Haven, CT 06511

**PLAINTIFF OR PLAINTIFF'S ATTORNEY** - Type or Print. Complete original and 4 copies of the Application. If judgment debtor is a natural person, attach copy of Exemption Form. Present original and 3 copies to Clerk of Court.

**CLERK** - Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

**MARSHAL** - Make execution as directed in the "Execution" section. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption form to copy(ies) of execution served. Complete Section II on exemption claim form.

**PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON** - Pursuant to Conn. Gen. Stat. § 52-356a,, you *are* required to mail to the judgment debtor (indicated on reverse side) at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the marshal property owned by the judgment debtor. EXCEPT (1) If an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to the determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the marshal when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

**PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON** - Pursuant to Conn. Gen. Stat. § *52-356a*, you are required to deliver to the marshal, property in your possession owned by the judgment debtor or pay to the marshal the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the marshal when the debt becomes due within four months after the date of issuance of this execution.

9W9135.DOC

## EXECUTION

**TO ANY PROPER OFFICER:**

Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the Judgment Debtor before the Court for the amount stated, as appears of record, whereof execution remained to be done. These are therefore, BY AUTHORITY OF THE UNITED STATES DISTRICT COURT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the Judgment Debtor, and make demand for payment by the Judgment Debtor of all sums due under the money judgment. On failure of the Judgment Debtor to make immediate payment you are commanded to levy on nonexempt personal property of the Judgment Debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt property is in the possession of the Judgment Debtor, you shall take such personal property into your possession as is accessible without breach of the peace. If the Judgment Debtor has left the state prior to service of this execution, or if the Judgment Debtor cannot be found with reasonable effort at the last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the Judgment Debtor of record with the United States District Court for the District of Connecticut and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

On failure of the Judgment Debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the Judgment Debtor in the Judgment Debtor's possession and, if the Judgment Debtor has left the state prior to service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the Judgment Debtor's last known address in this state and on any agent or attorney of the Judgment Debtor of record with the United States District Court, District of Connecticut, you are also commanded to make demand upon any third person having possession of nonexempt personal property or debt due said Judgment Debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Conn. Gen. Stat. § 52-356a(4)(c). After having made such demand you are directed to serve two true and attested copies of this execution; with your doings endorsed thereon, on the third person upon whom such demand was made.

9W9135.DOC

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.

NOTICE:   THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY A PROPER OFFICER PURSUANT TO THIS EXECUTION.

WITNESS THE HONORABLE

DATE: 10/20/07

UNITED STATES DISTRICT JUDGE

KEVIN F. ROWE

CLERK OF THE COURT

DEPUTY CLERK

RETURN OF SERVICE

STATE OF CONNECTICUT    :
                        :     ss:
COUNTY OF               :

On the _____ day of _____, 20__, then and there I duly served the foregoing application, order and execution on _____ by leaving with or at the usual place of abode of _____ a true and attested copy of the original application, order and execution.

Attest: _____
                 Proper Officer

_____
Title

9W9135.DOC

**EXEMPTION CLAIM FORM**
**PROPERTY EXECUTION**
JD-CV-5b  Rev. 8-06
C.G.S. 52-321a, 52-352b, 52-361a, 52-361b

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

CLOEXM




NAME AND MAILING ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY
*(To be completed by judgment creditor or judgment creditor's attorney)*

Wafa Reyad
2077 Center Ave.
#22 D
Fort Lee, NJ 07024

**INSTRUCTIONS**

TO JUDGMENT CREDITOR OR JUDGMENT
CREDITOR'S ATTORNEY: *Complete section I below*
*and follow instructions on form JD-CV-6.*
TO PROPER OFFICER: *Complete section II below*
*and follow instructions on form JD-CV-6.*
TO THIRD PERSON: *Complete section III below and*
*follow instructions on form JD-CV-6.*
TO JUDGMENT DEBTOR: *Read section IV below*
*and complete section V if applicable.*

**SECTION I** *(Must be completed by judgment creditor or judgment creditor's attorney)*

ADDRESS OF COURT *(Number, street, town, zip code)*    ☐ G.A.    ☐ J.D.    ☐ HOUSING SESSION
UNITED STATES DISTRICT COURT, 450 MAIN STREET, HARTFORD, CT 06103

| NAME OF CASE | DOCKET NO. |
|---|---|
| Indymac Bank F.S.B. v. Mostafa Reyad, et al. | 3:00 cv 835 (CFD) |

NAME OF JUDGMENT DEBTOR
Wafa Reyad

**SECTION II** *(Must be completed by proper officer)*

DATE OF SERVICE OF EXECUTION    NAME AND ADDRESS OF PROPER OFFICER

NAME AND ADDRESS OF THIRD PERSON SERVED WITH EXECUTION *(if any)*    TELEPHONE NO. *(if known)*

**SECTION III** *(Must be completed by third person served with execution (if any))*

DATE EXECUTION MAILED TO JUDGMENT DEBTOR
July 3, 2007

**SECTION IV**    **NOTICE TO JUDGMENT DEBTOR**

As a result of a judgment entered against you the attached execution has been issued against your personal property.
SOME OF YOUR PERSONAL PROPERTY MAY BE EXEMPT FROM EXECUTION -- Certain classes of personal property
may be protected from execution by state statutes or other laws or regulations of this state or of the United States. A
checklist and description of the most common classes of personal property of a natural person exempt from execution are
set forth on page 2 of this form.

HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW -- If you wish to claim that the property levied on by the
levying officer is exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and
return this exemption claim form to the clerk of the Superior court at the above address. The form must be received by the
clerk of the Superior court within 20 days after levy on the property.

Upon receipt of this form, the court clerk will notify you and the judgment creditor of the date on which a hearing will be
held by the court to determine the issues raised by your claim.

RIGHT TO REQUEST INSTALMENT PAYMENT ORDER -- Pursuant to section 52-356d of the general statutes, if you
are a consumer judgment debtor, you may seek to have the court issue an instalment payment order with a provision that
compliance with the order prevents a levy on your property. An instalment payment order is an order of the court that you
pay a weekly amount to the judgment creditor until the judgment is satisfied.

"Consumer Judgment" means a money judgment of less than five thousand dollars against a natural person resulting
from a debt or obligation incurred primarily for personal, family, or household purposes.

SETTING ASIDE THE JUDGMENT -- If the judgment was rendered against you because of your failure to appear in
court, you may, pursuant to section 52-212 of the general statutes, within four months of the date judgment was rendered
and upon belief that you have reasonable cause, move the court to set aside the judgment rendered against you.

FOR COURT USE ONLY

## SECTION V    CLAIM OF EXEMPTION ESTABLISHED BY LAW

I, the judgment debtor, hereby claim and certify under penalty of false statement that the property described below is exempt from execution as follows:

| NAME AND ADDRESS OF PERSON HOLDING PROPERTY | TELEPHONE NO. |
|---|---|

PROPERTY CLAIMED TO BE EXEMPT

DESCRIBE BASIS FOR EXEMPTION AS ESTABLISHED BY LAW

| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | TELEPHONE NO. |
|---|---|

| SIGNED (Judgment debtor) | DATE SIGNED |
|---|---|

## SECTION VI    NOTICE OF HEARING ON EXEMPTION/MODIFICATION CLAIM

| DATE OF HEARING | TIME OF HEARING | COURTROOM NO. | BY THE ASSISTANT CLERK |
|---|---|---|---|
| | M. | | |

## SECTION VII    ORDER OF COURT

ORDERED that the following item(s) are exempt from execution:

| SIGNED (Judge, Magistrate, Assistant Clerk) | DATE SIGNED |
|---|---|
| BY ORDER OF THE COURT | |

### CHECKLIST AND DESCRIPTION OF COMMON EXEMPTIONS ALLOWED BY LAW (C.G.S. § 52-352b)

(a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;

(b) Tools, books, instruments, farm animals and livestock feed, which are necessary to the exemptioner in the course of his or her occupation, profession, farming operation or farming partnership;

(c) Burial plot for the exemptioner and his or her immediate family;

(d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

(e) Health and disability insurance payments;

(f) Health aids necessary to enable the exemptioner to work or to sustain health;

(g) Worker's compensation, social security, veterans and unemployment benefits;

(h) Court approved payments for child support;

(i) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;

(j) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it.

(k) Wedding and engagement rings;

(l) Residential utility deposits for one residence and one residential security deposit;

(m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a;

(n) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under general statute section 52-361a;

(o) An award under a crime reparations act;

(p) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and

(q) All moneys due the exemptioner from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt.

(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars;

(s) Any interest of the exemptioner not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the exemptioner under which the insured is the exemptioner or an individual of whom the exemptioner is a dependent; and

(t) The homestead of the exemptioner to the value of seventy-five thousand dollars or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

(u) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to sections 36a-655 to 36a-665 inclusive for the benefit of creditors of the exemptioner.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**WRIT OF EXECUTION
(APPLICATION)**

INDYMAC BANK, F.S.B.

v.                                   Civil No. 3:00 CV 835 (CFD)

MOSTAFA REYAD AND
WAFA REYAD

ADDRESS OF COURT: **450 MAIN STREET, HARTFORD, CT 06103;**
DATE OF JUDGMENT: **APRIL 30, 2007**

NAME OF JUDGMENT CREDITOR MAKING APPLICATION:
**INDYMAC BANK, F.S.B.**

NAME OF JUDGMENT DEBTOR:
**MOSTAFA  REYAD**

| | | |
|---|---|---|
| 1. AMOUNT OF JUDGMENT: | $1,022,866.18 |
| 2. AMOUNT OF COSTS: | $          0.00 |
| 3. AMOUNT OF INTEREST (if applicable): | $  143,981.94 |
| 4. TOTAL JUDGMENT AND COSTS: | $1,166,848.12 |
| 5. TOTAL PAID ON ACCOUNT: | $          0.00 |
| 6. TOTAL UNPAID JUDGMENT: | $1,166,848.12 |

SIGNED:

_____            _5/22/07_
Name of Attorney or party making application        Date

_____Brenner, Saltzman & Wallman LLP_____

_____271 Whitney Avenue_____

_____New Haven, CT 06511_____

_____(203) 772-2600_____
Address and Phone Number

A TRUE COPY
ATTEST:
SANFORD P. LEVINE, STATE MARSHAL
AN INDIFFERENT PERSON

(Rev. 10/27/04)

9X9675.DOC

INSTRUCTIONS FOR WRIT OF EXECUTION
(APPLICATION)

Name and mailing address of Judgment Creditor or attorney

> Rowena A. Moffett, Esq.
> Brenner, Saltzman & Wallman LLP
> 271 Whitney Avenue
> New Haven, CT 06511

PLAINTIFF OR PLAINTIFF'S ATTORNEY - Type or Print. Complete original and 4 copies of the Application. If judgment debtor is a natural person, attach copy of Exemption Form. Present original and 3 copies to Clerk of Court.

CLERK - Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

MARSHAL - Make execution as directed in the "Execution" section. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption form to copy(ies) of execution served. Complete Section II on exemption claim form.

PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON - Pursuant to Conn. Gen. Stat. § 52-356a,, you *are* required to mail to the judgment debtor (indicated on reverse side) at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the marshal property owned by the judgment debtor. EXCEPT (1) If an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to the determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the marshal when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

PERSON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON - Pursuant to Conn. Gen. Stat. § *52-356a,* you are required to deliver to the marshal, property in your possession owned by the judgment debtor or pay to the marshal the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the marshal when the debt becomes due within four months after the date of issuance of this execution.

9X9675.DOC

## EXECUTION

**TO ANY PROPER OFFICER:**

Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the Judgment Debtor before the Court for the amount stated, as appears of record, whereof execution remained to be done. These are therefore, BY AUTHORITY OF THE UNITED STATES DISTRICT COURT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the Judgment Debtor, and make demand for payment by the Judgment Debtor of all sums due under the money judgment. On failure of the Judgment Debtor to make immediate payment you are commanded to levy on nonexempt personal property of the Judgment Debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt property is in the possession of the Judgment Debtor, you shall take such personal property into your possession as is accessible without breach of the peace. If the Judgment Debtor has left the state prior to service of this execution, or if the Judgment Debtor cannot be found with reasonable effort at the last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the Judgment Debtor of record with the United States District Court for the District of Connecticut and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

On failure of the Judgment Debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the Judgment Debtor in the Judgment Debtor's possession and, if the Judgment Debtor has left the state prior to service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the Judgment Debtor's last known address in this state and on any agent or attorney of the Judgment Debtor of record with the United States District Court, District of Connecticut, you are also commanded to make demand upon any third person having possession of nonexempt personal property or debt due said Judgment Debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Conn. Gen. Stat. § 52-356a(4)(c). After having made such demand you are directed to serve two true and attested copies of this execution; with your doings endorsed thereon, on the third person upon whom such demand was made.

9X9675.DOC

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.


NOTICE:    THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY A PROPER OFFICER PURSUANT TO THIS EXECUTION.


WITNESS THE HONORABLE


DATE: 6/26/01

UNITED STATES DISTRICT JUDGE
KEVIN F. ROWE
_____
CLERK OF THE COURT

_____
DEPUTY CLERK


### RETURN OF SERVICE

STATE OF CONNECTICUT        :
                            :        ss:
COUNTY OF                   :

On the _____ day of _____, 20__, then and there I duly served the

foregoing application, order and execution on _____

by leaving with or at the usual place of abode of _____ a true and

attested copy of the original application, order and execution.


Attest: _____
                    Proper Officer


_____
Title


9W9135.DOC

**EXEMPTION CLAIM FORM
PROPERTY EXECUTION**

JD-CV-5b  Rev. 8-06
C.G.S. 52-321a, 52-352b, 52-361a, 52-361b

**STATE OF CONNECTICUT
SUPERIOR COURT**
*www.jud.ct.gov*

CLOEXM

  

**NAME AND MAILING ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY**
*(To be completed by judgment creditor or judgment creditor's attorney)*

Mostafa Reyad
2077 Center Ave.
#22 D
Fort Lee, NJ 07024

**INSTRUCTIONS**

**TO JUDGMENT CREDITOR OR JUDGMENT
CREDITOR'S ATTORNEY:** *Complete section I below
and follow instructions on form JD-CV-5*
**TO PROPER OFFICER:** *Complete section II below
and follow instructions on form JC-CV-5.*
**TO THIRD PERSON:** *Complete section III below and
follow instructions on form JD-CV-5.*
**TO JUDGMENT DEBTOR:** *Read section IV below
and complete section V if applicable.*

**SECTION I** *(Must be completed by judgment creditor or judgment creditor's attorney)*

ADDRESS OF COURT *(Number, street, town, zip code)*   ☐ G.A.   ☐ J.D.   ☐ HOUSING SESSION

**UNITED STATES DISTRICT COURT, 450 MAIN STREET, HARTFORD, CT 06103**

| NAME OF CASE | DOCKET NO. |
|---|---|
| **Indymac Bank F.S.B. v. Mostafa Reyad, et al.** | **3:00 cv 835 (CFD)** |

NAME OF JUDGMENT DEBTOR
**Mostafa Reyad**

**SECTION II** *(Must be completed by proper officer)*

| DATE OF SERVICE OF EXECUTION | NAME AND ADDRESS OF PROPER OFFICER |
|---|---|

NAME AND ADDRESS OF THIRD PERSON SERVED WITH EXECUTION *(if any)*    TELEPHONE NO. *(if known)*

**SECTION III** *(Must be completed by third person served with execution (if any))*

DATE EXECUTION MAILED TO JUDGMENT DEBTOR

**SECTION IV**                    **NOTICE TO JUDGMENT DEBTOR**

   As a result of a judgment entered against you the attached execution has been issued against your personal property. SOME OF YOUR PERSONAL PROPERTY MAY BE EXEMPT FROM EXECUTION -- Certain classes of personal property may be protected from execution by state statutes or other laws or regulations of this state or of the United States. A checklist and description of the most common classes of personal property of a natural person exempt from execution are set forth on page 2 of this form.

   HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW -- If you wish to claim that the property levied on by the levying officer is exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption claim form to the clerk of the Superior court at the above address. **The form must be received by the clerk of the Superior Court within 20 days after levy on the property.**

   Upon receipt of this form, the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

   RIGHT TO REQUEST INSTALMENT PAYMENT ORDER -- Pursuant to section 52-356d of the general statutes, if you are a consumer judgment debtor, you may seek to have the court issue an instalment payment order with a provision that compliance with the order prevents a levy on your property. An instalment payment order is an order of the court that you pay a weekly amount to the judgment creditor until the judgment is satisfied.

   "Consumer Judgment" means a money judgment of less than five thousand dollars against a natural person resulting from a debt or obligation incurred primarily for personal, family, or household purposes.

   SETTING ASIDE THE JUDGMENT -- If the judgment was rendered against you because of your failure to appear in court, you may, pursuant to section 52-212 of the general statutes, within four months of the date judgment was rendered and upon belief that you have reasonable cause, move the court to set aside the judgment rendered against you.

*FOR COURT USE ONLY*

EXEMPTION CLAIM FORM

**SECTION V** **CLAIM OF EXEMPTION ESTABLISHED BY LAW**

I, the judgment debtor, hereby claim and certify under penalty of false statement that the property described below is exempt from execution as follows:

| NAME AND ADDRESS OF PERSON HOLDING PROPERTY | TELEPHONE NO. |
|---|---|

PROPERTY CLAIMED TO BE EXEMPT

DESCRIBE BASIS FOR EXEMPTION AS ESTABLISHED BY LAW

| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | TELEPHONE NO. |
|---|---|

| SIGNED (Judgment debtor) | DATE SIGNED |
|---|---|

**SECTION VI** **NOTICE OF HEARING ON EXEMPTION/MODIFICATION CLAIM**

| DATE OF HEARING | TIME OF HEARING | COURTROOM NO. | BY THE ASSISTANT CLERK |
|---|---|---|---|
| | M. | | |

**SECTION VII** **ORDER OF COURT**

ORDERED that the following item(s) are exempt from execution:

| SIGNED (Judge, Magistrate, Assistant Clerk) | DATE SIGNED |
|---|---|
| | BY ORDER OF THE COURT | |

## CHECKLIST AND DESCRIPTION OF COMMON EXEMPTIONS ALLOWED BY LAW (C.G.S. § 52-352b)

(a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;

(b) Tools, books, instruments, farm animals and livestock feed, which are necessary to the exemptioner in the course of his or her occupation, profession, farming operation or farming partnership;

(c) Burial plot for the exemptioner and his or her immediate family;

(d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

(e) Health and disability insurance payments;

(f) Health aids necessary to enable the exemptioner to work or to sustain health;

(g) Worker's compensation, social security, veterans and unemployment benefits;

(h) Court approved payments for child support;

(i) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;

(j) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it.

(k) Wedding and engagement rings;

(l) Residential utility deposits for one residence and one residential security deposit;

(m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a;

(n) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under general statute section 52-361a;

(o) An award under a crime reparations act;

(p) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and

(q) All moneys due the exemptioner from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt.

(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars;

(s) Any interest of the exemptioner not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the exemptioner under which the insured is the exemptioner or an individual of whom the exemptioner is a dependent; and

(t) The homestead of the exemptioner to the value of seventy-five thousand dollars or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

(u) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to sections 36a-655 to 36a-665 inclusive for the benefit of creditors of the exemptioner.

Owner:  WAFA I      AD

Annuitant:  WAFA REYAD

Certificate Number:  98 501 734

Issue Date:  MAR 25, 1998

Contract Date:  MAR 24, 1998



THE
EQUITABLE
LIFE ASSURANCE SOCIETY OF THE U.S.

*Member of the Global* AXA *Group*

---

## CERTIFICATE

**The Equitable Life Assurance Society of the United States**
("Equitable")

Processing Office: Individual Annuity Center, P.O. Box 2996, G.P.O.
New York, New York 10116-2996

This is the Certificate which is issued under the terms of the Contract defined in Section 1.09. This Certificate is issued in return for the application for coverage under the Contract and the Contributions to be made to us under the Contract.

In this Certificate, "we", "our" and "us" mean Equitable. "You" and "your" mean the Owner.

We will provide the benefits and other rights pursuant to the terms of this Certificate.

**TEN DAYS TO CANCEL** - Not later than ten days after you receive this Certificate, you may return it to us. We will cancel it and refund any Contribution made to us.

**New York,**

**THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES**


President and Chief Executive Officer

Vice President, Secretary and
Associate General Counsel


**THE PORTION OF ANNUITY ACCOUNT VALUE HELD IN THE SEPARATE ACCOUNT MAY INCREASE OR DECREASE IN VALUE (SEE PART II OF THIS CERTIFICATE).**

94ICA

TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| Part I | - | DEFINITIONS | 3 |
| Part II | - | INVESTMENT OPTIONS | 6 |
| Part III | - | CONTRIBUTIONS AND ALLOCATIONS | 10 |
| Part IV | - | TRANSFERS AMONG INVESTMENT OPTIONS | 11 |
| Part V | - | WITHDRAWALS AND TERMINATION | 12 |
| Part VI | - | DEATH BENEFITS | 13 |
| Part VII | - | ANNUITY BENEFITS | 14 |
| Part VIII | - | CHARGES | 17 |
| Part IX | - | GENERAL PROVISIONS | 19 |
| TABLE OF GUARANTEED ANNUITY PAYMENTS | | | 21 |
| DATA | | | |

Part A--This part lists your personal data

Owner:   WAFA REYAD

Annuitant:   WAFA REYAD

Certificate Number:  98 501 734

      Endorsements Attached:     No. 94ENMVAl
                               No. 94ENNQl


     Issue Date:   MAR 25, 1998
     Contract Date:   MAR 24, 1998

Annuity Commencement Date:   AUG 25, 2008
    The maximum maturity age is 85 --see section 7.03

Beneficiary:   MOSTAFA REYAD

Contract: Group Annuity Contract No. AC 6725

ART B-
THIS PART LISTS THE CONTRACT TERMS WHICH AFFECT THE TYPE OF CERTIFCATE YOU HAVE.

TABLE OF GUARANTEED VALUES

ISSUE AGE: 53 FEMALE

| NUMBER OF YEARS SINCE FIRST CONTRIBUTION | GUARANTEED CASH VALUE |
|---|---|
| 1 | 920 |
| 2 | 1,860 |
| 3 | 2,829 |
| 4 | 3,827 |
| 5 | 4,855 |
| 6 | 5,913 |
| 7 | 7,043 |
| 8 | 8,230 |
| 9 (AGE 62) | 9,453 |
| 12 (AGE 65) | 13,346 |

THIS TABLE ILLUSTRATES MINIMUM GUARANTEED CASH VALUES.  IT ASSUMES A $1,000 CONTRIBUTION MADE EACH YEAR ON THE FIRST MONTH WHICH FOLLOWS THE CONTRACT DATE. THE TABLE REFLECTS A ANNUAL ADMINISTRATIVE CHARGE AS SHOWN ON THE DATA PAGES (SEE SECTION 8.02) AND THE WITHDRAWAL CHARGE.  THE TABLE ASSUMES THAT 100% OF ALL CONTRIBUTIONS AND EARNINGS ARE IN THE GUARANTEED INTEREST ACCOUNT.

YOUR ACTUAL VALUES MAY DIFFER FROM THOSE SHOWN ABOVE BASED ON THE AMOUNT AND FREQUENCY OF YOUR CONTRIBUTIONS.

BASED ON THE ABOVE ASSUMPTIONS, THE GUARANTEED PAID-UP MONTHLY ANNUITY AT AGE 65 IS $ 55.65.  THIS AMOUNT ASSUMES A FIXED BENEFIT LIFE PERIOD CERTAIN ANNUITY SEX-DISTINCT TABLE.  IT WILL BE REDUCED BY ANY CHARGE WE MAKE FOR ANY TAXES (SEE SECTION 7.05).  OTHER FORMS OF ANNUITY BENEFITS MAY BE AVAILABLE.

**Part B (Cont'd.) This part lists the Contract terms which affect the type of Contract you have.**

Initial Guaranteed Interest Rate:     5.00% TO MAR 31, 1998

Minimum Guaranteed Interest Rate:     4.00% TO DEC 31, 1998
                                      3.00% AFTER DEC 31, 1998

Investment Options available (see Part II); your allocation percentage (until changed) is also shown:

| Investment Option | Type* | Allocation Percentage** |
|---|---|---|
| **HRT FUNDS:** | | |
| Alliance Common Stock Fund | Type A | 0 % |
| Alliance Balanced Fund | Type A | 0 % |
| Alliance Aggressive Stock Fund | Type A | 0 % |
| Alliance Global Fund | Type A | 0 % |
| Alliance Growth Investors Fund | Type A | 0 % |
| Alliance Growth and Income Fund | Type A | 0 % |
| Alliance Equity Index Fund | Type A | 0 % |
| Alliance International Fund | Type A | 0 % |
| Alliance Small Cap Growth Fund | Type A | 0 % |
| Alliance Conservative Investors Fund | Type B | 0 % |
| Alliance High Yield Fund | Type B | 20 % |
| Alliance Intermediate Government Securities Fund | Type B | 0 % |
| Alliance Money Market Fund | Type B | 20 % |
| Alliance Quality Bond Fund | Type B | 0 % |
| **EQ ADVISOR TRUST FUNDS:** | | |
| T. Rowe Price International Stock Fund | Type A | 20 % |
| T. Rowe Price Equity Income Fund | Type A | 20 % |
| EQ/Putnam Growth & Income Value Fund | Type A | 0 % |
| EQ/Putnam Balanced Fund | Type A | 0 % |
| MFS Research Fund | Type A | 0 % |
| MFS Emerging Growth Companies Fund | Type A | 0 % |
| Morgan Stanley Emerging Markets Equity Fund | Type A | 0 % |
| Warburg Pincus Small Company Value Fund | Type A | 0 % |
| Merrill Lynch World Strategy Fund | Type A | 0 % |
| Merrill Lynch Basic Value Equity Fund | Type A | 0 % |
| **GENERAL ACCOUNT FUND:** | | |
| Guaranteed Interest Account | N/A | 20 % |
| **FIXED MATURITY ACCOUNT:** | | |
| Guarantee Periods*** | Type B | 0 % |

\*        Expiration Date and Guaranteed Rate
         All Type A and B Funds are Investment Funds of Separate Account A, except for the Fixed Maturity
         Account which is Separate Account No. 46
\*\*      See Section 3.01
\*\*\*    Guarantee Periods are offered with varying expiration dates spanning an approximate 10 year period
We reserve the right to limit the availability of Investment Options to not less than four investment funds as
described in Section 2.04.

**Processing Dates (see Section 1.20):**  A Processing Date is generally the last business day of each Contract Year, but may be any other date on which a fee is deducted from the Annuity Account Value in accordance with Section 8.02.

**Contribution Limits (see Section 3.02):**  Initial Contribution minimum is $1,000. Additional Contribution minimum is $50. We may refuse to accept any Contribution which is less than $50 or if the Annuitant's current age at last birthday is 80 or greater, or if the total Contributions would exceed:

(a)      $500,000 if the current age at last birthday is 75 or less;

(b)      $250,000 if the current age at last birthday is 76 - 79.

**Transfer Rules (see Section 4.02):**

If you have elected the Guaranteed Interest Account and any Type B Investment Option, whether or not amounts have actually been placed in any such Option, then the maximum amount which may be transferred from the Guaranteed Interest Account to any other Investment Option in any Contract Year is:

- (a) 25% of the amount you have in the Guaranteed Interest Account on the last day of the prior Contract Year or, if greater,

- (b) the total of all amounts transferred at your request from the Guaranteed Interest Account to any of the other Investment Options in the prior Contract Year.

**Minimum transfer amount (see Section 4.02):**  $300 or the Annuity Account Value if less.

**Transfer Charges - Number of free transfers in a Contract Year (see Section 4.02):**  Unlimited

We will deduct a $25 charge per occurrence for a direct transfer to a third party of amounts under your Contract or an exchange for another contract of another carrier.

**Minimum amount of Annuity Account Value after a withdrawal ( see Section 5.02(a) ):**  $500

**Death benefit amount (see Section 6.01) -- subject to the terms, if any, in the Endorsement concerning a Successor Annuitant and Owner:**

The Annuity Account Value or, if greater, the sum of all Contributions made, less

- any tax charge that applies and
- the sum of all prior withdrawals