# Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

NEWTON D. BRENNER (1934-2006)
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
MITCHELL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.
ROWENA A. MOFFETT

SEAN M. FISHER

OF COUNSEL:
SHARON KOWAL FREILICH
HOLLY WINGER

Rowena A. Moffett, Esq.
rmoffett@bswlaw.com
Direct Fax: (203) 772-4008

June 26, 2007

Valic/AIG
406 Farmington Avenue
Farmington, CT 06032

RE:  **Indymac Mortgage Holdings, Inc. v. Mostafa Reyad, et al.**
Docket No. 3:00 CV 835
Mostafa Reyad SS#: 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 - D.O.B. 08/06/41
Wafa Reyad SS#: 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 - D.O.B. 08/25/45

Dear Sir/Madam:

Please be advised that Judgment has entered in the above-referenced matter in favor of Indymac Mortgage Holdings, Inc., a copy of which is attached for your information.

Served upon you herewith is a Writ of Execution directing you to deliver to the levying officer the nonexempt personal property of the above-referenced Judgment Debtors in your possession pursuant to the Writ of Garnishment which was served upon you at the outset of this case in May 2000, as well as any additional funds which are currently in the account(s). Please be sure to check whether any new accounts have been opened by the Judgment Debtors since service of the initial garnishment in this action.

Based on our prior correspondence, it is our understanding that, in approximately June 2003, Valic permitted the Judgment Debtor, Wafa Reyad, to withdraw $50,000 from the asset garnished without prior court approval. In your response to the enclosed Writ of Execution, please provide current information concerning the status of the subject loan, so that we may bring this matter to the court's attention using the most recent information.

A TRUE COPY
ATTEST:

SANFORD P. LEVINE, STATE MARSHAL
AN INDIFFERENT PERSON

9W6862.DOC

271 Whitney Avenue • New Haven, Connecticut 06511 • 203.772.2600 • Fax: 203.562.2098 • www.bswlaw.com

Valic/AIG
June 26, 2007
Page 2


    To assist you in responding to the Writ of Execution, I have enclosed a copy of the Writ of Garnishment dated May 16, 2000 originally served upon you, your initial response thereto and your most recent update covering the funds you have been holding pursuant to the garnishment.

Sincerely,

Rowena A. Moffett

RAM:jr
Enclosures

cc:    Callie Clark, Esq. - Via facsimile - (713) 831-5931
       Kenneth E. Werner, Esq. – Via facsimile – (860) 275-0343

9W6862.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B        :
      Plaintiff        :        Civil No.: 3:00CV835 (CFD)
      v.              :

MOSTAFA REYAD       :
WAFA REYAD         :
       Defendant

## **JUDGMENT**

This action came to trial by the court, before the Honorable Christopher F. Droney, United States District Judge. The issues having been tried and in accordance with the Court's July 26, 2006 Memorandum of Decision the Court found the defendants jointly and severally liable and awarded the plaintiff IndyMac attorney's fees and costs in the amount of $291,316.84 and punitive damages in the amount of $487,699.56, and further

On April 23, 2007 the Court filed its Memorandum of Decision Regarding Punitive Damages and Attorney's fees. The final amount of prejudgment interest through the present date, April 23, 2007, is $143,981.94. In addition to the Court's original award of $243,849.78 in compensatory damages, the total amount awarded is $1,166.848.12. Mostafa and Wafa Reyad are jointly and severally liable for $679,148.56, and Mostafa Reyad is solely liable for $487,699.56 it is therefore

ORDERED, ADJUDGED and DECREED that final judgment be and is hereby entered against Wafa Reyad and Mostafa Reyad for $679,148.56, for which they are jointly and severally liable, and further

Judgment be and is hereby entered against Mostafa Reyad for an additional $487,699.56, for which he is solely liable.

Dated at Hartford, Connecticut, this 30th day of April, 2007.


KEVIN F. ROWE


By_____
    Devorah Johnson
    Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC MORTGAGE HOLDINGS, INC. and INDYMAC, INC.,<br>　　　　　　　　　　　Plaintiffs, | : : : | CIVIL ACTION NO.<br>3:00 CV 835 (CFD) |
| v. | : : | |
| MOSTAFA REYAD and WAFA REYAD,<br>　　　　　　　　　　　Defendants. | : : : : | MAY 16, 2000 |

## WRIT OF GARNISHMENT

TO ANY PROPER OFFICER:

GREETINGS:

BY THE AUTHORITY OF THE UNITED STATES, you are hereby commanded to garish to the value of $1,600,000, VALIC, as it is the debtor of either or both of Defendants Mostafa Reyad and Wafa Reyad and has concealed in its possession property of either or both of Defendants Mostafa Reyad and Wafa Reyad, and it is indebted to one or both of them.

Said garnishee is hereby directed, pursuant to Connecticut General Statute § 52-330, to appear before the Court referenced above, and disclose under oath whether it has in its hands, goods or effects of either of the defendants, or is indebted to either or both of them.  In lieu of appearance as set forth in the preceding sentence, garnishee, at the time of service, may disclose to the officer serving this

Writ whether it owes anything to either or both of said defendants and if so, to whom and how much, and the officer shall endorse such disclosure on such process as a part of his return thereof and such disclosure shall excuse the garnishee from appearing (Conn. Gen. Stat. § 52-331). The officer serving this Writ is hereby directed to make inquiry of the garnishee consistent with this paragraph.

Hereof, fail not, but with this Writ and your doings thereon, make due service and return.

Dated at Bridgeport, Connecticut this 15th day of May, 2000.

Magistrate Judge William I. Garfinkel

Callie Clark
Counsel
Direct Line: (713) 831-6080
FAX: (713) 831-5931
E-mail: callie_clark@aigvalic.com



The Variable Annuity
Life Insurance Company
2929 Allen Parkway
Houston, TX 77019

July 30, 2002

*__Via Facsimile Transmission to 203/772-4008__*
*__and US Mail, First Class Postage__*

David R. Shaeffer, Esquire
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT  06611

RE:  Indymac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad;
      Civil Action No. 3:00 CV 835 (CFD); In the United States District
      Court; District of Connecticut

Dear Mr. Shaeffer:

I am writing on behalf of The Variable Annuity Life Insurance Company ("VALIC") to advise you of actions taken by VALIC in response to a Writ of Garnishment in the above-styled cause served upon VALIC on or about May 18, 2000 concerning assets held by VALIC in the names and for the benefit of Mostafa Reyad and/or Wafa Reyad.

Our records reflect that VALIC holds a beneficial interest for Wafa Rayed in the United States Code Title 26 Section 457(b) (hereafter "Section 457") retirement plan of her employer, The Borough of Fort Lee, New Jersey (hereafter referred to as the "Plan"). An account under the Plan was set up for Ms. Reyad in August 1997 and continues to be "active" – i.e, it continues to receive employee contributions. On or about June 8, 2000, VALIC placed an administrative suspension (hold) on the account, and the suspension remains in place pending further direction from the Court.

Section 457 places restrictions on a participant's access to the assets held under the Plan. As a participant under the Plan, Ms. Reyad cannot withdraw funds from her account until she meets a "distributable event," including separation from service from the employee sponsor of the Plan, attaining the age of 70 ½, or until she suffers an "unforeseeable emergency." Section 457 defines "unforeseeable emergency" as a sudden and unexpected illness, loss of property due to casualty, and other similar extraordinary and unforeseeable circumstances arising from events outside of the participant's control. To date, Ms. Reyad has not taken any distribution from the Plan since her account was set up in 1997. The current annuity and surrender value of her account as of July 29, 2002 is $91,990.17.

*Member of American International Group, Inc.*

David R. Shaeffer, Esquire
July 30, 2002
Page 2

As indicated above, Ms. Reyad's account has been placed on administrative suspense
since June 2000. Should you wish to discuss this further, please telephone me at
713/831-6080.

Very truly yours,

Callie Clark

Callie Clark

cc:    **_Via Certified Mail 7001 0320 0002 7770 3047_**
       **_Return Receipt Requested_**
       Ms. Wafa Reyad
       2077 Center Ave. #22D
       Fort Lee, NJ 07024-4905

       Rosa Cervantez
       VALIC Client Services

X:\Callie\Letter on Wafa Reyad.doc



**AIG VALIC**

*Your lifelong partner for financial success*

## LAW DIVISION
2929 ALLEN PARKWAY, L4-01
HOUSTON TEXAS 77019

### DIVISION FAX NO: (713) 831-5931
TELECOMMUNICATION COVER PAGE

The information transmitted by this facsimile is intended only for the use of the individual or entity to whom this message is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you should be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**DATE:**  7-30-02

**NO. OF PAGES:**
**(including cover)**  3

**PLEASE DELIVER**
**IMMEDIATELY TO:**  David R. Shaeffer, Esquire
Attn: Jennifer Salvo

**COMPANY:**  Brenner, Saltzman & Wallman, LLP

**FAX NUMBER:**  203-772-4008

**FROM:**  Callie Clark

**TELEPHONE:**  713-831-6080

**REMARKS:**

*AIG VALIC, a member of the American International Group, Inc., is the marketing name for the family of companies comprising VALIC Financial Advisors, Inc.; VALIC Retirement Services Company; VALIC Trust Company; and The Variable Annuity Life Insurance Company (VALIC).*

**Callie Clark**
**Senior Counsel**
Direct Line: (713) 831-6080
FAX: (713) 831-5931
E-mail: callie_clark@aigvalic.com

**AIG VALIC**

The Variable Annuity
Life Insurance Company
2929 Allen Parkway, L4-01
Houston, TX 77019

June 12, 2006

*Via Facsimile to #203/772-4008*
*and US Mail, First Class Postage*

Rowena A. Moffet, Esq.
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06611

Re:  Indymac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad;
     Civil Action No. 3:00 CV 835 (CFD); In the United States District
     Court; District of Connecticut

Dear Ms. Moffet:

I am writing on behalf of The Variable Annuity Life Insurance Company ("VALIC") to respond to your May 10, 2006 letter concerning the above-styled matter. I am providing the current balance of the Deferred Compensation account of Wafa Reyad pursuant to the Writ of Attachment served on VALIC in 2000. The current balance of Ms. Reyad's Section 457 retirement plan account, funded with employer contributions, is $87,539.11, as of June 9, 2006.

I have also faxed a copy of a letter dated December 5, 2003 from Kenneth E. Werner, of Day, Berry & Howard in Hartford. It remains our position that under Connecticut General Statute §52-321(a)(5), these assets are not subject to claims of creditors.

Very truly yours,

Callie Clark

Callie Clark

cc:    Ms. Wafa Reyad
       2077 Center Ave., #22A
       Fort Lee, NJ 07024-4905

       Manuel de la Torre

*Member of American International Group, Inc.*

■ Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

NEWTON D. BRENNER (1934-2006)
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
MITCHELL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENNER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.
ROWENA A. MOFFETT

SEAN M. FISHER

OF COUNSEL:
SHARON KOWAL FREILICH
HOLLY WINGER

Rowena A. Moffett, Esq.
rmoffett@bswlaw.com
Direct Fax: (203) 772-4008

June 26, 2007

Bank of America
f/k/a Fleet National Bank
157 Church Street
New Haven, CT 06511

RE:    **Indymac Mortgage Holdings, Inc. v. Mostafa Reyad, et al.**
       Docket No. 3:00 CV 835
       Mostafa Reyad SS#: 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 - D.O.B. 08/06/41
       Wafa Reyad SS#: 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 - D.O.B. 08/25/45

Dear Sir/Madam:

Please be advised that Judgment has entered in the above-referenced matter in favor of Indymac Mortgage Holdings, Inc., a copy of which is attached for your information.

Served upon you herewith is a Writ of Execution directing you to deliver to the levying officer the nonexempt personal property of the above-referenced Judgment Debtors in your possession pursuant to the Writ of Garnishment which was served upon you at the outset of this case in May 2000, as well as any additional funds which are currently in the account(s). <u>Please be sure to check whether any new accounts have been opened by the Judgment Debtors since service of the initial garnishment in this action.</u>

To assist you in responding to the Writ of Execution, I have enclosed a copy of the Writ of Garnishment dated May 16, 2000 originally served upon you, your initial response thereto and your most recent update covering the funds you have been holding pursuant to the garnishment.

Sincerely,

Rowena A. Moffett

RAM:jr
Enclosures

A TRUE COPY
ATTEST:

SANFORD P. LEVINE, STATE MARSHAL
AN INDIFFERENT PERSON

cc.    Wayne Pritchard, Ops Team Lead - Via Facsimile - (401) 458-4167

9W6873.DOC

271 Whitney Avenue • New Haven, Connecticut 06511 • 203.772.2600 • Fax: 203.562.2098 • www.bswlaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B  
        Plaintiff            :             Civil No.: 3:00CV835 (CFD)  
      v.                  :

MOSTAFA REYAD  
WAFA REYAD            :  
        Defendant

## **JUDGMENT**

This action came to trial by the court, before the Honorable Christopher F. Droney, United States District Judge. The issues having been tried and in accordance with the Court's July 26, 2006 Memorandum of Decision the Court found the defendants jointly and severally liable and awarded the plaintiff IndyMac attorney's fees and costs in the amount of $291,316.84 and punitive damages in the amount of $487,699.56, and further

On April 23, 2007 the Court filed its Memorandum of Decision Regarding Punitive Damages and Attorney's fees. The final amount of prejudgment interest through the present date, April 23, 2007, is $143,981.94. In addition to the Court's original award of $243,849.78 in compensatory damages, the total amount awarded is $1,166.848.12. Mostafa and Wafa Reyad are jointly and severally liable for $679,148.56, and Mostafa Reyad is solely liable for $487,699.56 it is therefore

ORDERED, ADJUDGED and DECREED that final judgment be and is hereby entered against Wafa Reyad and Mostafa Reyad for $679,148.56, for which they are jointly and severally liable, and further

Judgment be and is hereby entered against Mostafa Reyad for an additional $487,699.56, for which he is solely liable.

Dated at Hartford, Connecticut, this 30th  day of April, 2007.


KEVIN F. ROWE


By_____
    Devorah Johnson
    Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC MORTGAGE HOLDINGS, INC. and INDYMAC, INC., <br> Plaintiffs, <br><br> v. <br><br> MOSTAFA REYAD and WAFA REYAD, <br> Defendants. | CIVIL ACTION NO. <br> 3:00 CV 835 (CFD) <br><br><br> MAY 16, 2000 |

## **WRIT OF GARNISHMENT**

TO ANY PROPER OFFICER:

GREETINGS:

BY THE AUTHORITY OF THE UNITED STATES, you are hereby commanded to garish to the value of $1,600,000, Fleet Bank, as it is the debtor of either or both of Defendants Mostafa Reyad and Wafa Reyad and has concealed in its possession property of either or both of Defendants Mostafa Reyad and Wafa Reyad, and it is indebted to one or both of them.

Said garnishee is hereby directed, pursuant to Connecticut General Statute § 52-330, to appear before the Court referenced above, and disclose under oath whether it has in its hands, goods or effects of either of the defendants, or is indebted to either or both of them.  In lieu of appearance as set forth in the preceding sentence, garnishee, at the time of service, may disclose to the officer serving this Writ whether it owes anything to either or both of said defendants and if so, to whom

and how much, and the officer shall endorse such disclosure on such process as a part of his return thereof and such disclosure shall excuse the garnishee from appearing (Conn. Gen. Stat. § 52-331).  The officer serving this Writ is hereby directed to make inquiry of the garnishee consistent with this paragraph.

Hereof, fail not, but with this Writ and your doings thereon, make due service and return.

Dated at Bridgeport, Connecticut this _17_ day of May, 2000.

_____

Magistrate Judge William I. Garfinkel

 **Fleet**                              ***Court Order Processing***

June 5, 2000

Brenner, Saltzman & Wallman
David Schaefer/Michael Kaufman
221 Whitney Ave
New Haven, CT   06511

Re:   Indymac Mortgage Holdings Inc.
Vs:   Mostafa & Wafa Reyad

Dear Attorney:

Pursuant to the garnishment served on us on 5/17/00 in the above referenced matter, $748.74 has been held in our attachment account.

We understand that this letter will serve in lieu of an appearance.  We will proceed upon that assumption unless you subsequently inform us that our presence is required.

Very truly yours,

Wayne Pritchard
Court Order Processing
5701 Horatio St.
Utica, NY 13502

## Pritchard, Wayne T

| | |
|---|---|
| **From:** | Pritchard, Wayne T |
| **Sent:** | Tuesday, June 06, 2006 3:12 PM |
| **To:** | 'rmoffett@bswlaw.com' |
| **Subject:** | Indymac vs. Mostafa Reyad et al |

Attorney Moffett,

Pursuant to the Writ of Garnishment served on Bank of America(formerly known as Fleet National Bank) on 5/17/00 in the above referenced matter. To date $748.74 is still being held in a non interest bearing escrow account.

Wayne T. Pritchard
Ops Team Lead
Bank of America
Northeast Legal Order Processing
Utica,NY

This communication is confidential and intended only for the addressee. If you are not the intended recipient, you may not copy, disclose, or distribute this message to anyone else; any such actions may be unlawful. If you have received this communication in error, please contact the sender of the message to inform him or her of the error

Regular Internet e-mail is not secure. We ask that you do not send personal or company information of a sensitive or confidential nature through unsecured e-mail. For questions concerning your account relationships with Bank of America, you may contact us by phone, in person or by our secure "Contact Us" e-mail at www.bankofamerica.com.

6/6/2006

# ■ Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

NEWTON D. BRENNER (1934-2006)
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
MITCHEL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.
ROWENA A. MOFFETT

SEAN M. FISHER

OF COUNSEL:
SHARON KOWAL FREILICH
HOLLY WINGER

Rowena A. Moffett, Esq.
rmoffett@bswlaw.com
Direct Fax: (203) 772-4008

June 26, 2007

Hudson United Bank
1225 Dixwell Avenue
Hamden, CT 06514

RE:   **Indymac Mortgage Holdings, Inc. v. Mostafa Reyad, et al.**
Docket No. 3:00 CV 835
Mostafa Reyad SS#: 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 - D.O.B. 08/06/41
Wafa Reyad SS#: 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 - D.O.B. 08/25/45

Dear Sir/Madam:

Please be advised that Judgment has entered in the above-referenced matter in favor of Indymac Mortgage Holdings, Inc., a copy of which is attached for your information.

Served upon you herewith is a Writ of Execution directing you to deliver to the levying officer the nonexempt personal property of the above-referenced Judgment Debtors in your possession pursuant to the Writ of Garnishment which was served upon you at the outset of this case in May 2000 (a copy of which is enclosed), as well as any additional funds which are currently in the account(s).  Please be sure to check whether any new accounts have been opened by the Judgment Debtors since service of the initial garnishment in this action.

Sincerely,

Rowena A. Moffett

RAM:jr
Enclosures

cc.   Jazmin A.- Via Facsimile - (201) 295-4103

A TRUE COPY
ATTEST:

SANFORD P. LEVINE, STATE MARSHAL
AN INDIFFERENT PERSON

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B       :
    Plaintiff        :     Civil No.: 3:00CV835 (CFD)
     v.         :
             :
MOSTAFA REYAD      :
WAFA REYAD       :
    Defendant

## **JUDGMENT**

  This action came to trial by the court, before the Honorable Christopher F. Droney, United States District Judge. The issues having been tried and in accordance with the Court's July 26, 2006 Memorandum of Decision the Court found the defendants jointly and severally liable and awarded the plaintiff IndyMac attorney's fees and costs in the amount of $291,316.84 and punitive damages in the amount of $487,699.56, and further

  On April 23, 2007 the Court filed its Memorandum of Decision Regarding Punitive Damages and Attorney's fees. The final amount of prejudgment interest through the present date, April 23, 2007, is $143,981.94. In addition to the Court's original award of $243,849.78 in compensatory damages, the total amount awarded is $1,166.848.12. Mostafa and Wafa Reyad are jointly and severally liable for $679,148.56, and Mostafa Reyad is solely liable for $487,699.56 it is therefore

  ORDERED, ADJUDGED and DECREED that final judgment be and is hereby entered against Wafa Reyad and Mostafa Reyad for $679,148.56, for which they are jointly and severally liable, and further

  Judgment be and is hereby entered against Mostafa Reyad for an additional $487,699.56, for which he is solely liable.

Dated at Hartford, Connecticut, this 30th  day of April, 2007.


KEVIN F. ROWE


By_____
    Devorah Johnson
    Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

INDYMAC MORTGAGE HOLDINGS, INC.
and INDYMAC, INC.,

                   Plaintiffs,

        v.

MOSTAFA REYAD and WAFA REYAD,

                  Defendants.

CIVIL ACTION NO.
3:00 CV 835 (CFD)

MAY 16, 2000

## WRIT OF GARNISHMENT

TO ANY PROPER OFFICER:

GREETINGS:

    BY THE AUTHORITY OF THE UNITED STATES, you are hereby commanded to garish to the value of $1,600,000, Hudson United Bank, as it is the debtor of either or both of Defendants Mostafa Reyad and Wafa Reyad and has concealed in its possession property of either or both of Defendants Mostafa Reyad and Wafa Reyad, and it is indebted to one or both of them.

    Said garnishee is hereby directed, pursuant to Connecticut General Statute § 52-330, to appear before the Court referenced above, and disclose under oath whether it has in its hands, goods or effects of either of the defendants, or is indebted to either or both of them. In lieu of appearance as set forth in the preceding sentence, garnishee, at the time of service, may disclose to the officer serving this

A TRUE COPY
ATTEST:

~~SANFORD R. LEVINE, DEPUTY SHERIFF~~
~~OF NEW HAVEN COUNTY BADGE 150~~
~~AN INDIFFERENT PERSON~~

o:\files\drs\indymac\reyad\writ.doc\3

Writ whether it owes anything to either or both of said defendants and if so, to whom and how much, and the officer shall endorse such disclosure on such process as a part of his return thereof and such disclosure shall excuse the garnishee from appearing (Conn. Gen. Stat. § 52-331). The officer serving this Writ is hereby directed to make inquiry of the garnishee consistent with this paragraph.

Hereof, fail not, but with this Writ and your doings thereon, make due service and return.

Dated at Bridgeport, Connecticut this __17th__ day of May, 2000.

Magistrate Judge William I. Garfinkel

A True Copy
ATTEST

KEVIN F. ROWE
Clerk, U. S. District Court

By ....................................................
Deputy Clerk