UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
|     Plaintiff, | : | Civil Action No. 3:00 CV 835 (CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | |
|     Defendants. | : | |

**RULING ON MOTION TO STAY EXECUTION OF JUDGMENT AND MOTION TO INVALIDATE WRITS OF EXECUTION**

On April 30, 2007, the Court issued a judgment ordering defendant Mostafa Reyad ("Reyad") and his co-defendant, his wife Wafa Reyad, to pay plaintiff IndyMac Bank F.S.B. ("IndyMac") $679,148.56 in compensatory damages, attorney's fees, and prejudgment interest. The judgment also ordered Reyad to pay IndyMac an additional $487,699.56 in punitive damages. Reyad appealed this judgment on May 25, 2007 but did not seek a stay from this Court at that time. The Court issued writs of execution on the judgment on June 26, 2007. Also on June 26, 2007, Reyad moved to stay the Court's April 30 judgment and vacate the Court's prejudgment remedy [docket # 505]. Reyad moved to invalidate the writs of execution on July 7, 2007 [docket # 509]. IndyMac opposes both of these motions. For the following reasons, Reyad's motions are denied.

Federal Rule of Civil Procedure 62 sets forth the requirements for a party seeking to stay the enforcement of a district court's judgment. The procedural posture of this case dictates that Reyad may obtain a stay only through Rule 62(d) or 62(f). Rule 62(d) provides that a Court may stay the execution of a judgment if the appellant posts a supersedeas bond and the following four

1

factors weigh in favor of granting the stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Fed. R. Civ. P. 62(d); see Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996).  Here, Reyad has posed no supersedeas bond and expressed no intention to do so, and the four Hilton factors weigh strongly against granting the stay, especially in light of Reyad's extensive past fraudulent conduct, which initially gave rise to this lawsuit, and both defendants' apparent recent attempts to access funds garnished from their bank accounts by the Court's original prejudgment remedy.  Reyad's motion for a stay pursuant to Rule 62(d) is denied.

     A stay pursuant to Rule 62(f) is also not appropriate in this case.  Rule 62(f) provides that a district court must grant a stay upon request by the judgment debtor if the court's judgment constitutes a lien upon the judgment debtor's property under state law.  Under Connecticut law, a judgment may give rise to a lien on the judgment debtor's property if the judgment creditor records a judgment lien certificate in the town clerk's office (for a lien on real property) or in the office of the secretary of state (for a lien on personal property), but a court's judgment does not automatically, without these additional filings, create a lien.  Conn. Gen. Stat. §§ 52-355a, 52-380a; see FDIC v. Ann-High Assoc., No. 97-6095, 1997 WL 1877195, at * 2-3 (2d Cir. Dec. 2, 1997).  Because of this, to obtain a stay under Rule 62(f), Reyad must show that IndyMac "can readily establish a lien that will be adequate to secure the judgment," which in turn requires that Reyad disclose sufficient real or personal property within Connecticut that could secure the

judgment. Ann-High Assoc., 1997 WL 1877195, at *4. Since to date Reyad has not demonstrated he or his wife own such assets within Connecticut, he is not entitled to a stay under Rule 62(f).

Reyad's motion to vacate the prejudgment remedy on the basis of California law is also unavailing, as Federal Rule of Civil Procedure 64 provides that Connecticut law, rather than California law, governs the prejudgment remedy in this case. Fed. R. Civ. P. 64; see, e.g., Bergesen d.y. A/S v. Lindholm, 760 F. Supp. 976 (D. Conn. 1991) (applying Rule 64 to grant prejudgment remedy under Connecticut law where English law was to be applied to merits of contract dispute).

Because no stay of execution of the judgment was entered on June 26, 2007 when the Court Clerk issued the writs of execution, the writs were properly issued by the Clerk. See 12 James Wm. Moore, Moore's Federal Practice § 62.02[1] (3d ed. 2007). As Reyad's motion for a stay is now denied, the June 26, 2007 writs remain valid.

The defendant's motions [docket #s 505, 509] are denied.

SO ORDERED this  25th  day of July 2007 at Hartford, Connecticut.

        /s/ Christopher F. Droney
        **CHRISTOPHER F. DRONEY**
        **UNITED STATES DISTRICT JUDGE**