UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.

               Plaintiff

V.

MOSTAFA REYAD AND WAFA REYAD
               Defendants

---

**CIVIL ACTION NO.
3:00CV835 (CFD)**

**DATE: JULY 27, 2007**

## REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO STAY, VACATING PREJUDGMENT REMEDY AND INVALIDATE EXECUTION

This is Defendant Mostafa Reyad and Co-Defendant Wafa Reyad, Reply to "Plaintiff's Consolidated Opposition to Motion to Stay Judgment and Vacate the Prejudgment Remedy and Motion to Invalidate the Court Clerk Execution" dated July 17, 2007(Doc # 513). Plaintiff fails to oppose the jurisdictional issues raised in both Defendant's motions (Docs # 505 and 509), more specifically Defendant's assertion stated in "Memorandum to Invalidate the Court Clerk Writ of Execution" dated July 5, 2007 (Doc # 510), at page 2", analyzing the cut-off-date of jurisdiction over the action". See Re: Michael Ross, Docket Number 05-8900 (2nd Cir. 2005) and its citation relating to jurisdictional issues " Jurisdiction is power to declare the law" :

**Steel Co. V. Citizens For Better Environment**, 533 U.S. 83, 94 (1998) "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that announcing the fact and dismissing the cause." **Id** [Defendant corrected the Supreme Court case number from 523 to 533].

Defendants content the jurisdictional power of the District Court over the instant action never end, but it lacks over the subject matter under certain circumstances or during certain points of time. Federal Rules of Appeallate procedure determines clearly the cut-off-date of jurisdiction over the merits of an action and removal of jurisdiction from the District Court to the Court of Appeals. See FRAP, Rule 4 subdivision (B)(i), it establishes the effectiveness of notice of appeal, in whole or in part, when the District Court disposes of motions listed on subdivision 4(a)(4)(A). The Court has disposed on two motions "Rule 60 (b)(3) and Rule 59" on June 25, 2007 (Order # 501). Thus, effective June 25, 2007 the entire jurisdiction has moved to the Court of Appeals, leaving the District Court without jurisdiction to amend or modify the judgment or any other proceedings. Certainly, if the District Judge has no jurisdiction over the action in that point of time, the District Clerk will have no jurisdiction to issue the writ of execution.

It should be noted that Plaintiff fails to respond to Defendant's assertion stated on "Motion to invalidate the District Clerk writ of execution" dated July 5, 2007 (Doc # 509), at p. 1 "the clerk has to check the file", and did not check the file, and if the Clerk had checked the file, he would not sign the writ of execution, because it is inconsistent with the requirements mandated by the application or

the form, which Defendants believe, that form approved by the Judicial Counsel, or certain other authority, has the power of law. It is a fraud upon the United States, committed by Attorney Moffett, certifying that, appeal has expired or no appeal has been filed. Plaintiff's failure to deny the said issue should be considered as Plaintiff's attorney admission of the fraud, pursuant to Rule 8(a). Plaintiff's attorney should be sanctioned.

If the above jurisdictional issues is not persuasive, still the Court should Grant Defendant's motions, to stay execution, vacate the prejudgment remedies, and order invalidate the writ of execution.

## I.Stay Execution

Plaintiff, p. 2 stating that a stay of execution is not appropriate in any event, because Defendant has not posted a supersedeas bond, citing *Anderson Kill*, (D.Conn. 2003) and *Peacock* 516 U.S. 349, 359 (1996). Furthurly, p. 2, stating a stay pursuant to Fed. R. Civ. P. 62 (f) is not appropriate, because the judgment issued by this Court is not a "lien upon the property of the judgment debtor" under Connecticut State Law, citing also *Marandino v. D'Elia,* and *FDIC v. Ann-High Associates* In Connecticut District, And at foot note 2 p.3 cites the last case Ruling in the the Second Circuit,amplifying the same issue that this Court judgment is not a lien.

Defendants agree with Plaintiff upon the issue, that, the judgment of this Court does not specify Defendants' properties, because this Court had specified every property Defendants have or used to have for a period exceeds the last seven (7) years. Defendants in this District are under seize in the amount of $ 12.8 million in this District and another $ 5.7 million in the District of New Jersey making the total of $ 18.5 million for same alleged cause of action. Thus, Plaintiff's pleading is vague in the presence of the said nuclear attachment and liens aging seven years. Moreover, Plaintiff arguing in vague that garnishment is not a lien. Indeed, garnishment is an attachment lien, _see First Central Coast Bank v. Cuesta Title Guarantee Co._ (1983) 143 Cal. App. 3d 12,16 [Cal. Rptr. 433] (Mr. Dawson then served the escrow holder with a writ of attachment seeking to garnish all debts . . . . )

The Second Circuit Ruled in _FDIC v. Ann-High Associates_, in an approach in order to avoid posting a supersedeas bond, it consists of three elements; 1)" that State law entitles it to appeal without a bond", _see_ C.G.S. Title 52, nothing allows or disallow a bond pending appeal; 2)"that a judgment can be made a lien against a judgment debtor's property under the state's lien law", this Court had issued liens against Defendants in the amount of $ 12.8 million in this District and $ 5.7 million in the District of New Jersey; 3)" that the circumstances are such that the judgment creditor can readily establish a lien that will adequate to secure the judgment", is the total liens of $ 18.5 million not enough? It would be injustice to order Defendants to post a supersedeas bond while they are

under seize of every dollar they may claim. Accordingly, under the circumstances demonstrated herein the Court should not force Defendants to post supersedeas bond, and should Grant the stay by considering the comments of the First Circuit Court of Appeals on *FDIC v. Ann-High Associates*, and *Marandino v. D'Elia*, both cases cited in Plaintiff's opposition.  *see Vazquez v. Martinez*, case number 03-1529 (1st Cir. September 29, 2003)  and its conservative denial comments on both cases.

     Our earlier decision in Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13 (1st Cir. 2002)(per curiam), would, standing alone, bar the stay, but we are satisfied that decision rested on a mistaken premise; specifically, it relied on P.R. Civ. P. 51.3 which, on further examination, does not deal with the process of converting a judgment into a lien. Plaintiff-appellees so concede. Although we would customarily confer with the other active judges before departing from a published circuit precedent, see Trailer Marine Transport Corp. v. Rivera Vazquez, 977 F.2d 1, 9 n. 5 (1st Cir. 1992), we would unhesitantly confer in this case if a stay under Rule 62(f) were otherwise appropriate.

The case law as to Rule 62(f) itself is fragmentary, and the principal district court cases are at odds. Compare Smith v. Village of Maywood, No. 84-2269, 1991 WL 277629 (N.D. Ill. Dec. 20, 1991) and McDonald v. McCarthy, No. 89-0319, 1990 WL 165940 (E.D. Pa. Oct. 22, 1990) with Aldasoro v. Kennerson, 915 F. Supp. 188, 190-91 (S.D. Cal. 1995) and Marandino v. D'Elia, 151 F.R.D. 227, 228 (D. Conn. 1993). Our own inclination is to think that where a lien can be procured by minor ministerial acts, this minor burden on the judgment-creditor should not preclude a stay under Rule 62(f). But it is sufficient in this case that plaintiff-appellees colorably argue that a lien could not be procured absent the payment of a very large fee for registration of the judgment. Although this may be mistaken, the defendant-appellants have not shown us anything to the contrary. If the premise is mistaken, it can be revisited in some future case, but as far as this one is concerned, the defendant-appellants have had their opportunity.

Alternatively, a stay could also be denied if we were to adopt the Second Circuit's interesting approach in FDIC v. Ann- High Associates, 39 Fed. R. Serv. 3d 684, 1997 WL 1877195 (2d Cir. Dec. 2, 1997), which suggests that there must be a showing that the liened property would be sufficient to satisfy the judgment. This might be a permissible gloss on Rule 62(f), but even if so, it could be argued to the contrary that a lien on all property, whatever its value, would give the judgment-creditor everything that would be available if there were no appeal or

supersedeas bond. Since <u>Ann-High</u> was not previously mentioned in the stay papers, nor do we know whether the municipality could satisfy that requirement, it seems best to reserve this issue for a future case.

Thus, there is a split between the Second and the First Circuits regarding the application of Rule 62(f). The core of that split emerged from Honorable Eginton, U.S.D.J of Connecticut District opinion in <u>Maradino</u>, supra, " In Connecticut a judgment is not a lien", and the First Circuit Ruling " minor ministerial acts … should not preclude a stay under Rule 62(f)", also, the Second Circuit did not agree with Honorable Arterton, U.S.D.J. Decision holding that a Connecticut judgment is not alien, and Ruled in <u>FDIC</u>, Supra, " Rule 62(f) may never be satisfied under Connecticut's lien law would be overbroad". It may be beyond the pleading of *pro se*, to ask this Court to certify the legal question to the Second Circuit, either to Overrule or Sustain that split. However, the Supreme Court Decision in <u>Peacock</u>, supra, does not favor the third element of the Second Circuit, It Ruled at 359 (the Rules cannot guarantee payment of every federal judgment). **Id** . Furtherly, execution in this action is a loud Denial of the right of appeal, it return the judicial jurisprudence back two centuries, at a time there were no appellate courts, it also may renders the appeal as moot, e.g. if FDIC Seized Indymac Bank, and Defendants prevailed on appeal, the appellate court would be powerless to return the executed properties to Defendants.  Under the extraordinary circumstances of nuclear liens Ordered by this Court seven (7) years ago, Defendants motion for stay must be Granted.

**II.Vacating the Prejudgment Remedies.**

Plaintiff, p. 4 stating "Defendant's argument the alleged expiration of attachments under California law", at p. 5 citing the Copyright Act, which is completely misplaced, and at foot note 4, p. 6 stating California law appears on its face to apply only to attachments, not to garnishments as were issued in this matter, _see First Central Coast Bank_, supra, attachment and garnishment have the same effect of liens, the former is a lien on real property, and the latter is a lien on personal property. Plaintiff furthermore cites Rule 64, _APC Commodity Corp. v. Ram Dis Ticaret A.S_., 965 F. Supp. 461, 466-467 (S.D.N.Y. 1997), and _Bergesen d.y. v. Lindholm_, 760 F. Supp. 976, 981, 984-85 (D. Conn. 1991). Both cases involves foreign laws, subject to international treaties, none of these cases can be controlling. Both cases are contrary to _Mastrobouno v. Shearson Lehman Hutton, Inc_. 514 U.S. 52 (1995)(Thus, the choice-of-law provision covers the rights and duties of the parties). Plaintiff reads narrowly Rule 64 as it eliminates choice-of-law, which determines rights and duties, provided that attachments may be one of the rights to Plaintiff or may be not. During the long course of this litigation, Plaintiff is ignoring California law. Defendants will be the prevailing party on Appeal for multiple reasons stipulated in their proposed findings of facts and conclusions of law as well as their brief. Prejudgments Remedies must be vacated as a matter of California law. Plaintiff's failure to comply with California law is the legal ground to vacate.

### III.Invalidate the Court Clerk Writ of Execution

Aside of any defense stated here-above, the Court Clerk Writ of Execution should be invalidated, because Plaintiff's attorney abuses the process, and persistently garnish and attempting execution of exempted properties despite his awareness, that, those properties are exempt from attachment, execution or any other legal process. See _McMullen v. Haycock_ (2007), Cal. App. 4th [No B187748, Second Dist., Div Four. Feb. 13, 2007], Justice Suzukawa, Ruled

> [1]Under California law, assets held in private retirement plans are fully exempt from execution, both before and after distribution to the judgment debtor (Code Civ. Proc. Sec. 704.115)
>
> And, in Discussion, para. 3
> [2] We treat the question before us as one of law because there are no conflicts in the evidence and no dispute regarding the tracing of the fully exempt funds from the private retirement plan to the rollover IRA. (See Schwartzman v. Wilshinsky, supra, 50 Cal. App. 4th at p. 626 [the appellate court may decide an issue as one of law if there is no conflict in the evidence or an issue is presented on appeal upon undisputed facts]). In deciding this appeal, we also bear in mind that "exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. [Citation.]" (Id. at p. 630)

It should be noted that California Appellate Court considers successive execution on exempted properties as tort and contempt. _See_ Defendants' motion and memorandum for exemptions, dated July 16, 2007 (Doc # 511 & 512). Plaintiff's attorney attempting to execute on the exempted properties. The Court should not leave unscrupulous attorney with Court Order to abuse the process. The Court should invalidate that order.

The Defendant                          The Defendant
Mostafa Reyad                          Wafa Reyad

By: _____     By: _____
Mostafa Reyad                          Wafa Reyad
2077 Center Avenue # 22D          2077 Center Avenue # 22D
Fort Lee, NJ 07024                     Fort Lee, NJ 07024
Day Phone. 203-325-4100          Day Phone. 201-585-0562


## CERTIFICATE OF SERVICE


The undersigned certifies that he has mailed postage prepaid, on the captioned

date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue,

New Haven, CT 06511.



                                   _____
                                              Mostafa Reyad