UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                    Plaintiff                   **CIVIL ACTION NO.
                                                           3:00CV835 (CFD)**

V.

MOSTAFA REYAD AND WAFA REYAD
                    Defendants
_____          DATE: August 7, 2007

## MEMORANDUM IN SUPPORT OF MOTION TO HOLD PLAINTIFF'S ATTORNEY IN CONTEMPT

     This is the Memorandum of law in support of Defendants Mostafa Reyad's and Wafa Reyad's motion to hold Attorney Rowena A. Moffett in contempt for her disobedience of this Court Writ of Execution order issued by this Court's Clerk dated June 26, 2007. The issued writ includes "Exemption Claim Form" [a copy of the writ attached hereto], the form allows the judgment creditor to make a levy, but did not allow execution before 20 days, which is extended if the judgment debtor filed a timely claim exemption, before the 20 days, until the Court determine that claimed exemption. Defendants has filed their timely claim of exemption dated July 16, 2007, (Doc # 511), pending before the Court. Defendants' claims are nine (9) items, item number 3 p. 1, New England Financial, a Metlife Affiliate, contract number V435143, in the amount

1

approximately $ 27,000, and attached a copy of the said contract [a copy attached hereto], <u>see</u> forth page of the contract "2. Contract", para. 4.

**Claims of Creditors**

The Contract and payments under it will be exempt from the claims of creditors to the extent allowed by law.

<u>See</u> C.G.S. Sec. 38a-454 (Formerly Sec. 38-162)

***Proceeds of insurance policies and annuities may be held in trust.***

Any domestic life insurance company shall have power to hold the proceeds of any policy issued by it under a trust or other agreement upon such terms and restrictions to revocation by the policyholder and control by beneficiaries and with such exemptions from the claims of creditors of beneficiaries other than the policyholder as have been agreed to in writing by such company and the policyholder….Similar terms, restrictions and exemptions, for the benefit of any payee other than the purchaser, may be included by any such company in any annuity contract or any agreement issued in connection therewith or supplemental thereto.

The above section empowered the insurance company to hold the proceeds of insurance policies and insurance annuities in trust or other agreement, if stated in writing, as the case here, and it is exempted from creditor claims. **See** also C.G.S. Sec. 38a-453.

"***Rights of Creditors of insured against beneficiary***".

(a) The beneficiary of any life insurance policy, being a person other than the insured, whether named as beneficiary in the original policy or subsequently named as beneficiary in accordance with terms of the policy, shall be entitled to the proceeds of the policy as against the representative or creditors of the insured, unless the policy was procured or the

>designation of the beneficiary was made with intent, express or implied to defraud creditors,

See, the 10th page of the contract "8. Payments of Benefits", 3rd para. "Death Proceeds", all the funds in the contract is a minimum guaranteed death benefit to the beneficiaries and pursuant to C.G.S. 38a-453, beneficiaries are entitled to the proceeds of the policy against creditors of the insured

**See Slurszberg** 15 N.J. Misc. 423, 192 A. 451(February 11, 1936)

>at [**6] (Life insurance is not, however, necessarily insurance for the full term of one's life. Some life policies are contracts of investments as well as insurance)and furtherly, (It is a matter of common knowledge that the life insurance policies are termed "general", "ordinary", "old line", "paid up", "tontine", "assignment", "endowment", & c. dependent upon the terms and conditions of the different forms of contracts. The newer forms of policies and their broader provisions are designed to meet competition between the companies and to attract purchasers).

**See**, also McMullen v. Haycock (2007) 147 Cal. App. 4th 753, Justice Suzukawa held [1]Under California law, assets held in private retirement plans are fully exempt from execution, both before and after distribution to the judgment debtor (Code Civ. Proc. Sec. 704.115)

And, in Discussion, para. 3

[2] We treat the question before us as one of law because there are no conflicts in the evidence and no dispute regarding the tracing of the fully exempt funds from the private retirement plan to the rollover IRA. (See Schwartzman v. Wilshinsky, supra, 50 Cal. App. 4th at p. 626 [the appellate court may decide an issue as one of law if there is no conflict in the evidence or an issue is presented on appeal upon undisputed facts]). In deciding this appeal, we also bear in mind that exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. [Citation.] (Id. at p. 630)

In any event, Attorney Moffett has acted in disobedience of 18 U.S.C. Sec. 401(3), should be held in contempt, Ordered to return the empted property of New England Financial in the amount of $ 26,288.00, and Order a Judgment in contempt to be entered automatically by the Clerk if she failed to return the said exempted property within one week pursuant to the authority of <u>Nokia v. Uzan, et al</u> case number 05-0938-CV (2nd Cir. October 5, 2005), and to pay Defendants two times the full amount unlawfully executed in the sum of $ 52,576.00.

| | |
|---|---|
| The Defendant<br>Mostafa Reyad | The Defendant<br>Wafa Reyad |
| By:_____<br>  Mostafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Day Phone 203-325-4100 | By: _____<br>  Wafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Home Phone 201-585-0562 |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he hand delivered on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
Mostafa Reyad

5