# EXHIBIT 13

[4830-01-p]

DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Parts 1, 31, 54 and 602

[TD 9340]

RIN 1545-BB64

Revised Regulations Concerning Section 403(b) Tax-Sheltered Annuity Contracts

AGENCY: Internal Revenue Service (IRS), Treasury.

ACTION: Final regulations.

SUMMARY: This document promulgates final regulations under section 403(b) of the Internal Revenue Code and under related provisions of sections 402(b), 402(g), 402A, and 414(c). The regulations provide updated guidance on section 403(b) contracts of public schools and tax-exempt organizations described in section 501(c)(3). These regulations will affect sponsors of section 403(b) contracts, administrators, participants, and beneficiaries.

DATES: <u>Effective Date</u>: July 26, 2007.

<u>Applicability Date</u>: These regulations generally apply for taxable years beginning after December 31, 2008. However, see the "Applicability date" section in this preamble for additional information regarding the applicability of these regulations.

FOR FURTHER INFORMATION CONTACT: Concerning the regulations, John Tolleris, (202) 622-6060; concerning the regulations as applied to church-related entities, Robert Architect (202) 283-9634 (not toll-free numbers).

SUPPLEMENTARY INFORMATION:

**Purchases of Permissive Service Credit and Certain Repayments**

**Limitations on Contributions**

includes the excess will fail to be a section 403(b) contract (and instead will be a contract to which section 403(c), relating to nonqualified annuity contracts, applies) and the remaining portion of the contract that includes the contribution that is not in excess of the section 415 limitations is a section 403(b) contract. This rule under which only the excess annual addition is subject to section 403(c) does not apply unless, for the year of the excess and each year thereafter, the issuer of the contract maintains separate accounts for the portion that includes the excess and for the section 403(b) portion (which is the portion that includes the amount that is not in excess of the section 415 limitations).

With respect to section 403(b) elective deferrals, section 403(b) applies only if the contract is purchased under a plan that includes the elective deferral limits under section 402(g), including aggregation of all plans, contracts, or arrangements of the employer that are subject to the limits of section 402(g). As in the 2004 proposed regulations, the final regulations require a section 403(b) contract to include this limit on section 403(b) elective deferrals, as imposed under sections 401(a)(30) and 402(g). For purposes of the final regulations, the term "elective deferral" includes a designated Roth contribution as well as a pre-tax elective contribution. These rules are generally the same as the rules for qualified cash or deferred arrangements (CODAs) under section 401(k).

Any contribution made for a participant to a section 403(b) contract for a taxable year that exceeds either the section 415 maximum annual contribution limits or the section 402(g) elective deferral limit constitutes an excess contribution that is included in gross income for that taxable year (or, if later, the taxable year in which the contract

19

becomes nonforfeitable). The final regulations, like the 2004 proposed regulations, provide that the section 403(b) plan (including contracts under the plan) may provide that any excess deferral as a result of a failure to comply with the section 402(g) elective deferral limit for the taxable year with respect to any section 403(b) elective deferral made for a participant by the employer will be distributed to the participant, with allocable net income, no later than April 15 or otherwise in accordance with section 402(g).

Catch-up Contributions

---

4