**EXHIBIT 8**

SANFORD P. LEVINE
Deputy Sheriff New Haven County
P.O. Box 4020
Woodbridge, CT 06525-4020

Office phone (203) 393-2391
Page (203) 784-3600

# SHERIFF'S COURT RETURN

STATE OF CONNECTICUT )
                     ) SS: FARMINGTON                                May 18, 2000
COUNTY OF HARTFORD   )

Then and there by virtue hereof and by the direction of the a Judge and the Plaintiff's attorney, I left with and in the hands of the within:

    May 18, 2000, American General Financial Group (VALIC), 406 Farmington Avenue, Farmington, CT 06032, accepted by Michael J. Robinson, District Manager, CT/RI, authorized to accept.

With a true and attested copy of the original **WRIT OF GARNISHMENT** and **MEMORANDUM** with my doings thereon endorsed.

The within and foregoing is the original **WRIT OF GARNISHMENT** and **MEMORANDUM** with my doings thereon endorsed.

ATTEST:

*[signature]*

SANFORD P. LEVINE
DEPUTY SHERIFF
NEW HAVEN COUNTY
BADGE 150

FEES:

| | |
|---|---|
| Service | $20.00 |
| Travel | 42.00 |
| Copies | 3.00 |
| Endorsements | .80 |
| TOTAL | $65.80 |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC MORTGAGE HOLDINGS, INC. and INDYMAC, INC., <br> Plaintiffs, <br> v. <br> MOSTAFA REYAD and WAFA REYAD, <br> Defendants. | CIVIL ACTION NO. 3:00 CV 835 (CFD) <br><br> MAY 16, 2000 |

## WRIT OF GARNISHMENT

TO ANY PROPER OFFICER:

GREETINGS:

BY THE AUTHORITY OF THE UNITED STATES, you are hereby commanded to garish to the value of $1,600,000, VALIC, as it is the debtor of either or both of Defendants Mostafa Reyad and Wafa Reyad and has concealed in its possession property of either or both of Defendants Mostafa Reyad and Wafa Reyad, and it is indebted to one or both of them.

Said garnishee is hereby directed, pursuant to Connecticut General Statute § 52-330, to appear before the Court referenced above, and disclose under oath whether it has in its hands, goods or effects of either of the defendants, or is indebted to either or both of them. In lieu of appearance as set forth in the preceding sentence, garnishee, at the time of service, may disclose to the officer serving this

o:\files\drs\indymac\reyad\writ.doc\7

Writ whether it owes anything to either or both of said defendants and if so, to whom and how much, and the officer shall endorse such disclosure on such process as a part of his return thereof and such disclosure shall excuse the garnishee from appearing (Conn. Gen. Stat. § 52-331). The officer serving this Writ is hereby directed to make inquiry of the garnishee consistent with this paragraph.

Hereof, fail not, but with this Writ and your doings thereon, make due service and return.

Dated at Bridgeport, Connecticut this 12th day of May, 2000.

_____
Magistrate Judge William I. Garfinkel

Callie Clark
Counsel
Direct Line: (713) 831-6080
FAX: (713) 831-5931
E-mail: callie_clark@aigvalic.com

**AIG VALIC**

The Variable Annuity
Life Insurance Company
2929 Allen Parkway
Houston, TX 77019

July 30, 2002

*Via Facsimile Transmission to 203/772-4008*
*and US Mail, First Class Postage*

David R. Shaeffer, Esquire
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06611

RE: <u>Indymac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad;</u>
Civil Action No. 3:00 CV 835 (CFD); In the United States District
Court; District of Connecticut

Dear Mr. Shaeffer:

I am writing on behalf of The Variable Annuity Life Insurance Company ("VALIC") to advise you of actions taken by VALIC in response to a Writ of Garnishment in the above-styled cause served upon VALIC on or about May 18, 2000 concerning assets held by VALIC in the names and for the benefit of Mostafa Reyad and/or Wafa Reyad.

Our records reflect that VALIC holds a beneficial interest for Wafa Rayed in the United States Code Title 26 Section 457(b) (hereafter "Section 457") retirement plan of her employer, The Borough of Fort Lee, New Jersey (hereafter referred to as the "Plan"). An account under the Plan was set up for Ms. Reyad in August 1997 and continues to be "active" – i.e, it continues to receive employee contributions. On or about June 8, 2000, VALIC placed an administrative suspension (hold) on the account, and the suspension remains in place pending further direction from the Court.

Section 457 places restrictions on a participant's access to the assets held under the Plan. As a participant under the Plan, Ms. Reyad cannot withdraw funds from her account until she meets a "distributable event," including separation from service from the employee sponsor of the Plan, attaining the age of 70 ½, or until she suffers an "unforeseeable emergency." Section 457 defines "unforeseeable emergency" as a sudden and unexpected illness, loss of property due to casualty, and other similar extraordinary and unforeseeable circumstances arising from events outside of the participant's control. To date, Ms. Reyad has not taken any distribution from the Plan since her account was set up in 1997. The current annuity and surrender value of her account as of July 29, 2002 is $91,990.17.

David R. Shaeffer, Esquire
July 30, 2002
Page 2

As indicated above, Ms. Reyad's account has been placed on administrative suspense since June 2000. Should you wish to discuss this further, please telephone me at 713/831-6080.

                                        Very truly yours,

                                        Callie Clark

cc:    ***Via Certified Mail 7001 0320 0002 7770 3047***
       ***Return Receipt Requested***
       Ms. Wafa Reyad
       2077 Center Ave. #22D
       Fort Lee, NJ  07024-4905

       Rosa Cervantez
       VALIC Client Services

X:\Callie\Letter on Wafa Reyad.doc

**Callie Clark**
Senior Counsel
Direct Line: (713) 831-6080
FAX: (713) 831-5931
E-mail: callie_clark@aigvalic.com

**AIG VALIC**

The Variable Annuity
Life Insurance Company
2929 Allen Parkway
Houston, TX 77019

November 12, 2003

*Via Facsimile to #203/772-4008*
*and US Mail, First Class Postage*

David R. Shaeffer, Esquire
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06611

      Re:    <u>Indymac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad</u>;
             Civil Action No. 3:00 CV 835 (CFD); In the United States District
             Court; District of Connecticut

Dear Mr. Shaeffer:

I am writing on behalf of The Variable Annuity Life Insurance Company ("VALIC") to supplement VALIC's responses of July 30, 2002 and August 2, 2002 to the Writ of Garnishment served on American General Financial Group (VALIC) at a regional office in Farmington, Connecticut in the above-styled lawsuit.

As indicated in my letter of July 30, 2002, VALIC holds a beneficiary interest for Wafa Reyad in a Section 457(b) government-sponsored retirement plan offered through her employer, the Borough of Fort Lee, New Jersey. The value of this account as of November 12, 2003 is $60,903.79.

                                         Very truly yours,

                                         Callie Clark

cc:   Ms. Wafa Reyad
       2077 Center Ave., #22A
       Fort Lee, NJ 07024-4905

       Manuel de la Torre
       Linda Brannick
       VALIC Client Services

VL 11139-2

*Member of American International Group, Inc.*

**Callie Clark**
Senior Counsel
Direct Line: (713) 831-6080
FAX: (713) 831-5931
E-mail: callie_clark@aigvalic.com

**AIG VALIC**

The Variable Annuity
Life Insurance Company
2929 Allen Parkway
Houston, TX 77019

November 19, 2003

*Via Facsimile to #203/772-4008*
*and US Mail, First Class Postage*

David R. Shaeffer, Esquire
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06611

    Re:    Indymac Mortgage Holdings, Inc. v. Mostafa Reyad and Wafa Reyad;
             Civil Action No. 3:00 CV 835 (CFD); In the United States District
             Court; District of Connecticut

Dear Mr. Shaeffer:

I am writing on behalf of The Variable Annuity Life Insurance Company ("VALIC") to respond to your inquiry of November 17, 2003 concerning the reason for the decline in value of the Section 457(b) account of Wafa Reyad from a July 29, 2002 value of $91,990.17 to a November 12, 2003 value of $60,903.79.

Ms. Reyad's Section 457(b) Qualified Retirement Plan allows a participant to take loans against specified amounts in his or her account. In Ms. Reyad's case, under the terms of the Qualified Plan, she was eligible to borrow up to 50% of her Section 457(b) account, for a maximum amount of $50,000.00. In June 2003, Ms. Reyad submitted a loan request for $50,000.00, which was approved by the Plan Administrator. Under the terms of the loan agreement, Ms. Reyad is required to make quarterly payments over a period of five years. She has made an initial payment on the loan, with the second payment not due until December 2003. Payments received are credited to her Section 457(b) account. The current value of $60,903.79 reflects the $50,000.00 loan. The Internal Revenue Code, the Plan, and the Loan Agreement all provide that should Ms. Reyad default on the loan, the amount of outstanding principal and interest owed at the time of the default will be a deemed distribution and fully taxable.

                                                Very truly yours,

                                                *Callie Clark*

                                                Callie Clark

cc:    Ms. Wafa Reyad
        2077 Center Ave., #22A
        Fort Lee, NJ 07024-4905

        Manuel de la Torre
        Susan Daniel

# Day, Berry & Howard LLP

COUNSELLORS AT LAW

Kenneth E. Werner
Direct Dial: (860) 275-0108
E-mail: kewerner@dbh.com

December 5, 2003

David R. Schaefer, Esquire
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511

Re: Indymac Bank, F.S.B. v. Mostafa Reyad et al.
Civil Action No. 3:00 CV 835 (CFD)
In the United States District Court, District of Connecticut

Dear Attorney Schaefer:

We have been retained by The Variable Annuity Life Insurance Company ("VALIC") to advise them with respect to the claims made in your letter dated November 25, 2003 addressed to Callie Clark with respect to a Writ of Garnishment issued by the United States District Court for the District of Connecticut.

The Writ of Garnishment was issued pursuant to Connecticut General Statute § 52-330. As indicated to you by Attorney Clark in her letter to you dated July 30, 2002, the only property held by VALIC on behalf of the defendants is a beneficial interest of Wafa Reyad in a retirement plan maintained for her by The Borough of Fort Lee, New Jersey under Section 457(b) of the Internal Revenue Code of 1986, as amended. Pursuant to Connecticut General Statute § 52-321a(a)(5), this interest is exempt from garnishment under Connecticut law, since it is an interest in a, "pension plan, annuity or insurance contract...established by federal or state statute for federal, state or municipal employees for the primary purpose of providing benefits upon retirement...." Accordingly, the Writ of Garnishment does not apply to this interest, and VALIC had no choice but to comply with a proper request for a loan by Wafa Reyad under the plan.

Please let me know if you require any further information with respect to this matter.

Very truly yours,

Kenneth E. Werner

cc: Callie Clark, Esq.
    Robert A. Brooks, Esq.
KEW

CityPlace I | Hartford, CT 06103 | t 860 275 0100 f 860 275 0343

TOTAL P.03