UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

INDYMAC BANK, F.S.B.
                     Plaintiff                        **CIVIL ACTION NO.**
                                                              **3:00CV835 (CFD)**

                         V.

MOSTAFA REYAD AND WAFA REYAD
                     Defendants
                                                    **DATE: SEPTEMBER 6, 2007**

_____

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO HOLD
PLAINTIFF'S ATTORNEY IN CONTEMPT**

  This is the Reply of Defendant Mostafa Reyad and Co-Defendant Wafa Reyad to Plaintiff's " Opposition to Motion to Hold Plaintiff's Attorney in Contempt", dated August 28, 2007 (Doc # 526). For reasons stated here-below, Defendants Motion to Hold Plaintiff's Attorney in Contempt should be Granted in its entirety.

**Marshal is Plaintiff's Representative and not an Escrow Agent**

   The State Marshal who has executed this Court Orders is the same person whom has been Ordered by this Court's Appointment to serve process, pursuant to this Court Order dated June 25, 2007 (Order # 503), Mr. Sanford Levine executes Orders of the Court under the sole directions of Plaintiff. There is nothing in Connecticut law, nor its case law shows that State Marshal can act in

1

the capacity of escrow agent. Contrary to Plaintiff's assertion, Connecticut law mandates " Pending the hearing upon exempt properties, the execution shall be stayed", pursuant to C.G.S. Sec. 52-361(b)(e), and subsection (g) does not relief the judgment creditor or levying officer from liability for return of any exempt property.

Moreover, see 52-361(b)(h) " If a levying officer is in doubt as to whether certain property necessary to satisfy a judgment is exempt, he may certify the question of exemption to the Court for a hearing and determination". It is undisputed that Plaintiff in this action is well aware since June 6, 2000, that, Defendants inundated continuous claims of insurance policies and annuities in at least 16 motions in the last 7 years. Thus Plaintiff's unprofessional opposition by citation of section 52-361b(d) and blaming the District Clerk for not giving notices to third parties garnishees does not relief Plaintiff or the State Marshal from liability.

Defendants reiterate their request stated in their motion, that, Plaintiff's attorney Rowena A. Moffett should be held in contempt, and Order Plaintiff to return the claimed exempt "New England Financial, a Metlife Affiliate, contract number V435143 in the amount of $ 26,288.00 seized on July 27, 2007, **see** New England Financial Statement dated the same attached hereto. Furthly, Defendants' reiterate invoking **Nokia v. Uzan et al**, case number 05-0938-CV (2nd Cir. October 5, 2005), **Nokia's** Court Ordered a judgment in contempt to be entered automatically by the Clerk within one week, and to pay Defendants two

2

times the full amount unlawfully executed in the sum of $ 52,576, if Plaintiff would not return the said contract amount to New England Financial.

| The Defendant | The Defendant |
| --- | --- |
| Mostafa Reyad | Wafa Reyad |

By:_____         By:  _____
  Mostafa Reyad                                               Wafa Reyad
  2077 Center Ave # 22D                                2077 Center Ave # 22D
  Fort Lee, NJ 07024                                        Fort Lee, NJ 07024
  Day Phone 203-325-4100                            Home Phone 201-585-0562

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he hand delivered on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

                                      _____
                                        Mostafa Reyad