UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | SEPTEMBER 17, 2007 |
| | : | |
| Defendants. | : | |

## MOTION FOR ORDER AUTHORIZING REGISTRATION OF JUDGMENT IN ANOTHER DISTRICT

Pursuant to 28 U.S.C. § 1963 ("Section 1963"), Plaintiff IndyMac Bank, F.S.B.

("Indymac") hereby requests an order permitting the immediate registration in the

District of New Jersey of the Judgment entered in the above-captioned matter on April

30, 2007 (and/or the Amended Judgment proposed by the Court on August 6, 2007, if

the Court's request to file same is granted by the Court of Appeals for the Second

Circuit) (the "Judgment"), notwithstanding the pendency of the appeal of said Judgment.

Section 1963 provides in relevant part:

> A judgment in an action for the recovery for money or property
> entered in any . . . district court . . . may be registered by filing a
> certified copy of the judgment in any other district . . . when the
> judgment has become final by appeal or expiration of the time for
> appeal *or when ordered by the Court that entered the judgment for
> good cause shown.* . . . A judgment so registered shall have the
> same effect as a judgment of the district court of the district where
> registered and may be enforced in like manner. . . .

28 U.S.C. § 1963. Registration of Judgments for Enforcement in other Districts

(emphasis added); see Lankler, Siffert & Wohl, LLP v. Rossi, 2004 U.S. Dist. LEXIS

13581, at * 2-3 (S.D.N.Y. 2004) ("28 U.S.C. § 1963 provides that a judgment may be

**ORAL ARGUMENT NOT REQUESTED**

registered 'when ordered by the court that entered the judgment for good cause shown,'

notwithstanding the pendency of an appeal."); cf. Courshon v. Berkett, 16 Fed. Appx.

57, 63 (2d Cir. 2001) (affirming registration of judgment from another district upon court

order pursuant to Section 1963).

"Good cause" is established under Section 1963 upon a showing that the party

against whom the judgment has been entered: (a) has substantial property in another

judicial district; and (b) has insufficient property in the judicial district in which the

judgment was entered to satisfy the judgment.  Victor P. Muskin, P.C. v. Ketchum, 2004

U.S. Dist. LEXIS 23872, at * 1 (S.D.N.Y. 2004); see, e.g., Lankler, Siffert & Wohl, LLP,

2004 U.S. Dist. LEXIS 13581, at * 3-7 (granting motion to register judgment in another

district pending appeal absent posting of supersedeas bond); Associated Business

Telephones Systems, Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989)

(permitting registration of judgment in another district pending appeal where the

defendant has insufficient assets in the state and, while appealing the judgment, did not

file a bond to stay the judgment's enforcement).  A court may rely on affidavits and other

documentary evidence in order to determine whether good cause has been shown.

Owen v. Soundview Financial Group, Inc., 71 F. Supp. 2d 278, 278-79 (S.D.N.Y. 1999).

In the instant matter, as set forth in the Declaration of Rowena Moffett submitted

concurrently herewith, good cause exists for the instant request.  Defendants have

insufficient property in the District of Connecticut to satisfy the Judgment entered in this

matter on April 30, 2007 (the "Judgment"), whereby Mostafa and Wafa Reyad are jointly

and severally liable in the amount of $679,148.56 and Mostafa Reyad is solely liable for

an additional $487,699.56.  Moreover, as this Court already has been advised, the

Defendants have liquidated a substantial portion of the assets that were supposed to be held subject to the Writs of Garnishment issued at the outset of this action, and Plaintiff is concerned that unless prompt action is taken, Defendants may attempt to liquidate or encumber their only other asset of which Plaintiff is aware at this time—Defendants' residence in Fort Lee, New Jersey. Cf. Pereira v. Cogan, 2003 U.S. Dist. LEXIS 19776, at *3 (S.D.N.Y. 2003) ("improper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause").

WHEREFORE, Plaintiff requests that this Court permit Plaintiff to register the Judgment immediately in the District of New Jersey. A proposed order to this effect is attached hereto.

PLAINTIFF INDYMAC BANK, F.S.B.

By:_____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
New Haven, CT 06507-1746
Tel. (203) 772-2600
Fax. (203) 562-2098
Email: dschaefer@bslwlaw.com
       rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by

United States first-class mail and by electronic mail this 17th day of September, 2007

upon:


Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net.


Rowena A. Moffett (ct19811)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | |
| | : | |
| Defendants. | : | |

## [PROPOSED] ORDER

WHEREAS, Plaintiff Indymac Bank, F.S.B. has requested that it be permitted to register immediately in the District of New Jersey the Judgment entered in the above-captioned matter on April 30, 2007 (and/or the Amended Judgment proposed by the Court on August 6, 2007, if the Court's request to file same is granted by the Court of Appeals for the Second Circuit) (the "Judgment"), and good cause for such request being found,

IT IS HEREBY ORDERED that Plaintiff's Motion for Order Authorizing Registration of Judgment in Another District is granted. Plaintiff is permitted to register the Judgment immediately in the District of New Jersey, pursuant to 28 U.S.C. § 1963.

SO ORDERED this ___ day of _____, 2007 at Hartford, Connecticut.

_____
Christopher F. Droney
United States District Judge

m:\docs\04127\001\a04918.doc