UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.
      Plaintiff,    CIVIL ACTION NO.
              3:00CV835(CFD)

V.

MOSTAFA REYAD AND WAFA REYAD
      Defendants
              DATE: SEPTEMBER 20, 2007

**OBJECTION FOR ORDER AUTHORIZING JUDGMENT IN ANOTHER DISTRICT**

Defendant Mostafa Reyad and Co-Defendant Wafa Reyad Object to Plaintiff's Motions; 1) Motion For Authorizing Registration of Judgment in Another District dated September 17, 2007 (Doc # 529); and 2) Motion For Expedited Consideration of Plaintiff's Motion For Order Authorizing Registration of Judgment in another District, dated same (Doc # 530). Pursuant to Federal Statute and New Jersey law, the said Judgment cannot be registered in New Jersey before Determination of Appeal, and Plaintiff's motions must be Denied as a matter of law.

Plaintiff's motion relies on 28 U.S.C. 1963, it empowers the Court to Order Registration in another district. Plaintiff did not read 28 U.S.C. 1962, it stipulates

1

**Section 1962. Lien**

   Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. This section does not apply to judgments entered in favor of the United States. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

     Pursuant to Section 1962, this Court Judgment is equivalent to a judgment issued by a Court of General Jurisdiction in the State of New Jersey. New Jersey law does not allow registration of a judgment until determination of Appeal, and does not allow liens after the elapse of five (5) years from the date of the complaint. Defendants herein invoke their rights Granted by the Fourteenth Amendment "*Nor deny to any person within its jurisdiction the equal protection of the laws.*" Simply put, Plaintiff's motions are overdue and contrary to the law under the circumstances of this litigation.

     <u>See</u>, N.J. Statute Title 2A, it includes numerous provisions in support of the instant objection, Defendant invoke some of those provisions, and reserving their rights of other provisions, when it warrant.

**2A: 15-11 Notice of lis pendens**

No notice of lis pendens shall be effective after five years from the date of its filing.
Plaintiff has recorded a lies pendens which expired on May 18, 2005.

**2A: 49 A-26 "Foreign Judgment" defined**
2- In this act "Foreign judgment" means any judgment, decree, or order of a court of the United States or any other court which is entitled to full faith and credit in this State.

**2A: 49A-29 Appeal, stay of execution, enforcement**
5 a. If the Judgment debtor shows the Superior Court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded.

**2A:17-8  No execution on judgment in action on judgment appealed from pending determination of appeal**
If a party against whom a judgment has been rendered appeals therefrom and the party in whose favor the judgment has been rendered brings an action on the judgment and recovers, execution shall not issue on the second judgment until the appeal from the first judgment has been determined.

Pursuant to the above provisions of New Jersey law and 28 U.S.C. 1962.

Plaintiff's motions from registration of the judgment, must be Denied as a matter

of law.


|  |  |
|---|---|
| The Appellant Defendant<br>Mostafa Reyad | The Appellant Co-Defendant<br>Wafa Reyad |
| By:_____<br>  Mostafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Phone. 201-621-3925<br>  Email. Reyad@optonline.net | By: _____<br>  Wafa Reyad<br>  2077 Center Ave # 22D<br>  Fort Lee, NJ 07024<br>  Phone. 201-621-3925<br>  Email. Reyad@optonline.net |

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he emailed on the captioned date a true and correct copy to Attorney David Schaefer at 271 Whitney Avenue, New Haven, CT 06511

_____
Mostafa Reyad