UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | OCTOBER 2, 2007 |
| Defendants. | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER AUTHORIZING REGISTRATION OF JUDGMENT IN ANOTHER DISTRICT**

Plaintiff IndyMac Bank, F.S.B. ("IndyMac") submits the instant reply memorandum in further support of its Motion, dated September 17, 2007 (doc. #529), requesting an order permitting the immediate registration in the District of New Jersey of the Judgment entered in the above-captioned matter on April 30, 2007 (and/or the Amended Judgment proposed by the Court on August 6, 2007, if the Court's request to file same is granted by the Court of Appeals for the Second Circuit) (the "Judgment"), notwithstanding the pendency of the appeal of said Judgment. In their Objection for Order Authorizing Judgment in Another District dated September 20, 2007 (doc. # 531) (the "Objection"), Defendants erroneously maintain that New Jersey law does not permit registration of a foreign judgment until the conclusion of any appeal concerning said judgment. Defendants grossly misstate the law in this regard, and go so far as to attempt to mislead the Court by failing to quote accurately the statutory provision upon which they rely. As discussed in Plaintiff's initial Motion and below, registration of the Judgment in the District of New Jersey is entirely proper, and should proceed without delay.

**ORAL ARGUMENT NOT REQUESTED**

As an initial matter, Plaintiff seeks permission to register the Judgment in the District of New Jersey, <u>not</u> in the New Jersey state court. Accordingly, the federal law governing registration of foreign judgments cited in Plaintiff's initial Motion (28 U.S.C. § 1963) applies in the instant matter, and not the state laws cited by Defendants.

Moreover, contrary to Defendants' claims, New Jersey state law does, in fact, authorize the immediate registration of and execution upon a foreign judgment pending appeal absent the posting of a supersedeas bond.

N.J.S.A. 2A:49A-29, inaccurately cited by Defendants, provides in actuality:

> § 2A:49A-29. Appeal, stay of execution, enforcement
>
> a. If the judgment debtor shows the Superior Court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, *upon proof that the judgment debtor has furnished security for the satisfaction of the judgment required by the state in which it was rendered.*
>
> b. If the judgment debtor shows the Superior Court any ground upon which enforcement of a judgment of the Superior Court would be stayed, the Superior Court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this State.

N.J.S.A. 2A:49A-29 (emphasis added) (Exhibit 1 hereto). In fact, in order to stay execution of a foreign judgment pursuant to New Jersey's version of the Uniform Enforcement of Foreign Judgments Act, N.J.S.A. §§ 2A:49A-25 to 2A:49A-33, a judgment debtor must strictly comply with the provisions of N.J.S.A. § 2A:49A-29 and post security for satisfaction of the judgment before a stay is issued, even if the debtor raises a due process defense to the judgment. <u>State of Maine v. SeKap, S.A. Greek Co-op. Cigarette Mfg., S.A.</u>, 392 N.J. Super. 227, 241-42, 920 A.2d 667, 675-76, 2007 N.J. Super. LEXIS 111, at * 21-22 (N.J. App. Div. 2007) (Exhibit 2 hereto). Having failed to

furnish security for the satisfaction of the Judgment, Defendants are not entitled to a stay of enforcement, either in the District of Connecticut or in any New Jersey Court.[1]

In their Objection, Defendants also cite to New Jersey's lis pendens notice statute, N.J.S.A. 2A:15-11. This citation appears inapposite, however, because Defendants' shares in the cooperative apartment in New Jersey are not real property. As part of the ancillary New Jersey Action initiated at the outset of this action in order to obtain prejudgment remedies with respect to property located in New Jersey, Plaintiff did attach Defendants' coop shares in order to preserve that asset pending the entry of Judgment in this action, which attachment remains in full force and effect.

In summary, Defendants' Objection is completely without merit. For these reasons, as well as for the reasons set forth in Plaintiff's Motion for Order Authorizing Registration of Judgment in Another District (doc. # 529), Plaintiff requests that this Court permit Plaintiff to register the Judgment immediately in the District of New Jersey. Plaintiff also reiterates its request that the Court expedite its decision on Plaintiff's Motion because unless prompt action is taken to enforce the Judgment in the District of New Jersey, Defendants may attempt to liquidate or encumber their only other asset of which Plaintiff is aware at this time, namely their residence in Fort Lee, New Jersey.

---

[1] Similarly, under New Jersey law, an appeal does not automatically stay execution upon a New Jersey trial court judgment. See N.J. Appellate Court Rule 2:9-5 (Exhibit 3 hereto) ("[N]either an appeal, nor motion for leave to appeal, nor a proceeding for certification, nor any other proceeding in the matter shall stay proceedings in any court in a civil action . . . ."). Moreover, a money judgment entered in New Jersey state court automatically becomes a lien on real property of the debtor. See N.J.S.A. 2A:16-1 (Exhibit 4 hereto) ("No judgment of the superior court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the court."); Matter of Clifton, 35 B.R. 785, 786-87 (D.N.J. Bankr. 1983) (Exhibit 5 hereto) (under New Jersey law, final judgment for sum certain entered in superior court automatically creates lien upon all real property owned by judgment debtor located within the state)

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
New Haven, CT 06507-1746
Tel. (203) 772-2600
Fax. (203) 562-2098
Email: dschaefer@bslwlaw.com
rmoffett@bswlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail and by electronic mail this 2nd day of October, 2007 upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024
reyad@optonline.net

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ 07024
reyad@optonline.net.

_____
Rowena A. Moffett (ct19811)

A09873.DOC                        4