UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV835(CFD) |
| | : | |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | NOVEMBER 21, 2007 |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' RENEWAL MOTION FOR EXEMPTIONS

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") submits the instant

memorandum in opposition to Defendants' Renewal Motion for Exemptions dated

November 1, 2001 (doc. # 535) (Defendants' "Renewed Exemption Motion"). In their

Renewed Exemption Motion and memorandum in support thereof, Defendants merely

reiterate the arguments set forth in their pending motions seeking to exempt essentially

all of their assets from execution.[1]  For the reasons set forth in Plaintiff's Consolidated

Memorandum in Opposition to Defendants' Motions for Exemptions and in Support of

Cross-Motion for Turnover Order dated August 7, 2007 (doc. ## 522, 523) and in

Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Turnover Order dated

August 28, 2007 (doc. # 527), incorporated herein by reference, Defendants' claimed

exemptions should be denied and this Court should order that the disputed assets be

turned over to Plaintiff immediately for execution.

---

[1] The Second Circuit's October 16, 2007 ruling denying Defendants' motion seeking a
stay of execution does not raise any additional issues for this Court's consideration.  To
the contrary, the Second Circuit's order acknowledges that the District Court must rule
on Defendant's exemption motion in the first instance.

In addition to incorporating its prior arguments, IndyMac briefly responds below to some of the unfounded assertions in Defendants' latest motion.

With respect to the contested VALIC annuity, contrary to Defendants' assertion, the documents initially provided by VALIC in response to IndyMac's subpoena (attached as an exhibit to the memorandum in support of Defendants' Renewed Exemption Motion) were incomplete, and further documents were necessary in order to complete IndyMac's review of Defendant Wafa Reyad's contribution history. VALIC very recently has provided the additional requested documents, and IndyMac is in the process of evaluating same in order to determine whether the operation of the Plan has been consistent with the requirements of Code Section 457(b), and therefore whether the VALIC annuity contract would properly be deemed exempt from the claims of creditors under Conn. Gen. Stat. § 52-321a(a)(5). IndyMac will submit a supplemental brief addressing this issue upon completion of its review of the documents recently provided.

With respect to the execution served upon New England Financial, as explained in IndyMac's Opposition to Defendants' Motion to Hold Plaintiff's Attorney in Contempt, dated August 28, 2007 (doc. # 526), New England Financial, apparently unaware that Defendants had claimed the asset was exempt from execution,[2] delivered to the Marshal the subject funds following the expiration of the statutory twenty day waiting period. The Marshal is holding all contested funds levied, including the funds forwarded

---

[2] Section 52-361b(d) provides that, upon receipt of the judgment debtor's notice of claimed exemption, the clerk of the court shall give notice of the exemption claim and the date of hearing on such claim to the third person holding defendant's property subject to the claimed exemption. The judgment creditor, IndyMac in this case, has no responsibility to notify the third person of the claimed exemption.

by New England Financial, pending this Court's ruling on Defendants' claimed exemptions. Thus, Plaintiff has not received any contested funds to date.

IndyMac's Reply Memorandum in Support of Plaintiff's Motion for Turnover Order dated August 28, 2007 was properly filed in support of IndyMac's own cross-motion for turnover order. Further, as evidenced by the Marshal's Return of Service dated July 20, 2007 (doc. # 514), Defendants failed to claim an exemption with respect to the American Express and Aetna annuities within twenty (20) days after the marshal levied on such property, thereby waiving any such claimed exemption. See Conn. Gen. Stat. § 52-361b(d) (providing that a judgment debtor may claim an exemption as to property by returning a signed exemption claim form to the court within twenty days after levy on such property).

IndyMac relies upon its previous arguments, contained in the memoranda identified above and incorporated by reference, in response to the Defendants' claimed exemptions with respect to the specific assets at issue.

## CONCLUSION

WHEREFORE, for the reasons discussed above, in Plaintiff's Consolidated Memorandum In Opposition to Defendants' Motion for Exemptions and In Support of Cross Motion for Turnover Order dated August 7, 2007 (doc. ## 522, 523), and in Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Turnover Order dated August 28, 2007 (doc. # 527), Plaintiff respectfully requests that that Defendants' Renewed Motion for Exemption be denied and that the Court order that the disputed assets be turned over to Plaintiff immediately for execution.

PLAINTIFF INDYMAC BANK, F.S.B.

By:

David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Fax. (203) 562-2098
Email: dschaefer@bslwlaw.com
        rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by

United States first-class mail and by electronic mail this 21st day of November, 2007

upon:

Mostafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net

Wafa Reyad
2077 Center Ave
#22D
Fort Lee, NJ  07024
reyad@optonline.net.


Rowena A. Moffett (ct19811)