UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | |
|     Plaintiff, | : | Civil Action No. |
| | : | 3:00 CV 835 (CFD) |
| v. | : | |
| | : | |
| MOSTAFA REYAD and WAFA REYAD, | : | |
|     Defendants. | : | |

**ORDER RE: MOTION FOR EXEMPTIONS AND MOTION FOR TURNOVER ORDER**

At the outset of this case, on May 17, 2000, the Court granted the plaintiff IndyMac Bank F.S.B.'s ("IndyMac") motion for a prejudgment remedy against the defendants, Mostafa Reyad ("Reyad") and his wife Wafa Reyad. Writs of garnishment for the defendants' assets issued the same day in accordance with that ruling. The Court modified the prejudgment remedy on April 30, 2004.[1] On April 30, 2007, the Court issued a judgment ordering both defendants to pay IndyMac $679,148.56 in compensatory damages, attorney's fees, and prejudgment interest. The judgment also ordered Reyad to pay IndyMac an additional $487,699.56 in punitive damages. The Court issued writs of execution on the judgment on June 26, 2007 to the same recipients of the May 17, 2000 writs of garnishment. The defendants now claim that these assets are exempt from the judgment under Conn. Gen. Stat. § 52-352b. IndyMac opposes the exemptions, and also seeks a turnover order from the Court, pursuant to Conn. Gen. Stat. § 52-356b, to recover assets IndyMac claims the defendants improperly obtained in violation of the Court's April 30,

---

[1] The Court originally entered a prejudgment remedy for IndyMac of $1,600,000 against each of the defendants. On April 30, 2004 the Court modified this amount to $1,000,000 against Mostafa Reyad and $786,527.86 against Wafa Reyad. No new writs of garnishment were required, however, because the assets subject to the original writs did not exceed the new prejudgment remedy amount.

2004 prejudgment remedy.

### A.     Choice of Law

Federal Rule of Civil Procedure 69(a) governs the execution of judgments issued by federal courts.  The Rule provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought."  Fed. R. Civ. P. 69(a).  Accordingly, the Court applies Connecticut law to the pending motions.

### B.     Motion for Exemptions

IndyMac seeks to satisfy the Court's judgment with the following assets, all of which were subject to the Court's prejudgment remedy and writs of garnishment: (1) Equitable life Assurance Society of the U.S. ("Equitable") annuity contract # 98-501-734; (2) New England Life Insurance Company ("New England") annuity contract # V435143; (3) American Express IDS Life Insurance Company ("American Express") annuity contract # 9300-05963622; (4) Aetna Life Insurance & Annuity Company ("Aetna") annuity contract # 5625307900032; (5) Variable Annuity Life Insurance Company ("VALIC") annuity contract # 4550744; (6) Equitable life insurance policy # 86-097-685; and (7) Equitable life insurance policy # 86-108-388.  The defendants' motion claims that these assets, with the exception of the Aetna and American Express annuity contracts, are exempt under Conn. Gen. Stat. § 52-352b.[2]  Accordingly, under

---

[2]The defendants filed a motion for exemptions in accordance with Conn. Gen. Stat. § 52-361b(d), but it did not request exemptions for the defendants' Aetna and American Express annuity contracts; accordingly, the Court finds that these two assets are not exempt.  While the Court recognizes that the defendants attempted to belatedly expand their exemption motion to include these two contracts in their reply brief for this motion, and that the defendants are

Conn. Gen. Stat. § 52-361b(f), the Court shall hold a hearing on May 7, 2008 at 10:00 a.m. to determine whether they are properly exempt under the statute. The parties shall present evidence and/or testimony concerning the applicability of the statutory exemptions to these assets at the hearing. See People's Bank v. Perkins, 22 Conn. App. 260, 263-64 (Conn. App. 1990) (requiring court to hear testimony and receive evidence to resolve debtor's exemption motion).

IndyMac also seeks to execute the judgment against two bank accounts in the defendants' names, specifically a Fleet Bank ("Bank of America") account in Reyad's name and a Hudson United Bank ("TD BankNorth") account in Wafa Reyad's name. Both of these accounts were subject to the Court' prejudgment remedy and writs of garnishment. The defendants assert that they are exempt under Conn. Gen. Stat. § 52-352b. Accordingly, the May 7, 2008 hearing shall also address whether these accounts are exempt under the statute, as required by Conn. Gen. Stat. § 52-367b(f). The parties shall present evidence and/or testimony concerning the applicability of the statutory exemption at the hearing. People's Bank, 22 Conn. App. at 263-64. Further, the Court notes that under the statute, the Court must treat the defendants' exemption motion for these two bank accounts as prima facie evidence that they are, in fact, exempt. Id.; Conn. Gen. Stat. § 52-367b(f).

Finally, the defendants' motion seems to request an exemption for two of the defendants'

---

proceeding *pro se*, the Court declines to entertain their untimely motion in light of the defendants' admission in their opposition papers that they accessed funds from these assets in violation of the Court's prejudgment remedy, and evidence presented by IndyMac that the defendants may have chosen not to seek exemptions for these assets because the defendants had already improperly depleted them.

automobiles pursuant to Conn. Gen. Stat. § 52-352b(j).[3]  The May 7, 2008 hearing shall also address whether IndyMac seeks to use these assets to satisfy the judgment and, if so, whether they qualify for the exemption.  See Conn. Gen. Stat. §52-361b(f) (requiring a hearing to resolve claimed exemptions).

### C.     Turnover Order

In addition to opposing the defendants' claimed exemptions, IndyMac also moves for a turnover order against American Express and VALIC pursuant to Conn. Gen. Stat. § 52-356b.  IndyMac asserts that American Express and VALIC violated the Court's prejudgment remedy and writs of garnishment by permitting the defendants to access and remove funds from their American Express and VALIC annuity contracts.[4]  IndyMac seeks a turnover order that would require American Express and VALIC to repay the funds improperly released to the defendants, as well as attorneys' fees and costs associated with litigating this motion.  See Conn. Gen. Stat. § 52-356b; Conn. Gen. Stat. § 52-381.  The Court will hear this motion on April 7, 2008 at 10:00 a.m., at the same time that it hears the defendants' exemption motion.  Should American Express and/or VALIC seek to contest IndyMac's entitlement to such a turnover order, they may file a motion in accordance with Conn. Gen. Stat. § 52-356c by April 30, 2008; the Court will address

---

[3]It is unclear from the parties' papers whether IndyMac sought to levy these assets to satisfy the judgment.  For purposes of this order, the Court assumes that IndyMac will seek to execute the judgment against these assets.

[4]Although IndyMac also claims that the defendants improperly accessed funds subject to garnishment from their Equitable and Aetna annuity contracts, IndyMac does not seek a turnover order against Equitable and Aetna because those companies agreed to repay these funds to IndyMac subject to the Court's ruling on the defendants' exemption motion.

4

any such motion at the May 7, 2008 hearing.[5]

### D.     Conclusion

The Court shall hear the defendants' exemption motion on May 7, 2008 at 10:00 a.m. The parties shall present evidence and/or testimony addressing the applicability of the claimed exemptions to the defendants' assets. At the same hearing, the Court will also address the defendants' July 3, 2007 motion for an extension of time [docket # 507], IndyMac's motion for a turnover order, and, if necessary, any motion concerning IndyMac's entitlement to repayment of improperly distributed funds. In accordance with Conn. Gen. Stat. § 356c(c), the Clerk is directed to notify American Express and VALIC of this Order at the addresses listed below:

>    American Express IDS/Ameriprise Financial
>    c/o Gene Kodadek, Esq.
>    Ameriprise Financial
>    70100 Ameriprise Financial Center
>    Minneapolis, MN 55474

>    Variable Annuity Life Insurance Co.
>    c/o Joshua Cohen, Esq.
>    Day Pitney LLP
>    One Audubon St.
>    New Haven, CT 06511

SO ORDERED this   9th   day of April 2008, at Hartford, Connecticut.


         /s/ Christopher F. Droney
         **CHRISTOPHER F. DRONEY**
         **UNITED STATES DISTRICT JUDGE**

---

[5]This statute requires a third party contesting a judgment creditor's interest in property sought to be levied on to contest the judgment creditor's right to the property within twenty days of the judgment creditor's motion for a turnover order. Although neither VALIC nor American Express applied for such relief under the statute, in the interests of fairness and judicial economy the Court will permit an untimely application to be heard at the May 7, 2008 hearing, upon good cause shown.