UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

INDYMAC BANK, F.S.B.

    Plaintiff

v.

MOSTAFA REYAD and WAFA REYAD

    Defendants

Civil Action No.

3:00CV835(CFD)

Date:April 15,2008

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF

### MOTION RE: ORDER HEARING

This is Defendants Mostafa Reyad and Wafa Reyad Memorandum of law in support of the accompanied motion RE: Hearing Order, Ordered by this Court on April 9, 2008 (Doc # 542), For a Hearing on May 7, 2008 at 10:00 a.m. Defendants hereby respectfully asking this Court to Reschedule the said Hearing at least 20 days after May 7, 2008.

### Related Proceedings

On March 27, 2008 attorney Rowena A. Moffett wrote a letter to Honorable Droney informing the Court that Defendants' brief has been filed on March 7, 2008, Indymac's brief is currently due on April 15, 2008, and the argument of the Appeal may be heard as early as the week of May 27, 2008. Attorney Moffett's letter is correct as of that date, however, attorney Moffett did not disclose to this Court that, she wrote the said letter in

1

an effort to support her motion for her request for 60 days extension to file her brief, <u>see</u> "Memorandum in Support of Motion for Extension of Time in which to File Appellee's Brief", dated March 27, 2008, filed in the Second Circuit Court of Appeals, <u>attached hereto</u>. The Court of Appeals Granted on April 2nd, 2008 Indmac's motion for 30 days, with a capitalized notation "NO FURTHER EXTENSION", and issued Scheduling Order # 2 [Appellee's brief due 5/15/2008. Ready week 6/25/2008], <u>see</u> Second Circuit docket sheet, case number 07-1257, <u>attached hereto</u>. Thus this Court Hearing is about 8 days before the due filing of Appellee's brief, and the same time for Defendants to submit their reply to the Court of Appeals.

The situation is more complex than the above, it may be because this Court is not aware about the dates of the Court of Appeals, and may be not aware about the proceedings of the action in that Court. Defendants explained the former here-above . the latter is, unexpectedly the Court of Appeals apparently divided this litigation, did not consider it a piecemeal litigation, and did not wait Ruling upon post-trial motions, specifically Defendants' motion for exemptions, and Ordered the parties to submit their briefs. Simply put, the Hearing of May 7, 2008, is interfering with the Second Circuit Scheduling Order. Fairness necessitates at least 20 days apart of May 7, 2008, to allow Defendants to file their reply to the Court of Appeals, draft their reply in this Court, and may be renew their exemption motion in the Second Circuit pursuant to the Second Circuit Order dated October 18, 2007, <u>attached hereto</u> which has been repeated by its Order dated February 15, 2008. It is clear from the records of the Court of Appeal, that, the Court is persuaded , by California Authority affirming that Ruling upon exempt

2

properties is immediate appealable, in the absence of conflict of law between California and Connecticut, see, McMullen v. Haycock (2007) 147 Cal. App. 4th 75.

Moreover, this Court Order dated April 9, 2008 has invited American Express and Valic Insurance Company to file their motions by April 30, 2008. Those third parties' defenses are intertwining with Defendants' defenses. Those third parties defenses are vulnerable to Plaintiff's attack, and may injure Defendants if not answered by Defendants in the due time. All what Defendants ask is, they need a few hours to read Indymac opposition if any to American Express and/or Valic, Defendants pro se(s) cannot function upon surprise, Federal Rules granted that right to every litigant, and Defendants invoke that right herein.

This Court Order, explained wisely the choice of law, as Connecticut law, pursuant to Fed. R. Civ. P. 69(a), however, Rule 69(a) mandates that Federal Statutes supersede the application of state laws. Here, Federal Rules mandates 21 day for opposition, and 10 days for reply. Thus, the application of Connecticut law which does not recognize reply, would be improper under the circumstances. In other words, if American Express and/or Valic filed motion(s) on April 30, 2008, Indymac has up to May 20, 2008 to file opposition, and the two companies and Defendants has up to May 30, 2008 to file a reply. Thus, the Court Hearing Ordered on May 7, 2008 would be unfair, prejudice, and unjustifiably. The Honorable Court for fairness and interest of justice

3

should Order Reschedule the hearing Scheduled on May 7, 2008, at least 20 days after May 7, 2008.

| | |
|---|---|
| The Defendant | The Defendant |
| Mostafa Reyad | Wafa Reyad |
| By *[signature]* | By *[signature]* |
| Mostafa Reyad | Wafa Reyad |
| 92 Aristotle Way | 92 Aristotle Way |
| Cranbury, NJ 08512-2550 | Cranbury, NJ 08512-255 |
| Phone : 201-621-3925 | Phone : 201-621-3925 |
| E.mail: Reyad@optonline.net | E.mail:Reyad@optonline.n |

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned date or before has served the attached document by mailing a true and correct copy to the following:

1- Attorney Rowena A. Moffett
   Brenner, Saltzman & Wallman
   271 Whitney Avenue
   New Haven, CT 06511

2- American Express IDS/Ameriprise Financial c/o Gene Kodadek, Esq.

   Ameriprise Financial
   70100 Ameriprise Financial Center
   Minneapolis, MN 55474

3- Variable Annuity Life Insurance Co.
   c/o Joshua Cohen, Esq.
   Day Pitney LLP
   One Audubon St.
   New Haven, CT 06511

*[signature]*
Mostafa Reyad

4