UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br> Plaintiff, | CIVIL ACTION NO. <br> 3:00CV835(CFD) |
| v. | |
| MOSTAFA REYAD and WAFA REYAD, <br> Defendants. | JULY 11, 2008 |

### SUPPLEMENT TO PLAINTIFF'S MOTION FOR TURNOVER ORDER

Plaintiff IndyMac Bank, F.S.B. ("Plaintiff" or "IndyMac") herein provides supplemental information regarding one of the assets which is the subject of its pending Motion for Turnover Order (doc. #521), and about which the Court has scheduled a hearing to be held on July 18, 2008. With respect to the Variable Annuity Life Insurance Company ("VALIC") Annuity Contract # 4550744 (the "Contract"), the funding and distribution records subsequently provided by VALIC appear to confirm that the Contract was issued as the funding vehicle for the Section 457(b) Plan (the "Plan") of Defendant Wafa Reyad's employer, the Borough of Fort Lee, New Jersey.

While IndyMac maintains that its garnishment of this asset was proper, and indeed IndyMac still questions whether Wafa Reyad's contributions to the Plan were consistent with the requirements of Code Section 457(b), and therefore whether the VALIC Contract would properly be deemed exempt from the claims of creditors under Conn. Gen. Stat. § 52-321a(a)(5), which VALIC disputes, in the interest of narrowing the issues in dispute, IndyMac withdraws with prejudice its challenge to the Defendants' exemption claim with respect to this asset only. Accordingly, IndyMac also withdraws

with prejudice its request that VALIC be ordered to turn over the value of the asset that IndyMac believes to have been improperly distributed to Defendants and that VALIC be ordered to reimburse IndyMac for its costs incurred in connection with Plaintiff's Motion for Turnover Order.

IndyMac maintains its claims with respect to all other assets which are the subject of the pending Motion for Turnover Order.

IndyMac and VALIC have entered into a Settlement Stipulation and Order confirming the foregoing, attached hereto as Exhibit A, which the parties respectfully request that the Court enter accordingly.

PLAINTIFF INDYMAC BANK, F.S.B.

By: _____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Its Attorneys
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06507-1746
Tel. (203) 772-2600
Fax. (203) 562-2098
Email: dschaefer@bslwlaw.com
        rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail this 11th day of July, 2008 upon:

Mostafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
(also sent via email mreyad@msn.com)

Wafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
(also sent via email mreyad@msn.com)

American Express IDS/Ameriprise Financial
c/o Gene Kodadeck, Esq.
Ameriprise Financial
70100 Ameriprise Financial Center
Minneapolis, MN 55474

Variable Annuity Life Insurance Co.
c/o Joshua Cohen, Esq.
Day Pitney, LLP
One Audobon St.
New Haven, CT 06511

_____
Rowena A. Moffett (ct19811)

**A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK F.S.B. : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00 CV 835 (CFD) |
| v. : | |
| MOSTAFA REYAD and : WAFA REYAD, : | |
| Defendants. : | |

### SETTLEMENT STIPULATION AND ORDER

This Settlement Stipulation and Order is entered into by and between The Variable Annuity Life Insurance Company ("VALIC") and IndyMac, Inc. and IndyMac Bank F.S.B. (together with their predecessors in interest, collectively "IndyMac" and, together with VALIC, the "Parties") resolving all disputes between the Parties in connection with the above-captioned action and all ancillary proceedings.

### RECITALS

WHEREAS, IndyMac commenced the following legal proceedings against Mostafa Reyad and Wafa Reyad (collectively the "Defendants"): *IndyMac Bank, F.S.B. v. Mostafa Reyad, et al.*, Civil Action No. 3:00cv835 (CFD), filed in the United States District Court for the District of Connecticut, and *IndyMac Mortgage Holdings, Inc. and IndyMac, Inc. v. Mostafa Reyad, et al.*, Civil Action No. 00cv2237 (JAG), filed in the United States District Court for the District of New Jersey (collectively the "Action"); and

WHEREAS, defendant Wafa Reyad holds a beneficial interest in a Group Annuity Contract, Group Contract Number 42280, Participant Account Number 4550744 (the "Account") issued by VALIC; and

WHEREAS, on or about May 18, 2000, IndyMac served VALIC with a prejudgment remedy Writ of Garnishment (the "Garnishment") with respect to the Account, seeking to secure any future judgment in favor of IndyMac in the Action; and

WHEREAS, on or about April 30, 2007, Judgment entered in the Action in favor of IndyMac and against Mostafa Reyad and Wafa Reyad, jointly and severally, in the amount of $679,148.56 and against Mostafa Reyad, individually, in the additional amount of $487,699.56 (the "Judgment"); and

WHEREAS, on or about July 3, 2007, IndyMac served VALIC with a Writ of Execution (the "Execution"), seeking to recover the value of Wafa Reyad's interest in the Account in partial satisfaction of the Judgment; and

WHEREAS, VALIC (along with the Defendants) have opposed the Execution on the grounds that the Account is exempt from both garnishment and execution pursuant to Conn. Gen. Stat. §§ 52-352b(m) and 52-321a(a)(5); and

WHEREAS, in response to the claimed exemption, IndyMac filed a Cross Motion for Turnover Order (the "Turnover Motion") seeking, *inter alia*, turnover of certain funds allegedly withdrawn by Wafa Reyad from the Account following service of the Garnishment; and

WHEREAS, IndyMac and VALIC have exchanged informal discovery and have held ongoing discussions and negotiations with respect to the claimed exemption and the issues raised in the Turnover Motion; and

WHEREAS, in the interest of avoiding further litigation with respect to the claimed exempt status of the Account, but without either party making any admission with respect to the claimed exempt status of the Account, the Parties have agreed to resolve this matter in accordance with this Settlement Stipulation and Order.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1. IndyMac shall release the Garnishment and the Execution.

2. IndyMac hereby withdraws the Turnover Motion, as it relates to VALIC and/or the Account.

3. VALIC does for itself, and for its past, present, and future owners, principals, partners, shareholders, directors, employees, managers, officers, members, representatives, attorneys, trustees, agents, predecessors and successors in interest, and assigns (collectively "VALIC RELEASORS"), release and discharge IndyMac, and its past, present, and future owners, principals, partners, shareholders, directors, employees, managers, officers, members, representatives, attorneys, trustees, agents, predecessors and successors in interest, assigns, parents, subsidiaries, affiliates, and insurers (collectively "IndyMac RELEASEES"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the IndyMac RELEASEES, the VALIC RELEASORS ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this

release, WHETHER THE FOREGOING WERE KNOWN OR UNKNOWN, ASSERTED OR NOT ASSERTED, ANTICIPATED OR UNANTICIPATED, arising out of or in connection with the Action, the Garnishment and/or the Execution.

4. IndyMac does for itself, and for its past, present, and future owners, principals, partners, shareholders, directors, employees, managers, officers, members, representatives, attorneys, trustees, agents, predecessors and successors in interest, and assigns (collectively "IndyMac RELEASORS"), release and discharge VALIC, and its past, present, and future owners, principals, partners, shareholders, directors, employees, managers, officers, members, representatives, attorneys, trustees, agents, predecessors and successors in interest, assigns, parents, subsidiaries, affiliates, and insurers (collectively "VALIC RELEASEES"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the VALIC RELEASEES, the IndyMac RELEASORS ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release, WHETHER THE FOREGOING WERE KNOWN OR UNKNOWN, ASSERTED OR NOT ASSERTED, ANTICIPATED OR UNANTICIPATED, arising out of or in connection with the Action, the Garnishment and/or the Execution.

5. The Parties Acknowledge that this Settlement Stipulation and Order is in full, final, and complete settlement of the disputes described in this Settlement Stipulation and Order.

6. This Settlement Stipulation and Order sets forth the entire agreement between the Parties on the subject matter contained herein, and supercedes and renders null and void any and all prior or contemporaneous oral or written understandings, negotiations, or promises relating to these issues. No agreement modifying this Settlement Stipulation and Order shall be binding unless made in writing and signed by a duly authorized representative of the party to be bound.

7. This Settlement Stipulation and Order shall be governed by, construed, and enforced for all purposes in accordance with the laws of the State of Connecticut, without giving effect to its conflict of laws provisions. Furthermore, any and all actions arising from, relating to, or concerning the subject matter of this Settlement Stipulation and Order shall be commenced in the United States District Court for the District of Connecticut, which shall have exclusive jurisdiction over such actions.

8. This Settlement Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

9. IndyMac and VALIC hereby represent that each is duly authorized to enter into and to execute this Settlement Stipulation and Order.

10. This Settlement Stipulation and Order shall be construed to make each of its provisions enforceable. In the event that any provision hereof is deemed to be illegal or unenforceable, such a determination shall not affect the validity or enforceability of the remaining provisions thereof, all of which shall remain in full force and effect.

IN WITNESS WHEREOF, the Parties have executed this Settlement Stipulation and Order on May 23, 2008.

                                       INDYMAC, INC. and
                                       INDYMAC BANK, F.S.B.

By: _____
PAUL LEVIN
VICE PRESIDENT, Duly Authorized


THE VARIABLE ANNUITY LIFE
INSURANCE COMPANY

By: _____
_____, Duly Authorized


So Ordered.


_____
Honorable Christopher F. Droney
United States District Judge

6