# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff

v.

MOSTAFA REYAD and WAFA REYAD

Defendants

Civil Action No.
3:00CV835(CFD)

Date: JULY 14, 2008

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DECLARE PLAINTIFF'S DEATH AND STAY ALL PROCEEDINGS PENDING SUBSTITUTION

This is Defendants Mostafa Reyad and Wafa Reyad Meorandum of Law in Support for their Motion to Declare the Death of the only Plaintiff in this Action. INDYMAC BANK, F.S.B., has Died on July 11, 2008 by the Operation of Law. It is on July 11, 2008, at 3:30 p.m. FDIC has seized Plaintiff's Operation, sent its Chairman, Mr. Michael Perry home. On July 12, 2008 FDIC has changed the name to INDYMAC FEDERAL BANK, and opened the New Bank. FDIC is not in the business of ownership or operating banks, the sole reason for opening the

1

bank under different name is to insure depositors, however, it insure depositors, each up to $ 100,000 for individual accounts, and up to $ 250,000 for IRA accounts. Any depositors own accounts above that limit are not insured. It is too early to know how much over the limit depositors may lose. The mere fact is Plaintiff has died on July 11, 2008. <u>Notice is hereby given</u>, Pursuant to Fed. R. Civ. P. Rule 25(a), Plaintiff's attorney or any representative of Plaintiff must apply for substitute Plaintiff within 90 days of this notice, that is to say, on or before October 14, 2008, or the Action must be Dismissed. Application for that substitute to carry its rights and liabilities, <u>see</u>, Rule 25(a):

> **Rule 25. Substitution of Parties**
>
> (a) Death.
>
> **(1) Substitution if the Claim Is Not Extinguished.**
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The instant action is under Appellate Court Review, not extinguished yet. Defendants also Amended their Appeal to same. Accordingly, Rule 25 must apply, and if no substitution till October 14, 2008, this Court or the Second Circuit Court of Appeal, whenever Jurisdiction fit, must Dismiss the

Entire Action. In the interim, all proceedings must Stay pending the substitution, including the Hearing Scheduled Ordered on July 18, 2008 at 2:00pm., as a matter of law.

| | |
|---|---|
| The Defendant<br>Mostafa Reyad<br><br>By _____<br>Mostafa Reyad<br>92 Aristotle Way<br>Cranbury, NJ 08512-2550<br>Phone : 201-621-3925<br>Reyad@optonline.net | The Defendant<br>Wafa Reyad<br><br>By _____<br>Wafa Reyad<br>92 Aristotle Way<br>Cranbury, NJ 08512-2550<br>Phone : 201-621-392E.mail:<br>E.mail:Reyad@optonline. |

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned date or before has served the attached document by mailing a true and correct copy to the following:

1- Attorney Rowena A. Moffett
   Brenner, Saltzman & Wallman
   271 Whitney Avenue
   New Haven, CT 06511
2- American Express IDS/Ameriprise Financial
   c/o Gene Kodadek, Esq.
   Ameriprise Financial
   70100 Ameriprise Financial Center
   Minneapolis, MN 55474

3- Variable Annuity Life Insurance Co.
   c/o Joshua Cohen, Esq.
   Day Pitney LLP
   One Audubon St.
   New Haven, CT 06511

Mostafa Reyad