# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff
v.
MOSTAFA REYAD and WAFA REYAD
Defendants

Civil Action No.
3:00CV835(CFD)

Date: JULY 14, 2008

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR EXEMPTIONS

This is the Memorandum of Law in Support of Defendants Mostafa Reyad and Wafa Reyad's Renewed Motion For Exemption.

# THE INSTANT MOTION TIMELY FILED

Pursuant to the laws of the Second Circuit, and , Federal Rules of Civil Procedures; [1] Rule 12(b)(6) (failure to state a claim upon which relief can be granted; [2] Rule 12(h)(2) (Failure to state a claim upon which relief can be granted, to join a person required by 19(b), or to state a legal defense to a claim may be raised: (A) In any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c) ; or (C) at trial) ;and [3] Pursuant the Doctrine of the

1

Supreme Court Decision; *Arbaugh v. Y&H Copr. dba The Moonlight Café* case number 04-944 (February 22, 2006):

The objection that a federal court lacks subject matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised at any stage in the litigation, even after trial and entry of judgment, Rule 12(h)(3). See Kontrick v. Ryan, 540U.S.443,455. By contract, the objection that a complaint "fail[s] to state a claim upon which relief can be granted" Rule 12(b)(6), endures only up to, not beyond, trial on the merits, Rule (h)(2). *Id*, 2nd para.

Pursuant to the above three authorities, Reyads are Entitled to submit their Legal Defenses at trial [at the hearing], in other words, the Instant Motion is Timely Filed Should be Reviewed At the Hearing Scheduled by this Court on July 18, 2008.

## THE GOVERNING LAW

This Court in its Wise Decision dated April 9, 2008 ( Order # 542), Ordered p.2, that " Connecticut law Applies" , to practice and procedure of executing the Rendered Judgment, Pursuant to Rule 69(a).  Indeed,  generally it does, however, under the circumstances of the instant action,  it does in part, and does not in the remaining parts. Reyads contend that the laws and practice of the forum state would apply, but, it would not apply if those laws and practice are  contrary to the U.S. Constitution, *see*. Section 1, the Fourteenth Amendment :

Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

That is to say, pursuant to the above Constitutional Section, the state of Connecticut laws and practice would not be enforced to abridge New Jersey citizens from their immunities granted by New Jersey laws protecting its citizens from Attachment or Any Other Process of Law for their Insurance Policies & Insurance Contracts, and Annuities, see, New Jersey Revised Statutes Sections 17B:24-6 Exempting Life Insurance Policies and Contracts, and 17B: 24-7 Exempting Annuities Contracts, see also, Slurszberg, 15N.J Missc.423,192 A. 451(February 11, 1936). Plaintiff offered in his opposition to exemptions dated August 7, 2007(Doc # 522) Pp.14-15, five precedents, four of the five precedents are irrelevant to the instant action, none of them discuss the exemption of other state laws and the availability of judgment in that other state, none discussed the Constitutional Concern of the Fourteenth Amendment as here, and more specifically none relates to insurance policies and annuities, and its characterization as not money in banks. The only precedent somewhat relevant to the instant action cited by Plaintiff is in Reyads' favor, see, Chicago, R.I. & P. RY.Co. v. Sturm, 174 Bu.s.710,717 (1899) ( *It was payable generally, and could*

3

*have been sued on in Iowa, therefore was attachable in Iowa.*) *Id* at 717. The circumstances of the instant action is completely 180 degree opposite, because, it is undisputed that Plaintiff had sued Defendants in their home state in New Jersey on the same day he filed its complaint in this Court [May 8, 2000]. Furthermore, Plaintiff has obtained from this Court an Order to Register the judgment in New Jersey. New Jersey Federal Court pended the proceedings *sua sponte*. That pending because New Jersey laws of exemptions bar the attachment or execution upon Life Insurance Policies and Annuities. <u>*Chicago's*</u> Court, *supra*, Decided " Exemption laws are not part of the contract. They are part of the remedy". The Supreme Court construed its Decision on the premise that plaintiff can sue and obtain a judgment in Iowa, it means that, the Supreme Court Decision would be Reversed if that plaintiff could not obtain a judgment in Iowa as here. The instant case, Plaintiff sued Defendants in New Jersey, and was barred to obtain a judgment attaching life insurance policies and annuities despite the fact, New Jersey attached same *ex-parte* on May 12, 2000 at the commencement of the action, before Defendants applied for exemption on June 6, 2000. Simply put, if Reyads ask Plaintiff's attorney, " Can a judgment creditor in the state of New Jersey who obtained a judgment in the amount of $75,000 foreclose on a debtor's principal residence in Connecticut, if the debtor has equity similar or less than the $ 75,000?"[Connecticut law of homestead exempt $ 75,000 equity in principal

4

residence]. The answer must be in the negative. The case at Bar is the reverse, and the response also must be in the negative.

The Exempted Properties pursuant to the above Constitutional defense are:

1. VALIC, The Variable Annuity Life Insurance Company, account number 4550744 [Plaintiff has withdrawn his claims as of July 11, 2008], Plaintiff should be sanctioned, has spent a lot of unethical efforts in vexatious litigation characterized by massive judicial waste.

2. EQUITABLE, the Equitable Life Assurance Society of the United States, Certificate number 98 501 734, in the amount about $ 150,000.

3. NEW ENGLAND, New England Financial, a MetLife Affiliate, contract number V 435143. [ It should be noted that Plaintiff has Admitted that the Sheriff is Holding the amount of $ 26,288]. Under the recent circumstances announced on July 11, 2008, that, the FDIC has seized IndMac Bank, sent the chairman of IndyMac bank home, and appointed a receiver. <u>Reyads hereby asking this Court to Order Plaintiff to return the said amount to NEW ENGLAND immediately, There is a clear imminent irreparable harm may further injure Defendants when the Second Circuit reach an Order Vacating the judgment.</u>

4- EQUITABLE, the Equitable Life Assurance Society of the United States, Policy number PN 86 097 685, a Whole Life Insurance Policy belongs to Mostafa Reyad, now has no cash value.

5- EQUITABLE, The Equitable Life Assurance Society of the United States, Policy number PN 86 108 388, a Whole Life Insurance Policy belongs to Wafa Reyad, now has no cash value.

There are another two exempt items not subject to the Constitutional defenses above, however, the two items are subject to exemption pursuant to Connecticut law as well as any other state law, *see*, Conn. Gen. Stat. 52-352b(r) which annotates : "Any interest of the exemptioner in any property not to exceed in value one thousand dollar."

i)   Bank of America belongs to Mostafa Reyad up to $ 1,000, Plaintiff has seized $ 748.74 must be Ordered to pay it back to Reyad.

ii)  Hudson United Bank belongs to Wafa Reyad up to $ 1,000, Plaintiff has seized $ 407.36 must be Ordered to pay it back to Mrs. Reyad.

## CONCLUSION

WHEREFORE, for the foregoing demonstration, the instant motion should be Granted as a matter of law:

6

1- Release the Exempted items 1-5 & i) and ii).

2- Order Plaintiff to turnover the amount of $ 26,288 immediately to NEW ENGLAND.

3- Order Plaintiff to pay back Mostafa Reyad the amount $ 748.74.

4- Order Plaintiff to pay back Wafa Reyad the amount $ 407.36.


The Defendant
Mostafa Reyad

By_____
Mostafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
Phone : 201-621-3925
E.mail: Reyad@optonline.net

The Defendant
Wafa Reyad

By_____
Wafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
Phone : 201-621-3925
E.mail:Reyad@optonline.net

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned dated or before has served the attached document by mailing a true and correct copy to the following:

1- Attorney Rowena A. Moffett
   Brenner, Saltzman & Wallman
   271 Whitney Aenue
   New Haven, CT 06511

2- American Express IDS/Ameriprise Financial
   c/o Gene Kodadek, Esq.
   Ameriprise Financial
   70100 Ameriprise Financial Center
   Minneapolis, MN 55474

3- Variable Annuity Life Insurance Co.
   c/o Joshua Cohen, Esq.
   Day Pitney LLP
   One Audubon St.
   New Haven, CT 06511

Mostafa Reyad