UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:00CV835(CFD) |
| v. | : |
| MOSTAFA REYAD and WAFA REYAD, | : |
| Defendants. | : JULY 18, 2008 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION
TO DECLARE PLAINTIFF'S DEATH AND STAY PROCEEDINGS**

Plaintiff IndyMac Bank, F.S.B. ("IndyMac") hereby objects to Defendants Mostafa Reyad and Wafa Reyad's Motion to Declare Plaintiff's Death and Stay All Proceedings dated July 14, 2008 (doc. # 556) seeking a declaration by this Court that IndyMac "has died" and requesting that all proceedings be stayed pending substitution of a new plaintiff. Defendants' latest motion is factually incorrect, without legal basis, and should be denied summarily.

On July 11, 2008, the Office of Thrift Supervision appointed the FDIC as Receiver for IndyMac Bank, F.S.B., transferred all of the insured deposits and substantially all of the assets of IndyMac Bank F.S.B. to a newly created institution, IndyMac Federal Bank, F.S.B., and appointed the FDIC as Conservator of the new IndyMac Federal Bank, F.S.B. See July 11, 2008 Order No. 2008-24 of Office of Thrift Supervision, attached hereto as Exhibit A, at 4. As part of this directive, the FDIC as Receiver for IndyMac Bank, F.S.B., the FDIC, and the FDIC as Conservator for the new

IndyMac Federal Bank, F.S.B. entered into a Purchase and Assumption Agreement dated July 11, 2008, attached hereto as Exhibit B, pursuant to which the new IndyMac Federal Bank, F.S.B. acquired, inter alia, all legal and equitable interest in receivables of IndyMac Bank, F.S.B., including the claims against the Defendants brought by IndyMac Bank, F.S.B. in the instant litigation. See Exhibit B, Section 3.1(k), at 13.

Thus, IndyMac Bank, F.S.B. has not "died" in any sense of the word. Defendants' reliance upon Fed. R. Civ. P. 25(a) is completely misplaced in any event, as "Rule 25(a) clearly refers to the death of a natural person and does not apply when a corporation dissolves." Unison Realty Corp. v. RKO Theatres, Inc., 35 F.R.D. 232, 234 S.D.N.Y. 1964).[1] Rather, Rule 25(c), which applies in the case of a transfer of interest which occurs during the pendency of the action, id., provides that "the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Such substitution is not required unless the court determines, in its discretion, that the transferee's presence would facilitate the case. 6 James Wm. Moore, Moore's Federal Practice (3d ed 2008) ¶ 25.34[2] at 25-52; Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 72 (3d Cir. 1993) (Rule 25(c) permits automatic continuation of a lawsuit with original corporate party). Thus, in the absence of a motion to substitute, the case may continue without a change in the parties. Moore's Federal Practice ¶ 25.34[2] at 25-52; American Centennial Ins. Co. v. Aseguradora Interracctiones S.A., 96 Civ. 4062 (JFK), 1987 U.S. Dist Lexis 19101, at * 11 (Dec. 1. 1997 S.D.N.Y.) (denying motion to dismiss action because although original

---

[1] Thus, the requirement in Rule 25(a) that a motion for substitution be made not later than 90 days after death is inapplicable.

plaintiff had assigned its interest in the contracts at issue in the action to a third party, Rule 25(c) "expressly permits [the original plaintiff] to either continue its prosecution of this action, or join or substitute the [transferee] in this action"); Unison Realty Corp., 35 F.R.D. at 233 (concluding that action could be continued by original corporate parties despite assignment of claims when there had been no motion for substitution).

Accordingly, there is no requirement that a party be substituted for IndyMac Bank, F.S.B. at this time, and there is no need to stay these proceedings. For these reasons, Defendants' Motion to Declare Plaintiff's Death and Stay All Proceedings should be denied.

INDYMAC BANK, F.S.B.

By: _____
David R. Schaefer (ct04334)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
271 Whitney Avenue
New Haven, CT  06511
Juris No. 06063
Tel. (203) 772-2600
Fax: (203) 562-2098
Email: dschaefer@bswlaw.com
Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served via United States first-class mail, postage prepaid, this 18th day of July, 2008 to all counsel and pro se parties of record as follows:

Mostafa Reyad
92 Aristotle Way
Cranbury, NJ  08512-2550

Wafa Reyad
92 Aristotle Way
Cranbury, NJ  08512-2550

_____
Rowena A. Moffett

m:\docs\04127\001\ab2324.doc