UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff
v.
MOSTAFA REYAD and WAFA REYAD
Defendants

Civil Action No.
3:00CV835(CFD)

Date: JULY 18, 2008

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTIVE RELIEF

This is Defendants' Mostafa Reyad and Wafa Reyad Memorandum of law in Support of Defendants' Emergency Motion For Injunctive Relief. Attorney Moffett has Abused the Process of Law and has Executed on Defendants' Exempt Properties, despite the stipulation of this Court Writs of Execution that the Executions are for non-exempt properties, and those Writs include certain form showing "Exemption Claim Form Property Execution". Defendants filed timely Motion For Exemption dated July 16, 2007(Doc# 511), currently Pending before this Court. Attorney Moffett did not wait until this Court Ruling and Executed on

1

Reyads' Exempt Properties. That by itself abuse of process and is contempt of this Court's Order. Defendants filed their motion to hold attorney Moffett in Contempt dated August 7, 2007 (Doc#518)[pending before this Court], she opposed the motion, and insisted on her violation of the law, defending herself by simply stating that the exempt funds are in hold with the Marshal, [there is no Marshal involved in this proceedings], While it was Unfair in August 2007, almost one year ago not to Rule upon Defendants' motion for Contempt, Now it is Unfair and Injustice, established by the Death of Plaintiff, exposing Defendants for Irreparable Harm for losing their exempt funds, which may be Defendants are entitled to those funds by Ruling in Defendants favor or Ruling involuntary dismissal of the action in case of no entity stepped in to carry the rights and obligations of the Dead Plaintiff in the due time. Attorney Moffett should be Held in Contempt, and must be Ordered to Turn Over Immediately all the asserted Funds Claimed Exempt by Defendants to the same places it were garnished from.

Abuse of Law

Attorney Moffett has abused the Process of Law in violation of Conn. Gen. Stat. Sec. 52-361b(e); annotates:

(e) Pending the hearing, the execution against the property shall be stayed. Such property, other than earnings, shall continue to be held by the person in possession subject to the determination of the court. No earnings claimed to be exempt or

2

subject to a claim for modification may be withheld from any employee until determination of the claim.

Attorney Moffett acted Contrary to the above subdivision, and directed the processor server whom she appointed and obtained this Court Approval for his appointment Pursuant to this Court Order Executed by the District Judge on June 25th 2007on Docket number 503, dated in its caption May 22, 2007 p.1. Endorsing Plaintiff's appointment of Sanford Levine to Serve Process. According to the Records of this action; (Doc#503), Mr. Levine is working under the direction of attorney Moffett, not under the direction of Connecticut State Marshal in this specific serving process. There is no provision of law nor supported case law giving him the capacity to hold funds as attorney Moffett incorrectly claiming, <u>see</u>, Conn. Gen. Stat. 52-361b(g); it annotates:

(g) Failure by a judgment debtor to file a claim under this section shall not relieve the judgment creditor or levying officer from liability for return of any exempt property which has been levied on or for payment to the judgment debtor of any proceeds realized from the sale thereof, provided title to any such exempt property sold at an execution sale shall remain in any bona fide purchaser thereof.

Pursuant to subdivision (g), Mr. Levine under the direction of attorney Moffett is holding unlawful money due to Defendants, he whom been appointed by this Court, must be Ordered by this Court to turn it over immediately to the same entity

from which he illegally obtained. Attorney Moffett should be Sanctioned by this Court for her persistence to act in violation of the law.

Irreparable Harm

Under the recent developed circumstances; Plaintiff named in this Caption has been Declared Dead as of July 11, 2008 at 3:30 pm. The United States Federal Deposit Insurance Corporation "FDIC", Seized Plaintiff's Bank, Closed its Operation and sent Plaintiff's Chairman Mr. Michael Perry home. Surprisingly, it appears that attorney Moffett is resisting the Legal Fact that FDIC seizure of a bank, means the bank is dead. This Court should note that attorney Moffett caused a lot of Judicial Waste in baseless attack against the Federally approved Wafa Reyad's Pension maintained with VALIC, apparently she is repeating that Judicial Waste again. Plaintiff's Death, until Plaintiff substitution by an entity emerge to carry Plaintiff's rights and obligations is an imminent threat of irreparable harm may injure Defendants, specifically if no substitution will emerge within the 90 days period mandated by Fed. R. Civ. P. Rule 25(a)(1). Interest of Justice Mandates Granting the instant Motion to avoid Unfair and Injustice Irreparable Harm to Defendants.

| | |
|---|---|
| The Defendant | The Defendant |
| Mostafa Reyad | Wafa Reyad |
| By_____ | By_____ |
| Mostafa Reyad | Wafa Reyad |
| 92 Aristotle Way | 92 Aristotle Way |
| Cranbury, NJ 08512-2550 | Cranbury, NJ 08512-2550 |
| Phone : 201-621-3925 | Phone : 201-621-3925 |
| E.mail: Reyad@optonline.net | E.mail:Reyad@optonline.net |

### CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned dated or before has served the attached document by mailing a true and correct copy to the following:

Attorney Rowena A. Moffett
Brenner, Saltzman & Wallman
271 Whitney Aenue
New Haven, CT 06511

By_____
   Mostafa Reyad
   92 Aristotle Way
   Cranbury, NJ 08512-2550
   E.mail: reyad@optonline.net