UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff
v.
MOSTAFA REYAD and WAFA REYAD
Defendants

Civil Action No.
3:00CV835(CFD)

Date: JULY 24, 2008

## MOSTAFA REYAD'S MEMORANDUM OF LAW

## IN SUPPORT OF MOTION TO SRIKE

This is the Memorandum of law in Support of Defendant Mostafa Reyad's Motion to Strike, Pursuant to Fed. R. Civ. P. Rule 12 (f), the Subdivision Stipulates:

(f) Motion To Strike

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

1

Although, the Hearing Held on July 18, 2008 was scheduled to hear Defendants' Motion For Exemptions, set up almost 10 weeks prior to the Subject Hearing, however, the Extraordinary Circumstances Appeared Suddenly Declaring Plaintiff's Death Necessitates Imposing the Stay to Any and All Proceedings, Except, Plaintiff's Substitution or Dismissal of the Action, no more and no less. The Honorable Court has Abused its Wise Discretion by Setting Aside Motion to Declare Plaintiff's Death, which Mandates Imposing Automatic Stay and Proceeded to motion for exemptions. That is a Reversible Error Should be Viewed by The Court.

**PLAINTIFF'S DEATH**

Just the announced information that Federal Authorities has Closed the Bank and sent his Chairman Home is enough news that Plaintiff has Died. The United States Regulatory(s) has Issued Public Information , that the Reason of Closing the Bank because the United States has Determined that there is no reasonable prospect of IndyMac Bank, F.S.B. becoming adequately capitalized without Federal Assistance *see*, (Doc# 558-2) p.3 of 6.   These Public Information has Shaken the Whole Nation, specifically Wall Street, and the Financial District. It is impossible that any Sophisticated   individual is not aware about it. The Court Presumably is

Aware about it, and under certain circumstances, may be not, but, Reyad did his home work, filed his Motion, and Communicated twice with the Chamber to be sure, that the Chamber is Aware. However, the Issue is Standing. If Plaintiff has Died, as it has been Affirmed by the two attachments filed by attorney Moffett on the Hearing (Doc # 558-2&-3), as a result of Plaintiff's Death, attorneys Moffett and Schaeffer have been Immediately Dressed Down Lack Standing. The only chance for any of them to regain Standing is the substitution of Plaintiff.

In this action, it is Impossible for either of them to regain Standing, because the United States has Declared, it will not purchase or obtain option to purchase any defensive litigation with respect to which the failed bank, i.e. IndyMac Bank, was a defendant or counter-defendant similar to the instant action, see, Article III, Subsection 3.4 and Subdivision 3.4(d) ( Doc # 558-3) p.20-21 of 71. Moreover, related to Standing, whom Attorney Moffett or attorney Schaeffer Representing to have the right to appear in This Court?, the answer is either no body or the dead Plaintiff, neither answer is acceptable under any circumstances. The Court should Conclude that Strike off that part is Judicially Reasonable under the circumstances.

**FRAUD UPON THE COURT**

Attorney Moffett who Lacks Standing to Appear in This Court, Appeared, and Committed Constructive Fraud Upon the Court, she Stated False Material Fact in an Attempt to Effectuate This Court Decision. She Stated that she has Communicated with FDIC'S Counsel whom Agreed For her to Proceed in this Litigation, in the Same Time, she Provided The Court by Official Documents of the United States, Affirming the Denial of FDIC to Participate in This Action, or Simply, Denial of being Substituted On behalf of the Seized Bank, that is to say the Dead Plaintiff. Reyad Believes that, attorney Moffett in some degree was successful in her Constructive Fraud, because, the Court did not Impose the Immediate Stay. Upon Review of this Motion, The Court Should Impose the Stay and Strike off that Part of the Hearing. The Court also in Its Own Initiative Should Sanction attorney Moffett by Disbarring her from This Court for at least 3 years.

## WHAT IS BEHIND THE FRAUD

Attorney Moffett Committed the Fraud Upon the Court, in order to obtain adverse Ruling against Reyad to cover up her criminal act of diverting the funds seized from Reyads before the Court Ruling upon Motion For Exemption. Attorney Moffett did not only diverted funds

contrary to the execution orders issued by the Clerk of This Court, but also it violates the Order Issued by the Court of Appeals For the Second Circuit dated October 16, 2007 attached hereto.

## **CONCLUSION**

The Court upon reviewing the Instant Motion , the Court must Strike Off Any and All attorneys Moffett' and Schaeffer' pleadings and discussions not pertinent to Plaintiff's Death nor Imposing the Stay.

The Defendant
Mostafa Reyad

By *(signature)*

Mostafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
Phone : 201-621-3925
E.mail:Reyad@optonline.

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned date or before has hand delivered a true and correct copy to Wafa Reyad, and has served the attached document by mailing a true and correct copy to the following:

Attorney Rowena A. Moffett
Brenner, Saltzman & Wallman
271 Whitney Avenue
New Haven, CT 06511

*(signature)*
Mostafa Reyad

D.Conn.
00-cv-835
Droney, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the ___16th___ day of ___October___, two thousand seven.

Present:
    Hon. Thomas J. Meskill,
    Hon. Robert A. Katzmann,
        *Circuit Judges,*
    Hon. Edward R. Korman,*
        *District Judge.*



Indymac Mortgage Holdings Inc., Indymac Inc.,

    *Plaintiffs-Counter-Defendants,*

Indymac Bank, FSB,

    *Plaintiff-Appellee,*

v.

    07-1256-cv (L)
    07-2307-cv (Con)

Mostafa Reyad, Wafa Reyad,

    *Defendants-Counterclaimants-*
    *Appellants.*

Appellants move to stay execution of a judgment in favor of the Appellee upon allegedly exempt properties. Upon due consideration, it is ORDERED that the motion is DENIED without prejudice to renewal. The Appellants have not requested this specific relief in the district court as required under Federal Rule of Appellate Procedure 8(a). Moreover, the Appellants have not demonstrated that a stay is needed to prevent irreparable harm given that only monetary assets are involved and because Connecticut law, under which the writs of execution were issued, provides that an automatic stay is in place based on the Appellants' filing of their motion for

OCT 1 6 2007

---

*The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

exemptions in the district court. *See* Conn. Gen. Stat. § 52-361b(e); *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998). This motion may be renewed following an appeal from the district court's ruling on the exemption motion. The Appellants should note that any future request for a stay should be made in the district court in the first instance.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *Lucille Carr*

SAO/ED