UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff  
v.  
MOSTAFA REYAD and WAFA REYAD  
Defendants

Civil Action No.  
3:00CV835(CFD)

Date: JULY 24, 2008

# DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DECLARE PLAINTIFF'S DEATH AND STAY ALL PROCEEDINGS

This is Defendants' Mostafa Reyad and Wafa Reyad Reply to " Plaintiff's Objection to Defendants' Motion to Declare Plaintiff's Death and Stay All Proceedings" dated July 18, 2008 (Doc # 558). Plaintiff incorrectly alleging that Defendants' motion is factually incorrect, and without legal basis. Surprisingly, Plaintiff attached to his objection two documents in support of Defendants' motion. The First Document  Affirming Plaintiff's Death and its Disappearance from the Corporate World , Plaintiff became Under-Capitalized, and has insufficient cash to pay its depositors, consequently Insolvent. The Federal Regulatory(s) have Dissolved Involuntarily its charter, and its power to act in any

1

respect. It has been Seized by the Federal Regulatory(s), and the Office of Thrift Supervision "OTS" and, Federal Deposit Insurance Corporation "FDIC" have Created a New Charter, changed Plaintiff's name to IndyMac Federal Bank , Vested in FDIC the Same Powers of the Board of Directors of the New Thrift. The Second Document Affirms that FDIC, the Appointed Receiver of IndyMac Bank, F.S.B, has Acquired Certain Assets and Certain Liabilities, and Clearly did not Acquire all Assets nor all Liabilities. Specifically, FDIC Declared very clearly that the Assuming Bank does not Purchase, or Obtain an Option to Purchase Any Defensive Litigation with Respect to which the Failed Bank was a Defendant or Counter-Claimant. Simply put, FDIC's Declaration Affirms that FDIC Will not Carry any Litigation to which IndyMac Bank, F.S.B. is or was Counter-Claimant Similar to the Instant Action. *See*, page 3 of this action Docket Sheet Naming IndyMac Mortgage Holdings, Inc. as a Counter-Claimant in the Instant Action. Furthermore, attorney Rowena A. Moffett stated in the Hearing Held by this Court on July 18, 2008 that FDIC Counsel agrees with her to continue defending this action. Attorney Moffett's last statement if it does not lack veracity, it is impossible to be true, because it is Completely Opposite to the Federal Document Provided therein as Plaintiff attached it to its objection. Accordingly, Defendants Motion to Declare Plaintiff's Death, and Stay All Proceedings Pending Substitution if Any, Must be Granted in its Entirety As a Matter of Law.

**The First Document**:

The First Document provided by Plaintiff as Exhibit A [(Doc#558-2) p.2-6], is a Constructive Notice to All Americans, issued by OTS, Order No.:2008-24, Declaring , *inter alia*, that, Plaintiff's named bank has insufficient cash and liquid assets convertible to cash necessary to pay the expected withdrawal demands of its depositors, is not well capitalized, and there is no reasonable prospect that Plaintiff's bank becoming capitalized without Federal assistance. Furthermore, at p.4 of 6, the Director or his Designee has Considered , *inter alia,* the factors set forth in section 18(c) of FDIA, 12 U.S.C. Sec. 1828 (c), and 12 C.F.R. Sec.563.22 with respect to the Acquisition of Certain Assets and Assumption of Certain Liabilities of Plaintiff's bank by the New Thrift, the New Thrift may immediately Acquire the Assets and Assume the Liabilities Determined to be Appropriate by the FDIC, and FDIC will exercise its authority to act as the board of directors of the New Thrift.

The Document shows without any reasonable doubt, the actions been taken by the Regulatory(s) in exercising their powers pursuant to the Federal Statutes as well as the Code of Federal Regulations are Perfecting Involuntary Dissolutions of Plaintiff's bank and corporation. The Order 2008-24 is a Declaration of Death of IndyMac Bank, the Federal Government toke over its assets and liabilities in order

to protect depositors and the Public at Large. It is Critical to notice, at p.4 of 6, that the Regulatory(s) in exercising their Power pursuant to the above two provisions has Acquired Certain Assets and Assumed Certain Liabilities, Seems to be Appropriate by the Regulatory(s) . The Document also shows, pursuant to 12U.S.C.Sec. 1464(e) the Regulatory(s) has Determined the Charter for a New Bank should be Issued. Thus, IndyMac Bank, F.S.B. has no power to act in any respect, and did or did not consent to the transfer of assets nor liabilities because his status as Dead as of July 11, 2008, at 3:30 p.m. Eastern Standard Time which is the time of Issuing the Order 2008-24.

Attorney Moffett's incorrect and vague statement at the second page of her last objection, she states " Thus, IndyMac Bank, F.S.B. has not 'died' in any sense of the word".  Attorney Moffett's statement  must be Rejected as well as Strike off, as wrongful interpretation, improper, unacceptable and incorrect statement. <u>See</u>, <u>Merriam Webster</u> Dictionary on line for the Definition of "Dead":

Main Entry:
    ¹**dead** 🔊
Pronunciation:
    \'ded\
Function:
    *adjective*

Etymology:
    Middle English *deed,* from Old English *dēad;* akin to Old Norse *dauthr* dead, *deyja* to die, Old High German *tōt* dead — more at DIE

Date:
    before 12th century

**1**: deprived of life : no longer alive **2 a (1)**: having the appearance of death : DEATHLY <in a *dead* faint> **(2)**: lacking power to move, feel, or respond : NUMB **b**: very tired **c (1)**: incapable of being stirred emotionally or intellectually : UNRESPONSIVE <*dead* to pity> **(2)**: grown cold : EXTINGUISHED <*dead* coals> **3 a**: INANIMATE, INERT <*dead* matter> **b**: BARREN, INFERTILE <*dead* soil> **c**: no longer producing or functioning : EXHAUSTED <a *dead* battery> **4 a (1)**: lacking power or effect <a *dead* law> **(2)**: no longer having interest, relevance, or significance <a *dead* issue> **b**: no longer in use : OBSOLETE <a *dead* language> **c**: no longer active : EXTINCT <a *dead* volcano> **d**: lacking in gaiety or animation <a *dead* party> **e (1)**: lacking in commercial activity : QUIET **(2)**: commercially idle or unproductive <*dead* capital> **f**: lacking elasticity <a *dead* tennis ball> **g**: being out of action or out of use <the phone went *dead*>; *specifically* : free from any connection to a source of voltage and free from electric charges **h (1)**: being out of play <a *dead* ball> **(2)**: temporarily forbidden to play or to make a certain play in croquet

The definition includes multiple explanations, all of these explanations are describing the Current Dead Status of IndyMac as of July 11, 2008, more specifically **b** no longer producing or functioning, lacking power or effect, no longer active, and no longer in use.

Attorney Moffett continued desperately her vague and incorrect statement, misreading Fed. R. Civ. P. Rule 25(a) (1), it stipulates:

**Rule 25. Substitution of Parties**

(a) Death.

> **(1) Substitution if the Claim Is Not Extinguished.**
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Attorney Moffett  Incorrectly explaining that the  provision  clearly refers to the death of a natural person and does not apply when a corporation dissolves. The Rule Stipulates  " *If a party dies* ", the Rule does not stipulate, if an individual or natural person dies, and <u>see</u>, Notes Of Advisory Committee on Rules, Amended October 20, 1949; July 19, 1961; July 1st, 1963; and August 1, 1987. Furthermore, this Court have used the word(s) party(s)  referring to IndyMac Bank, F.S.B. as a party, <u>see</u>, Memorandum of Decision Ordered by the District Judge dated July 26,2006(Doc# 466) p. 15, second line " <u>*The parties shall submit memorandum addressing the appropriate amount of punitive damages and attorney's fees owed.*</u> " . Thus, attorney Moffett's last statement must be rejected. Rule 25 (a) (1) must apply, and Declaratory Judgment should be Issued Declaring the Death of Plaintiff, the Court must Impose the Stay, and the Court should Grant the 90 days Period Mandated by the Rule which will Expire October 14, 2008 to Allow Plaintiff's Substitution, if any.   Pursuant to the Rule, if Plaintiff would not be

Substituted on or before October 14, 2008, the Entire Action Must Be Dismissed as a Matter of Law.

Attorney Moffett who Suggested in vague that Rule 25 (a) (1) is not applicable, further suggests that Rule 25(c) to be applied in the case of transfer which occurs during the pendency of the action, <u>see</u>, Rule 25 (c), it Stipulates:

> (c) Transfer of Interest.
>
> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Rule 25 (c) as it reads " If an interest is transferred, the action may be continued by or against the original party". First, the word "an interest", means certain part owned by a party, not all his or her interest. Second, the Regulatory(s)' Involuntary Seizure is for every interest the Dead Bank owned not for an interest. However, Pursuant to Federal Statute and Code of Federal Regulations which Empower FDIC to Select in its Seizure Certain Assets and Assumption of Certain Liabilities, FDIC has Exercised its Power, and Denied Certain Assets Not Acquired by the New Chartered Bank. Third, the original party is dead, and it is well known that, no proceedings for dead.

**The Second Document**

The Second Document Provided by Plaintiff as Exhibit B[ (Doc #558-3) Pp. 1-71], is "**The Insured Deposit Purchase and Assumption Agreement**", Issued by FDIC in its Three Capacities, see, p.2 of 71 ; 1) FDIC as a Receiver for the Dead bank; 2) FDIC in its General Power; and 3) FDIC as Conservator for the Dead bank, and see, p.48 of 71, the Execution Signatory by Mr. Mitchell Glassman in his Three Capacities. The Document as it reads in its Title, is a Declaration For Insured Deposits, and the methodology to perfect that insurance. However, Article III, Pp. 18-25, is the only Relevant part to the instant action.

Attorney Moffett misread and misinterpreted Article III, Section 3.1(k), p. 19 of 71, she states in the second page of her objection "pursuant to which [referring to the Second Document], the New IndyMac Federal Bank, F.S.B. acquired, inter alia, all legal and equitable interest in receivables of IndyMac Bank, F.S.B., including the claims against the Defendants brought by IndyMac Bank, F.S.B. in the instant litigation".  Attorney Moffett who admitted in her objection, the pendency of this action, should be aware that, there is no receivables due to the Failed Bank in any respect, at least and until the Court of Appeals Ruling. It appears that, attorney Moffett either did

not read carefully the documents she provided, or has a bad faith intended to frustrate this Court. <u>See</u>, Article III, Sec. 3.4 p.21 of 71, it reads:

**3.4 <u>Assets Not Acquired by Assuming Bank</u>**. <u>The Assuming Bank does not purchase, or obtain an option to purchase under this agreement:</u>

<u>At (d) p. 21 of 71, Subdivision (d) of Subsection 3.4 reads: (d) any defensive litigation with respect to which the Failed Bank was a defendant or counter-claimant.</u>

The Records of this action showing that IndyMac Mortgage Holdings, Inc. as a Counter-Claimant, <u>see</u>, the Docket Sheet of the instant action at page 3, it reads the same. The said Subdivision is a Declaration by the United States that, FDIC nor any other Regulatory Agency Accepts to be Substituted in any legal action in which the Failed Bank named as a defendant or Counter-Claimant. It is Affirmative Decision that FDIC does not accept to be Substituted in the Instant Action as well as in any other Similar action under same circumstances.

WHEREFORE, Defendants' Motion to Declare Plaintiff's Death and Stay all Proceedings Pending Substitution, Must be Granted. Plaintiff has up to October 14, 2008 to file its motion for substitution or the action be Dismissed as a matter of law.

The Defendant  
Mostafa Reyad

By *(signature)*

Mostafa Reyad  
92 Aristotle Way  
Cranbury, NJ 08512-2550  
Phone : 201-621-3925  
Reyad@optonline.net

The Defendant  
Wafa Reyad

By *(signature)*

Wafa Reyad  
92 Aristotle Way  
Cranbury, NJ 08512-2550  
Phone : 201-621-3925  
E.mail:Reyad@optonline.

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned date or before has served the attached document by mailing a true and correct copy to the following:

    Attorney Rowena A. Moffett  
    Brenner, Saltzman & Wallman  
    271 Whitney Avenue  
    New Haven, CT 06511

*(signature)*

Mostafa Reyad