UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

Plaintiff  
v.  
MOSTAFA REYAD and WAFA REYAD  
Defendants

Civil Action No.  
3:00CV835(CFD)

Date: JULY 30, 2008

## DEFENDANTS' OBJECTION TO [PROPOSED] TURNOVER ORDER

Defendants Mostafa Reyad and Wafa Reyad, hereby Respectfully Object to the "[Proposed] Turnover Order" filed by attorney Rowena A. Moffett dated July 25, 2008[ to the time of preparation of this objection, the said document was not in the records, accordingly, a copy is attached hereto]. The [Proposed] filed showing that attorney Moffett is acting on her own personal capacity, not an attorney representing her client. The said [Proposed] must be Denied, and must be Strike Off as a Matter of Law.

## ATTORNEY MOFFETT ACTING ON HER PERSONAL CAPACITY

First, the Document filed does not include her signature as representing the above captioned named Plaintiff. It is only her signature on her own personal

1

capacity. Even if she signed as an attorney for the named Plaintiff, is still her own capacity, because there no existing Plaintiff has any power to make, take , defend or anything else. Second, The United States has Dissolved that Bank and its Corporation on July 11, 2008, and Sent their chairman home, and Authorized FDIC To take All Control without Any Exception. *See*, Order No. : 2008-24 Issued by the United States Office Of Thrift Supervision ( Doc # 558-2) Pp.2-6. It is the United States Declaration of Dissolution of IndyMac Bank F.S.B. As Of July 11, 2008. It is the United Stated Declaration of Plaintiff's Death. Of course attorney Moffett does not represent FDIC. Moreover, the United States FDIC has Declared that, it does not Purchase, or Obtain an Option to Purchase Any Defensive Litigation to which the failed bank is or was a defendant or Counter-Defendant.

*See*, FDIC Agreement at **Article III, Sec. 3.4** p.20-21 of 71( Doc #558-3), it reads:

> **3.4  Assets Not Acquired by Assuming Bank**.  The Assuming Bank does not purchase, or obtain an option to purchase under this agreement:
>
> At (d) p. 21 of 71, **Subdivision (d) of Subsection 3.4 reads**: (d)  any defensive litigation with respect to which the Failed Bank was a defendant or counter-claimant.

And *see*, p. 3 of the instant action docket sheet, it listed IndyMac Mortgage Holdings, Inc. as Counter-Claimant. It is a Clear Declaration that FDIC Will

2

not be substituted in the instant action or similar action under same circumstances. The Court should Conclude that, attorney Moffett Lacks Standing to represent the Defunct Bank and/or its Defunct corporation. Attorney Moffett's [Proposed] Turnover Order Must be Denied and Strike Off as a Matter of Law.

## ARTICLE III OF U.S. CONSTITUTION

Article III of the United States Constitution, Empower this Court to Review; 1) controversy between parties, i.e. between 2)plaintiff(s) and 3) defendant(s). In the absence of any of the three, there is no jurisdiction. Here, there is no existence of plaintiff by the operation of law Exercised by FDIC Pursuant to 12 U.S.C. Sec. 1828 <u>et seq</u> and 12C.F.R. Sec. 563.22. <u>et seq</u>. Simply put, the Judicial Machinery is Unable to Function caused by Plaintiff's Death. <u>See</u>, also Fed. R. Civ. P. Rule 25(a)(1), and <u>see</u>, Fed. R. App. P. Rule 43(a)(1) Death of a Party After Notice of Appeal is Filed. Moreover, <u>see</u>, <u>Seymour Levine v. Max E. Greenberg, et al,</u> case number 97-9409(2nd Cir. September 15, 1998)

In their respective motion papers, each side appears to misunderstand the law that we apply in adjudicating substitution motions. The appellees apprehend that Fed. R. Civ. P. 25(a)(1) governs this matter. In pertinent part, Rule 25(a)(1) provides that

[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party, and together with notice of the hearing, shall be served on the parties. . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Because appellant elliptically mentioned the death of Naomi Reiss in the October 28, 1997 notice of appeal (by referring to her "estate"), appellees argue that a substitution motion had to be filed within the ensuing ninety days. Levine appears to accept that under Rule 25(a)(1), his substitution motion would be untimely. He argues, however, that state-rather than federal-law should govern the period for succession, and that the applicable New York rule would render his motion timely.

Neither position is correct. We have previously recognized that the Federal rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law. *See Iovino v. Waterson*, 274 F.2d 41 (2d Cir. 1959) (Friendly, J.); *see also Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 295-96 (2d Cir. 1966) (applying Rule 25(a)(1) to a motion to dismiss for failure to substitute deceased's administrator in diversity action); 7C Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1952, at 526 (2d ed. 1986) (Fed. R. Civ. P. 25(a)(1) is purely procedural, and thus should be applied even in diversity cases). But the appellees are equally mistaken in suggesting that we are required-or even permitted-to dismiss pursuant to Fed. R. Civ. P. 25(a)(1). While Rule 25(a)(1) governs substitution motions filed before the *district court*, substitution motions made before the court of appeals are decided under Fed. R. App. P. 43. *See* 6 James Wm. Moore *et al.*, *Moore's Federal Practice* § 25.10[7][c] (3d ed. 1998). Unlike Fed. R. Civ. P. 25(a)(1), Rule 43 does not specify any time period for substitution. And in any event, even if we were to conclude that the ninety-day period from Fed. R. Civ. P. 25(a)(1) should apply here, there is no evidence in the record to suggest that "a statement of the fact of the death" has been properly served in accordance with Fed. R. Civ. P. 25(a)(1); accordingly, the record does not allow us to conclude that the ninety-day period under that rule would have begun to run. Moreover, it does not appear that appellants have suffered any prejudice from Levine's delay in making his substitution motion.

Certainly, Attorney Moffett has misunderstanding as explained in <u>Levine's</u> case, *supra*, however, it is clear that, attorney Moffett's misunderstanding is

extremely broad. She mistakenly believes that Rule 25(a)(1) applies only to natural individual(s), mis-explaining the stipulation of the Rule to the word party, she does not believe that corporation(s) would die when it dissolved either voluntary by its own deed or involuntary by the operation of law, typical to what happened to the named Plaintiff. As a result of the above discussion, attorney Moffett's appearance in the instant action effective July 11, 2008, is Limited only to a motion for substitution of Plaintiff, if any, by a party to carry Plaintiff's rights as well as Plaintiff's liabilities, other than that her appearance is illegitimate null and void, as a matter of law.

## ATTORNEY MOFFETT MISUNDERSTANDS ORDER 560

This Court has issued on July 18, 2008, its Order(Doc # 560), Entered on July 23, 2008. The Order: The Court is Taking Under Advisement 4 Motions; 1) [521]Motion for turnover Order filed by IndyMac Bank, F.S.B.; 2) [535]Motion for exemptions; 3) [556] Motion to Declare Plaintiff's Death; and 4) [557] Renewed Motion for Exemptions. Although, the Court's Order 560 Stipules "Taking Under Advisement" has a broad meaning, it never be explained that, the Court is Waiting any Party to write its Order for the Under Advisement Motions as well as Subsequent Motions as attorney Moffett did in her [Proposed] Turnover Order. Attorney Moffett went above the line, contrary to the Federal Rules to avoid

her response to two Defendants' motions ; 1) Defendants' Motion For Injunctive Relief dated July 18, 2008 (Doc# 559)[response due by 8/8/2008]; and 2) Mostafa Reyad's Motion to Strike, dated July 24, 2008 ( Doc # 561)[response due by 8/14/2008]. Attorney Moffett unethical tactics must be rejected, if she does not respond in the due time, both motions should be Granted as ordinarily, however, under the present circumstances, it may not be Granted nor Denied, the proper adjudication is both motions as well as all proceedings to Stay Under Advisement until the substitution may appear on or before July 14, 2008, and if no substitution, the Entire Action Must be Dismissed as a Matter of Law.

## CONCLUSION

WHEREFORE, Attorney Moffett limited Standing, preclude the submitted document labeled "[Proposed] Turnover Order, the said document must be Denied and must be Strike Off".

| | |
|---|---|
| The Defendant<br>Mostafa Reyad<br><br>By _____<br>Mostafa Reyad<br>92 Aristotle Way<br>Cranbury, NJ 08512-2550<br>Phone : 201-621-3925<br>Reyad@optonline.net | The Defendant<br>Wafa Reyad<br><br>By _____<br>Wafa Reyad<br>92 Aristotle Way<br>Cranbury, NJ 08512-2550<br>Phone : 201-621-3925<br>E.mail:Reyad@optonline. |

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned date or before has served the attached document by mailing a true and correct copy to the following:

    Attorney Rowena A. Moffett
    Brenner, Saltzman & Wallman
    271 Whitney Avenue
    New Haven, CT 06511

                                                                Mostafa Reyad

# Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

NEWTON D. BRENNER (1934-2006)
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
MITCHELL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.
ROWENA A. MOFFETT
JAMES E. ROSENBLUTH

SUZANNE H. ALDERMAN
SEAN M. FISHER
RONALD A. SOCCOLI, JR.

OF COUNSEL:
SHARON KOWAL FREILICH
HOLLY WINGER

*Rowena A. Moffett*
*rmoffett@bswlaw.com*
*Fax: 203.772.4008*

July 25, 2008

**VIA HAND DELIVERY**
The Honorable Christopher F. Droney
U.S. District Court, District of Connecticut
450 Main Street
Hartford, CT  06103

Re:  IndyMac Bank, F.S.B., v. Mostafa Reyad and Wafa Reyad
     Civil Action No. 3:00CV835(CFD)

Dear Judge Droney:

    Enclosed is a paper and electronic copy of a Proposed Turnover Order, which has been filed with the Court today.  For the Court's convenience, the enclosed electronic copy is in "word" format.

    Thank you for your consideration of this matter.

Sincerely,

Rowena A. Moffett

RAM:jr
Enclosures

cc:  Mostafa Reyad
     Wafa Reyad

m:\docs\04127\001\ab5023.doc