UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDYMAC BANK, F.S.B., | CIVIL ACTION NO. |
| Plaintiff, | 3:00CV835(CFD) |
| v. | |
| MOSTAFA REYAD and WAFA REYAD, | JULY 25, 2008 |
| Defendants. | |

**[PROPOSED] TURNOVER ORDER**

WHEREAS, Plaintiff IndyMac Bank, F.S.B. has filed a Motion for Turnover Order dated August 7, 2007 (doc. # 521);

WHEREAS, Defendants Mostafa and Wafa Reyad have filed a Motion for Exemptions dated July 16, 2007 (doc. # 511); a Renewal Motion for Exemptions dated November 1, 2007 (doc. # 535); a Motion to Declare Plaintiff's Death and Stay All Proceedings dated July 18, 2008 (doc. # 556); a Renewed Motion for Exemptions dated July 14, 2008 (doc. # 557); and an Emergency Motion for Injunctive Relief dated July 18, 2008 (doc. # 559);

WHEREAS, on April 9, 2008, the Court issued an Order Re: Motion for Exemptions and Motion for Turnover Order (doc. # 542), in which the Court held that the following assets of the Defendants were not exempt from execution:

    a.    American Express IDS Life Insurance Company Annuity Contract # 9300-05963622; and

      b.    Aetna Life Insurance and Annuity Company Annuity Contract # 5625307900032.

WHEREAS, on July 14, 2008, Plaintiff filed a Supplement to its Motion for Turnover Order (doc. # 554), withdrawing its challenge to the Defendants' exemption claim only with respect to the Variable Annuity Life Insurance Company ("VALIC") Annuity Contract # 4550744;

WHEREAS, on July 18, 2008, the Court held a hearing addressing the above referenced motions in accordance with Conn. Gen. Stat. §§ 52-361b(d), 52-367b(f), 52-356b;

WHEREAS, Defendant Mostafa Reyad thereafter filed a Motion to Strike dated July 24, 2008 (doc. # 561);

WHEREAS, after due consideration, the Court hereby ORDERS:

    1.    With respect to Defendants' Motion for Exemptions dated July 16, 2007 (doc. # 511); Renewal Motion for Exemptions dated November 1, 2007 (doc. # 535); and Renewed Motion for Exemptions dated July 14, 2008 (doc. # 557), Defendants' claims that the following assets are exempt from execution are hereby OVERRULED, and Plaintiff may proceed immediately with execution upon these assets:

      a.    The Equitable Life Assurance Society of the U.S. Annuity Contract # 98 501 734;

      b.    New England Life Insurance Company Annuity Contract # V435143;

      c.    Fleet (Bank of America) Bank Account of Mostafa Reyad;

      d.      Hudson United (TD BankNorth) Bank Account of Wafa Reyad;

      e.      Equitable Life Insurance Policy # 86 097 685;

      f.      Equitable Life Insurance Policy # 86 108 388;[1]

2.    With respect to the Defendants' automobiles for which they have requested an exemption from execution, because IndyMac has not yet sought to levy these assets to satisfy its judgment, the defendants' exemption claim with respect to these assets is DENIED as moot.

3.    Plaintiff's Motion for Turnover Order (doc. # 521) is GRANTED with respect to American Express IDS/Ameriprise Financial ("American Express").[2] Accordingly, American Express is ordered to pay to IndyMac the account cash surrender value of the American Express IDS Life Insurance Company Annuity Contract # 9300-05963622, which asset was subject to garnishment but which funds improperly were released to the Defendants, plus the guaranteed interest on the contract through the date of service of the writ of execution on June 27, 2007. Additionally, American Express is ordered to pay IndyMac its attorney's fees and costs associated with litigating its turnover motion with respect to this asset. IndyMac is directed to submit an affidavit of attorney's fees and costs.

4.    The Settlement and Stipulation entered into by and between VALIC and Plaintiff dated June 23, 2008 and appended as Exhibit A to the Supplement

---

[1] Equitable has agreed to replace loans improperly distributed to the Defendants while the assets were subject to garnishment and to pay those funds to IndyMac subject to this Court's ruling on the Defendant's exemption motion.
[2] As indicated above, IndyMac withdrew its request for turnover order with respect to VALIC.

3

to Plaintiff's Motion for Turnover Order dated July 11, 2008 (doc. # 554), is SO ORDERED.

5. The Clerk is directed to notify American Express and VALIC of this Order at the addresses listed below:

American Express IDS/Ameriprise Financial
c/o Gene Kodadek, Esq.
Ameriprise Financial
70100 Ameriprise Financial Center
Minneapolis, MN 55474

Variable Annuity Life Insurance Co.
c/o Joshua Cohen, Esq.
Day Pitney LLP
One Audobon St.
New Haven, CT 06511

6. Defendants' Motion to Declare Plaintiff's Death and Stay All Proceedings (doc. # 556) is DENIED.

7. Defendants' Emergency Motion for Injunctive Relief (doc. # 559) is DENIED.

8. Defendants' Motion to Strike (doc. # 561) is DENIED.


SO ORDERED this ____ day of _____ 2008, at Hartford, Connecticut.


CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served via United States first-class mail, postage prepaid, this 25th day of July, 2008 to all counsel and pro se parties of record as follows:

    Mostafa Reyad
    92 Aristotle Way
    Cranbury, NJ  08512-2550

    Wafa Reyad
    92 Aristotle Way
    Cranbury, NJ  08512-2550

_____
Rowena A. Moffett