UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-00-cv-835 (CFD) |
| | : | |
| MOSTAFA REYAD, ET AL | : | AUGUST 27, 2008 |

**TURNOVER ORDER AND RULINGS**
**ON VARIOUS MOTIONS**

The court hereby **ORDERS**:

1. With respect to defendants' Motion for Exemptions dated July 16, 2007 (Dkt. #511); Renewal Motion for Exemptions dated November 1, 2007 (Dkt. #535); and Renewed Motion for Exemptions dated July 14, 2008 (Dkt. #557), defendants' claims that the following assets are exempt from execution are hereby OVERRULED. The motions are DENIED, and plaintiff may proceed immediately with execution upon the following assets:

   a. The Equitable Life Assurance Society of the U.S. Annuity Contract #98 501 734;
   b. New England Life Insurance Company Annuity Contract #V435143;
   c. Bank of America bank account of Mostafa Reyad;
   d. TD BankNorth bank account of Wafa Reyad;
   e. Equitable Life Insurance policy #86 097 685;
   f. Equitable Life Insurance policy #86 108 388[1]

2. With respect to the defendants' automobiles for which they have requested an exemption from execution, because IndyMac has not yet sought to levy these assets to satisfy its judgment, the defendants' exemption claim with respect to these assets is DENIED as moot.

---

[1] Equitable has agreed to replace loans improperly distributed to the defendants while the assets were subject to garnishment and to pay those funds to IndyMac subject to this Court's ruling on the defendants' exemption motion.

3.    Plaintiff's Motion for Turnover Order (Dkt. #521) is GRANTED with respect to American Express IDS/Ameriprise Financial ("American Express").[2] Accordingly, American Express is ordered to pay to IndyMac the account cash surrender value of the American Express IDS Life Insurance Company Annuity Contract #9300-05963622, which asset was subject to garnishment but which funds improperly were released to the defendants, plus any interest on the contract through the date of service of the writ of execution on June 27, 2007.[3]

4.    The Settlement and Stipulation entered into by and between VALIC and plaintiff dated June 23, 2008 and appended as Exhibit A to the Supplement to plaintiff's Motion for Turnover Order dated July 11, 2008 (Exhibit A to Dkt. #554), is SO ORDERED.

5.    The Clerk is directed to notify American Express and VALIC of this ORDER at the addresses listed below:

American Express IDS/Ameriprise Financial
c/o Gene Kodadek, Esq.
Ameriprise Financial
70100 Ameriprise Financial Center
Minneapolis, MN 55474

Variable Annuity Life Insurance Co.
c/o Joshua Cohen, Esq.
Day Pitney LLP
One Audobon Street
New Haven, CT 06511

6.    Defendants' Motion to Declare Plaintiff's Death and Stay All Proceedings (Dkt. #556) is DENIED.

7.    Defendants' Emergency Motion for Injunctive Relief (Dkt. #559) is DENIED.

---

[2] IndyMac withdrew its request for turnover order with respect to VALIC.

[3] IndyMac may subsequently move for its attorneys' fees associated with its turnover motion as to the American Express annuity.

8. Defendants' Motion to Strike (Dkt. #561) is DENIED.


**SO ORDERED.**

Dated at Hartford, Connecticut this 27th day of August, 2008.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge