UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INDYMAC BANK, F.S.B.

 Plaintiff
v.
MOSTAFA REYAD and WAFA REYAD
Defendants

Civil Action No.
3:00CV835(CFD)

Date: September 2, 2008

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO STAY IMMEDIATE EXECUTION ON REYADS' EXEMPTED PROPERTIES PENDING APPELLATE RULING ON EMERGENCY MOTION TO STAY IMMEDIATE EXECUTION ON REYADS' EXEPMTED PROPERTIES

This is the Defendants Mostafa Reyad's and Wafa Reyad's Memorandum of law in Support of the accompanied  " Emergency Motion to Stay Immediate Execution On Reyads' Exempted Properties  Pending Appellate Court Ruling On '*Emergency Motion To Stay Immediate Execution On Reyads' Exempted Properties*' ", filed concurrently. The Stay requested herein,  Pending the Ruling by the Court of Appeals on Defendants' motion filed and entered in the Court of Appeals due to its emergency status via fax transmission on Friday 29, 2008. The Defendants' motion in the Court of Appeal is a renewal motion for exemption allowed and been invited by the Court of Appeal in its Order dated October 16, 2007; attached hereto.

1

**Brief   Back Ground Related To The Instant Motion**

This Court, Unfairly Ordered Attachment on every dollar Defendants can claim including the Defendants' Exempted Properties for a period of time more than 8 full years. For more than 8 years, Defendants applied to this Court to lift the Attachment on the Exempted Properties, all  Denied without any Court's Explanation Blocking any avenue for Reconsideration. On August 27, 2008 (Doc#566), this Court Issued Its Order For Immediate Execution on Reyads' Exempted Properties, including Defendants' Life Insurance Policies, without Explanation of Departure of the Applicable Laws. That Departure, and Confiscation of life insurance policies for a general creditor who has no interest in those insurance policies is erroneous, it is the first precedent  in the Federal Judicial System as well as any State Judicial System, and specifically Contrary to the law of Connecticut the forum State, <u>see</u>, <u>Conn. Gen. Stat. Sec. 38a-453</u>. The Court may have the Jurisdiction in certain circumstances to Depart, but, the Court must Draw Inference or   stipulate the reason of that Departure, not only to the litigant, but also to the Court of Appeals if the litigant may appeal, similar to the current situation.  This Court has erred by Exceeding its Jurisdiction, Ordering Immediate Execution on Reyads' asserted Exempted properties, contrary to Rule 62(a), which allows automatic stay for 10 days:

Rule 62. **Stay of Proceedings to Enforce a Judgment**

(a) Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings.

Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

(1) an interlocutory or final judgment in an action for an injunction or a receivership; or

(2) a judgment or order that directs an accounting in an action for patent infringement.

It appears to be, that, the Court has Departed from Rule 62(a), and Applied the Exception of Receivership, due to the named Plaintiff's current status in receivership. If it is the case, it would be an error, <u>see</u>, Notes to Rule 62:

NOTES TO <u>RULE 62</u>

**HISTORY: (Amended Mar. 19, 1948; Oct. 20, 1949; July 19, 1961; Aug. 1, 1987)**

**Notes of Advisory Committee on Rules.**

**Note to Subdivision (a).**

The first sentence states the substance of the last sentence of USC, Title 28, former § 874 (Supersedeas). The remainder of the subdivision states the substance of the last clause of USC, Title 28, former § 227 (Appeals in proceedings for injunctions; receivers; and admiralty), and of former § 227a (now §§ 1292, 2107) (Appeals in suits in equity for infringement of letters patent for inventions; stay of proceedings for accounting), but extended to include final as well as interlocutory judgments.

And <u>see</u>, 28 U.S.C.1292, Subsection (a), Subdivision (2):

**Section 1292. Interlocutory decisions**

```
(2) Interlocutory orders appointing receivers, or refusing
    orders to wind up receiverships or to take steps to accomplish
```

```
          the purposes thereof, such as directing sales or other disposals
          of property;
```

Thus, the Rule's Exception is not applicable to the instant action.

Moreover, if the Court Applied certain provision(s) of Connecticut the Forum State pursuant to Rule 69(a) to establish an exception, it would be also an error, <u>see</u>, <u>Dolores Schneider v. National Railroad Passenger Corp</u>., case number 95-7435(Dec.8, 1995, 2nd Cir.), at Discussion:

We first note that Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable "statute of the United States." This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes. 28 U.S.C.A. § 2072 (West 1994); <u>see also Oklahoma Radio Assocs. v. Fed. Deposit Ins. Corp.</u>, 969 F.2d 940, 942 (10th Cir. 1992); Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3012 (1973 & 1994 Supp.) Thus, under Rule 69(a) "if there is an applicable federal statute, it is controlling, as is also any relevant Civil Rule, since those rules have the force of a statute." Wright & Miller § 3012.

The mere fact, neither Reyads nor the Court of Appeals may predict the Rational Inference behind this Court's Decision to Depart from Rule 62(a), and Order Immediate Execution contrary to the 10 days prescribed by the Rule. Pursuant to the law, this Departure without inference to that Decision Establishes Nullifying the Order. However, the instant motion is to Stay the Order Pending the Ruling of the Court of Appeal which clearly Invited Reyads to renew their motion.

Under the Recent Extraordinary Circumstances of this action;1) pursuant to the Court of Appeals' Order dated October 16, 2007; 2) the disappearance of the

above named Plaintiff by the operation of law; 3) Plaintiff has been announced to be under-capitalized liquidated by Federal Authorities which established Plaintiff's failure; 4) the Appointment of the Receiver and the Conservator by FDIC; 5) FDIC Declaration of Acquiring Certain Assets and Assuming Certain Liabilities as per FDIC Determination of the appropriateness of those assets and liabilities; and 6) FDIC Declaration to Exclude the Purchase of those assets in legal actions which the named Plaintiff was a defendant or counter-claimant, typical to the instant action. The latter Declaration Establishes that FDIC is not the right party in interest, because, the right party in interest must carry the rights as well as the liabilities, and FDIC has Denied to be liable to liabilities in actions where the named Plaintiff was a counter-claimant as the records of this action shows clearly, is the Imminent Threat of Irreparable Harm to execute on exempted properties to transfer it to an entity is not legally the right party in interest, would be considered Manifest Injustice must be Stayed Pending the Ruling of the Court of Appeal upon the Defendants' Renewal Motion for Exemption pursuant to the Court of Appeal Decision dated October 16, 2007.

The Defendant
Mostafa Reyad

By_____

Mostafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
Phone : 201-621-3925
E.mail: Reyad@optonline.net

The Defendant
Wafa Reyad

By_____

Wafa Reyad
92 Aristotle Way
Cranbury, NJ 08512-2550
Phone : 201-621-3925
E.mail:Reyad@optonline.net

## CERTIFICATE OF SERVICE

I, the undersigned Mostafa Reyad, certifies, that on the captioned dated or before has served the attached document by Emailing and mailing a true and correct copy to the following:

Attorney Rowena A. Moffett
Brenner, Saltzman & Wallman
271 Whitney Aenue
New Haven, CT 06511
E.mail: rmoffett@bswlaw.com

By_____
    Mostafa Reyad